# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DEFENDANT CLYDE KOFMAN'S ANSWER TO AMENDED COMPLAINT

Defendant Clyde Kofman ("Kofman") hereby answers Jay S. Rein's ("Plaintiff")

Amended Complaint, as follows:

## PARTIES

1.      Kofman is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2.      Kofman admits the allegations contained in Paragraph 2 of the Amended

Complaint.

3.      Kofman admits the allegations contained in Paragraph 3 of the Amended

Complaint.

4.      Kofman admits the allegations contained in Paragraph 4 of the Amended

Complaint.

**JURISDICTION**

5.      To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent a response is deemed required, Kofman denies the allegations contained in Paragraph 5 of the Amended Complaint.

6.      To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent a response is deemed required, Kofman denies the allegations contained in Paragraph 6 of the Amended Complaint.

**FACTS**

7.      Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Kofman admits that Plaintiff's job responsibilities as Principal for North America with the Motorola Professional Services group ("MPS") included developing, selling and delivering services and products to existing and prospective clients and that, in June 2002, Plaintiff reported to Senior Vice President Len DeBarros ("DeBarros").  Kofman denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.      Kofman admits that MPS did not achieve its sales goals for the 2002 calendar year.  Kofman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.      Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.      Kofman admits that Kevin Loosemore ("Loosemore"), Corporate Vice President and President of MPS, was DeBarros's supervisor and that in or about February of 2003,

Loosemore left his employment with Motorola, Inc. ("Motorola" or "Company").  Kofman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Kofman admits that Motorola reorganized MPS in early 2003 and either reassigned or laid off employees.  Kofman further admits that DeBarros had a management role in MPS, and that Plaintiff and approximately 25 other MPS employees were reassigned to Motorola's Commercial, Government and Industrial Solutions Sector ("CGISS").  Kofman denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.     Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Kofman admits that DeBarros left Motorola in or about May 2003.  Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning DeBarros joining Loosemore at Cable & Wireless, and denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.     Kofman admits that Motorola hired Juergen Stark ("Stark") in or about July 2003, and that Stark managed Motorola's Integrated Solutions Division ("ISD"), the CGISS Strategy Organization and MPS.  Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Stark first met with MPS, and denies the remaining allegations contained in Paragraph 16 of this Amended Complaint.

17.     Kofman admits that Stark met with a group of MPS employees on or about October 14, 2003, and that this group discussed the development of MPS's business plan. Kofman denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18.    Kofman admits that Stark met with a group of MPS employees on or about October 17, 2003.  Kofman denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.    Kofman admits that, with the input of the MPS employees, Stark appointed him to lead MPS.  Kofman also admits that he was the only member of MPS, other than Stark, who was physically located in Schaumburg, Illinois.  Kofman denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20.    Kofman admits that by January 2004, Stark reorganized MPS further to include only him, Plaintiff, John Gillardi, Michael Humpleby and Clay Brice.  Kofman further admits that, at that time, he, Gillardi and Plaintiff each had a Motorola E-15 salary grade, and that he received a base salary in excess of $300,000.  Kofman denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.    Kofman admits that in or about early January 2004, Motorola gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000.  Kofman denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.    Kofman admits that in or about January 2004, Plaintiff received a performance evaluation for calendar year 2003 ("2003 Performance Evaluation"), and that he telephoned the Plaintiff in Holliston, Massachusetts to discuss the evaluation.  Kofman states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.    Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Invoke Solutions, Inc. ("Invoke") and Bain Capital.  Kofman denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer.  Kofman denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    Kofman admits that Stark sent an e-mail to ISD associates on or about February 13, 2004.  Kofman states that the e-mail speaks for itself, and denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27.    Kofman admits that on or about February 14, 2004, Plaintiff began a vacation, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.    Kofman admits that Plaintiff telephoned him on or about February 23, 2004, and that he informed Plaintiff that his employment was being terminated as a result of the elimination of his position within MPS.  Kofman denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.    Kofman denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.    Kofman admits that on or about February 23, 2004, Stark met with Plaintiff to discuss his termination.  Kofman is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.     Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Kofman admits that Plaintiff contacted other Motorola employees in an effort to find another position within the Company, and that Motorola also offered Plaintiff its standard severance package.  Kofman denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.     Kofman admits that Motorola holds Leadership and Talent Supply meetings to discuss internal candidates and job openings within the Company.  Kofman denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.     Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Kofman admits that Plaintiff did not find another position within Motorola by mid-March, that Plaintiff rejected Motorola's standard severance package, and that on or about March 18, 2004, Stark and Plaintiff had a telephone conversation.  Kofman is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Stark and when Plaintiff learned about the Leadership and

Talent Supply meetings.  Kofman denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.    Kofman admits that Plaintiff did not find another position within Motorola, and denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.    Kofman denies that Plaintiff was terminated effective February 23, 2004, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint.  In further answering, Kofman states that Plaintiff was notified of his termination on or about February 23, 2004, and that his termination became effective on March 20, 2004.

### COUNT I - AGE DISCRIMINATION UNDER M.G.L. c. 151B (MOTOROLA)

40.    Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraphs 40-48.  To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 39 above and incorporates them by reference herein.

41.    Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 41.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age, and denies the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 42.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 43.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 44.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 45.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 46.  To the extent an answer is deemed required, Kofman admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), and denies the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 47.  To the extent an answer is deemed required, Kofman admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued

a Notice of Dismissal, and that Plaintiff commenced this action. Kofman denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48.    Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 48. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 48 of the Amended Complaint.

