# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) ) ) |
| | ) |
| Defendants. | ) ) |
| | ) |
| | ) |

## **DEFENDANT MOTOROLA, INC.'S ANSWER TO AMENDED COMPLAINT**

Defendant Motorola, Inc. ("Motorola" or "Company") hereby answers Jay S. Rein's ("Plaintiff") Amended Complaint, as follows:

## PARTIES

1. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Motorola admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Motorola admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. Motorola admits the allegations contained in Paragraph 4 of the Amended Complaint.

## JURISDICTION

5. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Motorola denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Motorola denies the allegations contained in Paragraph 6 of the Amended Complaint.

## FACTS

7. Motorola admits that in or about June 2002, it engaged a recruiting firm, Russell Reynolds, Inc., and that subsequently, Plaintiff was offered employment as Principal for North America with the Motorola Professional Services group ("MPS"). The terms of Plaintiff's offer are set forth in Motorola's offer letter to Plaintiff dated June 12, 2002. Motorola states that the June 12, 2002 offer letter speaks for itself, and denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8. Motorola admits that Plaintiff accepted Motorola's offer of employment, commenced work on or about June 24, 2002, did not relocate, worked out of his home in Holliston, Massachusetts during his employment with Motorola, and was reimbursed for reasonable business expenses. Motorola denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. Motorola admits that Plaintiff's job responsibilities as Principal for North America with MPS included developing, selling and delivering services and products to existing and prospective clients and that, in June 2002, Plaintiff reported to Senior Vice President Len DeBarros ("DeBarros"). Motorola denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Motorola admits that MPS did not achieve its sales goals for the 2002 calendar year, and that at the end of calendar year 2002, Motorola gave Plaintiff a modest salary increase and granted him stock options for 4,000 shares of Motorola stock. Motorola states that Plaintiff's performance evaluation for calendar year 2002 speaks for itself, and denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11. Motorola admits that in or about February 2003, the Company granted Plaintiff a $5,000 Bravo Award. Motorola denies the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12. Motorola admits that Kevin Loosemore ("Loosemore"), Corporate Vice President and President of MPS, was DeBarros's supervisor, that in or about February of 2003, Loosemore left his employment with Motorola, and that he subsequently was employed by Cable & Wireless, Plc. ("Cable & Wireless"). Motorola is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13. Motorola admits that it reorganized MPS in early 2003 and either reassigned or laid off employees. Motorola further admits that DeBarros had a management role in MPS, and that Plaintiff and approximately 25 other MPS employees were reassigned to Motorola's Commercial, Government and Industrial Solutions Sector ("CGISS"). Motorola denies the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14. Motorola admits that in or about April 2003, Plaintiff was granted 6500 stock options, and denies the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. Motorola admits that DeBarros left Motorola in or about May 2003, and that he subsequently was employed by Cable & Wireless. Motorola denies the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Motorola admits that it hired Juergen Stark ("Stark") in or about July 2003, and that Stark managed Motorola's Integrated Solutions Division ("ISD"), the CGISS Strategy Organization and MPS. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Stark first met with MPS, and denies the remaining allegations contained in Paragraph 16 of this Amended Complaint.

17. Motorola admits that Stark met with a group of MPS employees on or about October 14, 2003, and that this group discussed the development of MPS's business plan. Motorola denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Motorola admits that Stark met with a group of MPS employees on or about October 17, 2003. Motorola denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Motorola admits that, with the input of the MPS employees, Stark appointed Clyde Kofman ("Kofman") to lead MPS. Motorola also admits that Kofman was the only member of MPS, other than Stark, who was physically located in Schaumburg, Illinois. Motorola denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20. Motorola admits that by January 2004, Stark reorganized MPS further to include only Kofman, Plaintiff, John Gillardi, Michael Humpleby and Clay Brice. Motorola further admits that, at that time, Kofman, Gillardi and Plaintiff each had a Motorola E-15 salary grade,

