UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN<br><br>　　　　Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., CLYDE KOFMAN<br>and JUERGEN STARK<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 04-12580 NG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### **DEFENDANT JUERGEN STARK'S ANSWER TO AMENDED COMPLAINT**

Defendant Juergen Stark ("Stark") hereby answers Jay S. Rein's ("Plaintiff") Amended Complaint, as follows:

#### **PARTIES**

1. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Stark admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Stark admits the allegations contained in Paragraph 3 of the Amended Complaint.

4. Stark admits the allegations contained in Paragraph 4 of the Amended Complaint.

#### **JURISDICTION**

5. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Stark denies the allegations contained in Paragraph 5 of the Amended Complaint.

6. To the extent that this Paragraph contains conclusions of law, no response is required. To the extent a response is deemed required, Stark denies the allegations contained in Paragraph 6 of the Amended Complaint.

## FACTS

7. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15. Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16. Stark admits that Motorola hired him in or about July 2003, and that he managed Motorola, Inc.'s ("Motorola" or "Company") Integrated Solutions Division ("ISD"), the

Commercial, Government and Industrial Solutions Sector ("CGISS") Strategy Organization and Motorola Professional Services ("MPS"). Stark is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning when he first met with MPS, and denies the remaining allegations contained in Paragraph 16 of this Amended Complaint.

17. Stark admits that he met with a group of MPS employees on or about October 14, 2003, and that this group discussed the development of MPS's business plan. Stark denies the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Stark admits that he met with a group of MPS employees on or about October 17, 2003. Stark denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Stark admits that with the input of the MPS employees, he appointed Clyde Kofman ("Kofman") to lead MPS. Stark also admits that Kofman was the only member of MPS, other than himself, who was physically located in Schaumburg, Illinois. Stark denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

20. Stark admits that by January 2004, he reorganized MPS further to include only Kofman, Plaintiff, John Gillardi, Michael Humpleby and Clay Brice. Stark further admits that, at that time, Kofman, Gillardi and Plaintiff each had a Motorola E-15 salary grade, and that Kofman received a base salary in excess of $300,000. Stark denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21. Stark admits that in or about early January 2004, Motorola gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000. Stark denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning when Plaintiff received his performance evaluation for calendar year 2003 ("2003 Performance Evaluation"), and whether Kofman telephoned the Plaintiff in Holliston, Massachusetts to discuss his 2003 Performance Evaluation. Stark states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Invoke Solutions, Inc. ("Invoke") and Bain Capital. Stark denies the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer. Stark denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.    Stark admits that he sent an e-mail to ISD associates on or about February 13, 2004. Stark states that the e-mail speaks for itself, and denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27.    Stark admits that on or about February 14, 2004, Plaintiff began a vacation, and states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.    Stark admits that Plaintiff telephoned Kofman on or about February 23, 2004, and that Kofman informed Plaintiff that his employment was being terminated as a result of the

elimination of his position within MPS.  Stark denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.    Stark admits that on or about February 23, 2004, he met with Plaintiff to discuss his termination.  Stark denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.    Stark denies the allegations contained in Paragraph 31 of the Amended Complaint.

32.    Stark denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.    Stark admits that Plaintiff contacted other Motorola employees in an effort to find another position within the Company, and that Motorola also offered Plaintiff its standard severance package.  Stark denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.    Stark admits that Motorola holds Leadership and Talent Supply meetings to discuss internal candidates and job openings within the Company.  Stark denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.    Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Stark admits that Plaintiff did not find another position within Motorola by mid-March, that Plaintiff rejected Motorola's standard severance package, and that on or about March 18, 2004, he and Plaintiff had a telephone conversation.  Stark denies the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Kofman and when Plaintiff learned about the Leadership and Talent Supply meetings.  Stark denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     Stark admits that Plaintiff did not find another position within Motorola, and denies the remaining allegations contained in Paragraph 38 of the Amended Complaint.

39.     Stark denies that Plaintiff was terminated effective February 23, 2004, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint.  In further answering, Stark states that Plaintiff was notified of his termination on or about February 23, 2004, and that his termination became effective on March 20, 2004.

