# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>MOTOROLA, INC., CLYDE KOFMAN )<br>and JUERGEN STARK )<br> )<br>   Defendants. )<br> ) | CIVIL ACTION NO. 04-12580 NG |

## JOINT MOTION TO FILE CONFIDENTIALITY AGREEMENT

Pursuant to Fed.R.Civ.P. 26(c) and Local Rule 7.2 of the U.S. District Court for the District of Massachusetts, Defendants Motorola, Inc., Clyde Kofman and Juergen Stark and Plaintiff Jay S. Rein, hereby jointly move that the Court approve and enter the Confidentiality Agreement attached hereto as Exhibit 1.

| JAY S. REIN | MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, |
|---|---|
| By his attorney, | By their attorneys, |
| /s/ John G. H. Coster | /s/ Yvette Politis |
| John G. H. Coster (BBO #101450)<br>92 State Street<br>Suite 900<br>Boston, Massachusetts 02109<br>(617) 423-2224 | Richard L. Alfred (BBO# 015000)<br>Kristin G. McGurn (BBO# 559687)<br>Yvette Politis (BBO# 644986)<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:   (617) 946-4800 |
| Date:  August 10, 2005 | Telecopier:   (617) 946-4801 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., CLYDE KOFMAN and<br>JUERGEN STARK<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO. 04-12580 NG |

## STIPULATED CONFIDENTIALITY AGREEMENT

　　IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c), that this Order shall govern the handling of documents and information produced or given by a party or non-party to this Action, in connection with discovery and throughout the proceedings in this Action:

　　1.　　The above-captioned parties may designate as "Confidential Information" all documents and information that they produce or provide in connection with this matter, and that they believe in good faith to constitute, contain or reflect confidential information (including but not limited to trade secrets or other confidential research, development or commercial information concerning the defendants and entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c)(7), as well as information concerning defendant Motorola's employee personnel records or other similar files of individuals other than Plaintiff, which contain private information of individuals who are not parties to this action, including resumes, social security numbers, home address and other contact information, offer letters, performance reviews, promotion/transfer documents, compensation information, and/or discipline documents (if any). While identification as "Confidential" shall not be considered or contended to be a concession by

the other party that all or any portion of the documents do, in fact, constitute confidential information entitled to protection as such, that designation shall be sufficient to cause such documents or portions thereof to be subject to the provisions of this Order. A multi-page document may be designated as Confidential Information if the first page is marked with a "CONFIDENTIAL" stamp or legend.

2. Any disclosure to be made of Confidential documents or of any Confidential Information contained therein shall be governed by the further provisions of this Order as follows:

   a. In connection with this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate information, whether pursuant to request, interrogatory, or process.

   b. Documents or copies may be designated as Confidential Information by marking the initial page "CONFIDENTIAL" or the like at the time they are produced. In lieu of marking the original of the document if the original is not disclosed, the parties may mark the copies that are produced.

   c. Upon entry of this Order, documents containing Confidential Information may be copied and retained by the parties' counsel solely for their own use and solely for purposes of conducting the above-captioned litigation. Such documents and the contents thereof shall not be disclosed or made known by the parties' counsel to any other person, except only as follows:

      i. To the Plaintiff and to management employees of Defendant for purposes of this lawsuit only;

      ii. To the Plaintiff's attorneys and to Defendants' attorneys, including any necessary paralegal assistants and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

      iii. To testifying and consulting experts and testifying and non-testifying non-party witnesses whose assistance is necessary for purposes of litigating this Action, to the extent necessary in order to furnish such assistance;

   iv. To the Court (or its employees or agents) pursuant to the filing of a paper in connection with this action; and

   v. To the Court or jury as evidence in this action.

 d. Responses to interrogatories or other discovery requests or responses, admissions, or other papers served by a party containing information deemed Confidential under the terms of this Section Two shall be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL" or the like.

 e. Information disclosed or discussed in a deposition may, subject to Section One of this Order, be designated by either party as Confidential Information by so indicating on the record at the time of the deposition or, within fourteen (14) days after receipt by the party of the applicable deposition transcript, by notifying counsel for the other party which pages and lines are designated as Confidential Information in the transcript. When Confidential Information is designated at deposition, the party making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated as Confidential Information in the transcript. Any magnetic media (e.g. videotape or computer disks) containing portions of a deposition transcript that have been designated Confidential Information shall be labeled with a "CONFIDENTIAL" legend.

 f. In the event that either party fails, at the time or in the manner set forth in paragraphs (a) through (e) above, to designate any document or information as Confidential Information, which either party later determines ought to be so designated, that party may later designate any such document or information as Confidential Information, provided that it shall be a violation of this Order to have disclosed such information prior to notice of its designation as Confidential Information.

