UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINE
FOR CERTAIN DISCOVERY EVENTS AND FOR SCHEDULING ORDER**

The parties to the above action hereby jointly request that the Court extend the time for completion of certain discovery events, as set forth below. The parties further request that the Court extend, by 30 days, the other deadlines established in the Court's March 8, 2005 Scheduling Order. As grounds for this motion, the parties state as follows:

1. Discovery in this matter is scheduled to close on September 30, 2005. Except as outlined below, the parties do not seek to extend the discovery deadline, generally. Moreover, the parties have not sought or received any other extensions of the discovery deadline.

2. The parties have made significant progress toward completing discovery. They have exchanged written discovery requests and have conducted numerous depositions, including depositions of the Plaintiff and individual Defendants. The Plaintiff has not yet completed the deposition of one Defendant, however, and also has noticed two additional third-party depositions. In addition, Motorola has issued a third-party subpoena to the Plaintiff's former employer, and seeks to reserve the right to obtain deposition testimony, if necessitated by the information produced in response to that subpoena. Further, at his deposition, the Plaintiff

returned to Motorola its laptop computer that he used while employed with the Company, which Motorola expected him to return upon his separation from employment. Motorola presently is attempting to retrieve relevant electronic data from the laptop. In light of the Plaintiff's significant delay in returning Motorola's laptop, notwithstanding this pending litigation and the likelihood that it would contain relevant electronic data responsive to Motorola's discovery requests, Motorola seeks to reserve the right to resume the Plaintiff's deposition if information retrieved from the laptop renders additional testimony necessary.

3. Due to witnesses' schedules, and the process of retrieving information from the subpoenaed parties and the laptop, the parties require additional time to complete limited discovery, as outlined below:

  a. The deposition testimony of Paul Zellner of Russell Reynolds, to be conducted in Chicago, on or about October 21, 2005;

  b. The deposition testimony of Clyde Kofman of Motorola, to be conducted in Chicago, on the same date as the deposition of Paul Zellner;

  c. The deposition testimony of Clay Brice of Motorola, to be conducted in Atlanta, on or about October 13, 2005;

  d. If necessitated by the subpoena response, no more than three hours of deposition testimony of GTSI, to be conducted in Washington, D.C., on or before October 28, 2005;

  e. If necessitated by the information retrieved from Motorola's laptop, no more than three hours of continued deposition testimony of the Plaintiff Jay Rein, to be conducted at a mutually convenient location, on or before October 31, 2005.

4. Should the Court grant the parties' requested discovery extension, the parties

suggest that the Status Conference, currently scheduled for October 5, 2005, be postponed for approximately 30 days, to a date following the completion of all fact discovery. The deadlines in this case, therefore, would be as follows:

| | |
|---|---|
| September 30, 2005 | All fact depositions shall be completed on or before this date, except as set forth in the foregoing Paragraph 3. |
| November 7, 2005 or a date thereafter, selected by the Court. | Status Conference to discuss settlement or set firm trial date. |
| November 30, 2005 | All dispositive motions with supporting documents shall be served and filed on or before this date. Oppositions to dispositive motions shall be served and filed within 30 days of the filing of said motions. The parties reserve their rights to request leave of this Court to submit reply briefs and/or surreply briefs. |
| January 13, 2006 | Hearing on dispositive motions |
| Within 30 days of the ruling on dispositive motions. | Plaintiff shall disclose expert(s) and produce expert report(s) by this date and Defendants shall disclose expert(s) and produce expert report(s) 30 days thereafter. |
| Within 45 days of the last disclosure of expert(s) and production of expert report(s) | The parties shall complete expert discovery by this date, including, without limitation, deposition(s) of experts. |
| Within 60 days of the close of expert discovery | Proposed start date for Trial. |

WHEREFORE, the parties jointly request that they be permitted to complete certain discovery events as outlined above, and that the remaining deadlines in the Court's Scheduling Order be extended by 30 days, as set forth above.

Respectfully submitted,

| | |
|---|---|
| JAY S. REIN | MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, |
| By his attorney, | By their attorneys, |
| /s/ John G. H. Coster | /s/ Yvette Politis |
| John G. H. Coster (BBO #101450) | Richard L. Alfred (BBO# 015000) |
| 92 State Street | Kristin G. McGurn (BBO# 559687) |
| Suite 900 | Yvette Politis (BBO# 644986) |
| Boston, Massachusetts 02109 | SEYFARTH SHAW LLP |
| (617) 423-2224 | World Trade Center East |
| | Two Seaport Lane, Suite 300 |
| | Boston, MA 02210-2028 |
| | Telephone:  (617) 946-4800 |

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Counsel for both parties hereby certify that we conferred on September 29, 2005, and agree to the granting of the instant Motion.

| | |
|---|---|
| /s/ John G. H. Coster | /s/ Kristin G. McGurn |
| John G.H. Coster | Kristin G. McGurn |

BO1 15739308.2