UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S CONTINUED DEPOSITION AND FOR SANCTIONS

The Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants"), hereby seek to compel the continued deposition of the Plaintiff, Jay Rein ("Rein") for the limited purpose of inquiring into his conduct with respect to a Motorola laptop that he recently, belatedly, returned to undersigned counsel in connection with discovery in this litigation. Defendants also seek an award of sanctions against Rein, requiring him to pay for Motorola's costs in attempting to recover data from the laptop and in engaging forensic experts to assist. Defendants also seek Motorola's costs and fees to continue Rein's deposition in Boston and to pursue this Motion, which was rendered necessary by the plaintiff's conduct. As set forth in detail in the accompanying memorandum in support of Defendants' Motion to Compel, Defendants are entitled to this relief because:

(1) the electronic documents residing on Rein's laptop were originally requested, and unquestionably called for, in Defendants' written discovery;

(2) Rein testified at his deposition that potentially relevant documents resided on the laptop;

(3) Rein hand-delivered the laptop, along with certain other hand-written notes, binders and other documents that he had withheld from production, to undersigned counsel for Motorola on August 26, 2005;

(4) after Defendants were unable to access any data on the returned laptop, a computer forensic expert engaged by Motorola determined that the hard-drive of the laptop that had been damaged and wiped clean on August 22, 2005, just days before Rein returned it to the company;

(5) the laptop contained potentially highly relevant and admittedly responsive documents and their loss has potentially impacted Defendants' claims and defenses in this litigation such that Defendants are entitled to obtain further testimony from Rein about his use of the laptop and all of his actions with respect to it; and

(6) Rein has caused Defendants to incur significant unnecessary expense in connection with this investigation and, by refusing to be forthcoming, has unnecessarily caused them to bring this Motion to obtain information to which they are unquestionably entitled.

WHEREFORE, the Defendants respectfully request that they be permitted to complete Rein's deposition as outlined above, and that Rein be ordered to pay for Motorola's costs and fees associated with the laptop investigation and this Motion. A form of Proposed Order was filed herewith. Motorola respectfully reserves the right to seek additional sanctions following the continued deposition, as appropriate.

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

By their attorneys,

/s/ Kristin G McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800

---

**Certificate of Service**

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G H Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 31, 2005

/s/ Kristin G. McGurn

---

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1 and 37.1**

Pursuant to Fed. R. Civ. P. 37(a)(2), L.R. 7.1(A)(2), and L.R. 37.1, on October 21st, 24th and 25th, counsel for Motorola conferred with counsel for Plaintiff, John G H. Coster, in a good faith to resolve or narrow the issues raised in the instant Motion. Plaintiff's and Defendant's counsel were unable to come to an agreement regarding the Defendant's Motion.

/s/ Kristin G. McGurn