## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAY S. REIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-12580 NG |
| | ) | |
| MOTOROLA, INC., CLYDE KOFMAN | ) | |
| and JUERGEN STARK | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AFFIDAVIT OF KRISTIN GLENNAN McGURN

I, Kristin Glennan McGurn ("McGurn"), declare under penalty of perjury:

1.      I am a member of the Bar of this Court and a member of the firm of Seyfarth Shaw LLP, attorneys for Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants") in the above-captioned case.  This affidavit is based on my personal knowledge in support of the Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions.

2.      Annexed hereto as Exhibit A is a true and correct copy of Jay Rein's ("Rein") Employment Agreement dated June 24, 2002.

3.      Annexed hereto as Exhibit B is a true and correct copy of February 25, 2004 email from Rein to Peter Tobin regarding return of the laptop.

4.      Annexed hereto as Exhibit C is a true and correct copy of excerpts of the August 16, 2005 deposition of Jay S. Rein.

5.      Annexed hereto as Exhibit D is a true and correct copy of excerpts of Motorola's discovery requests to the Plaintiff.

6.      Annexed hereto as Exhibit E is a true and correct copy of August 16, 2005 McGurn letter to John Coster ("Coster") demanding Rein's return of the Motorola laptop.

7.    Annexed hereto as <u>Exhibit F</u> is a true and correct copy of August 19, 2005 Coster letter resisting Motorola's request for return of the laptop and citing shipping costs as an impediment to the laptop's return.

8.    Annexed hereto as <u>Exhibit G</u> is a true and correct copy of August 22, 2005 McGurn letter to Coster demanding Rein's return of his Motorola laptop, with shipping instructions.

9.    Annexed hereto as <u>Exhibit H</u> is a true and correct copy of the Evidence Control and Chain of Custody communications concerning the receipt and handling of the Motorola laptop returned by Rein.

10.    Annexed hereto as <u>Exhibit I</u> is a true and correct copy of Motorola's MIPS INDC2005-06-0001 Final Report.

11.    Annexed hereto as <u>Exhibit J</u> is a true and correct copy of October 14, 2005 McGurn letter to Coster requesting an explanation as to the condition of the laptop.

12.    Annexed hereto as <u>Exhibit K</u> is a true and correct copy of Rein's Notice of Continued Deposition scheduled for October 27, 2005.

13.    Annexed hereto as <u>Exhibit L</u> is a true and correct copy of Rein's July 1, 2002 Motorola Award Agreement.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 31st day of October, 2005 at Boston, Massachusetts.

KRISTIN GLENNAN MCGURN

2

EXHIBIT A

J. Rein
EXHIBIT NO. 3
8/16/05
L. LONDON

 **MOTOROLA**

# EMPLOYMENT AGREEMENT

In consideration of my employment, or continued employment by Motorola, or its subsidiaries (referred to separately or together as "Motorola") and the salary or wages paid to me, I understand and agree to the following provisions for the protection of Motorola property rights:

1. Not to disclose to Motorola, or to use in my work at Motorola (a) any confidential information belonging to others, including my prior employers (unless written authorization is first obtained), or (b) any prior inventions made by me which Motorola is not otherwise entitled to learn of or to use.

2. Not to use, or publish, or to otherwise disclose to others, either during or subsequent to my employment by Motorola, any confidential information of Motorola or its customers, except as my Motorola duties my require.

3. Upon termination of my employment by Motorola, to promptly deliver to a designated Motorola representative all documents and other records which relate to the business activities of Motorola, or any other materials which belong to Motorola.

4. To assign and I hereby assign to Motorola as its exclusive property the entire right, title and interest in all my inventions, innovations, or ideas developed or conceived by me solely, or jointly with others, at any time during the term of my employment and which inventions, innovations, or ideas relate to the actual or anticipated business activities of Motorola, or result from, or are suggested by, work which I do for Motorola.

5. To make and maintain written records of all inventions, innovations, or ideas referred to in paragraph 4 above and to submit promptly such records, and supplemental oral disclosures, to designated representatives of Motorola.

6. To execute all papers, and otherwise provide proper assistance, at Motorola's request and expense, during and subsequent to my employment by Motorola to enable Motorola or its nominees to obtain patents, copyrights, and legal protection for inventions or innovations in any country.

7. I represent that the inventions identified in the ____0____ pages I attach hereto comprise all the unpatented inventions which I have made or conceived prior to my employment by Motorola, which inventions shall be excluded from this agreement. (It is only necessary to list the title of such inventions and the purpose thereof, but not details of the invention itself per paragraph 1(b)). IF THERE ARE NO SUCH UNPATENTED INVENTIONS TO BE EXCLUDED, EMPLOYEE INTIAL HERE ____JSR____

8. I further represent that I have attached hereto a copy of any agreement which presently affects my compliance with the terms of this present agreement. (Such copy must specify the other contracting party or employer, the date of such agreement, the date of termination of any employment). IF THERE IS NO SUCH AGREEMENT, EMPLOYEE INITIAL HERE ____JSR____.

This agreement replaces any existing employee agreement between Motorola and me regarding patents and/or confidential information and shall be binding on my executors, administrators, heirs, legal representatives or assigns.

This agreement may not be modified except in writing with approval of an officer of Motorola.

| WITNESS | EMPLOYEE |
|---|---|
| SIGNATURE  *Sharon Comer* | SIGNATURE  *JSR* |
| TYPED OR PRINTED NAME  *Sharon Comer* | TYPED OR PRINTED NAME  JAY S. REIN |
| DATE  6-24-02 | DATE  6-24-02 |

**CONFIDENTIAL**

000015  SPD 14434 (7/84)

Involuntary Severance Plan yet.  He has been actively looking for other jobs and still maintaining on payroll status.  [I hope my facts are accurate and I have not been mislead.]

The reason for raising this point is to reiterate that fact that what I am looking for is similar fairness and treatment as I have observed with other ex-employees of MPS, and probably others if I were to look at bit harder.  The "optics" are such that it looks like when another manager was doing the position eliminations within MPS there was more consideration given to the needs of the affected employee.

Thanks again for your support and the work you are doing on my behalf.

JSR

508-893-6926 - office
847-761-4814 - fax
617-899-2699 - cell
Rein@Motorola.com

[Rein Jay-REIN]  -----Original Message-----
**From:** Rein Jay-REIN
**Sent:** Wednesday, February 25, 2004 3:22 PM
**To:** Tobin Peter-APT010
**Subject:** Follow-Up to Our Call Today
**Importance:** High
**Sensitivity:** Confidential

Peter,

Thank you for taking my call earlier today and thank you for working on my behalf to assist in this transitionary period.  To restate what I think we both agreed you were going to work on:

- converting the 8.5 weeks plus the 2 weeks of "severance" lumpsum payout into an on payroll status whereby I could be considered an employee of record of Motorola through a to be determined date in June.
- for the same period of time, all eligible benefits (Oct 2003 --> March 2004 MotShare participation and similar) are made available to me as a regular employee.  I assume (though we did not discuss) that I would similarly pay Health, Dental, Life and other at group rates as I am today.
- upon completion of this time period, access to programs such as COBRA, rollover of my 401K, eligibility for MA Unemployment insurance, and Drake Beam Moran outplacement services (which we did not discuss) will be made available.
- Not Discussed, but I am assuming that if you are successful in getting approval of this "Individual ISP" that I will be able to utilize the Motorola Network, email and other resources to continue to communicate with others on my quest for future employment opportunities.  All associated resources belonging to Motorola would be returned upon the completion of the aforementioned time period.

As we talked, all of the above is being requested in order to provide me with an opportunity to [re]enter the marketplace without the prejudices often associated with an unemployed worker.  Additionally, resulting from various performance reviews and a retention bonus paid just weeks ago, I chose to forego a non-Motorola job opportunity, which today no longer exists.

I am looking forward to talking on Friday (or sooner) to hear how things are proceeding.

Sincerely,

JSR

MI000304

-------------------------------------------

**Jay S. Rein**

508-893-6926 - office
617-899-2699 - cell
Rein@Motorola.com

MI000305



1

CERTIFIED ORIGINAL
LEGALINK BOSTON

Volume:        I

Pages:         1-225

Exhibits:      1-14

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12580 NG

- - - - - - - - - - - - - - - - - - - - - - x

Jay S. Rein,

                    Plaintiff,

        v.

Motorola, Inc., Clyde Kofman,

and Juergen Stark,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - x


                DEPOSITION OF JAY STUART REIN

                Tuesday, August 16, 2005

                      10:23 a.m.

                  SEYFARTH SHAW LLP

                World Trade Center East

              Two Seaport Lane, Suite 300

            Boston, Massachusetts 02210-2028


Reporter:  Lori-Ann London, RPR

Page 2

```
 1    A P P E A R A N C E S:

 2

 3        SEYFARTH SHAW LLP

 4        By Kristin G. McGurn, Esquire

 5        World Trade Center East

 6        Two Seaport Lane, Suite 300

 7        Boston, Massachusetts 02210-2028

 8        617.946.4800

 9        Appearing for the Defendants

10

11        JOHN G.H. COSTER, ESQUIRE

12        92 State Street, Suite 900

13        Boston, Massachusetts 02109

14        617.423.2224

15        Appearing for the Plaintiff

16

17    ALSO PRESENT:

18

19        Manuel Cuevas-Trisan, Senior Labor Counsel

20        Motorola, Inc.

21

22

23

24
```

Jay Stuart Rein                                                    08/16/2005

                                                                         30

1        Q     Did you produce any documents in

2    response to Motorola's request for the production

3    of documents in connection with this case?

4        A     I believe so, yes.

5        Q     Okay.  Where did you search for

6    documents in order to do that?

7        A     I went back to past tax records, went

8    back to past pay stubs.  That's about all I

9    recall.

10       Q     Okay.  Did you produce any -- do you

11   recall producing any other documents besides some

12   pay stubs and tax records?

13       A     I believe I produced copies of e-mails.

14       Q     Where did you obtain those e-mails from?

15       A     They were copies that I had in my files.

16       Q     Where were those files located?

17       A     Computer.

18       Q     Okay.  Did you have a computer from

19   Motorola which you used for the purpose of your

20   employment with the company?

21       A     Yes.

22       Q     And is that the computer on which you

23   searched for e-mails?

24       A     Yes.

31

1    Q    Do you still have that computer?

2    A    Yes.

3    Q    Okay.  Did you produce anything aside

4    from past tax records, pay stubs, and copies of

5    e-mails?

6    A    I don't think so.

7    Q    Okay.  Did you search anywhere other

8    than on your computer for documents in response to

9    that request?

10    A    I may have searched for benefits books

11    or, you know, any policy or procedure documents

12    that may have been provided to me.

13    Q    And where would you have maintained

14    those?

15    A    If I was given them by Motorola, I would

16    have maintained them in a file, a personal file.

17    Q    During your employment with Motorola,

18    you worked from your home at Holliston; is that

19    correct?

20    A    Yes.

21    Q    Was that true for the entire tenure at

22    Motorola?

23    A    When I wasn't on site at Motorola,

24    correct.

32

1      Q    Did you retain -- aside from the

2  documents that you've described, that being copies

3  of e-mails and benefits information, do you recall

4  retaining any Motorola documents following your

5  departure from the company?

6      A    Can you define Motorola documents?

7      Q    Any documents that you received or sent,

8  you know, were to or from Motorola, pertaining to

9  your employment?

10     A    Pertaining to my employment?

11     Q    Um-hm.

12     A    I don't think so.

13     Q    Okay.  Do you recall any other --

14  retaining any other documents following your

15  departure from Motorola that were sent to Motorola

16  or received by you from Motorola whether or not

17  they pertained to your employment?

18     A    Yes.

19     Q    What are those documents?

20     A    I believe I have some PowerPoint

21  presentations presented to Stark on or around

22  October 14th and again on October 17th.

23     Q    And did you maintain those also on your

24  computer?

33

1      A    I'm sure they're there.

2      Q    Okay.  Did you retain them also in hard

3  copy?

4      A    Yes.

5      Q    The computer on which these PowerPoint

6  presentations are maintained, is that the same

7  Motorola computer that you used during your

8  Motorola employment?

9      A    Yes.

10     Q    Did you have an agreement with anyone to

11 return Motorola's computer upon your termination?

12     A    No.

13     Q    Did you have any communications with

14 anyone at Motorola regarding the return of that

15 computer?

16     A    No.

17     Q    Did you undertake the search personally

18 for documents responsive to Motorola's request for

19 the production of documents on that computer?

20     A    When Motorola's request for documents

21 from that computer came through, the computer was

22 inactive.

23     Q    Why is that?

24     A    I do not know.  I assume that Motorola

Jay Stuart Rein                                              08/16/2005

40

1          A      I guess there could be documents on the

2     hard drive --

3          Q      **Okay.**

4          A      -- of the e-mail.

5          Q      **And have you searched that hard drive?**

6          A      I do not have access to that computer.

7          Q      **Did you -- prior to losing access to**

8     **that Motorola computer by deactivation --**

9          A      Um-hm.

10         Q      **-- did you use any other computer to**

11    **communicate with any Motorolans?**

12                MR. COSTER:  Objection.

13         A      State the question again.

14                MS. McGURN:  Can you read it back?

15                (Question read.)

16         A      Not that I know of.

17         Q      **Okay.  Aside from searching for computer**

18    **files and hard copy files, did you do anything**

19    **else to search for documents that might respond to**

20    **Motorola's requests?**

21                MR. COSTER:  Objection.

22         A      I don't think there's any other --

23    there's computer files, there's hard copy, paper,

24    there's no other place to search.

42

1    about June 24th, 2002?

2        A    On June 24th, 2002.

3        Q    Did that coincide with the start of your

4    employment with Motorola?

5        A    Yes.

6        Q    And directing your attention to

7    subparagraph 3, was it your understanding that

8    upon termination you were expected to deliver

9    documents and records and other items pertain --

10   or materials belonging to Motorola?

11       A    As I read that now, yes.

12       Q    Did you have that understanding at the

13   time?

14       A    On June --

15            MR. COSTER:  Objection.

16       A    On June 24th, 2002?

17       Q    Right.

18       A    Yes.

19       Q    And did you maintain that understanding

20   at the time you terminated your -- or your

21   employment was terminated at Motorola?

22            MR. COSTER:  Objection.

23       A    At the time my employment was terminated

24   at Motorola on February 23rd, yes.

Jay Stuart Rein                                                       08/16/2005

43

1        Q    Okay.   What about in the March or April

2   time period?

3        A    Nobody from Motorola was talking with

4   me --

5        Q    Okay.

6        A    -- in the April time period.

7        Q    What do you mean by that?

8        A    When discussions terminated and I sought

9   counsel, there was no more designated -- no one --

10  there was nobody for me to -- I was not in active

11  dialogue with any representatives from Motorola to

12  return any materials to.

13       Q    Did you understand that to relieve you

14  of your obligations to return Motorola's items?

15       A    Those items are prepared and ready to be

16  returned to Motorola --

17       Q    Okay.

18       A    -- when an individual is identified.

19       Q    Okay.   How old were you at the time that

20  you were hired by Motorola?

