## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY

The Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants"), hereby move for leave to file a brief Reply in response to Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions ("Motion to Compel"). As grounds for this Motion, Defendants state that they filed their Motion to Compel on October 31, 2005. This afternoon, shortly before the parties' scheduled status conference, Defendants received a service copy of Plaintiff's Opposition to the Motion to Compel. Having now reviewed the Opposition, Defendants believe that a brief Reply Memorandum, focused on the following few points, will assist this Court:

a. the technical importance of the August 22, 2005 "boot volume file creation time stamp" on all unallocated space and relevant data on the Motorola laptop, which Rein returned to Motorola, finally, on the morning of the second session of his deposition;

b. the fact that Motorola's deactivation of Rein's access to its network servers in or about April 2004 would neither render the laptop totally "disabled" nor

    prevent Rein from using the computer's hard drive, or other available servers such as non-Motorola email providers' servers;

c. the significance of *Rein's and his counsel's* decision to continue with the deposition on August 26, 2005, knowing that the laptop's tardy return, that morning, rendered questioning regarding the laptop and its contents impossible and, likely, would necessitate additional testimony; and

d. the propriety of the sanctions requested by Defendants in light of, among other things, Rein's testimony concerning the potentially relevant data that he admittedly had stored, at one time, on the laptop and which was lost during the period that Rein possessed the laptop.

 WHEREFORE, the Defendants respectfully request that this Motion be allowed and that the Defendants be granted leave to file a brief Reply in response to Plaintiff's Opposition to Defendants' Motion to Compel.  **Defendants also request a hearing on the Motion to Compel.**

    Respectfully submitted,

    MOTOROLA, INC., CLYDE KOFMAN,
    and JUERGEN STARK,

    By their attorneys,

    /s/ Kristin G McGurn
    Richard L. Alfred (BBO# 015000)
    Kristin G. McGurn (BBO# 559687)
    Yvette Politis (BBO# 644986)
    SEYFARTH SHAW LLP
    World Trade Center East
    Two Seaport Lane, Suite 300
    Boston, MA 02210-2028
    Telephone: (617) 946-4800

---

Certificate of Service

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA  02109 on November 7, 2005.

/s/ Kristin G. McGurn

---

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

 Pursuant to L.R. 7.1, on November 7, 2005, counsel for Motorola reported to counsel for Plaintiff, John G.H. Coster, in Judge's Chambers at the parties' status conference, Defendants' intention to file this Motion and he did not oppose its filing.  /s/ Kristin G. McGurn