UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., CLYDE KOFMAN )<br>and JUERGEN STARK )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-12580 NG |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO THE MOTION TO COMPEL PLAINTIFF'S
CONTINUED DEPOSITION AND FOR SANCTIONS**

The Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants"), hereby reply to Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions ("Motion to Compel").

1. <u>Defendants are entitled to additional deposition testimony from the Plaintiff, pursuant to Rule 30(d)(2).</u>

Finding himself affected by a reduction in force for the second time in two years, Plaintiff filed this action, while unemployed, in May 2004. Five months later, he had secured comparable employment with GTSI.[1] A month after joining GTSI, Rein removed his case from the Massachusetts Commission Against Discrimination to this Court. He has since moved to another, more lucrative position at Worldspan and relocated to Atlanta.[2] Plaintiff now complains in his Opposition that his pursuit of specious claims against Defendants presents unacceptable inconveniences to him.

---

[1] Rein Deposition, ("Rein Dep.") at p.59-60, attached to the accompanying Affidavit of Yvette Politis ("Politis Aff.") as Exhibit 1.

[2] Rein Dep. p. 56-57 at Exhibit 1 to the Politis Aff.

For example, Plaintiff now contends that he would have preferred to postpone the second session of his deposition rather than to reappear in Boston for questioning about the laptop that he belatedly returned to Motorola on the morning of that session. At the time, however, Plaintiff and his counsel scheduled, and proceeded with, the deposition *fully aware* that the discovery that they tardily produced that morning (in the form of Motorola's laptop) necessarily could not be explored in detail at that session of deposition and, therefore, was likely to lead to further questioning. Indeed, the parties discussed and agreed that Motorola would reserve its rights to reconvene the deposition for questioning regarding this overdue discovery, which agreement they ultimately memorialized in their Joint Motion governing discovery. Had Rein returned the laptop as expected when he departed from Motorola, or as required pursuant to Fed. R. Civ. P. 34 in a timely response to Defendants' written discovery,[3] Motorola would have had the opportunity to inquire about the contents of the laptop (or lack thereof) at Rein's prior deposition session. Rein wrongfully prevented Motorola from doing so. Notions of fairness, and Fed. R. Civ. P. 30(d)(2), require that he reappear for further questioning.

2. <u>According to Rein's own testimony, relevant electronic data unquestionably was lost.</u>

In his Opposition, Plaintiff oversimplifies the parties' dispute in an attempt to cloud the issues before the Court. Defendants' Motion is not directed at the email communications that Plaintiff sent and received on the laptop via Motorola's server. Motorola already has spent thousands of dollars in fees and expenses, and many hours, to comply with *its* discovery

---

[3] Sometimes when an employee departs from a company, particularly one as large as Motorola, questions arise about whether he has returned all company property or whether some of that property, including computer equipment, has been redeployed. This is especially so in the case of an employee, like Rein, who worked remotely. This is among the reasons why Motorola explicitly requested from Rein information about the laptop in its document requests. Exhibit D to the Affidavit of Kristin G. McGurn ("McGurn Aff.") filed with Defendants' Memorandum in Support of the Motion to Compel. As soon as Defendants confirmed, at Rein's first deposition session, that he still had the laptop in his possession, it demanded the laptop's return in writing. See Exhibit E to the McGurn Aff.

obligations. It already has reviewed and produced to Plaintiff pertinent email from various custodians, including Rein, compiled from Motorola's servers. Defendants unquestionably are entitled to discovery of any electronic communications created or received by Rein and housed on the laptop's hard drive (as opposed to Motorola's server), such as draft electronic documents or emails sent via a server other than Motorola's. Defendants also unquestionably are entitled to discovery of all *other* relevant electronic documents that were stored *only* on the laptop's hard drive.

Defendants simply are not satisfied with Plaintiff's counsel's speculation that there is "almost no chance" that relevant documents were housed on the laptop's hard drive, particularly in light of Rein's own contradictory testimony.[4] Rein testified that certain pertinent documents, which he did not produce in discovery in hard-copy, had been saved on the laptop. They are now lost to Motorola, and Defendants deserve Rein's explanation, under oath, as to why. Rein's unsworn, flat denials, through counsel, of responsibility for the damaged hard drive and the utter absence of recoverable electronic data on Motorola's laptop lack credibility and are incomprehensible for the reasons set forth below. Rein must testify under oath, at deposition or an evidentiary hearing, about both the data he had stored on the hard drive as well as his explanation for how all such data was lost while the laptop was in his possession.

