UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
|                     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) |
|                     Defendants. | ) |

**AFFIDAVIT OF CHARLES LEHWALD**

I, Charles Lehwald, under oath do hereby depose and state as follows:

1.  I submit this affidavit in support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions ("Motion to Compel"). The facts set forth herein are based upon my personal knowledge, information and belief. To the extent that any facts set forth herein are based upon information and belief, I believe them to be true.

2.  For approximately the past eight years, I have been employed by Motorola, Inc. For five of the eight years, I have worked in Motorola's Information Protection Services group. My title is Senior Forensic Analyst.

3.  In my capacity as Senior Forensic Analyst, I oversaw the initial review of a Motorola laptop used by Plaintiff Jay S. Rein during his employment with Motorola. Based on chain-of-custody communications filed with Defendants' Memorandum in Support of the Motion to Compel and my own recollection, I understand that Rein returned the laptop to counsel for Motorola on August 26, 2005. Approximately three weeks later, I received the laptop from Motorola's legal department, to which it had been shipped by outside counsel.

4. When I inspected the laptop, I determined that its hard drive had been removed from the computer and damaged, and the data stored on the laptop's hard drive was unrecoverable.

5. After obtaining authorization to incur associated expenses, I then engaged Kroll Ontrack to attempt to recover the hard drive and create a forensic image of the data from the laptop's hard drive. Kroll successfully recovered and imaged the laptop's hard drive. All unallocated space and relevant data was zeroed out, meaning the computer's hard drive had been wiped clean and then formatted with NTFS (Microsoft NT File System). Based on the creation time stamp of the Master File Table ("MFT"), it was determined that all files were wiped clean on or prior to August 22, 2005 and the drive was formatted on August 22, 2005.

6. In my capacity as Senior Forensic Analyst, I am aware that when Motorola deactivates access to its network and servers, as I understand it deactivated Rein's access in or about April 2004, this would neither render the laptop totally "disabled" nor prevent Rein from using the computer's hard drive. That is, Rein could have used other available servers, such as non-Motorola email providers' servers, as well as non-Motorola software and programs, via the laptop's hard drive, even after his access to Motorola's servers had been deactivated.

Signed under the pains and penalties of perjury this 16th day of November, 2005.

*Charles Lehwald*

Subscribed and sworn to under the penalties of perjury,
before me this 16th day of November, 2005.

*Susan A. Kane*
Notary Public
My Commission Expires:
3/25/2009

"OFFICIAL SEAL"
SUSAN A. KANE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/25/2009

2

BO1 15747105.2