UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN,                         ) | |
|               Plaintiff,       ) | |
| v.                                   ) | Civil Action No. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,        ) | |
|               Defendants.      ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE**

The Plaintiff, Jay S. Rein ("Rein") hereby moves for leave to file a brief response to the Defendants' Reply to Plaintiff's Opposition to the Motion to Compel Plaintiff's Continued Deposition and for Sanctions ("Defendants' Reply"). Such a response is unfortunately necessary to respond to certain misrepresentations of fact contained in the Defendants' Reply, including:

(i) Defendants' assertion that at the time of Rein's second day of deposition both parties were "fully aware" that there was material on Rein' laptop that "was likely to lead to further questioning [of Rein]." See Defendants' Reply, pg. 2.

(ii) Defendants' efforts to mislead the Court by implying that there were discussions either before or during Rein's second day of deposition about Motorola reserving "its rights to reconvene the deposition for questioning regarding this overdue discovery". See Defendants' Reply, pg. 2. In fact, the only such discussions that took place occurred approximately one month after the conclusion of Rein's deposition.

(iii) Defendants contend that additional deposition testimony is necessary because it is unclear what relevant documents were stored on Rein's computer. See Defendants' Reply, pg. 3. Rein has

        already been thoroughly questioned on the documents stored in his computer.  Further testimony will not yield additional information.

(iv)    Defendants contend that they were "forced" to hire an outside consultant to examine Rein's computer because "Rein offered no plausible explanation" for the missing data.  See Defendants' Reply, pg. 4. However, it appears that Motorola hired this outside expert before it had even notified Rein that data was missing from his computer.

WHEREFORE, the Plaintiff respectfully requests that this Motion be allowed and the Plaintiff be granted leave to file a brief Response.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
Law Offices of John Coster
92 State Street, Suite 900
Boston, MA 02109
(617) 423-2224

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for the defendants by first class mail, postage pre-paid on November 21, 2005.

/s/ John G. H. Coster

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1 on November 18th, 2005 counsel for Rein conferred with counsel for Motorola concerning his intention to file this Motion.

/s/ John G. H. Coster

2