### COUNT II - AGE DISCRIMINATION UNDER ADEA (MOTOROLA)

49.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraphs 49-56. To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 48 above and incorporates them by reference herein.

50.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 50. To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age, and denies the remaining allegations contained in Paragraph 50 of the Amended Complaint.

51.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 51. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations

contained in Paragraph 52.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 53.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 54.  To the extent an answer is deemed required, Kofman admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 55.  To the extent an answer is deemed required, Kofman admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced this action.  Kofman denies the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56.    Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 56.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 56 of the Amended Complaint.

**COUNT III – AGE DISCRIMINATION UNDER M.G.L. c. 151B (STARK)**

57.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in

Paragraphs 57-63.  To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 56 above and incorporates them by reference herein.

58.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 58.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 59.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 60.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 61.  To the extent an answer is deemed required, Kofman admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 61 of the Amended Complaint.

62.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 62.  To the extent an answer is deemed required, Kofman admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued

a Notice of Dismissal, and that Plaintiff commenced the instant action. Kofman denies the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 63. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 63 of the Amended Complaint.

**COUNT IV – AGE DISCRIMINATION UNDER M.G.L. c. 151B (KOFMAN)**

64.    Kofman reiterates his responses to Paragraphs 1 to 63 above and incorporates them by reference herein.

65.    Kofman denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.    Kofman denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.    Kofman denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Kofman admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 68 of the Amended Complaint.

69.    Kofman admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced the instant action. Kofman denies the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70.    Kofman denies the allegations contained in Paragraph 70 of the Amended Complaint.

## COUNT V – BREACH OF CONTRACT (MOTOROLA)

71.    Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraphs 71-75.  To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 70 above and incorporates them by reference herein.

72.    Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 72.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.    Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 73.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.    Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 74.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.    Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 75.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 75 of the Amended Complaint.

## COUNT VI -  PROMISSORY ESTOPPEL (MOTOROLA)

76.    Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations

contained in Paragraphs 76-82.  To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 75 above and incorporates them by reference herein.

77.     Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 77.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 78.  To the extent an answer is deemed required, Kofman admits that in or about early January 2004, Motorola gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000. Kofman denies the remaining allegations contained in Paragraph 78 of the Amended Complaint.

79.     Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 79.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's understanding of his 2003 Performance Evaluation.  Kofman further states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 79 of the Amended Complaint.

80.     Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 80.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning

Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer. Kofman denies the remaining allegations contained in Paragraph 80 of the Amended Complaint.

81.    Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 81. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.    Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 82. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 82 of the Amended Complaint.

## COUNT VII – INTERFERENCE WITH ADVANTAGEOUS RELATIONS (STARK)

83.    Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraphs 83-87. To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 82 above and incorporates them by reference herein.

84.    Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 84. To the extent an answer is deemed required, Kofman admits that Plaintiff was at one time a full-time Motorola employee. Kofman denies the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.    Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in

Paragraph 85. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 86. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Kofman. Therefore, Kofman is not required to answer the allegations contained in Paragraph 87. To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 87 of the Amended Complaint.

## COUNT VIII – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (KOFMAN)

88.     Kofman reiterates his responses to Paragraphs 1 to 87 above and incorporates them by reference herein.

89.     Kofman admits that Plaintiff was at one time a full-time Motorola employee. Kofman denies the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.     Kofman denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Kofman denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Kofman denies the allegations contained in Paragraph 92 of the Amended Complaint.

## COUNT IX – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (MOTOROLA)

93.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraphs 93-101.  To the extent an answer is deemed required, Kofman reiterates his responses to Paragraphs 1 to 92 above and incorporates them by reference herein.

94.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 94.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 95.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 96.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 97.  To the extent an answer is deemed required, Kofman is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98.    Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 98.  To the extent an answer is deemed required, Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint.

99.    Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 99.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 100.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 100 of the Amended Complaint.

101.    Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Kofman.  Therefore, Kofman is not required to answer the allegations contained in Paragraph 101.  To the extent an answer is deemed required, Kofman denies the allegations contained in Paragraph 101 of the Amended Complaint.

Kofman further states that Plaintiff is not entitled to any of the damages sought in the Amended Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a *prima facie* case of employment discrimination based on age.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's employment discrimination claims are barred to the extent that Kofman based his decision to eliminate Plaintiff's position on facts and events that occurred before Plaintiff was 40 years old.

### SEVENTH ADDITIONAL DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

### EIGHTH ADDITIONAL DEFENSE

Kofman's actions, decisions and conduct with respect to Plaintiff and his employment, including but not limited to any adverse employment actions, were based on legitimate, nondiscriminatory reasons.

### NINTH ADDITIONAL DEFENSE

Kofman has complied with all laws and regulations and otherwise satisfied his statutory obligations toward the Plaintiff under M.G.L. c. 151B.

### TENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable as a result of the failure of the Plaintiff to fulfill one or more conditions precedent or conditions subsequent.

## ELEVENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## THIRTEENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, no such contract was formed because the offer was withdrawn, rejected by the Plaintiff or lapsed prior to acceptance.

## FOURTEENTH ADDITIONAL DEFENSE

Motorola made no promises to Plaintiff upon which he should have reasonably relied.

## <u>RESERVATION OF RIGHTS</u>

Kofman reserves the right to raise and rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend his answer to assert any such defense.

Respectfully submitted,
CLYDE KOFMAN
By his Attorneys,


/s/ Yvette Politis
Richard L. Alfred (BBO# 015000)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Dated: January 7, 2005          Telecopier:    (617) 946-4801

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on January 7, 2005.

/s/ Yvette Politis
Yvette Politis