and that Kofman received a base salary in excess of $300,000.  Motorola denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     Motorola admits that in or about early January 2004, it gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000.  Motorola denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.     Motorola admits that in or about January 2004, Plaintiff received a performance evaluation for calendar year 2003 ("2003 Performance Evaluation"), and that Kofman telephoned the Plaintiff in Holliston, Massachusetts to discuss the evaluation.  Motorola states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Invoke Solutions, Inc. ("Invoke") and Bain Capital.  Motorola denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer.  Motorola denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Motorola admits that Stark sent an e-mail to ISD associates on or about February 13, 2004.  Motorola states that the e-mail speaks for itself, and denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27. Motorola admits that on or about February 14, 2004, Plaintiff began a vacation, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. Motorola admits that Plaintiff telephoned Kofman on or about February 23, 2004, and that Kofman informed Plaintiff that his employment was being terminated as a result of the elimination of his position within MPS. Motorola denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29. Motorola denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Motorola admits that on or about February 23, 2004, Stark met with Plaintiff to discuss his termination. Motorola denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31. Motorola denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Motorola denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Motorola admits that Plaintiff contacted other of its employees in an effort to find another position within the Company, and that it also offered Plaintiff its standard severance package. Motorola denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34. Motorola admits that Motorola holds Leadership and Talent Supply meetings to discuss internal candidates and job openings within the Company. Motorola denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning how Plaintiff learned about the Leadership and Talent Supply meetings. Motorola denies the remaining allegations contained in Paragraph 35 of the Amended Complaint.

36. Motorola admits that Plaintiff did not find another position within Motorola by mid-March, that Plaintiff rejected Motorola's offered severance package, and that on or about March 18, 2004, Stark and Plaintiff had a telephone conversation. Motorola denies the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff learned about the Leadership and Talent Supply meetings. Motorola denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38. Motorola admits that Plaintiff did not find another position within Motorola, and denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39. Motorola denies that Plaintiff was terminated effective February 23, 2004, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint. In further answering, Motorola states that Plaintiff was notified of his termination on or about February 23, 2004, and that his termination became effective on March 20, 2004.

**COUNT I - AGE DISCRIMINATION UNDER M.G.L. c. 151B (MOTOROLA)**

40. Motorola reiterates its responses to Paragraphs 1 through 39 above and incorporates them by reference herein.

41. Motorola admits that at the time that he was notified of his termination in February 2004, Plaintiff was 40 years old. The remaining allegations contain conclusions of law

to which no response is required. To the extent a response is deemed required, Motorola denies the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.  Motorola denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.  Motorola denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.  Motorola denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.  Motorola denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.  Motorola admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), and denies the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.  Motorola admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced this action. Motorola denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48.  Motorola denies the allegations contained in Paragraph 48 of the Amended Complaint.

**COUNT II - AGE DISCRIMINATION UNDER ADEA (MOTOROLA)**

49.  Motorola reiterates its responses to Paragraphs 1 to 48 above and incorporates them by reference herein.

50. Motorola admits that at the time he was notified of his termination in February 2004, Plaintiff was 40 years old. The remaining allegations contain conclusions of law to which no response is required. To the extent a response is deemed required, Motorola denies the remaining allegations contained in Paragraph 50 of the Amended Complaint.

51. Motorola denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Motorola denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Motorola denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Motorola admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55. Motorola admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced this action. Motorola denies the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56. Motorola denies the allegations contained in Paragraph 56 of the Amended Complaint.

**COUNT III – AGE DISCRIMINATION UNDER M.G.L. c. 151B (STARK)**

57. Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraphs 57-63. To the extent an answer is deemed required, Motorola reiterates its responses to Paragraphs 1 to 56 above and incorporates them by reference herein.

58.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 58. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 59. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 60. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 61. To the extent an answer is deemed required, Motorola admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 61 of the Amended Complaint.

62.    Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 62. To the extent an answer is deemed required, Motorola admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced the instant action. Motorola denies the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63. Count III of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 63. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 63 of the Amended Complaint.

**COUNT IV – AGE DISCRIMINATION UNDER M.G.L. c. 151B (KOFMAN)**

64. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraphs 64-70. To the extent an answer is deemed required, Motorola reiterates its responses to Paragraphs 1 to 63 above and incorporates them by reference herein.

65. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 65. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 65 of the Amended Complaint.

66. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 66. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 67. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 68. To the extent an answer is deemed required, Motorola admits that

Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 68 of the Amended Complaint.

69. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 69. To the extent an answer is deemed required, Motorola admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced the instant action. Motorola denies the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola. Therefore, Motorola is not required to answer the allegations contained in Paragraph 70. To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 70 of the Amended Complaint.