**COUNT I - AGE DISCRIMINATION UNDER M.G.L. c. 151B (MOTOROLA)**

40.     Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in Paragraphs 40-48.  To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 39 above and incorporates them by reference herein.

41. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 41. To the extent an answer is deemed required, Stark Kofman is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age, and denies the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 42. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 43. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 44. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 45. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph

46. To the extent an answer is deemed required, Stark admits that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"), and denies the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 47. To the extent an answer is deemed required, Stark admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced this action. Stark denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48. Count I of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 48. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 48 of the Amended Complaint.

## COUNT II - AGE DISCRIMINATION UNDER ADEA (MOTOROLA)

49. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 49-56. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 48 above and incorporates them by reference herein.

50. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 50. To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's age, and denies the remaining allegations contained in Paragraph 50 of the Amended Complaint.

51. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 51. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 51 of the Amended Complaint.

52. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 52. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 52 of the Amended Complaint.

53. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 53. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 54. To the extent an answer is deemed required, Stark admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 54 of the Amended Complaint.

55. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 55. To the extent an answer is deemed required, Stark admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced this action. Stark denies the remaining allegations contained in Paragraph 55 of the Amended Complaint.

56. Count II of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 56. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 56 of the Amended Complaint.

**COUNT III – AGE DISCRIMINATION UNDER M.G.L. c. 151B (STARK)**

57. Stark reiterates his responses to Paragraphs 1 to 56 above and incorporates them by reference herein.

58. Stark denies the allegations contained in Paragraph 58 of the Amended Complaint.

59. Stark denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. Stark denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. Stark admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 61 of the Amended Complaint.

62. Stark admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced the instant action. Stark denies the remaining allegations contained in Paragraph 62 of the Amended Complaint.

63. Stark denies the allegations contained in Paragraph 63 of the Amended Complaint.

**COUNT IV – AGE DISCRIMINATION UNDER M.G.L. c. 151B (KOFMAN)**

64. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 64-70. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 63 above and incorporates them by reference herein.

65. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 65. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 65 of the Amended Complaint.

66. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 66. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 67. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 68. To the extent an answer is deemed required, Stark admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC, and denies the remaining allegations contained in Paragraph 68 of the Amended Complaint.

69. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in

Paragraph 69. To the extent an answer is deemed required, Stark admits that Plaintiff requested that his Charge of Discrimination at the MCAD be withdrawn, that the MCAD issued a Notice of Dismissal, and that Plaintiff commenced the instant action. Stark denies the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70. Count IV of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 70. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 70 of the Amended Complaint.

**COUNT V – BREACH OF CONTRACT (MOTOROLA)**

71. Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 71-75. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 70 above and incorporates them by reference herein.

72. Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 72. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 73. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 73 of the Amended Complaint.

74. Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 74. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. Count V of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 75. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 75 of the Amended Complaint.

## COUNT VI -  PROMISSORY ESTOPPEL (MOTOROLA)

76. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 76-82. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 75 above and incorporates them by reference herein.

77. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 77. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 78. To the extent an answer is deemed required, Stark admits that in or about early January 2004, Motorola gave each member of MPS, including Plaintiff, a sum of money characterized as a "bonus," and that the amount of Plaintiff's "bonus" was $14,000. Stark denies the remaining allegations contained in Paragraph 78 of the Amended Complaint.

79. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 79. To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's understanding of his 2003 Performance Evaluation. Stark further states that Plaintiff's 2003 Performance Evaluation speaks for itself, and denies the remaining allegations contained in Paragraph 79 of the Amended Complaint.

80. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 80. To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged offer of employment from Invoke, whether he declined such an offer, and, if he did, his reasons for declining such an offer. Stark denies the remaining allegations contained in Paragraph 80 of the Amended Complaint.

81. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 81. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. Count VI of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 82. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 82 of the Amended Complaint.

## COUNT VII – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (STARK)

83. Stark reiterates his responses to Paragraphs 1 to 82 above and incorporates them by reference herein.

84. Stark admits that Plaintiff was at one time a full-time Motorola employee. Stark denies the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85. Stark denies the allegations contained in Paragraph 85 of the Amended Complaint.