3. Except as otherwise required by law, any information, whether oral or written, designated as Confidential Information shall be made available only to Qualified Persons. "Qualified Persons" means: (a) counsel of record for the parties to this matter, (b) the parties (in the case of the defendant Motorola, this includes but is not limited to, its employees), (c) persons retained by any party to furnish expert advise or to give expert testimony; and (d) any other person as to whom the parties mutually agree. If the parties are not able to reach an agreement,

either party may move the court for an order that such persons may have access to the confidential information. Any persons described in subparts (c) and (d) shall sign a Confidentiality Certification in the form attached as Exhibit A hereto, which states that she or he has read this Confidentiality Agreement and agrees to be bound by its terms. The authorized disclosures provided for in Section Two above shall be solely for the use and purposes of this Action, including for purposes of investigation, mediation, conciliation, negotiation, settlement, or preparation for trial, and such persons shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person or party not specified in Section Two above.

    4.    If it is necessary for any party to file with the Court any document referring to or containing Confidential Information, or if such disclosure must be made in connection with a conference, hearing, or other Court proceeding, the parties agree to cooperate in obtaining an appropriate protective order, to file the document under seal, or to otherwise protect the confidential nature of the information.

    5.    Each Qualified Person shall store any Confidential Information such that the information will be disclosed only to other Qualified Persons. Confidential Information shall be used solely for purpose of the Action (including any appeals), unless otherwise agreed to in advance by the producing Party or ordered by the Court, and shall not be used for any business or competitive purpose whatsoever. Within ten (10) days after the conclusion of this matter, including the expiration of all periods for appeal from any order, or in the case of any appeal, the final disposition of all appeals, any Confidential Information produced by the parties and all written material embodying such Confidential Information, including all copies of or excerpts from or summaries of such Confidential Information that have been made, shall be returned to

the counsel who originally produced the Confidential Information and such information shall remain subject to the terms of this Order. The terms of this Confidentiality Agreement shall survive and remain in full force and effect after the termination of this matter.

6.  This Order shall apply to Confidential Information that the parties or their counsel have obtained from sources other than the opposing party during the period this matter is pending.

7.  This Confidentiality Agreement is entered to facilitate the discovery and production of relevant evidence in this Action. Neither the entry into this Confidentiality Agreement nor the designation of any information, document, of the like as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to the issue of confidentiality, if contested, or with respect to any other issue in this matter.

8.  Nothing contained in this Confidentiality Agreement shall be construed to prejudice either party's right to use in Court proceedings in this matter any documents or information protected by this Order, or exhibits prepared therefrom. In the event that a party wishes to use a confidential document or any Confidential Information contained therein in any paper filed with the Court in this matter, such paper (or part thereof containing the confidential document or Confidential Information) shall be filed under seal and maintained under seal by the Count, unless the parties mutually otherwise agree in writing, or unless upon motion by any party or on its own initiative, the Court shall otherwise direct. In the event this matter proceeds to trial, the confidentiality in the formal records of any such document or information prepared therefrom shall be protected as decreed by the Court upon application to the Court by either party.

DATED: _____                ENTERED:_____
                                                United States District Judge


JAY S. REIN                                    MOTOROLA, INC., CLYDE KOFMAN,
                                               and JUERGEN STARK,

By his attorneys,                              By their attorneys,

*/s/ John G. H. Coster*                        */s/ Kristin G. McGurn*

John G. H. Coster (BBO #101450)                Richard L. Alfred (BBO# 015000)
92 State Street                                Kristin G. McGurn (BBO# 559687)
Suite 900                                      Yvette Politis (BBO# 644986)
Boston, Massachusetts 02109                    SEYFARTH SHAW LLP
(617) 423-2224                                 World Trade Center East
                                               Two Seaport Lane, Suite 300
                                               Boston, MA 02210-2028
                                               Telephone:   (617) 946-4800
                                               Telecopier:  (617) 946-4801

Dated: July 13, 2005

BO1 15720693.1

Exhibit A

CONFIDENTIALITY CERTIFICATION

The undersigned hereby acknowledges that he or she: (1) has read the Confidentiality Agreement to protect the Confidential Information of the parties in the case of Jay Rein v. Motorola Inc. et al., Civil Action No. 04-12580 NG, pending before the United States District Court for the District of Massachusetts ("Court"); (2) understands the terms of the Confidentiality Agreement; (3) agrees to be bound by the terms of the Confidentiality Agreement; and (4) irrevocably submits his or her person to the jurisdiction of the Court for the purpose of securing compliance with the terms and conditions of the Confidentiality Agreement.

_____            _____
Signature                                 Date


Please print or type your name and address below:

_____
Name

_____
_____
Address

BO1 15720693.1