21       A    38 -- 38?   38.

22            MR. COSTER:   Do the math.

23       A    I have to do the math.

24       Q    What's your date of birth?

Jay Stuart Rein

08/16/2005

44

| 1 | A | January 1st, 1964. |
| 2 | Q | Okay.  What's your Social Security |
| 3 | number? | |
| 4 | A | 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. |
| 5 | Q | Are you presently married? |
| 6 | A | Yes. |
| 7 | Q | What's your spouse's name? |
| 8 | A | Amy. |
| 9 | Q | How long have you been married to Amy? |
| 10 | A | 11 and a half years. |
| 11 | Q | Were you previously married? |
| 12 | A | No. |
| 13 | Q | Do you have children with Amy? |
| 14 | A | Yes. |
| 15 | Q | How many children? |
| 16 | A | Three. |
| 17 | Q | What are their names? |
| 18 | A | Lauren, Marni, Sydney. |
| 19 | Q | How old is Lauren? |
| 20 | A | Nine. |
| 21 | Q | How old is Marni? |
| 22 | A | Seven. |
| 23 | Q | And how old is Sydney? |
| 24 | A | Four. |

117

1              MR. COSTER:   Objection.

2       A    I'd have to spend some time reading it

3   if you want to --

4       Q    Okay.  Did you in fact solicit or induce

5   colleagues to leave Motorola after you left the

6   company?

7       A    I did not personally solicit anybody to

8   leave the company.

9       Q    Did you encourage them to look for

10  employment outside of Motorola?

11      A    I did not encourage them to look for

12  employment outside of Motorola.

13      Q    Did you communicate in any way with

14  former colleagues about departing from Motorola,

15  their departing from Motorola?

16              MR. COSTER:   Objection.

17      A    I did not communicate with them about

18  them departing from Motorola.

19      Q    Did you have any communications with

20  former colleagues about opportunities outside of

21  Motorola?

22      A    I may have forwarded from time to time

23  information forwarded to me about opportunities

24  available.

Jay Stuart Rein

08/16/2005

118

1       Q    To whom did you forward such

2  information?

3       A   I don't recall all communications.

4       Q    Do you recall any specific

5  communications with any particular person about

6  that issue?

7       A   There may have been communications sent

8  to any one of a number of ex-MPS colleagues of

9  mine.

10      Q    Who are those colleagues?

11      A   Ex-colleagues.

12      Q    Um-hm.

13           MR. COSTER:  Objection.  Are you

14  asking who he communicated with or who he may have

15  communicated with or who his ex-colleagues are?

16           MS. McGURN:  I'm asking if he

17  recalls communications with any number of

18  ex-colleagues, which is the way you described

19  it --

20      A   Um-hm.  And my answer was yes, I may

21  have forwarded communications to ex-colleagues.

22      Q    Do you recall any specifically?

23      A   I recall sending communications.  If I

24  receive a communication someone has a job

119

1    opportunity, I forward it on and that's it.  So I

2    didn't save messages.  I don't know exactly when

3    or who it was forwarded to.

4        Q    Okay.  Do you have a recall that you did

5    in fact -- you have a recall that you did in fact

6    forward such communications back to Motorolans?

7        A    For 20 years when job opportunities come

8    to me it's fairly standard practice to keep

9    friends in the recruiting industry, do you know of

10   anybody that might be interested.  I don't know

11   but I will forward a communication on if these

12   people are willing to accept it.

13       Q    And you did that following your

14   termination at Motorola?

15       A    Um-hm.

16       Q    Okay.  Did you have an understanding of

17   the range of compensation for principals at MPS

18   when you joined the company?

19       A    When I joined the company?

20       Q    Um-hm.

21       A    No.  You mean prior to when I joined --

22   when I joined the company means what date?

23       Q    Upon joining the company in June of

24   2002, did you have an understanding of the range

160

1      Q      When was that meeting?

2      A      It was either end of August or

3   September.  It was before the October meeting but

4   after he had joined the company.

5      Q      Do you recall any other meetings with

6   him during that time?

7      A      We had -- when he first joined the

8   company we had a phone teleconference for the

9   group that was under his responsibility where he

10  introduced himself.  So that was a telcon.  And

11  there might have been one or two other meetings

12  that probably had client or prospective client

13  content associated with them.

14     Q      With respect to the ExpressLink meeting,

15  what was the purpose for that meeting?

16     A      To review the current status of the sale

17  opportunity, to gain any direction or insight he

18  might want to provide, and to make sure that we

19  were going down a path that made sense for him and

20  where he wanted to take the group, though we still

21  hadn't heard from him where the group was headed.

22     Q      What precipitated that call -- that

23  meeting?

24     A      I think I may have just suggested, Hey,

Jay Stuart Rein                                                    08/16/2005

161

1    it's a good idea to have it since we've got a

2    leader, because the sales effort was going to take

3    a lot of time and energy, so let's make sure we

4    should invest that time and energy.

5         Q    So I take it that during this meeting

6    you described the ExpressLink opportunity to him?

7         A    There was a PowerPoint presentation

8    provided to him.

9         Q    And do you recall his reaction to your

10   presentation?

11        A    Vaguely remember that didn't have

12   specific direction for the group yet, keep

13   proceeding forward with where you are on this.

14        Q    On this being the ExpressLink

15   opportunity?

16        A    Proceed forward.

17        Q    Were you and he the only people in

18   attendance at that meeting?

19        A    I don't recall if Kofman and Gillardi

20   were there.  Brice may have been.  I don't -- I

21   don't recall.  I mean Brice and I were working on

22   it -- Clay Brice and I, I believe, were working on

23   it together, and we were all discussing the

24   opportunities as a team.  I'm not sure if anybody

162

1    else was in the room or not.

2        Q    Did you prepare the PowerPoint?

3        A    Yes, I did.

4        Q    Did you have anyone else offer input to

5    the PowerPoint?

6        A    I believe I may have.

7        Q    Who -- do you know who that would have

8    been?

9        A    Whoever would have attended in support

10   of it --

11       Q    Okay.

12       A    -- would have had input.

13       Q    Okay.  And was the group at that time

14   cohesive behind pursuing the ExpressLink

15   opportunity?

16               MR. COSTER:  Objection.

17       A    I don't -- I mean not everybody was

18   making the sales calls.  Clay Brice and I were on

19   the West Coast for the LA County, the LA Safe

20   opportunity, so we were starting to engage

21   together on that.  So he and I were cohesive,

22   using your words, on that opportunity, but I can't

23   speak for whether everybody in the group agreed

24   that that was the right opportunity to pursue.

Jay Stuart Rein                                                      08/16/2005

165

1      Q    But you don't specifically recall?

2      A    I don't -- I don't recall what was on my

3  calendar back then.

4      Q    Do you have a calendar from back then?

5      A    I had a calendar on their system.

6      Q    Okay.  And do you currently maintain a

7  calendar?

8              MR. COSTER:  For his current job?

9              MS. McGURN:  Yeah.

10     A    I maintain an electronic calendar --

11     Q    Okay.

12     A    -- for as long as they've been around.

13     Q    So during the time period of your

14  Motorola employment you maintained your calendar

15  electronically?

16     A    Yes.

17     Q    Okay.  And in your calendar do you

18  record -- personally record for yourself meetings?

19     A    Record meetings.  What does that mean?

20     Q    Reflect meetings in your calendar.

21     A    You mean scheduled?

22     Q    Um-hm.

23     A    I believe so.

24     Q    Does anyone do that work for you?

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAY S. REIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12580 NG |
| | ) | |
| MOTOROLA, INC., CLYDE | ) | |
| KOFMAN, and JUERGEN STARK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Jay S. Rein ("Rein" or the "Plaintiff"), responds and objects to the Defendant Motorola's First Set of Interrogatories to Plaintiff as follows:

*General Objection No. 1* – Plaintiff objects to each and every interrogatory to the extent that they purport to impose requirements or obligations on the Plaintiff beyond those imposed under the Federal Rules of Civil Procedure.

*General Objection No. 2* – Plaintiff objects to each and every interrogatory to the extent it seeks disclosure of information protected by the attorney/client privilege, the physician/psychotherapist privilege, the spousal privilege, the work product doctrine, trial preparation materials or other materials protected by Rule 26(b) of the Federal Rules of Civil Procedure.

*General Objection No. 3* – Plaintiff objects to each and every interrogatory to the extent that it is overly broad, unduly burdensome, vague, ambiguous or unreasonable in time or scope.

*General Objection No. 4* – Plaintiff objects to each and every interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses presented in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General Objections and specifically incorporating those General Objections into each of the following responses, Plaintiff responds to each of the individually numbered interrogatories as follows:

## SPECIFIC RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Please provide the name, address, telephone number, place of employment or business relationship, and position or duties of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed.R.Civ.P. 7(a)) filed in this action, or any fact underlying the subject matter of this action, and for each such person, state the specific nature and substance of the knowledge that you believe he or she has.

Answer to Interrogatory No. 1

In addition to the parties to this action, Rein believes the individuals identified below may have knowledge or information pertaining to one or more of the facts alleged in the pleadings:

| Name | Address | Subject |
|------|---------|---------|
| John Gillardi | Motorola, Inc. 1301 E. Algonquin Rd. Schaumburg, IL 60196 | Rein's performance as part of the MPS Group; and the commitments made to the MPS Group by Motorola. |

2

| Name (cont.) | Address (cont.) | Subject (cont.) |
|---|---|---|
| Clay Brice | (Same) | Rein's performance as part of the MPS Group; and the commitments made to the MPS Group by Motorola. |
| Chuck Roark | (Same) | Rein's performance. |
| Keith England | (Same) | Rein's performance. |
| Vera Tsekeris | (Same) | Rein's performance. |
| Eric Abbott | (Same) | Rein's performance and the performance of other employees in the MPS Group. |
| Gabriel Saa | (Same) | Rein's performance. |
| Ed Glover | (Same) | Rein's performance related to cross-company initiatives and efforts. |
| Lindsay Smith | (Same) | Rein's performance related to cross-company initiatives and efforts to find alternate employment within BCS. |
| Janiece Webb | (Same) | Rein's efforts to find alternate employment within Motorola. |
| Peter Tobin | (Same) | Rein's efforts to find alternate employment within Motorola. |
| Warren Holtsberg | (Same) | Rein's efforts to find alternate employment within Motorola |
| Lindsay Smith | (Same) | Rein's efforts to find alternate employment within Motorola |
| Matt Aiden | (Same) | Rein's efforts to find alternate employment within Motorola |

| Name (cont.) | Address (cont.) | Subject (cont.) |
|---|---|---|
| Len DeBarros | Unknown | Rein's performance and the performance of other employees in the MPS Group. |
| Paul Zellner | Russell Reynolds 200 S. Wacker Dr. Chicago, IL 60606 | Rein's advantageous relations with the recruiting firm of Russell Reynolds. |
| Simon Blanks | Reilly Partners 200 W. Madison St. Suit 770 Chicago, IL 60606 | Offer of employment from Invoke Solutions, Inc. |
| Ken Coleman | LA Safe One Gateway Plaza Mail Stop 99-11-3 Los Angeles, CA 90012 | Rein's performance. |
| Byron Lee | (Same as above) | Rein's performance. |
| Robert Humphreys | ExpressLink, Inc. 16501 Ventura Blvd. Suite 300 Encino, CA 91436 | Rein's performance. |

Interrogatory No. 2

Where anything has been deleted or redacted from a document produced in response to Defendant Motorola's First Request for the Production of Documents, or where a document has been withheld because of a claim of privilege:

    a.  specify the nature of the material deleted or withheld;

    b.  specify the reasons for the deletion or withholding;

    c.  identify the person responsible for the deletion or withholding; and,

    d.  identify where the complete and undeleted or unredacted document is maintained.

Interrogatory No. 7

Identify each employer from whom you have worked since February 23, 2004, including in your answer the date(s) you were employed, the name(s) of your supervisors, your duties, and the reason(s) for your separation from said employment, if applicable.

Answer to Interrogatory No. 7

Rein objects to this Interrogatory to the extent that it is overbroad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection and without waiver thereof, Rein answers that since as follows, Rein has been employed as a Senior Director by GTSI since October 18, 2004. His duties are related to the marketing and sales of technology products and solutions to federal, state and local government.

Interrogatory No. 8

Describe in detail your efforts to find employment outside the Motorola Professional Services Group, from October 2003 to the present, whether or not such efforts were directed to positions outside Motorola, including in your description:

    a. the specific jobs for which you applied or about which you inquired,

    b. any interviews in which you participated,

    c. the names of the employers,

    d. the names of any headhunter(s), public or private employment service or agency that contacted you or that you contacted to assist you in seeking or obtaining employment,

    e. the dates of any applications, inquiries or interviews,

    f. the outcome of such applications, inquiries (including whether you were offered a job); and

    g. if you were offered a job, the type of position, salary/benefits offered, whether you accepted the position, the date on which you accepted or rejected the position, and the reason(s) for your decision.

<u>Answer to Interrogatory No. 8</u>

Rein objects to this Interrogatory to the extent that requiring him to identify each and every prospective job he applied for, the dates he applied for such positions, etc. is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, and without waiver thereof, Rein answers that, after being notified by Defendants that his employment was being terminated he made a diligent and comprehensive effort to find alternate employment, both within Motorola and with other prospective employers. With respect to Motorola, these efforts included networking among the various groups and divisions within the company (including but not limited to Janiece Webb, Warren Holtsberg, Lindsay Smith, Matt Aiden and Jann Melman, in an effort to find alternate employment, contacting and following up with representatives of the Human Resources Department and demanding that Motorola submit his name to the bi-weekly Leadership and Talent supply meeting to see if there were any potential positions available for which he was qualified. None of these efforts were successful in finding another position for Rein within Motorola.

With respect to other prospective employers, these efforts included, but were not limited to contacting potential "headhunters" and private employment agencies, reviewing various internet sites, such as hotjobs.com and execunet.com for potential listings, reviewing classified listings in local newspapers, and networking. Due to the number of applications made by Rein, it is impossible for him to recall each and every job for which he applied. Moreover, in many cases, the identity of the prospective employer was not revealed in the listing, and therefore Rein is unable to set forth the

identity of these employers. A partial listing of the jobs to which Rein applied, together

with date of each such application are set forth in the documents produced by Rein in

response to Request No. 16 of Defendant Motorola's First Request for Production of

Documents.

As a result of Rein's efforts, he received an offer of employment from Kronos for

$135,000 a year and an offer from GTSI for a salary of $150,000 per year. Rein accepted

the position at GTSI as a Senior Director and commenced working on October 18, 2004.

Interrogatory No. 9

If, between February 23, 2004 and the date you answer this interrogatory, there
was any period during which you were not employed and were not making any active
attempt to obtain employment, state the reason why you were not making any active
attempt to obtain employment and the relevant dates.

Answer to Interrogatory No. 9

At no time between February 23, 2004 and the present was Rein unemployed and

not making an active attempt to obtain employment.

Interrogatory No. 10

Identify all civil, criminal and administrative actions to which you have been a
party, witness or an affiant, including the dates, identifying case numbers, the court or
other venue in which the action was brought, the parties to each action, if known, and
your role in each action.

Answer to Interrogatory No. 10

Rein objects to this Interrogatory to the extent that it is overbroad and is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the foregoing objection and without waiver thereof, Rein answers that

other than this action, and the complaint he filed with the Massachusetts Commission

Against Discrimination prior to commencing this action, he has never been involved in another civil, criminal or administrative action, either as a party, witness or affiant.

### Interrogatory No. 11

If you have ever complained to any employer other than Motorola about any form of discrimination or harassment, please state as to each complaint:

     a.   the name and address of the employer to whom you complained;

     b.   the date of your complaint;

     c.   the date of the alleged discrimination;

     d.   the details of the alleged discrimination;

     e.   the name and title of the person with whom you lodged your complaint;

     f.   each action taken pursuant to your complaint;

     g.   the determination, if any, as to your complaint.