3.  <u>Investigations revealed that the electronic data was lost at a time when Rein was well aware of his discovery obligations.</u>

Upon timely receipt of the laptop, Charles Lehwald of Motorola's Information Protection Services ("MIPS") group identified that its drive had been damaged, and that MIPS could not

---

[4] *See* Rein Deposition ("Rein Dep.") pp. 30-33, 40, attached as Exhibit C to the McGurn Aff. In light of this testimony, it is irresponsible for Plaintiff's Counsel to report that "it is clear that the laptop … contained no additional information not in the Defendants' possession already." Opposition at 2. This contention, among others, must be explored through further questioning.

3

recover any usable data. Affidavit of Charles Lehwald ("Lehwald Aff.") ¶ 4, submitted herewith. Since Rein offered no plausible explanation, Motorola was forced to pay Kroll, an outside expert, to diagnose the problem. Lewald Aff. ¶ 5. Kroll discovered that all unallocated space and relevant data was zeroed out, meaning that the hard drive had been wiped clean and reformatted. Based on the boot volume file creation time stamp of August 22, 2005 on the Master File Table, it was determined that this reformatting occurred on or before August 22, 2005. Lehwald Aff. ¶ 5. There is no benign explanation for this, and Rein offers no reasonable account.

  4. <u>Rein's contention that Motorola "disabled" the laptop in April 2004 lacks merit.</u>

Rein's counsel further oversimplifies the issues by contending that Motorola's deactivation of Rein's access to its network servers in or about April 2004 *establishes* that Rein has no responsibility with respect to the electronic evidence at issue. This contention is wrong for many reasons. First, Rein contradicted the contention by testifying that he accessed the computer when responding to Motorola's document requests.[5] Second, by preventing Rein from accessing its network, Motorola neither totally "disabled" the computer nor prevented Rein from using the laptop's hard drive. Lehwald Aff. ¶ 6. Accordingly, Rein still could have used the laptop to access other available servers, such as non-Motorola email providers' servers. He also could have created or stored relevant electronic data on the laptop's hard drive using non-Motorola software and programs. Lehwald Aff. ¶ 6.[6] Finally, since relevant documents were lost

---

[5] Rein Dep. p. 30 at Exhibit C to McGurn Aff.

[6] Plaintiff's contention that any documents stored on the hard drive of the laptop also were, necessarily, stored on Motorola's servers is absurd. Rein could have locally stored proprietary information or any other electronic document that he created or received while working for Motorola.

while the laptop was in Rein's possession, he bears responsibility as a matter of law. *Zubulake v. UBS Warburg*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (citations omitted).

Finally, it is troubling to note that although Rein also apparently used his wife's computer to conduct work for Motorola,[7] data stored on that hard drive also is now inaccessible according to Rein.  Rein's own testimony and the circumstances presented by Rein's belated return of Motorola's laptop demand that Defendants be given an opportunity to explore his credibility and his explanations for the lost electronic data.

## Conclusion

Counsel's attempts to oversimplify this dispute are transparent and misguided. Motorola's present request for sanctions result only in part from Rein's failure to abide by a proper deposition notice, without filing an appropriate motion for protective order.  The request derives more specifically from Rein's calculated decisions (1) not to return the laptop when his employment terminated,[8] (2) to drag his feet about producing it in discovery, and (3) to be less than forthcoming when Motorola discovered that it contained no recoverable electronic data. Each of these decisions by Rein resulted in unnecessary expenditures by Motorola, including costs associated with the MIPS and Kroll investigations, counsel's fees in connection with moving to compel, and anticipated fees for Rein's continued deposition.  Rein should be ordered to reimburse Motorola for these expenses, and Motorola should be permitted to seek additional sanctions, if appropriate, following Rein's further testimony.

---

[7] Rein Dep. p. 457 at Exhibit 1 to the Politis Aff.

[8] Rein agreed to do so not only in his Employment Agreement, see Exhibit A to the McGurn Aff., but also in his post-termination communications with Motorola's HR Department.  See Exhibit 13 to the Coster Affidavit filed with Plaintiff's Opposition.   In light of these communications, it is absurd for Rein to argue that he had any doubt, at any time, about to whom he should return the laptop.

WHEREFORE, the Defendants respectfully request that their Motion to Compel Plaintiff's Continued Deposition and for Sanctions be allowed. Defendants request a hearing on said Motion.

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN,
and JUERGEN STARK,

By their attorneys,

/s/ Yvette Politis
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

Certificate of Service

I hereby certify that on November 16, 2005, I electronically filed the above document with the Clerk of the United States District Court for the District of Massachusetts using the CM/ECF system, which indicated that notification of such filing was sent to John G. H. Coster, attorney for the Plaintiff.

/s/ Yvette Politis

BO1 15746591.3