## COUNT V – BREACH OF CONTRACT (MOTOROLA)

71. Motorola reiterates its responses to Paragraphs 1 to 70 above and incorporates them by reference herein.

72. Motorola denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Motorola denies the allegations contained in Paragraph 73 of the Amended Complaint.

74. Motorola denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. Motorola denies the allegations contained in Paragraph 75 of the Amended Complaint.

## COUNT VI - PROMISSORY ESTOPPEL (MOTOROLA)

76. Motorola reiterates its responses to Paragraphs 1 to 75 above and incorporates them by reference herein.

77. Motorola denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. Motorola admits that in or about early January 2004, it gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000. Motorola denies the remaining allegations contained in Paragraph 78 of the Amended Complaint.

79. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's understanding of his 2003 Performance Evaluation. Motorola further states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 79 of the Amended Complaint.

80. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer. Motorola denies the remaining allegations contained in Paragraph 80 of the Amended Complaint.

81. Motorola denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Motorola denies the allegations contained in Paragraph 82 of the Amended Complaint.

## COUNT VII – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (STARK)

83.   Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraphs 83-87.  To the extent an answer is deemed required, Motorola reiterates its responses to Paragraphs 1 to 82 above and incorporates them by reference herein.

84.   Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 84.  To the extent an answer is deemed required, Motorola admits that Plaintiff was at one time a full-time Motorola employee.  Motorola denies the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.   Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 85.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.   Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 86.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.   Count VII of the Amended Complaint is asserted solely against Defendant Stark, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 87.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 87 of the Amended Complaint.

## COUNT VIII – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (KOFMAN)

88.  Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraphs 88-92.  To the extent an answer is deemed required, Motorola reiterates its responses to Paragraphs 1 to 87 above and incorporates them by reference herein.

89.  Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 89.  To the extent an answer is deemed required, Motorola admits that Plaintiff was at one time a full-time Motorola employee.  Motorola denies the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90.  Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 90.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.  Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 91.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.  Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Motorola.  Therefore, Motorola is not required to answer the allegations contained in Paragraph 92.  To the extent an answer is deemed required, Motorola denies the allegations contained in Paragraph 92 of the Amended Complaint.

## COUNT IX – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (MOTOROLA)

93. Motorola reiterates its responses to Paragraphs 1 to 92 above and incorporates them by reference herein.

94. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint.

95. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98. Motorola is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint.

99. Motorola denies the allegations contained in Paragraph 99 of the Amended Complaint.

100. Motorola denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. Motorola denies the allegations contained in Paragraph 101 of the Amended Complaint.

Motorola further states that Plaintiff is not entitled to any of the damages sought in the Amended Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a *prima facie* case of employment discrimination based on age.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's employment discrimination claims are barred to the extent that Motorola based its decision to eliminate Plaintiff's position on facts and events that occurred before Plaintiff was 40 years old.

### SEVENTH ADDITIONAL DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

### EIGHTH ADDITIONAL DEFENSE

Motorola's actions, decisions and conduct with respect to Plaintiff and his employment, including but not limited to any adverse employment actions, were based on legitimate, nondiscriminatory reasons.

### NINTH ADDITIONAL DEFENSE

Motorola has complied with all laws and regulations and otherwise satisfied its statutory obligations toward the Plaintiff under 29 U.S.C. § 621, et seq. (ADEA) and M.G.L. c. 151B.

### TENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable as a result of the failure of the Plaintiff to fulfill one or more conditions precedent or conditions subsequent.

### ELEVENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### THIRTEENTH ADDITIONAL DEFENSE

With respect to all claims founded upon the alleged existence of a contract, no such contract was formed because the offer was withdrawn, rejected by the Plaintiff or lapsed prior to acceptance.

### FOURTEENTH ADDITIONAL DEFENSE

Motorola made no promises to Plaintiff upon which he should have reasonably relied.

### **RESERVATION OF RIGHTS**

Motorola reserves the right to raise and rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend its answer to assert any such defense.

Respectfully submitted,
MOTOROLA, INC.
By its Attorneys,

/s/ Yvette Politis
Richard L. Alfred (BBO# 015000)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: January 7, 2005

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on January 7, 2005.

                                              /s/ Yvette Politis
                                              Yvette Politis

BO1 15687689.2