86. Stark denies the allegations contained in Paragraph 86 of the Amended Complaint.

87. Stark denies the allegations contained in Paragraph 87 of the Amended Complaint.

## COUNT VIII – INTERFERENCE WITH
## ADVANTAGEOUS RELATIONS (KOFMAN)

88. Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 88-92. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 87 above and incorporates them by reference herein.

89. Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 89. To the extent an answer is deemed required, Stark admits that Plaintiff was at one time a full-time Motorola employee. Stark denies the remaining allegations contained in Paragraph 89 of the Amended Complaint.

90. Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in

Paragraph 90. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 90 of the Amended Complaint.

91. Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 91. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 91 of the Amended Complaint.

92. Count VIII of the Amended Complaint is asserted solely against Defendant Kofman, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 92. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 92 of the Amended Complaint.

**COUNT IX – INTERFERENCE WITH ADVANTAGEOUS RELATIONS (MOTOROLA)**

93. Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraphs 93-101. To the extent an answer is deemed required, Stark reiterates his responses to Paragraphs 1 to 92 above and incorporates them by reference herein.

94. Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 94. To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint.

95. Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 95. To the extent an answer is deemed required, Stark is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in Paragraph 96.  To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in Paragraph 97.  To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in Paragraph 98.  To the extent an answer is deemed required, Stark is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Amended Complaint.

99.     Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in Paragraph 99.  To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.    Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark.  Therefore, Stark is not required to answer the allegations contained in

Paragraph 100. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 100 of the Amended Complaint.

101. Count IX of the Amended Complaint is asserted solely against Defendant Motorola, and not Stark. Therefore, Stark is not required to answer the allegations contained in Paragraph 101. To the extent an answer is deemed required, Stark denies the allegations contained in Paragraph 101 of the Amended Complaint.

Stark further states that Plaintiff is not entitled to any of the damages sought in the Amended Complaint.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

### THIRD ADDITIONAL DEFENSE

Plaintiff has failed to mitigate his damages.

### FOURTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or satisfy jurisdictional prerequisites.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred to the extent that he fails to set forth a *prima facie* case of employment discrimination based on age.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's employment discrimination claims are barred to the extent that Stark based his decision to eliminate Plaintiff's position on facts and events that occurred before Plaintiff was 40 years old.

**SEVENTH ADDITIONAL DEFENSE**

To the extent that Plaintiff's claims are based on alleged disparate treatment, he fails to identify any similarly situated employees who were treated differently.

**EIGHTH ADDITIONAL DEFENSE**

Stark's actions, decisions and conduct with respect to Plaintiff and his employment, including but not limited to any adverse employment actions, were based on legitimate, nondiscriminatory reasons.

**NINTH ADDITIONAL DEFENSE**

Stark has complied with all laws and regulations and otherwise satisfied his statutory obligations toward the Plaintiff under M.G.L. c. 151B.

**TENTH ADDITIONAL DEFENSE**

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable as a result of the failure of the Plaintiff to fulfill one or more conditions precedent or conditions subsequent.

**ELEVENTH ADDITIONAL DEFENSE**

With respect to all claims founded upon the alleged existence of a contract, any such alleged contract is void and unenforceable for lack of mutuality of obligation, mutuality of assent or mutuality of remedy.

**TWELFTH ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the statute of frauds.

**THIRTEENTH ADDITIONAL DEFENSE**

With respect to all claims founded upon the alleged existence of a contract, no such contract was formed because the offer was withdrawn, rejected by the Plaintiff or lapsed prior to acceptance.

**FOURTEENTH ADDITIONAL DEFENSE**

Motorola made no promises to Plaintiff upon which he should have reasonably relied.

## RESERVATION OF RIGHTS

Stark reserves the right to raise and rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case, and reserves the right to amend his answer to assert any such defense.

Respectfully submitted,
JUERGEN STARK
By his Attorneys,


/s/ Yvette Politis
Richard L. Alfred (BBO# 015000)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

Dated: January 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on January 7, 2005.

/s/ Yvette Politis
Yvette Politis

BO1 15686809.4