### Answer to Interrogatory No. 11

Rein objects to this Interrogatory to the extent that it is overbroad and is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection and without waiver thereof, Rein answers: None.

### Interrogatory No. 12

Provide the name, address, telephone number, place of employment or business relationship and position or duties of any person to whom you have spoken about this action or who you claim or believe has knowledge of information concerning the defendants' alleged wrongdoing, or about any fact alleged in any pleading (as defined in Fed.R.Civ.P. 7(a)) filed in this action, and state the specific nature and substance of any such conversations, when and where you communicated with him or her, the scope of his or her information, whether any statements have been taken from him or her, whether you intend to call him or her to testify as a witness in this case, and identify all documents that relate to the foregoing answers.

<u>Answer to Interrogatory No. 12</u>

See Plaintiff's Answer to Interrogatory No. 1.

<u>Interrogatory No. 13</u>

Describe your duties during your employment at Motorola.

<u>Answer to Interrogatory No. 13</u>

Rein was hired as a Principal within Motorola's Professional Services

Organization. He reported directly to Len DeBarros, Senior Vice President and Head of

Motorola Professional Services for the Americas. His duties included business

development, sales and marketing and the delivery of professional services to enterprise

customers of Motorola.

<u>Interrogatory No. 14</u>

Identify every instance in which you allege that the defendants discriminated
against you or any other current or former Motorola employee, or treated you or another
employee differently on account of age, including in your answer:

      a.     the name of the employee;

      b.     the date of such incident;

      c.     a detailed description of the incident;

      d.     who was involved in or responsible for the incident;

      e.     who witnessed the incident;

      f.     identify any documents concerning the incident.

<u>Answer to Interrogatory No. 14</u>

Rein is currently aware of at least five incidents of discrimination. They are:

1.    <u>The termination of Rein's employment by Motorola</u>

      a.     Rein

Signed under the pains and penalties of perjury this _____ day of April, 2005.

Jay S. Rein

As to objections:

John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this documents was served on the attorney of record for each of the other parties by first class mail on April 8, 2005.

John G. H. Coster

23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN,                   ) | |
|                         ) | |
|        Plaintiff,         ) | |
|                         ) | Civil Action No. 04-12580 NG |
| v.                       ) | |
|                         ) | |
| MOTOROLA, INC., CLYDE    ) | |
| KOFMAN, and JUERGEN STARK, ) | |
|                         ) | |
|       Defendants.       ) | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANTS' REQUEST FOR DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Jay

S. Rein ("Rein" or the "Plaintiff") responds and objects to the Defendant Motorola's First

Request for Production of Documents to the Plaintiff as follows:

*General Objection No. 1* – Plaintiff objects to each and every request for the

production of documents to the extent that they purport to impose requirements or

obligations on the Plaintiff beyond those imposed under the Federal Rules of Civil

Procedure.

*General Objection No. 2* – Plaintiff objects to each and every request for the

production of documents to the extent that they seek documents that are not within the

Plaintiff's custody or control.

*General Objection No. 3* – Plaintiff objects to each and every request for the

production of documents to the extent that they call for the production of documents

protected by the attorney/client privilege, the physician/psychotherapist privilege, the

spousal privilege, the work product doctrine, trial preparation materials or other materials

protected by Rule 26(b) of the Federal Rules of Civil Procedure.

   *General Objection No. 4* - Plaintiff objects to each and every request for the

production of documents to the extent that it is overbroad, unduly burdensome, and

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENTS REQUESTED

### Request No. 1

   All documents concerning your employment or termination from employment at
Motorola, including any contracts, agreements, terms and conditions of employment,
personnel records or files, descriptions of job duties , and performance evaluations.

### Response to Request No. 1

   Plaintiff objects to this Request on the grounds that it is overbroad, unduly

burdensome and neither relevant nor reasonably calculated to lead to the discovery of

admissible evidence. Notwithstanding the foregoing objection, and without waiver

thereof, the Plaintiff will produce those non-privileged documents in his possession,

custody or control concerning any contracts or agreements relating to his employment,

the terms and conditions of his employment, his personnel files, his job duties and his

performance evaluations.

### Request No. 2

   All documents that pertain to Motorola's personnel or employment policies,
practices or procedures, including any handbooks, guidelines, manuals and other
publications.

<u>Response to Request No. 2</u>

Plaintiff will produce those non-privileged documents in his possession, custody

or control responsive to this Request.

<u>Request No. 3</u>

All documents, including minutes, notes or summaries of meetings reflecting discussions or communications between, or attended by, you and any officer, employee, representative or agent of Motorola, in the course of your employment with Motorola, concerning the subject(s) of alleged harassment, discrimination or bias based on age, against you or any other current or former Motorola employee.

<u>Response to Request No. 3</u>

Plaintiff will produce those non-privileged documents in his possession, custody

or control responsive to this Request.

<u>Request No. 4</u>

All documents concerning any promises, guarantees or assurances made by Motorola, Clyde Kofman or Juergen Stark, concerning the terms and conditions of your employment.

<u>Response to Request No. 4</u>

Plaintiff will produce those non-privileged documents in his possession, custody

or control responsive to this Request.

<u>Request No. 5</u>

All documents, items, objects and effects that you took with you from Motorola following your termination.

<u>Response to Request No. 5</u>

Plaintiff objects to this Request on the grounds that it is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.

Request No. 6

All documents you received from or sent to Russell Reynolds, Inc. or that concern your communications or relationship with Russell Reynolds, Inc.

Response to Request No. 6

Plaintiff objects to this Request to the extent it is overbroad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, and without waiver thereof, the Plaintiff will produce those non-privileged documents in his possession, custody or control concerning communications between himself and Russell Reynolds with respect to his efforts to find another position after the termination of his employment from Motorola.

Request No. 7

All documents, including but not limited to diaries, calendars, appointment books, journals or notebooks reflecting or concerning meetings in which you participated, in person or otherwise, while employed by Motorola, regarding the Motorola Professional Services Group ("MPS"), its reorganization, its business plans or the performance of MPS or its members.

Response to Request No. 7

Plaintiff objects to this Request on the grounds that it is vague, unclear, overbroad, unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Request No. 8

All documents that evidence benefits and income earned and/or paid to you from January 1, 2000 through the present, whether received or not, including pay stubs, Form W-2's, Form 1099's, state and federal tax returns, dividend statements, commission statements, unemployment compensation, Social Security benefits, workers' compensation, veteran's benefits and any other compensation and/or benefit paid or earned whether through employment, self-employment or otherwise.

Request No. 16

All documents concerning your efforts to find employment, including self-employment, from February 23, 2004 to the present, including any cover letters, resumes, log books, return and follow-up correspondence, diaries, calendars, appointment book or notebooks and all other similar documents.

Response to Request No. 16

Plaintiff objects to this Request to the extent that it is unduly burdensome, overbroad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, and without waiver thereof, Plaintiff will produce computer generated printouts of the positions for which he has applied through several "internet" job listing sites.

Request No. 17

All documents concerning your termination from employment at Motorola and the events, circumstances and/or investigations leading to or concerning your termination from employment at Motorola.

Response to Request No. 17

Plaintiff will produce those non-privileged documents in his possession, custody or control responsive to this Request.

Request No. 18

All documents that in any way relate to any communication between any persons and you concerning any allegation in your Complaint and/or any incidents, events, facts, or occurrences that support or relate to said allegations and/or your alleged damages.

Response to Request No. 18

Plaintiff objects to this Request to the extent that it calls for the production of documents protected by the attorney-client privilege and the work product doctrine. Notwithstanding the foregoing objection, and without waiver thereof, the Plaintiff does not have any non-privileged documents responsive to this Request.

8

<u>Response to Request No. 24</u>

Plaintiff objects to this Request on the grounds that the information requested is neither relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that the information requested is confidential medical information protected from disclosure under state and federal law.

JAY S. REIN

By his attorney,

John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this documents was served on the attorney of record for each of the other parties by mail on April 8, 2005.

John G. H. Coster



World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA  02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone
617-946-4858

Writer's e-mail
kmcgurn@seyfarth.com

August 16, 2005

**VIA FACSIMILE AND
FIRST CLASS MAIL**

John G. H. Coster, Esq.
92 State Street
Suite 900
Boston, Massachusetts 02109

Re:   *Rein v. Motorola, et al.*
      Civil Action No. 04-12580

Dear John:

According to Mr. Rein's sworn testimony yesterday, he retained the laptop that Motorola provided to him for use during his employment. Motorola policy requires employees to return Motorola property upon separation from employment. Mr. Rein also testified that he has not used the computer since his access to Motorola's network was terminated, and that it is presently boxed and stored at his home in Holliston. Kindly ensure that the computer is not booted up or used in any other way, and arrange for it to be appropriately protected for shipping. Then please return the computer immediately to Motorola via traceable overnight delivery. It should be shipped attention to: Margaret Hockenberry, Senior Paralegal, Motorola, Inc., 1303 East Algonquin Road, Schaumburg, IL 60196-1079. Thank you for your prompt attention. If you have any questions, please contact me.

Cordially,

SEYFARTH SHAW LLP

Kristin G. McGurn

cc:   Manuel Cuevas, Esq.
      Richard L. Alfred, Esq.

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

BO1 15732024.1

# JOHN G. H. COSTER
Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                                     Fax (617) 338-0919

August 19, 2005

**BY FACSIMILE**
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

Re:    *Rein v. Motorola, et al*
       Civil Action No. 04-12580 NG

Dear Kristin:

I am in receipt of your August 16th letter concerning the return of Motorola's computer. As you know, until now Mr. Rein has not received any communications from Motorola about whether they want this computer back, and if so, to whom it should be sent. My client advises me that the computer has been sitting in a storage box since Motorola deactivated it approximately a year and a half ago.

Mr. Rein also has a "docking station" and other associated equipment that goes with this computer, which I assume Motorola wants returned as well. The cost of purchasing the appropriate boxes and packing material and shipping this equipment to Motorola is likely to be substantial, particularly if Motorola wants this equipment sent via "traceable overnight delivery". How does your client propose to cover these costs?

I look forward to hearing from you.

Very truly yours,

John G. H. Coster



**SEYFARTH**
ATTORNEYS **SHAW** LLP

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA  02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

Writer's direct phone

617-946-4858

Writer's e-mail

kmcgurn@seyfarth.com

August 22, 2005

**VIA FACSIMILE**

John G. H. Coster, Esq.
92 State Street
Suite 900
Boston, Massachusetts 02109

Re:    *Rein v. Motorola, et al.*
        Civil Action No. 04-12580

Dear John:

In response to your letter dated August 19th regarding arrangements and payment for shipping Motorola's laptop and related materials that Mr. Rein failed to return upon his departure from the Company, please ship the materials immediately via FedEx or UPS ground to Margaret Hockenberry, Senior Paralegal, Motorola, Inc., 1303 East Algonquin Road, Schaumburg, IL 60196-1079.  You may forward the invoice for shipping, and packing supplies, to my attention.

Cordially,

SEYFARTH SHAW LLP

Kristin G. McGurn

cc:    Manuel Cuevas, Esq.
        Richard L. Alfred, Esq.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA

# SEYFARTH
## ATTORNEYS SHAW LLP

FILE

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

Writer's direct phone
(617) 946 4858

Writer's e-mail
kmcgurn@seyfarth.com

September 8, 2005

**By FedEx Express Saver**

Margaret Hockenberry
Senior Paralegal
Motorola, Inc.
1301 East Algonquin Road, 3rd Floor
Schaumburg, IL 60196

Re:  Jay S. Rein v. Motorola, Inc., Clyde Kofman and Juergen Stark
United States District Court, C.A. No. 04-12580

Dear Margaret:

I enclose the laptop computer that Motorola provided to Jay Rein for his use during employment with the company. Mr. Rein testified at his deposition that he retained the laptop, but did not use it, following the effective date of his termination.

Mr. Rein delivered the laptop to me on the second day of his deposition, August 26, 2005. I have maintained the computer securely in my office since that date. I have not turned it on, booted it up, or otherwise handled it since receiving it from Mr. Rein on August 26, 2005.

Upon receipt of the laptop, kindly make arrangements for Motorola's IT department to retain the laptop for further processing in connection with this litigation, and contact me to discuss those next steps. Also, please prepare a chain of custody memorandum reflecting the steps that you, and the IT department, take with respect to this computer.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

SEYFARTH SHAW LLP

Kristin Glennan McGurn

KGM:dnl
Enclosure
cc:  Manuel Cuevas, Esq.
Richard Alfred, Esq.

BO1 15735733.1 / 11726-000600

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

From:  Origin ID:  (617)946-4948
Denise Little
SEYFARTH SHAW
2 Seaport Lane
Suite 300
Boston, MA 02210



SHIP TO:  (847)576-6944    **BILL SENDER**

**Margaret Hockenberry**
**Motorola, Inc.**
**1301 East Algonquin Road**
**3rd Floor**
**Schaumburg, IL 60196**

Ship Date: 08SEP05
Actual Wgt: 8 LB
System#: 1605713/INET2200
Account#: S ********

REF: 11726/600



Delivery Address Bar Code

**EXPRESS SAVER PACKAGE**                    **MON**
                                             Deliver By:
TRK#    **7923  7891  1740**    FORM    12SEP05
                                 0201
                                             **ORD**    A1

**60196**    -IL-US

## LF NOHA



Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



| | **Evidence Control And Chain of Custody Document** | DATE GENERATED<br>27 Oct 2005  9:53 AM CDT |
|---|---|---|
| | | ITEM TAG<br>A0001 |
| | | PROJECT NUMBER<br>1809789 |

DESCRIPTION OF ITEM (include model and serial numbers, unusual marks or scratches.  For hard disks/images, include reference to computer from which obtained.)

Type: Hard Disk

Make: Hitachi

Model: DK23DA-20F

Serial Number: PH05K8094818026J0968

Computer User: Jay Rein

Visual Inspection: Hitachi lap top drive with attached  bracket and adaptor

Description: lap top drive

Label: none

Notes: non

| RECEIVED FROM (contact, company location)<br>Charles Lehwald, Motorola | DATE / TIME RECEIVED<br>3 Oct 2005 10:40 AM CDT |
|---|---|

## CHAIN OF CUSTODY HISTORY

| Date/Time | Released By | Received By | Purpose | Comment |
|---|---|---|---|---|
| 3 Oct 2005 10:40 AM Central | FEDERAL EXPRESS | Michael Paal | Acquisition of item | |
| 3 Oct 2005 10:41 AM Central | Michael Paal | EP2-SHIP-01 | Storage | |
| 3 Oct 2005 12:05 PM Central | EP2-SHIP-01 | Anthony Todd | Check-In | |
| 3 Oct 2005 12:58 PM Central | Anthony Todd | Carolyn Thompson | Storage | |
| 3 Oct 2005 6:12 PM Central | Carolyn Thompson | EP2-01-08-00 | Storage | |
| 6 Oct 2005 9:03 AM Central | EP2-01-08-00 | Dawn Stilinovich | Replication | |
| 6 Oct 2005 9:03 AM Central | Dawn Stilinovich | Jae Hangge | Replication | |
| 6 Oct 2005 10:42 AM Central | Jae Hangge | Gary Katzmarek | Replication | |
| 7 Oct 2005 3:59 PM Central | Gary Katzmarek | Andre Edwards | Replication | |
| 7 Oct 2005 4:10 PM Central | Andre Edwards | Carolyn Thompson | Storage | |
| 7 Oct 2005 6:11 PM Central | Carolyn Thompson | EP2-03-06-01 | Storage | |
| 12 Oct 2005 11:33 AM Central | EP2-03-06-01 | Carolyn Thompson | Disposal | |
| 12 Oct 2005 4:31 PM Central | Carolyn Thompson | Chris Besinger | Disposal | |
| 12 Oct 2005 4:31 PM Central | Chris Besinger | Disposal | Disposal | |

## AUTHORIZATION FOR FINAL DISPOSAL

*THE EVIDENCE/PROPERTY DESCRIBED ON THIS FORM IS NO LONGER REQUIRED AS EVIDENCE TO BE HELD BY KROLL ONTRACK AND MAY BE DISPOSED OF AS FOLLOWS:*

| ACTION<br>Ship To<br>Charlie Lehwald<br>Motorola<br>600 N US Highway 45<br>Libertyville, IL        60048-5343<br>US | NAME<br>Dawn Stockwell | DATE / TIME<br>12 Oct 2005 10:43 AM CDT |
|---|---|---|

## CERTIFICATION OF FINAL DISPOSAL

*THE EVIDENCE/PROPERTY DESCRIBED ON THIS FORM WAS DISPOSED OF BY ME IN ACCORDANCE WITH THE AUTHORIZED FINAL DISPOSAL ACTION AT THE DATE AND TIME SPECIFIED.*

| NAME: Chris Besinger | DATE / TIME: 12 Oct 2005 4:31 PM CDT |
|---|---|

# MIPS INCD2005-06-00001 Final Report

EXHIBIT I

**Chain of Custody and Supporting Documents**

## MIPS COC


EvidenceSeizureForm
_REIN.doc


Kroll SOW.Doc


Motorola/Kroll Airbill

## Kroll Ontrack


1809789 A01
COC.pdf

**Case Notes**

### Initial Acquisition and analysis Findings

*These findings were originally noted in the Motorola "EvidenceSeizureForm.Doc" above and have been pasted into this section of the Report.*

*On 9/23/05 at 9:15 AM CST, the Laptop Hard Drive listed above was removed from the computer by Charles Lehwald. It is noted that the hard drive door retention screw was in place and was removed to take the hard drive out of the laptop. When the hard drive was removed from the laptop it was found that the EIDE drive adapter which is required for the computer to function had been removed from the hard drive. It is also noted that the pins were slightly bent which is very common when these adaptors are removed from the drive. The drive was then connected to an EIDE adaptor and connected to a Weibetech FireWire write block device for acquisition using the Encase Enterprise Edition software and connected to acquisition examiner workstation. Immediately upon powering on the write block device the drive spun and made a rhythmic clicking sound which is a common characteristic of a damaged hard drive. The drive did not mount and could not be acquired. Being that the drive appeared to be possibly damaged and was not able to be mounted, the write block device was powered off and the drive was disconnected, placed into an anti-static bag, marked as evidence and placed into a Motorola COC bag for storage and transport.*

The hard drive was packed for shipping and shipped to Kroll Ontrack on September 30, 2005 for recovery and Acquisition as noted in the above "Kroll SOW" and "Motorola/Kroll Airbill".

**Post Recovery Case Notes**

*Below is the Computer and Hard Drive information for the Laptop Computer and Hard Drive returned by Jay Rein. Also listed below are the details surrounding the finding of the drive recovery work performed by Kroll Ontrack under Statement of Work #: 1809789. The damaged hard drive was recovered by Kroll and an encase acquisition image file was created by Gary Haas. The Kroll Recovery Summary is attached below. The Acquisition hash created was verified by Charles Lehwald with MIPS. Both the Acquisition and verification hashes matched.*


1809789 Recovery
Summary 10-27-05.d


CONFIDENTIAL

# MIPS INCD2005-06-00001 Final Report

---

### Computer Related Information

Computer Make: _____ Dell Computer _____          Computer Model: _____ Lattitude C400 _____

**Laptop**/Desktop                                              Computer Serial #: _____ D2YQN11 _____

Hard Drive Standard: **IDE**/SCSI                       O.S. *(if known)*: _____ UNKNOWN _____

### Original Hard Drive Information

Hard Drive Make: _____ Hitachi _____                 Hard Drive Model: _____ DS23DA-20F _____

Size of Original Drive: _ 18.6 GB _                     Hard Drive Serial #: PH-05K809-48180-26J-0968

---

### Post Recovery Analysis Details

*The volume appears to have been wiped on 08/22/05 09:54:04PM as evident by the boot volume file creation time stamp as listed in the enclosed Excel titled "Rein_FileListing.xls". This file represents the contents of the disk which contains no data and has had all the data sectors Zeroed out as previously discussed. Also Included below is the analysis of the $MFT (Master File Table) file record. The MFT itself was found to contain no additional data that is recoverable. Also Noted in this report is the fact that when the computer hard drive was initially removed for acquisition it was noted by Charles Lehwald that the 9MM hard drive adapter which is specific to hard drives used in Dell Laptops had been removed from the computer hard drive and the drive had been placed loose into the laptop and the secure screw had been put back into its position.*



Rein_FileListing.xls



Rein_MFT_Informati on.rtf

---

### Acquisition Information
### Case Time Settings
Account for seasonal Daylight Saving Time:                    Yes
Convert all dates to correspond to one time zone:            No
### Device
Name:                      MO1809789_A01
Actual Date:               10/10/05 06:30:03PM
Target Date:               10/10/05 06:30:03PM
File Path:                  C:\Documents and Settings\wlcl07\Desktop\MO1809789_A01.E01
Case Number:               MO1809789_A01
Evidence Number:           MO1809789_A01
Examiner Name:             Gary Haas
Drive Type:                Fixed
File Integrity:            Completely Verified, 0 Errors
Acquisition Hash:          07f5a553b1e2deaee5b0ca175bd20507
Verify Hash:               07f5a553b1e2deaee5b0ca175bd20507
EnCase Version:            4.18a
System Version:            Windows XP
Is Physical:               •
Compression:               None
Total Size:                20,003,880,960 bytes (18.6GB)
Total Sectors:             39,070,080

### Partitions
| Code | Type | Start Sector | Total Sectors | Size |
|------|------|--------------|---------------|------|
| 07 | NTFS | 0 | 39,054,015 | 18.6GB |

## EVIDENCE SEIZURE FORM

Date Acquired: _____ N/A _____          Incident #: _____ INCD2005-06-00001

Time Acquired: _____ N/A _____

Person Obtaining Evidence: Charles Lehwald (MIPS    Phone: 847-523-2312

Department: ___ AC947 _____

Person Authorizing Seizure: ____ Manuel Cuevas-Trisán _____          Phone: 954-723-3681

Person(s) Informed of Seizure: Margaret Hockenberry  Phone: 847-576-6944

### EVIDENCE INFORMATION

Subject Name: Jay Rein _____          Core ID: _____ N/A _____

Phone (if known): _____          Dept. (if known): _____

**Computer Related Information**

Computer Make: _____ Dell Computer          Computer Model: _____ Lattitude C400 _____

**Laptop**/Desktop          Computer Serial #: ___ D2YQN11 _____

Hard Drive Standard: **IDE**/SCSI          O.S. (if known): _____ N/A _____

**Original Hard Drive Information**

Hard Drive Make: _____ Hitachi _____          Hard Drive Model: _____ DS23DA-20F _____

Size of Original Drive: 18.6 GB _____          Hard Drive Serial #:PH-05K809-48180-26J-0968

**Acquisition Hard Drive Information (If Used)**

Hard Drive Make: _____ N/A - OFR _____          Hard Drive Model: _____ N/A - OFR _____

Size of Acquisition Drive: N/A - OFR          Hard Drive Serial #: _____ N/A - OFR ___

Notes: _____

**Chain of Custody – All times based on Central Standard Time Zone**

Received From   Federal Express _____          By: Loretta Schumacher _____

Date: 9/16/05 _____          Time: N/A _____

Received From: Loretta Schumacher _____          By: Paulette Hradnansky _____

Date: 9/20/05 _____          Time: 10:50 AM _____

Received From: Paulette Hradnansky _____          By: Charles Lehwald to SAFE IL93

© Copyright 1994-2002 Motorola, Inc. All Rights Reserved
Motorola Internal Use Only

| | | | | |
|---|---|---|---|---|
| Date: | 9/20/05 | Time: | 2:00 PM | |
| Received From: | IL93 Safe | By: | Charles Lehwald- Remote Storage (Pelican Case for Transport) | |
| Date: | 9/22/05 | Time: | 4:45 PM | |
| Received From: | Charles Lehwald – Removed Drive for Acquisition * | By: | Charles Lehwald | |
| Date: | 9/23/05 | Time: | 9:15 AM | |
| Received From: | Charles Lehwald | By: | Charles Lehwald – Remote Storage (Pelican Case for Transport) | |
| Date: | 9/23/05 | Time: | 10:30 AM | |
| Received From: | Charles Lehwald | By: | Charles Lehwald – Storage (IL93 Safe) | |
| Date: | 9/232/05 | Time: | 10:30 AM | |
| Received From: | Storage – for Shipping to Kroll | By: | Federal Express – 7901 7248 6668 | |
| Date: | 9/30/05 | Time: | 4:00 PM | |
| Received From: | UPS-Kroll Ontrack | By: | Charles Lehwald | |
| Date: | 10/13/05 | Time: | 11:45 AM | |
| Received From: | Charles Lehwald | By: | Storage – IL93 Safe | |
| Date: | 10/13/05 | Time: | 11:50 AM | |

\* On 9/23/05 at 9:15 AM CST, the Laptop Hard Drive listed above was removed from the computer by Charles Lehwald. It is noted that the hard drive carrier retention screw was in place and was removed to take the hard drive out of the laptop. When the hard drive was removed from the laptop it was found that the EIDE Dell Adapter which is required for the computer to function had been removed from the hard drive. It is also noted that the pins were slightly bent which is very common when these adaptors are removed from the drive. The drive was then connected to an EIDE adaptor and connected to a Weibetech FireWire write block device for acquisition using the Encase Enterprise Edition software and connected to acquisition examiner workstation. Immediately upon powering on the write block device the drive spun and made a rhythmic clicking sound which is a common characteristic of a damaged hard drive. The drive did not mount and could not be acquired. Being that the drive appeared to be possibly damaged and was not able to be mounted, the write block device was powered off and the drive was disconnected, placed into an anti-static bag, marked as evidence and placed into a Motorola COC bag for storage and transport.

© Copyright 1994-2002 Motorola, Inc. All Rights Reserved
Motorola Internal Use Only

# Kroll Ontrack®

# Computer Forensics
## Statement of Work

| Contact: | Customer (Billing): | Kroll Ontrack Contact: |
|---|---|---|
| Charles Lehwald<br><br>Motorola<br>600 N US Highway 45<br>Libertyville, IL 60048-5343<br><br>Phone: 847.523.2312<br>Cell: 847.812.6892<br>Email: c.lehwald@motorola.com<br>SO#: 1809789 | Margaret Hockenberry<br>Paulette Hradnansky<br>Bill Boni<br>Motorola<br>600 N US Highway 45<br>Libertyville, IL 60048-5343 | Rick Meurer<br><br>Kroll Ontrack Inc.<br>8995 Columbine Road<br>Eden Prairie, MN 55347<br><br>Phone: (952) 906-4972<br>Fax: (952) 974-4533<br>Email: rmeurer@krollontrack.com<br>Date: Tuesday, October 04, 2005 |

## Project Overview

As discussed with Charles Lehwald ("Contact"), representing Motorola ("Customer"), on September 27, 2005, the project will follow the outline below.

The goal of this project is to: recover a full image copy from a nonworking hard drive and provide the client with one (1) copy of the data Encase format and one copy in native format. Motorola is not authorizing Kroll Ontrack to perform any additional analysis of this physical drive or to repair the original physical disk that will be provided. At the completion of the project and email notification from the Contact, all data will be wiped from Kroll Ontrack's network.

Kroll Ontrack's computer forensic process will include performing a Forensic Recovery on the hard drive and a destruction of archived data. Estimated cost for this project is $6500 plus output media and freight costs.

Upon receipt of media and the signed contract, we estimate that deliverables will begin to be available in 7-10 business days at a standard service level or 3-5 calendar days at an emergency service level. Should the scope of the project change, the timeline and total costs may change.

## Stage I:  Data Collection

**CHAIN OF CUSTODY:** Kroll Ontrack will maintain a chain of custody on the original media. As part of this chain of custody Kroll Ontrack will document the steps that were taken to complete the recovery should the recovery be successful and provide this documentation back to the customer.

**DATA COLLECTION:**

- Customer will ship to Kroll Ontrack's Eden Prairie, MN office one hard drive.

**MEDIA HANDLING:**

- Kroll Ontrack will perform a Forensic Image of the original media received. The imaging process assures that the original media and data are not altered during the recovery/analysis process, thus preserving evidentiary value.

# **Kroll Ontrack**®

# **Computer Forensics**
## Statement of Work

## **Represented Parties Information**

Motorola

SO #: 1809789

**PLEASE PRINT AND COMPLETE IN FULL.** *Completion of this form, in its entirety, is necessary for Kroll Ontrack to perform work in this matter.*

**PARTY 1:** ☐ Plaintiff ☒ Defendant
**Company/Individual Name:** Motorola
**Address 1:**
**Address 2:**
**City, State, & Zip:**

**PARTY 1 REPRESENTED BY:**
**Law Firm Name:** Seyfarth Shaw LLP
**Address 1:** Two Seaport Lane
**Address 2:**
**City, State, & Zip:** Boston, MA 02110
**Phone #:** 617946-4858

**PARTY 2:** ☒ Plaintiff ☐ Defendant
**Company/Individual Name:** Jay Rein
**Address 1:**
**Address 2:**
**City, State, & Zip:**

**PARTY 2 REPRESENTED BY:**
**Law Firm Name:**
**Address 1:**
**Address 2:**
**City, State, & Zip:**
**Phone #:**

**PARTY 3:** ☐ Plaintiff ☐ Defendant
**Company/Individual Name:**
**Address 1:**
**Address 2:**
**City, State, & Zip:**

**PARTY 3 REPRESENTED BY:**
**Law Firm Name:**
**Address 1:**
**Address 2:**
**City, State, & Zip:**
**Phone #:**

**PARTY 4:** ☐ Plaintiff ☐ Defendant
**Company/Individual Name:**
**Address 1:**
**Address 2:**
**City, State, & Zip:**

**PARTY 4 REPRESENTED BY:**
**Law Firm Name:**
**Address 1:**
**Address 2:**
**City, State, & Zip:**
**Phone #:**

Has litigation been commenced? ☒ Yes – Attach a copy of the case caption and counsel distribution list.
☐ No – Provide as much information above as possible on all likely parties.

**NOTE:** Kroll Ontrack will endeavor to determine whether a conflict exists based solely on information contained in this form. Kroll Ontrack will not use the above information to contact the parties. Please attach additional sheets as necessary.

From:   Origin ID: FEPA   (847)523-2312
Charles Lehwald
Motorola
600 NORTH US HIGHWAY 45
MW116
LIBERTYVILLE, IL 60048



CL8961X05/09/15

Ship Date: 30SEP05
Actual Wgt: 1 LB          Dimmed: 8 X 7 X 4 IN
System#: 4799561/ESDS0400
Account#: S ********

REF: AC947



Delivery Address Bar Code

SHIP TO:   (952)906-4972        BILL SENDER
**Rick Meurer**
**Kroll Ontrack, Inc.**
**8995 Columbine Road**

**Eden Prairie, MN 55347**



**PRIORITY OVERNIGHT**                        **MON**
                                               Deliver By:
TRK#  **7901 7248 6668**   FORM    03OCT05
                            0201
                                      **MSP**    A1

**55347**    -MN-US          **TD FBLA**

Please fold this document in half and place it in the waybill pouch affixed to your shipment so that barcode portion of the label can be read and scanned.

| **Kroll Ontrack** ™ | **Evidence Control And Chain of Custody Document** | DATE GENERATED |
|---|---|---|
| | | 27 Oct 2005 9:53 AM CDT |
| | | ITEM TAG |
| | | A0001 |
| | | PROJECT NUMBER |
| | | 1809789 |

**DESCRIPTION OF ITEM** (include model and serial numbers, unusual marks or scratches. For hard disks/images, include reference to computer from which obtained.)

Type: Hard Disk

Make: Hitachi

Model: DK23DA-20F

Serial Number: PH05K8094818026J0968

Computer User: Jay Rein

Visual Inspection: Hitachi lap top drive with attached bracket and adaptor

Description: lap top drive

Label: none

Notes: non

| RECEIVED FROM (contact, company location) | DATE / TIME RECEIVED |
|---|---|
| Charles Lehwald, Motorola | 3 Oct 2005 10:40 AM CDT |

## CHAIN OF CUSTODY HISTORY

| Date/Time | Released By | Received By | Purpose | Comment |
|---|---|---|---|---|
| 3 Oct 2005 10:40 AM Central | FEDERAL EXPRESS | Michael Paal | Acquisition of item | |
| 3 Oct 2005 10:41 AM Central | Michael Paal | EP2-SHIP-01 | Storage | |
| 3 Oct 2005 12:05 PM Central | EP2-SHIP-01 | Anthony Todd | Check-In | |
| 3 Oct 2005 12:58 PM Central | Anthony Todd | Carolyn Thompson | Storage | |
| 3 Oct 2005 6:12 PM Central | Carolyn Thompson | EP2-01-08-00 | Storage | |
| 6 Oct 2005 9:03 AM Central | EP2-01-08-00 | Dawn Stilinovich | Replication | |
| 6 Oct 2005 9:03 AM Central | Dawn Stilinovich | Jae Hangge | Replication | |
| 6 Oct 2005 10:42 AM Central | Jae Hangge | Gary Katzmarek | Replication | |
| 7 Oct 2005 3:59 PM Central | Gary Katzmarek | Andre Edwards | Replication | |
| 7 Oct 2005 4:10 PM Central | Andre Edwards | Carolyn Thompson | Storage | |
| 7 Oct 2005 6:11 PM Central | Carolyn Thompson | EP2-03-06-01 | Storage | |
| 12 Oct 2005 11:33 AM Central | EP2-03-06-01 | Carolyn Thompson | Disposal | |
| 12 Oct 2005 4:31 PM Central | Carolyn Thompson | Chris Besinger | Disposal | |
| 12 Oct 2005 4:31 PM Central | Chris Besinger | Disposal | Disposal | |

## AUTHORIZATION FOR FINAL DISPOSAL

*THE EVIDENCE/PROPERTY DESCRIBED ON THIS FORM IS NO LONGER REQUIRED AS EVIDENCE TO BE HELD BY KROLL ONTRACK AND MAY BE DISPOSED OF AS FOLLOWS:*

| ACTION | NAME | DATE / TIME |
|---|---|---|
| Ship To | Dawn Stockwell | 12 Oct 2005 10:43 AM CDT |
| Charlie Lehwald | | |
| Motorola | | |
| 600 N US Highway 45 | | |
| Libertyville, IL      60048-5343 | | |
| US | | |

## CERTIFICATION OF FINAL DISPOSAL

*THE EVIDENCE/PROPERTY DESCRIBED ON THIS FORM WAS DISPOSED OF BY ME IN ACCORDANCE WITH THE AUTHORIZED FINAL DISPOSAL ACTION AT THE DATE AND TIME SPECIFIED.*

| NAME: Chris Besinger | DATE / TIME: 12 Oct 2005 4:31 PM CDT |
|---|---|

# Kroll Ontrack ™                                    Legal Technologies

**Customer**: Motorola
**Project SO number**: 1809789
**Kroll Ontrack Media ID**: A01

**Summary of recovery Steps**:
1) Clean room recovery
-No external damage found. Drive had internal mechanical problem, bad heads and one bad sector.
Imaged 99.99% of the drive.

2) Review of the hard drive image
-Structurally the drive image is fine but there are very few file records in the MFT and no others located on
the drive. The area outside of the MFT predominantly looks like zeroed out space.

3) Created an EnCase image of the hard drive image and put it to CD-ROM and shipped it to the customer.

# $LogFile Parser

$LogFile Parser

MO1809789_A01

MFT Records

Parsed MFT Record from $LogFile at offset 17112

```
MFT Record number:  9
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Secure·$SDS
        Header Information
Header ID:                    FILE
FixUp offset:                 48      (Windows XP/2003 MFT Record)
FixUp Bytes:                  4
$Logfile Number:              33556539
Record Use Count:             9
Hard Link Count:              1
Attributes offset:            56
In use Flags:                 1      (File, Allocated)
Allocated Size of Record:     504
Total Size of Record:         1024
Base File Reference:          0
Next Attribute ID:            6
Fixup ID:                      01 00      {Hex}
Fixup String:                            {Text}
Fixup String:                 {Hex}
```

Standard Information Attribute

```
Entry name: $LogFile offset: 17168 length: 72 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 17168 length: 24
Attribute Header

Entry name: $LogFile offset: 17192 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:            10 00 00 00
Attribute Size:               72
This attribute's contents are resident:
Name Length:                  0
Offset to name:               24 (From start of header)
Atrribute ID:                 0
Attribute Length             48  (From end of header)
Offset to attribute start:    24
Indexed Flag:                 0


Entry name: $LogFile offset: 17168 length: 0
File creation date:           08/22/05 09:54:04PM
Last written date:            08/22/05 09:54:04PM
```

# $LogFile Parser

```
Last MFT modification date:    08/22/05 09:54:04PM
Last accessed date:            08/22/05 09:54:04PM

Dos Permissions:
      System
      Hidden
```

## Filename Attribute

```
Entry name: $LogFile offset: 17240 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 17240 length: 24
Attribute Header

Entry name: $LogFile offset: 17264 length: 80
Attribute Stream


      Attribute Header Information
Attribute ID Code:             30 00 00 00
Attribute Size:                104
This attribute's contents are resident:
Name Length:                   0
Offset to name:                24 (From start of header)
Atrribute ID:                  2
Attribute Length               78  (From end of header)
Offset to attribute start:     24
Indexed Flag:                  1


Parent MFT #:                  5
Parent Name:                   $Root - record for root folder

File creation date:            08/22/05 09:54:04PM
Last written date:             08/22/05 09:54:04PM
Last MFT modification date:    08/22/05 09:54:04PM
Last accessed date:            08/22/05 09:54:04PM
Dos Permissions:        System
      Hidden

Filename type:                 Win32 and DOS
Filename:              0
```

## Security Descriptor Attribute

```
Entry name: $LogFile offset: 17344 length: 128 type: 50 00 00 00 - Security Descriptor
Attribute

Entry name: $LogFile offset: 17344 length: 24
Attribute Header

Entry name: $LogFile offset: 17368 length: 104
Attribute Stream


      Attribute Header Information
Attribute ID Code:             50 00 00 00
Attribute Size:                128
This attribute's contents are resident:
```

# $LogFile Parser

```
Name Length:                    0
Offset to name:                 24  (From start of header)
Atrribute ID:                   3
Attribute Length                104   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0
```

## Data Attribute

Entry name: $LogFile offset: 17472 length: 24 type: 80 00 00 00 - Data Attribute

Entry name: $LogFile offset: 17472 length: 24
Attribute Header

```
        Attribute Header Information
Attribute ID Code:              80 00 00 00
Attribute Size:                 24
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24  (From start of header)
Atrribute ID:                   1
Attribute Length                0   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0
```

## Data Attribute

Entry name: $LogFile offset: 17496 length: 32 type: 80 00 00 00 - Data Attribute

Entry name: $LogFile offset: 17496 length: 24
Attribute Header

Entry name: $LogFile offset: 17520 length: 8
This data attribute is an alternate data stream.

Stream name:  0

```
        Attribute Header Information
Attribute ID Code:              80 00 00 00
Attribute Size:                 32
This attribute's contents are resident:
Name Length:                    4
Offset to name:                 24  (From start of header)
Atrribute ID:                   4
Attribute Length                0   (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0
```

## Index Root Attribute

Entry name: $LogFile offset: 17528 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 17528 length: 24
Attribute Header

# $LogFile Parser

```
Entry name: $LogFile offset: 17552 length: 8
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 17560 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:              90 00 00 00
Attribute Size:                 80
This attribute's contents are resident:
Name Length:                    4
Offset to name:                 24 (From start of header)
Atrribute ID:                   5
Attribute Length                48  (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0
```

## Parsed MFT Record from $LogFile at offset 17704

```
MFT Record number:  9
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Secure·$SDS

        Header Information
Header ID:                  FILE
FixUp offset:               48      (Windows XP/2003 MFT Record)
FixUp Bytes:                4
$Logfile Number:            33556560
Record Use Count:           9
Hard Link Count:            1
Attributes offset:          56
In use Flags:               9    (File, Allocated)
Allocated Size of Record:   504
Total Size of Record:       1024
Base File Reference:        0
Next Attribute ID:          6
Fixup ID:                    01 00      {Hex}
Fixup String:                          {Text}
Fixup String:               {Hex}
```

## Standard Information Attribute

```
Entry name: $LogFile offset: 17760 length: 72 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 17760 length: 24
Attribute Header

Entry name: $LogFile offset: 17784 length: 48
Attribute Stream
```

# $LogFile Parser

```
       Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 72
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24 (From start of header)
Atrribute ID:                   0
Attribute Length                48   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


Entry name: $LogFile offset: 17760 length: 0
File creation date:             08/22/05 09:54:04PM
Last written date:              08/22/05 09:54:04PM
Last MFT modification date:     08/22/05 09:54:04PM
Last accessed date:             08/22/05 09:54:04PM

Dos Permissions:
      System
      Hidden
```

## Filename Attribute

```
Entry name: $LogFile offset: 17832 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 17832 length: 24
Attribute Header

Entry name: $LogFile offset: 17856 length: 80
Attribute Stream


       Attribute Header Information
Attribute ID Code:              30 00 00 00
Attribute Size:                 104
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24 (From start of header)
Atrribute ID:                   2
Attribute Length                78   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1


Parent MFT #:                   5
Parent Name:                    $Root - record for root folder

File creation date:             08/22/05 09:54:04PM
Last written date:              08/22/05 09:54:04PM
Last MFT modification date:     08/22/05 09:54:04PM
Last accessed date:             08/22/05 09:54:04PM
Dos Permissions:        System
      Hidden

Filename type:                  Win32 and DOS
Filename:               0
```

## Security Descriptor Attribute

# $LogFile Parser

Entry name: $LogFile offset: 17936 length: 128 type: 50 00 00 00 - Security Descriptor
Attribute

Entry name: $LogFile offset: 17936 length: 24
Attribute Header

Entry name: $LogFile offset: 17960 length: 104
Attribute Stream


        Attribute Header Information
Attribute ID Code:              50 00 00 00
Attribute Size:                 128
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24 (From start of header)
Atrribute ID:                   3
Attribute Length                104   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


## Data Attribute

Entry name: $LogFile offset: 18064 length: 24 type: 80 00 00 00 - Data Attribute

Entry name: $LogFile offset: 18064 length: 24
Attribute Header


        Attribute Header Information
Attribute ID Code:              80 00 00 00
Attribute Size:                 24
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24 (From start of header)
Atrribute ID:                   1
Attribute Length                0   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


## Data Attribute

Entry name: $LogFile offset: 18088 length: 32 type: 80 00 00 00 - Data Attribute

Entry name: $LogFile offset: 18088 length: 24
Attribute Header

Entry name: $LogFile offset: 18112 length: 8
This data attribute is an alternate data stream.

Stream name:  0


        Attribute Header Information
Attribute ID Code:              80 00 00 00
Attribute Size:                 32
This attribute's contents are resident:

# $LogFile Parser

```
Name Length:                       4
Offset to name:                    24  (From start of header)
Atrribute ID:                      4
Attribute Length                   0   (From end of header)
Offset to attribute start:         32
Indexed Flag:                      0
```

## Index Root Attribute

Entry name: $LogFile offset: 18120 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 18120 length: 24
Attribute Header

Entry name: $LogFile offset: 18144 length: 8
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 18152 length: 48
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:                 90 00 00 00
Attribute Size:                    80
This attribute's contents are resident:
Name Length:                       4
Offset to name:                    24  (From start of header)
Atrribute ID:                      5
Attribute Length                   48  (From end of header)
Offset to attribute start:         32
Indexed Flag:                      0
```

## Parsed MFT Record from $LogFile at offset 19264

```
MFT Record number:  11
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend

        Header Information
Header ID:                    FILE
FixUp offset:                 48      (Windows XP/2003 MFT Record)
FixUp Bytes:                  4
$Logfile Number:              33556808
Record Use Count:             11
Hard Link Count:              1
Attributes offset:            56
In use Flags:                 1       (File, Allocated)
Allocated Size of Record:     448
Total Size of Record:         1024
Base File Reference:          0
Next Attribute ID:            5
Fixup ID:                     01 00       {Hex}
Fixup String:                             {Text}
Fixup String:                 {Hex}
```

# $LogFile Parser

## Standard Information Attribute

```
Entry name: $LogFile offset: 19320 length: 72 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 19320 length: 24
Attribute Header

Entry name: $LogFile offset: 19344 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 72
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 24 (From start of header)
Atrribute ID:                   0
Attribute Length                48  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


Entry name: $LogFile offset: 19320 length: 0
File creation date:             08/22/05 09:54:04PM
Last written date:              08/22/05 09:54:04PM
Last MFT modification date:     08/22/05 09:54:04PM
Last accessed date:             08/22/05 09:54:04PM

Dos Permissions:
      System
      Hidden
```

## Filename Attribute

```
Entry name: $LogFile offset: 19392 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 19392 length: 24
Attribute Header

Entry name: $LogFile offset: 19416 length: 80
Attribute Stream


        Attribute Header Information
Attribute ID Code:              30 00 00 00
Attribute Size:                 104
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   3
Attribute Length                80  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1
```

# $LogFile Parser

```
Parent MFT #:                    5
Parent Name:                     $Root - record for root folder

File creation date:              08/22/05 09:54:04PM
Last written date:               08/22/05 09:54:04PM
Last MFT modification date:      08/22/05 09:54:04PM
Last accessed date:
Dos Permissions:         System
     Hidden

Filename type:                   Win32 and DOS
Filename:                0
```

## Security Descriptor Attribute

```
Entry name: $LogFile offset: 19496 length: 128 type: 50 00 00 00 - Security Descriptor
Attribute

Entry name: $LogFile offset: 19496 length: 24
Attribute Header

Entry name: $LogFile offset: 19520 length: 104
Attribute Stream


        Attribute Header Information
Attribute ID Code:               50 00 00 00
Attribute Size:                  128
This attribute's contents are resident:
Name Length:                     0
Offset to name:                  24 (From start of header)
Atrribute ID:                    2
Attribute Length                 104   (From end of header)
Offset to attribute start:       24
Indexed Flag:                    0
```

## Index Root Attribute

```
Entry name: $LogFile offset: 19624 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 19624 length: 24
Attribute Header

Entry name: $LogFile offset: 19648 length: 8
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 19656 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:               90 00 00 00
Attribute Size:                  80
This attribute's contents are resident:
Name Length:                     4
Offset to name:                  24 (From start of header)
Atrribute ID:                    4
```

# $LogFile Parser

```
Attribute Length              48   (From end of header)
Offset to attribute start:    32
Indexed Flag:                 0
```

### Parsed MFT Record from $LogFile at offset 19800

```
MFT Record number:  11
Record Status: Folder, Allocated
FileName:  MO1809789_A01\C\$Extend

        Header Information
Header ID:                    FILE
FixUp offset:                 48      (Windows XP/2003 MFT Record)
FixUp Bytes:                  4
$Logfile Number:              33556829
Record Use Count:             11
Hard Link Count:              1
Attributes offset:            56
In use Flags:                 3      (Folder, Allocated)
Allocated Size of Record:     448
Total Size of Record:         1024
Base File Reference:          0
Next Attribute ID:            5
Fixup ID:                     01 00        {Hex}
Fixup String:                              {Text}
Fixup String:                 {Hex}
```

### Standard Information Attribute

```
Entry name: $LogFile offset: 19856 length: 72 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 19856 length: 24
Attribute Header

Entry name: $LogFile offset: 19880 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:            10 00 00 00
Attribute Size:               72
This attribute's contents are resident:
Name Length:                  0
Offset to name:               24 (From start of header)
Atrribute ID:                 0
Attribute Length              48   (From end of header)
Offset to attribute start:    24
Indexed Flag:                 0


Entry name: $LogFile offset: 19856 length: 0
File creation date:           08/22/05 09:54:04PM
Last written date:            08/22/05 09:54:04PM
Last MFT modification date:   08/22/05 09:54:04PM
Last accessed date:           08/22/05 09:54:04PM
```

# $LogFile Parser

```
Dos Permissions:
      System
      Hidden
```

## Filename Attribute

```
Entry name: $LogFile offset: 19928 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 19928 length: 24
Attribute Header

Entry name: $LogFile offset: 19952 length: 80
Attribute Stream


        Attribute Header Information
Attribute ID Code:            30 00 00 00
Attribute Size:               104
This attribute's contents are resident:
Name Length:                  0
Offset to name:               0 (From start of header)
Atrribute ID:                 3
Attribute Length             80  (From end of header)
Offset to attribute start:    24
Indexed Flag:                 1


Parent MFT #:                 5
Parent Name:                  $Root - record for root folder

File creation date:
Last written date:            08/22/05 09:54:04PM
Last MFT modification date:   08/22/05 09:54:04PM
Last accessed date:           08/22/05 09:54:04PM
Dos Permissions:        System
      Hidden

Filename type:                Win32 and DOS
Filename:               0
```

## Security Descriptor Attribute

```
Entry name: $LogFile offset: 20032 length: 128 type: 50 00 00 00 - Security Descriptor
Attribute

Entry name: $LogFile offset: 20032 length: 24
Attribute Header

Entry name: $LogFile offset: 20056 length: 104
Attribute Stream


        Attribute Header Information
Attribute ID Code:            50 00 00 00
Attribute Size:               128
This attribute's contents are resident:
Name Length:                  0
Offset to name:               24 (From start of header)
```

# $LogFile Parser

Volume Data\$LogFile Parser

```
Atrribute ID:                      2
Attribute Length                   104   (From end of header)
Offset to attribute start:         24
Indexed Flag:                      0
```

## Index Root Attribute

Entry name: $LogFile offset: 20160 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 20160 length: 24
Attribute Header

Entry name: $LogFile offset: 20184 length: 8
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 20192 length: 48
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:                 90 00 00 00
Attribute Size:                    80
This attribute's contents are resident:
Name Length:                       4
Offset to name:                    24   (From start of header)
Atrribute ID:                      4
Attribute Length                   48   (From end of header)
Offset to attribute start:         32
Indexed Flag:                      0
```

## Parsed MFT Record from $LogFile at offset 21512

```
MFT Record number:  24
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Quota

        Header Information
Header ID:                         FILE
FixUp offset:                      48    (Windows XP/2003 MFT Record)
FixUp Bytes:                       4
$Logfile Number:                   33557076
Record Use Count:                  1
Hard Link Count:                   1
Attributes offset:                 56
In use Flags:                      5     (File, Allocated)
Allocated Size of Record:          264
Total Size of Record:              1024
Base File Reference:               0
Next Attribute ID:                 2
Fixup ID:                            01 00        {Hex}
                                                  {Text}
Fixup String:
Fixup String:                      {Hex}
```

# $LogFile Parser

Volume Data\$LogFile Parser

## Standard Information Attribute

Entry name: $LogFile offset: 21568 length: 96 type: 10 00 00 00 - Standard Information Attribute

Entry name: $LogFile offset: 21568 length: 24
Attribute Header

Entry name: $LogFile offset: 21592 length: 72
Attribute Stream


        **Attribute Header Information**
Attribute ID Code:              **10 00 00 00**
Attribute Size:                 **96**
**This attribute's contents are resident:**
Name Length:                    **0**
Offset to name:                 **0** (From start of header)
Atrribute ID:                   **0**
Attribute Length                **72**   (From end of header)
Offset to attribute start:      **24**
Indexed Flag:                   **0**


Entry name: $LogFile offset: 21568 length: 0
File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM

Dos Permissions:
        System
        Hidden
        Archived


## Filename Attribute

Entry name: $LogFile offset: 21664 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 21664 length: 24
Attribute Header

Entry name: $LogFile offset: 21688 length: 80
Attribute Stream


        **Attribute Header Information**
Attribute ID Code:              **30 00 00 00**
Attribute Size:                 **104**
**This attribute's contents are resident:**
Name Length:                    **0**
Offset to name:                 **0** (From start of header)
Atrribute ID:                   **1**
Attribute Length                **78**   (From end of header)
Offset to attribute start:      **24**
Indexed Flag:                   **1**


Parent MFT #:                   **11**

# $LogFile Parser

Volume Data\$LogFile Parser

Parent Name:                         MO1809789_A01\C\$Extend

File creation date:                  08/22/05 09:54:38PM
Last written date:                   08/22/05 09:54:38PM
Last MFT modification date:          08/22/05 09:54:38PM
Last accessed date:                  08/22/05 09:54:38PM
Dos Permissions:        System
        Hidden
        Archived

Filename type:                       Win32 and DOS
Filename:               0

## Parsed MFT Record from $LogFile at offset 22032

MFT Record number:  24
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Quota

        Header Information
Header ID:                           FILE
FixUp offset:                        48      (Windows XP/2003 MFT Record)
FixUp Bytes:                         4
$Logfile Number:                     33557154
Record Use Count:                    1
Hard Link Count:                     1
Attributes offset:                   56
In use Flags:                        5       (File, Allocated)
Allocated Size of Record:            344
Total Size of Record:                1024
Base File Reference:                 0
Next Attribute ID:                   3
Fixup ID:                             01 00        {Hex}
Fixup String:                                     {Text}
Fixup String:                        {Hex}

## Standard Information Attribute

Entry name: $LogFile offset: 22088 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 22088 length: 24
Attribute Header

Entry name: $LogFile offset: 22112 length: 72
Attribute Stream

        Attribute Header Information
Attribute ID Code:                   10 00 00 00
Attribute Size:                      96
This attribute's contents are resident:
Name Length:                         0
Offset to name:                      0 (From start of header)
Atrribute ID:                        0
Attribute Length                     72  (From end of header)
Offset to attribute start:           24

# $LogFile Parser

Volume Data\$LogFile Parser

Indexed Flag:                        0


Entry name: $LogFile offset: 22088 length: 0
File creation date:         08/22/05 09:54:38PM
Last written date:          08/22/05 09:54:38PM
Last MFT modification date: 08/22/05 09:54:38PM
Last accessed date:         08/22/05 09:54:38PM

Dos Permissions:
      System
      Hidden
      Archived


## Filename Attribute

Entry name: $LogFile offset: 22184 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 22184 length: 24
Attribute Header

Entry name: $LogFile offset: 22208 length: 80
Attribute Stream


        Attribute Header Information
Attribute ID Code:              30 00 00 00
Attribute Size:                 104
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   1
Attribute Length                78  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1


Parent MFT #:                   11
Parent Name:                    MO1809789_A01\C\$Extend

File creation date:         08/22/05 09:54:38PM
Last written date:          08/22/05 09:54:38PM
Last MFT modification date: 08/22/05 09:54:38PM
Last accessed date:         08/22/05 09:54:38PM
Dos Permissions:        System
      Hidden
      Archived

Filename type:              Win32 and DOS
Filename:             0

## Index Root Attribute

Entry name: $LogFile offset: 22288 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 22288 length: 24
Attribute Header

Entry name: $LogFile offset: 22312 length: 4

# $LogFile Parser

Volume Data\$LogFile Parser

This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 22320 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:              90 00 00 00
Attribute Size:                 80
This attribute's contents are resident:
Name Length:                    2
Offset to name:                 24  (From start of header)
Atrribute ID:                   2
Attribute Length               48   (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0


## Parsed MFT Record from $LogFile at offset 22464


MFT Record number:  24
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Quota

        Header Information
Header ID:                      FILE
FixUp offset:                   48      (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557175
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   13      (File, Allocated)
Allocated Size of Record:       344
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              3
Fixup ID:                        01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}


## Parsed MFT Record from $LogFile at offset 23896


MFT Record number:  25
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$ObjId

        Header Information
Header ID:                      FILE
FixUp offset:                   48      (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557374
Record Use Count:               1
Hard Link Count:                1

# $LogFile Parser

Volume Data\$LogFile Parser

```
Attributes offset:          56
In use Flags:               5      (File, Allocated)
Allocated Size of Record:   264
Total Size of Record:       1024
Base File Reference:        0
Next Attribute ID:          2
Fixup ID:                    01 00        {Hex}
Fixup String:                            {Text}
Fixup String:               {Hex}
```

## Standard Information Attribute

Entry name: $LogFile offset: 23952 length: 96 type: 10 00 00 00 - Standard Information Attribute

Entry name: $LogFile offset: 23952 length: 24
Attribute Header

Entry name: $LogFile offset: 23976 length: 72
Attribute Stream

```
          Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0  (From start of header)
Atrribute ID:                   0
Attribute Length                72  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0
```

```
Entry name: $LogFile offset: 23952 length: 0
File creation date:          08/22/05 09:54:38PM
Last written date:           08/22/05 09:54:38PM
Last MFT modification date:  08/22/05 09:54:38PM
Last accessed date:          08/22/05 09:54:38PM
```

```
Dos Permissions:
        System
        Hidden
        Archived
```

## Filename Attribute

Entry name: $LogFile offset: 24048 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 24048 length: 24
Attribute Header

Entry name: $LogFile offset: 24072 length: 80
Attribute Stream

```
          Attribute Header Information
```

# $LogFile Parser

Volume Data\$LogFile Parser

```
Attribute ID Code:              30 00 00 00
Attribute Size:                 104
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   1230
Attribute Length                78  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1


Parent MFT #:                   11
Parent Name:                    MO1809789_A01\C\$Extend

File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM
Dos Permissions:          System
        Hidden
        Archived

Filename type:                  Win32 and DOS
Filename:             0
```

Parsed MFT Record from $LogFile at offset 24416

```
MFT Record number:  25
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$ObjId

         Header Information
Header ID:                      FILE
FixUp offset:                   48    (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557452
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   5    (File, Allocated)
Allocated Size of Record:       344
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              3
Fixup ID:                        01 00      {Hex}
Fixup String:                               {Text}
Fixup String:                   {Hex}
```

Standard Information Attribute

```
Entry name: $LogFile offset: 24472 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 24472 length: 24
Attribute Header

Entry name: $LogFile offset: 24496 length: 72
```

# $LogFile Parser

Volume Data\$LogFile Parser

Attribute Stream


          Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0   (From start of header)
Atrribute ID:                   0
Attribute Length                72   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


Entry name: $LogFile offset: 24472 length: 0
File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM


Dos Permissions:
        System
        Hidden
        Archived


## Parsed MFT Record from $LogFile at offset 24912


MFT Record number:  25
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$ObjId

          Header Information
Header ID:                      FILE
FixUp offset:                   48   (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557473
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   13   (File, Allocated)
Allocated Size of Record:       344
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              3
Fixup ID:                        01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}


## Standard Information Attribute

Entry name: $LogFile offset: 24968 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 24968 length: 24
Attribute Header

# $LogFile Parser

Volume Data\$LogFile Parser

---

```
Entry name: $LogFile offset: 24992 length: 72
Attribute Stream


        Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   0
Attribute Length                72    (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0


Entry name: $LogFile offset: 24968 length: 0
File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM


Dos Permissions:
        System
        Hidden
        Archived
```

---

## Filename Attribute

```
Entry name: $LogFile offset: 25064 length: 104 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 25064 length: 24
Attribute Header

Entry name: $LogFile offset: 25088 length: 80
Attribute Stream


        Attribute Header Information
Attribute ID Code:              30 00 00 00
Attribute Size:                 104
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   1
Attribute Length                78    (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1231


Parent MFT #:                   11
Parent Name:                    MO1809789_A01\C\$Extend

File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM
Dos Permissions:        System
```

# $LogFile Parser

Volume Data\$LogFile Parser

```
        Hidden
        Archived

Filename type:                  Win32 and DOS
Filename:                0
```

## Index Root Attribute

Entry name: $LogFile offset: 25168 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 25168 length: 24
Attribute Header

Entry name: $LogFile offset: 25192 length: 4
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 25200 length: 48
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:              90 00 00 00
Attribute Size:                 80
This attribute's contents are resident:
Name Length:                    2
Offset to name:                 24 (From start of header)
Atrribute ID:                   2
Attribute Length                48  (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0
```

## Parsed MFT Record from $LogFile at offset 25720

```
MFT Record number:  26
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Reparse

        Header Information
Header ID:                      FILE
FixUp offset:                   48    (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557601
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   5     (File, Allocated)
Allocated Size of Record:       272
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              2
Fixup ID:                         01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}
```

# $LogFile Parser

Volume Data\$LogFile Parser

## Standard Information Attribute

Entry name: $LogFile offset: 25776 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 25776 length: 24
Attribute Header

Entry name: $LogFile offset: 25800 length: 72
Attribute Stream

```
         Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   0
Attribute Length                72  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0
```

Entry name: $LogFile offset: 25776 length: 0
File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM

Dos Permissions:
    System
    Hidden
    Archived

## Filename Attribute

Entry name: $LogFile offset: 25872 length: 112 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 25872 length: 24
Attribute Header

Entry name: $LogFile offset: 25896 length: 88
Attribute Stream

```
         Attribute Header Information
Attribute ID Code:              30 00 00 00
Attribute Size:                 112
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   1
Attribute Length                82  (From end of header)
Offset to attribute start:      24
Indexed Flag:                   1


Parent MFT #:                   11
```

# $LogFile Parser

Volume Data\$LogFile Parser

```
Parent Name:                    MO1809789_A01\C\$Extend

File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM
Dos Permissions:        System
        Hidden
        Archived

Filename type:                  Win32 and DOS
Filename:               0
```

Parsed MFT Record from $LogFile at offset 26248

```
MFT Record number:  26
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Reparse

        Header Information
Header ID:                      FILE
FixUp offset:                   48      (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557681
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   5       (File, Allocated)
Allocated Size of Record:       352
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              3
Fixup ID:                         01 00        {Hex}
Fixup String:                                  {Text}
Fixup String:                   {Hex}
```

Standard Information Attribute

```
Entry name: $LogFile offset: 26304 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 26304 length: 24
Attribute Header

Entry name: $LogFile offset: 26328 length: 72
Attribute Stream


        Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0 (From start of header)
Atrribute ID:                   0
Attribute Length                72  (From end of header)
Offset to attribute start:      24
```

# $LogFile Parser

Volume Data\$LogFile Parser

Indexed Flag:                    0


Entry name: $LogFile offset: 26304 length: 0
File creation date:              08/22/05 09:54:38PM
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM


Dos Permissions:
      System
      Hidden
      Archived


## Filename Attribute

Entry name: $LogFile offset: 26400 length: 112 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 26400 length: 24
Attribute Header

Entry name: $LogFile offset: 26424 length: 88
Attribute Stream


        Attribute Header Information
Attribute ID Code:               30 00 00 00
Attribute Size:                  112
This attribute's contents are resident:
Name Length:                     0
Offset to name:                  0 (From start of header)
Atrribute ID:                    1
Attribute Length                 82   (From end of header)
Offset to attribute start:       24
Indexed Flag:                    1


Parent MFT #:                    11
Parent Name:                     MO1809789_A01\C\$Extend

File creation date:              08/22/05 09:54:38PM
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM
Dos Permissions:         System
      Hidden
      Archived

Filename type:                   Win32 and DOS
Filename:              0


## Index Root Attribute

Entry name: $LogFile offset: 26512 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 26512 length: 24
Attribute Header

Entry name: $LogFile offset: 26536 length: 4

# $LogFile Parser

Volume Data\$LogFile Parser

This data attribute is an alternate data stream.

Stream name:   0

Entry name: $LogFile offset: 26544 length: 48
Attribute Stream

            Attribute Header Information
Attribute ID Code:              90 00 00 00
Attribute Size:                 80
This attribute's contents are resident:
Name Length:                    2
Offset to name:                 24 (From start of header)
Atrribute ID:                   2
Attribute Length               48   (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0


Parsed MFT Record from $LogFile at offset 26688

MFT Record number:  26
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\$Extend\$Reparse

          Header Information
Header ID:                      FILE
FixUp offset:                   48     (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33557702
Record Use Count:               1
Hard Link Count:                1
Attributes offset:              56
In use Flags:                   13     (File, Allocated)
Allocated Size of Record:       352
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              3
Fixup ID:                        01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}


Standard Information Attribute

Entry name: $LogFile offset: 26744 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 26744 length: 24
Attribute Header

Entry name: $LogFile offset: 26768 length: 72
Attribute Stream


          Attribute Header Information
Attribute ID Code:              10 00 00 00

# $LogFile Parser

Volume Data\$LogFile Parser

```
Attribute Size:                      96
This attribute's contents are resident:
Name Length:                         0
Offset to name:                      0  (From start of header)
Atrribute ID:                        0
Attribute Length                     72  (From end of header)
Offset to attribute start:           24
Indexed Flag:                        0


Entry name: $LogFile offset: 26744 length: 0
File creation date:              08/22/05 09:54:38PM
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM


Dos Permissions:
        System
        Hidden
        Archived
```

## Filename Attribute

```
Entry name: $LogFile offset: 26840 length: 112 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 26840 length: 24
Attribute Header

Entry name: $LogFile offset: 26864 length: 88
Attribute Stream


        Attribute Header Information
Attribute ID Code:                   30 00 00 00
Attribute Size:                      112
This attribute's contents are resident:
Name Length:                         0
Offset to name:                      0  (From start of header)
Atrribute ID:                        1
Attribute Length                     82  (From end of header)
Offset to attribute start:           24
Indexed Flag:                        1


Parent MFT #:                        11
Parent Name:                         MO1809789_A01\C\$Extend

File creation date:              08/22/05 09:54:38PM
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM
Dos Permissions:          System
        Hidden
        Archived

Filename type:                   Win32 and DOS
Filename:                    0
```

## Index Root Attribute

# $LogFile Parser

Volume Data\$LogFile Parser

Entry name: $LogFile offset: 26952 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 26952 length: 24
Attribute Header

Entry name: $LogFile offset: 26976 length: 4
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 26984 length: 48
Attribute Stream


        Attribute Header Information
Attribute ID Code:              90 00 00 00
Attribute Size:                 80
This attribute's contents are resident:
Name Length:                    2
Offset to name:                 24 (From start of header)
Atrribute ID:                   2
Attribute Length               48   (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0


## Parsed MFT Record from $LogFile at offset 42760


MFT Record number: 27
Record Status:  Folder, Allocated
FileName:  MO1809789_A01\C\System Volume Information

        Header Information
Header ID:                      FILE
FixUp offset:                   48    (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33559703
Record Use Count:               1
Hard Link Count:                2
Attributes offset:              56
In use Flags:                   3     (Folder, Allocated)
Allocated Size of Record:       496
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              4
Fixup ID:                        01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}


## Standard Information Attribute

Entry name: $LogFile offset: 42816 length: 96 type: 10 00 00 00 - Standard Information
Attribute

Entry name: $LogFile offset: 42816 length: 24
Attribute Header

# $LogFile Parser

Volume Data\$LogFile Parser

Entry name: $LogFile offset: 42840 length: 72
Attribute Stream


        **Attribute Header Information**
Attribute ID Code:                  10 00 00 00
Attribute Size:                     96
This attribute's contents are resident:
Name Length:                        0
Offset to name:                     0 (From start of header)
Atrribute ID:                       0
Attribute Length                    72    (From end of header)
Offset to attribute start:          24
Indexed Flag:                       0


Entry name: $LogFile offset: 42816 length: 0
File creation date:              08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM

Dos Permissions:
      System
      Hidden


## Filename Attribute

Entry name: $LogFile offset: 42912 length: 112 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 42912 length: 24
Attribute Header

Entry name: $LogFile offset: 42936 length: 88
Attribute Stream


        **Attribute Header Information**
Attribute ID Code:                  30 00 00 00
Attribute Size:                     112
This attribute's contents are resident:
Name Length:                        0
Offset to name:                     0 (From start of header)
Atrribute ID:                       3
Attribute Length                    82    (From end of header)
Offset to attribute start:          24
Indexed Flag:                       1


Parent MFT #:                       5
Parent Name:                        $Root - record for root folder

File creation date:             08/22/05 09:54:38PM
Last written date:              08/22/05 09:54:38PM
Last MFT modification date:     08/22/05 09:54:38PM
Last accessed date:             08/22/05 09:54:38PM
Dos Permissions:        System
      Hidden

# $LogFile Parser

Volume Data\$LogFile Parser

Filename type:                    DOS
Filename:                0

## Filename Attribute

Entry name: $LogFile offset: 43024 length: 144 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 43024 length: 24
Attribute Header

Entry name: $LogFile offset: 43048 length: 120
Attribute Stream


           Attribute Header Information
Attribute ID Code:                30 00 00 00
Attribute Size:                   144
This attribute's contents are resident:
Name Length:                      0
Offset to name:                   0 (From start of header)
Atrribute ID:                     2
Attribute Length                  116   (From end of header)
Offset to attribute start:        24
Indexed Flag:                     1


Parent MFT #:                     5
Parent Name:                      $Root - record for root folder

File creation date:               08/22/05 09:54:38PM
Last written date:                08/22/05 09:54:38PM
Last MFT modification date:       08/22/05 09:54:38PM
Last accessed date:               08/22/05 09:54:38PM
Dos Permissions:          System
      Hidden

Filename type:                    Win32
Filename:                0

## Index Root Attribute

Entry name: $LogFile offset: 43168 length: 80 type: 90 00 00 00 - Index Root Attribute

Entry name: $LogFile offset: 43168 length: 24
Attribute Header

Entry name: $LogFile offset: 43192 length: 8
This data attribute is an alternate data stream.

Stream name:  0

Entry name: $LogFile offset: 43200 length: 48
Attribute Stream


           Attribute Header Information
Attribute ID Code:                90 00 00 00
Attribute Size:                   80
This attribute's contents are resident:

# $LogFile Parser

```
Name Length:                    4
Offset to name:                 24  (From start of header)
Atrribute ID:                   1
Attribute Length                48   (From end of header)
Offset to attribute start:      32
Indexed Flag:                   0
```

## Parsed MFT Record from $LogFile at offset 45744

```
MFT Record number:  28
Record Status:  File, Allocated
FileName:  MO1809789_A01\C\System Volume Information\MountPointManagerRemoteDatabase

        Header Information
Header ID:                      FILE
FixUp offset:                   48    (Windows XP/2003 MFT Record)
FixUp Bytes:                    4
$Logfile Number:                33560075
Record Use Count:               1
Hard Link Count:                2
Attributes offset:              56
In use Flags:                   1     (File, Allocated)
Allocated Size of Record:       448
Total Size of Record:           1024
Base File Reference:            0
Next Attribute ID:              4
Fixup ID:                        01 00      {Hex}
Fixup String:                              {Text}
Fixup String:                   {Hex}
```

## Standard Information Attribute

Entry name: $LogFile offset: 45800 length: 96 type: 10 00 00 00 - Standard Information Attribute

Entry name: $LogFile offset: 45800 length: 24
Attribute Header

Entry name: $LogFile offset: 45824 length: 72
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:              10 00 00 00
Attribute Size:                 96
This attribute's contents are resident:
Name Length:                    0
Offset to name:                 0  (From start of header)
Atrribute ID:                   0
Attribute Length                72   (From end of header)
Offset to attribute start:      24
Indexed Flag:                   0
```

Entry name: $LogFile offset: 45800 length: 0
File creation date:             08/22/05 09:54:38PM

# $LogFile Parser

```
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM

Dos Permissions:
        System
        Hidden
        Archived
```

## Filename Attribute

Entry name: $LogFile offset: 45896 length: 112 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 45896 length: 24
Attribute Header

Entry name: $LogFile offset: 45920 length: 88
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:               30 00 00 00
Attribute Size:                  112
This attribute's contents are resident:
Name Length:                     0
Offset to name:                  0  (From start of header)
Atrribute ID:                    3
Attribute Length                 82   (From end of header)
Offset to attribute start:       24
Indexed Flag:                    1


Parent MFT #:                    27
Parent Name:                     MO1809789_A01\C\System Volume Information

File creation date:              08/22/05 09:54:38PM
Last written date:               08/22/05 09:54:38PM
Last MFT modification date:      08/22/05 09:54:38PM
Last accessed date:              08/22/05 09:54:38PM
Dos Permissions:         System
        Hidden
        Archived

Filename type:                   DOS
Filename:                0
```

## Filename Attribute

Entry name: $LogFile offset: 46008 length: 152 type: 30 00 00 00 - Filename Attribute

Entry name: $LogFile offset: 46008 length: 24
Attribute Header

Entry name: $LogFile offset: 46032 length: 128
Attribute Stream

```
        Attribute Header Information
Attribute ID Code:               30 00 00 00
```

```
Attribute Size:              152
This attribute's contents are resident:
Name Length:                 0
Offset to name:              0 (From start of header)
Atrribute ID:                2
Attribute Length             128   (From end of header)
Offset to attribute start:   24
Indexed Flag:                1


Parent MFT #:                27
Parent Name:                 MO1809789_A01\C\System Volume Information

File creation date:          08/22/05 09:54:38PM
Last written date:           08/22/05 09:54:38PM
Last MFT modification date:  08/22/05 09:54:38PM
Last accessed date:          08/22/05 09:54:38PM
Dos Permissions:        System
        Hidden
        Archived

Filename type:               Win32
Filename:              0
```

## Data Attribute

Entry name: $LogFile offset: 46160 length: 24 type: 80 00 00 00 - Data Attribute

Entry name: $LogFile offset: 46160 length: 24
Attribute Header

```
        Attribute Header Information
Attribute ID Code:           80 00 00 00
Attribute Size:              24
This attribute's contents are resident:
Name Length:                 0
Offset to name:              24 (From start of header)
Atrribute ID:                1
Attribute Length             0  (From end of header)
Offset to attribute start:   24
Indexed Flag:                0
```

## INDX Buffers

## Link Files

| Name | Description | Last Accessed | File Created | Last Written | Entry Modified | File Acquired | Logical Size | Physical Size | Starting Extent |
|---|---|---|---|---|---|---|---|---|---|
| $Extend | Folder, Hidden, System | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 344 | 344 | 0C-C7B6434,288 |
| $MFT | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 32,768 | 32,768 | 0C-C7B6432 |
| $MFTMirr | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 4,096 | 4,096 | 0C-C2440871 |
| $LogFile | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 67,108,864 | 67,108,864 | 0C-C770046 |
| $Volume | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 0 | 0 | 0C-C7B6432,472 |
| $AttrDef | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 2,560 | 4,096 | 0C-C7B6430 |
| $Bitmap | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 610,224 | 610,304 | 0C-C2440884 |
| $Boot | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 8,192 | 8,192 | 0C-C0 |
| $BadClus | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 0 | 0 | 0C-C7B6434,288 |
| $Secure | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 0 | 0 | |
| $Secure | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 0 | 0 | |
| $UpCase | File, Internal | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 131,072 | 131,072 | 0C-C2441033 |
| $Quota | File, Invalid Cluster, Hidden, System, Archive | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 08/22/05 09:54:04PM | 10/10/05 06:30:03PM | 0 | 0 | |
| $ObjId | File, Invalid Cluster, Hidden, System, Archive | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 0 | 0 | |
| $Reparse | File, Invalid Cluster, Hidden, System, Archive | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 0 | 0 | |
| System Volume Information | Folder, Hidden, System, Archive | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 296 | 296 | |
| MountPointManagerRemoteDatabase | Folder, Hidden, System | 08/22/05 10:11:32PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 0 | 0 | |
| $BadClus:$Bad | File, Hidden, System | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 19,995,619,328 | 19,995,619,328 | 0C-C7B6538,440 |
| $BadClus:$Bad | File, Stream | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 262,392 | 266,240 | 0C-C7B6439,440 |
| $Secure:$SDS | File, Stream | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 296 | 296 | 0C-C2 |
| Volume Slack | File, Unallocated Clusters | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 4,096 | 4,096 | 0C-S39654007 |
| Unallocated Clusters | File, Unallocated Clusters | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 08/22/05 09:54:38PM | 10/10/05 06:30:03PM | 19,927,449,600 | 19,927,449,600 | 0C-C7 |

| File Extents | Permissions | Physical Location | Physical Sector | Evidence File | File Identifier | Full Path | Short Name |
|---|---|---|---|---|---|---|---|
| 1 | | 3,221,269,280 | 6,291,541 | MО18097789_A01 | 11 | Case 11MO18097789_A01\C$\Extend | |
| 1 | | 3,221,257,728 | 6,291,519 | MО18097789_A01 | | Case 11MO18097789_A01\C$\MFT | |
| 1 | | 9,997,839,872 | 19,527,031 | MО18097789_A01 | 1 | Case 11MO18097789_A01\C$\MFTMirr | |
| 1 | | 3,154,140,672 | 6,160,431 | MО18097789_A01 | 2 | Case 11MO18097789_A01\C$\LogFile | |
| 1 | | 3,221,261,272 | 6,291,525 | MО18097789_A01 | 3 | Case 11MO18097789_A01\C$\Volume | |
| 1 | | 3,221,249,536 | 6,291,503 | MО18097789_A01 | 4 | Case 11MO18097789_A01\C$\AttrDef | |
| 1 | | 9,997,893,120 | 19,527,135 | MО18097789_A01 | 6 | Case 11MO18097789_A01\C$\Bitmap | |
| 1 | | 32,256 | 63 | MО18097789_A01 | 7 | Case 11MO18097789_A01\C$\Boot | |
| 1 | | 3,221,266,208 | 6,291,535 | MО18097789_A01 | 8 | Case 11MO18097789_A01\C$\BadClus | |
| 1 | | | | MО18097789_A01 | 9 | Case 11MO18097789_A01\C$\Secure | |
| 1 | | 9,998,503,424 | 19,528,327 | MО18097789_A01 | 10 | Case 11MO18097789_A01\C$\UpCase | |
| | | | | MО18097789_A01 | 24 | Case 11MO18097789_A01\C$\Extend\$Quota | |
| | | | | MО18097789_A01 | 25 | Case 11MO18097789_A01\C$\Extend\$ObjId | |
| | | | | MО18097789_A01 | 26 | Case 11MO18097789_A01\C$\Extend\$Reparse | |
| | | | | MО18097789_A01 | 27 | Case 11MO18097789_A01\C$\System Volume Information | |
| | | | | MО18097789_A01 | 28 | Case 11MO18097789_A01\C$\System Volume Information\MountPointManagerRemoteDatabase | |
| 1 | | 3,221,265,816 | 6,291,573 | MО18097789_A01 | 8 | Case 11MO18097789_A01\C$\BadClus\$Bad | SYSTEM~1 |
| 1 | | 3,221,268,840 | 6,291,575 | MО18097789_A01 | 9 | Case 11MO18097789_A01\C$\Secure\$SDS | MOUNTP~1 |
| 1 | | 40,448 | 79 | MО18097789_A01 | | Case 11MO18097789_A01\C$\Secure\$SDS | |
| 6 | | 19,995,651,584 | 39,054,007 | MО18097789_A01 | | Case 11MO18097789_A01\C$\Volume Slack | |
| 1 | | 305,688 | 599 | MО18097789_A01 | | Case 11MO18097789_A01\C$\Unallocated Clusters | |

# SEYFARTH
ATTORNEYS SHAW LLP

Writer's direct phone
617-946-4858

Writer's e-mail
kmcgurn@seyfarth.com

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA  02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

October 14, 2005

**VIA FACSIMILE - (617) 338-0919**
John Coster, Esq.
92 State Street
Boston, Massachusetts 02109

    Re:   *Rein v. Motorola, et al*
          Civil Action No. 04-12580 NG

Dear John:

    This letter follows up my message to you this afternoon.

    I received confirmation today from a third-party forensic computer expert that, as we had suspected, Mr. Rein tampered with the hard drive of Motorola's laptop computer prior to returning it to the Company. On August 22, 2005, he "wiped clean" the hard drive, and rendered its data unrecoverable.

    There can be no doubt that Mr. Rein's discovery obligations were crystal clear on August 22, 2005 given the pending litigation, the Court's discovery order, and the fact that at the first session of Mr. Rein's deposition (on August 16, 2005) he unequivocally testified that there were relevant electronic documents stored on the hard drive. Indeed, he ran the utility to wipe the drive, intentionally destroying potentially relevant evidence, on the very date that I demanded in writing that he finally return Motorola's computer, which he had wrongfully retained.

    Needless to say, my client and I are extremely troubled, disappointed, and dismayed by this development. As you know, the implications of such intentional conduct are serious. Motorola was incensed to learn of this development and intends to vigorously pursue all available remedies. Today, I was able to prevail upon my client to permit Mr. Rein an opportunity to account for his actions and to provide complete disclosure of the actions he took with respect to the laptop. Kindly respond at your earliest convenience.

          Sincerely,

          SEYFARTH SHAW LLP

          *Kristin McGurn (M.M.)*

          Kristin G. McGurn

cc:    Manuel Cuevas, Esq.
       Richard L. Alfred, Esq.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA

EXHIBIT K

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

### NOTICE OF CONTINUED DEPOSITION OF PLAINTIFF JAY S. REIN

TO:    Jay S. Rein
c/o John Coster
Attorney at Law
92 State Street
Suite 900
Boston, MA  02109

Please take notice that the Defendants will take the continued deposition of Jay S. Rein, upon oral examination on Thursday, October 27, 2005 at 10:00 a.m. at the offices of Seyfarth Shaw, Two Seaport Lane, Suite 300, Boston, MA 02210, before a certified shorthand reporter or any other officer authorized to administer oaths.  The oral examination will continue from day to day until completed.

Counsel is invited to attend and participate in the manner provided for in the

Federal Rules of Civil Procedure.


Respectfully submitted,

**MOTOROLA, INC, CLYDE KOFMAN
AND JUERGEN STARK**
By their attorneys,


_____
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA  02210
Tel. (617) 946-4800
Fax (617) 946-4801

Dated:  October 20, 2005

---

**Certificate of Service**

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by facsimile and mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 20, 2005.

Yvette Politis

---

J. Rein
EXHIBIT NO. 9
8-16-05
L. LONDON

# MOTOROLA, INC.
## AWARD DOCUMENT
### For the
### COMPENSATION/ACQUISITION PLAN OF 2000
### Terms and Conditions Related to Employee Nonqualified Stock Options
### Award ID: 370447

| Name : | Jay Rein | Expiration Date : | July 01, 2012 |
|---|---|---|---|
| Commerce ID : | 12026815 | Number of Options : | 10,000 |
| Grant Date : | July 01, 2002 | Exercise Price : | $14.42 (USD) |

Motorola, Inc. ("Motorola") is pleased to grant you options to purchase shares of Motorola's common stock under the Motorola Compensation/Acquisition Plan of 2000 (the "Plan"). The number of options ("Options") awarded to you and the Exercise Price per Option, which is the Fair Market Value on the Date of Grant, are stated above. Each Option entitles you to purchase one share of Motorola's common stock on the terms described below and in the Plan.

## Vesting Schedule

| Percentage | Date |
|---|---|
| 25.00 | July 01, 2003 — VESTED |
| 25.00 | July 01, 2004 |
| 25.00 | July 01, 2005 |
| 25.00 | July 01, 2006 |

### Vesting and Exercisability

You cannot exercise the Options until they have vested.

*Regular Vesting* – The Options will vest in accordance with the aforementioned schedule (subject to the other terms hereof):

*Special Vesting* – You may be subject to the Special Vesting Dates described below if your employment or service with Motorola or a Subsidiary (as defined below) terminates.

*Exercisability* – You may exercise Options at any time after they vest and before they expire as described below.

### Expiration

All Options expire on the earlier of

*(1)* the tenth anniversary of the Date of Grant as stated above or

*(2)* any of the Special Expiration Dates described below. Once an Option expires, you no longer have the right to exercise it.

### Special Vesting Dates and Special Expiration Dates

There are events that cause your Options to vest sooner than the schedule discussed above or to expire sooner than the tenth anniversary of the Date of Grant. Those events are as follows:

Motorola Confidential Proprietary                    (End of page 1 of the Award Document)

C00009

CONFIDENTIAL

*Retirement* – If your employment or service with Motorola or a Subsidiary is ended because of your Retirement, Options that were granted at least one year prior to your Retirement that are not vested will automatically become fully vested upon your Retirement. Any remaining unvested Options will be forfeited. All your vested Options will then expire on the earlier of the third anniversary of ending your employment or service because of your Retirement or the Date of Expiration stated above. Retirement means your retirement from Motorola or a Subsidiary as follows:

*(i)* Retiring at or after age 55 with 20 years of service;

*(ii)* Retiring at or after age 60 with 10 years of service;

*(iii)* Retiring at or after age 65, without regard to years of service.

*Disability* – If your employment or service with Motorola or a Subsidiary is terminated because of your Total and Permanent Disability (as defined below), Options that are not vested will automatically become fully vested upon your termination of employment or service. All your Options will then expire on the earlier of the third anniversary of your termination of employment or service because of your Total and Permanent Disability or the Date of Expiration stated above. Until that time, the Options will be exercisable by you or your guardian or legal representative.

*Death* – If your employment or service with Motorola or a Subsidiary is terminated because of your death, Options that are not vested will automatically become fully vested upon your death. All your Options will then expire on the earlier of the third anniversary of your death or the Date of Expiration stated above. Until that time, with written proof of death and inheritance, the Options will be exercisable by your legal representative, legatees or distributees.

*Change In Control* – If there is a Change In Control of Motorola (as defined in the Plan), all the unvested Options will automatically become fully vested as described in the Plan. If Motorola or a Subsidiary terminates your employment or service other than for Serious Misconduct within two years of consummation of a Change In Control, all of your vested Options will be exercisable until the Date of Expiration.

*Termination of Employment or Service Because of Serious Misconduct* – If Motorola or a Subsidiary terminates your employment or service because of Serious Misconduct (as defined below) all of your Options (vested and unvested) expire upon your termination.

*Change in Employment in Connection with a Divestiture* – If you accept employment with another company in direct connection with the sale, lease, outsourcing arrangement or any other type of asset transfer or transfers of any portion of a facility or any portion of a discrete organizational unit of Motorola or a Subsidiary (a "Divestiture"), all of your unvested Options will automatically expire upon termination in direct connection with a Divestiture and your vested Options will expire 12 months after such Divestiture or such shorter period remaining until expiration as set forth above.

*Termination of Employment or Service by Motorola or a Subsidiary Other than for Serious Misconduct or a Divestiture* – If Motorola or a Subsidiary on its initiative, terminates your employment or service other than for Serious Misconduct or a Divestiture, all of your unvested Options will automatically expire upon termination and your vested Options will expire twelve months after your termination of employment or such shorter period remaining until expiration as set forth above.

*Termination of Employment or Service for any Other Reason than Described Above* – If your employment or service with Motorola or a Subsidiary terminates for any reason other than that described above, including voluntary resignation of your employment or service, all of your Options (vested and unvested) will automatically expire on the date of termination.

### Leave of Absence/Temporary Layoff

If you take a Leave of Absence from Motorola or a Subsidiary that your employer has approved in writing in accordance with your employer's Leave of Absence Policy and which does not constitute a termination of employment as determined by Motorola, or you are placed on Temporary Layoff (as defined below) by Motorola or a Subsidiary the following will apply:

*Vesting of Options* – Options will continue to vest in accordance with the vesting schedule set forth above.

*Exercising Options* – You may exercise Options that are vested or that vest during the leave of absence or layoff.

Motorola Confidential Proprietary                    (End of page 2 of the Award Document)

000050

*Effect of Termination of Employment or Service* – If your employment or service is terminated during the Leave of Absence or Temporary Layoff, the treatment of your Options will be determined as described under "Special Vesting Dates and Special Expiration Dates" above.

## Other Terms

*Method of Exercising* – You must follow the procedures for exercising options established by Motorola from time to time. At the time of exercise, you must pay the Exercise Price for all of the Options being exercised and any taxes that are required to be withheld by Motorola or a Subsidiary in connection with the exercise. Options may not be exercised for less than 50 shares unless the number of shares represented by the Option is less than 50 shares, in which case the Option must be exercised for the remaining amount.

*Transferability* – Unless the Committee provides, Options are not transferable other than by will or the laws of descent and distribution.

*Tax Withholding* – Motorola or a Subsidiary is entitled to withhold an amount equal to the required minimum statutory withholding taxes for the respective tax jurisdictions attributable to any share of common stock deliverable in connection with the exercise of the Options. Employee may satisfy any withholding obligation in whole or in part by electing to have Motorola retain Option shares having a Fair Market Value on the date of exercise equal to the minimum amount required to be withheld.

## Definition of Terms

If a term is used but not defined, it has the meaning given such term in the Plan.

*Fair Market Value* is the closing price for a share of Motorola common stock on the last trading day before the grant. The official source for the closing price is the New York Stock Exchange Composite Transaction as reported in the Wall Street Journal, Midwest edition.

*Serious Misconduct* means any misconduct identified as a ground for termination in the Motorola Code of Business Conduct, or the human resources policies, or other written policies or procedures.

*Subsidiary* means an entity of which Motorola owns directly or indirectly at least 50% and that Motorola consolidates for financial reporting purposes.

*Total and Permanent Disability* means for (x) U.S. employees, entitlement to long-term disability benefits under the Motorola Disability Income Plan, as amended and any successor plan and (y) non-U.S. employees, as established by applicable Motorola policy or as required by local regulations.

*Temporary Layoff* means a layoff or redundancy that is communicated as being for a period of up to twelve months and as including a right to recall under defined circumstances.

### Consent to Transfer Personal Data

By accepting this award, you voluntarily acknowledge and consent to the collection, use, processing and transfer of personal data as described in this paragraph. You are not obliged to consent to such collection, use, processing and transfer of personal data. However, failure to provide the consent may affect your ability to participate in the Plan. Motorola, its Subsidiaries and your employer hold certain personal information about you, that may include your name, home address and telephone number, date of birth, social security number or other employee identification number, salary, nationality, job title, any shares of stock held in Motorola, or details of all options or any other entitlement to shares of stock awarded, canceled, purchased, vested, unvested or outstanding in your favor, for the purpose of managing and administering the Plan ("Data").

Motorola and/or its Subsidiaries will transfer Data amongst themselves as necessary for the purpose of implementation, administration and management of your participation in the Plan, and Motorola and/or any of its Subsidiaries may each further transfer Data to any third parties assisting Motorola in the implementation, administration and management of the Plan. These recipients may be located throughout the world, such as the United States. You authorize them to receive, possess, use, retain and transfer the Data, in electronic or other form, for the purposes of implementing, administering and managing your participation in the Plan, including any requisite transfer of such Data as may be required for the administration of the Plan and/or the subsequent holding of shares of stock on your behalf to a broker or other third party with whom you may elect to deposit any shares of stock acquired pursuant to the Plan. You may, at any time, review Data, require any necessary amendments to it or withdraw the consents herein in writing by contacting Motorola; however, withdrawing your consent may affect your ability to participate in the Plan.

(End of page 3 of the Award Document)

000091

## Acknowledgement of Discretionary Nature of the Plan; No Vested Rights

You acknowledge and agree that the Plan is discretionary in nature and limited in duration, and may be amended, cancelled, or terminated by Motorola or a Subsidiary, in its sole discretion, at any time. The grant of awards under the Plan is a one-time benefit and does not create any contractual or other right to receive an award in the future. Future grants, if any, will be at the sole discretion of Motorola, including, but not limited to, the timing of any grant, the amount of the award, vesting provisions, and the exercise price.

## Agreement Following Termination of Employment

As a further condition of accepting the Options, you acknowledge and agree that for a period of two years following your termination of employment or service, you will not recruit, solicit or induce, or cause, allow, permit or aid others to recruit, solicit or induce, or to communicate in support of Motorola or a Subsidiary to terminate his/her employment with Motorola or a Subsidiary and/or to seek employment with your new or prospective employer, or any other company.

You agree that upon termination of employment with Motorola or a Subsidiary, you will immediately inform Motorola of

*(i)* the identity of your new employer (or the nature of any start-up business or self-employment),

*(ii)* your new title, and

*(iii)* your job duties and responsibilities.

You hereby authorize Motorola or a Subsidiary to provide a copy of this Award Document to your new employer. You further agree to provide information to Motorola or a Subsidiary as may from time to time be requested in order to determine your compliance with the terms hereof.

## Acceptance of Terms and Conditions

By accepting the Options, you agree to be bound by these terms and conditions, the Plan and any and all rules and regulations established by Motorola in connection with awards issued under the Plan.

## Other Information about Your Options and the Plan

You can find other information about options and the Plan on the Motorola website http://hr2.mot.com/stockadmin. If you do not have access to the website, please complete the order form included with these Terms and Conditions to receive the information.

Motorola Confidential Proprietary

(End of page 4 of the Award Document)

000002