UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAY S. REIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-12580 NG |
| | ) | |
| MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS'
MOTION TO COMPEL PLAINTIFF'S CONTINUED
DEPOSITION AND FOR SANCTIONS**

The Plaintiff, Jay S. Rein ("Rein" or the "Plaintiff") hereby files this Sur-Reply to the Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Compel ("Defendants' Reply"). Plaintiff's Sur-Reply is necessitated by certain misrepresentations contained in the Defendants' Reply and will confine itself to responding to these inaccuracies.

    1.    <u>The Defendants insisted that Rein's deposition go forward knowing that he had not yet returned Motorola's computer.</u>

In their Reply the Defendants contend that:

> Plaintiff and his counsel scheduled, and proceeded with, [Rein's] deposition *fully aware* that the discovery they tardily produced that morning (in the form of Motorola's laptop) necessarily could not be explored in detail … and therefore, was likely to lead to further questioning. Indeed, the parties discussed and agreed that Motorola would reserve its right to reconvene the deposition for questioning regarding this overdue discovery, which agreement they ultimately memorialized in their Joint Motion governing discovery.[1]

---

[1] Defendants' Reply, pg. 2 (Emphasis in original).

First, it should be noted that by attempting to characterize Rein's return of the laptop computer as "overdue discovery", the Defendants are essentially re-writing history. The only discovery request the computer is arguably responsive to is Request No. 8 of Defendants' First Request for Production of Documents. This Request seeks "all documents, items, objects and effects that [Rein] took with [him] from Motorola following his termination". Because the Request was clearly overbroad, it was objected to by the Plaintiff and no documents or items were produced in response to it.[2] Significantly the Defendants have never sought to compel the Plaintiff to produce any "items or objects" responsive to this Request.

In fact, both parties originally viewed the laptop as Motorola's <u>property</u>, not an item relating to discovery. Thus, when Defendants' counsel demanded Rein return the computer she did so on the grounds that "Motorola policy requires employees to return <u>Motorola property</u> upon separation from employment."[3] Only after Motorola decided to seek sanctions against Rein for spoliation have the Defendants attempted to characterize this computer as a source of relevant information and its return as a discovery obligation.

Second, Motorola contends that Rein voluntarily proceeded with his deposition "fully aware" that the material contained on his laptop was likely to lead to further questioning. The Defendants offer no explanation of how they are able to ascertain what Rein's state of mind was when he resumed his deposition. In fact, at the time Rein had absolutely no idea that there was a possibility that the Defendants would demand that he return to Boston on a third occasion to answer questions about his laptop computer.

---

[2] Plaintiff's Responses and Objections to Defendants Request for Documents, attached as Exhibit 6 to Plaintiff's Opposition to Defendants' Motion to Compel.
[3] August 16, 2005 letter from Kristin McGurn ("McGurn") to John Coster ("Coster"), attached as Exhibit 7 to Plaintiff's Opposition. (emphasis added).

2

Moreover, it is clear from Defendants own conduct that they did not anticipate requiring Rein to return to answer questions about the computer. Thus, as previously pointed out, at the end of the day Defendants counsel specifically indicated that she had "no further questions for this witness".[4]   Surely, if Defendants' counsel anticipated having additional questions for Rein, she would have reserved her rights to resume this deposition once Motorola had completed its review of the computer.

Third, Motorola clearly implies that <u>during Rein's deposition</u> the parties discussed reconvening the deposition to question him about the contents of his computer. That did not happen. The <u>first time</u> Defendants' counsel raised this possibility was approximately one month later when she indicated that the Defendants wished to reserve their right to question Rein about "information retrieved from Motorola's laptop" in a Joint Motion for Extension of Discovery Deadline being prepared by the parties.[5]

Finally, the Defendants contend that because Rein agreed to go forward with his deposition before Motorola had reviewed the contents of his computer, rather than postponing his deposition, he cannot now complain about having to return to Boston for a third day of deposition testimony. In making this argument the Defendants conveniently ignore the fact that Rein's deposition went forward at their insistence, and that the Plaintiff had little choice in the matter. The Defendants made it very clear that unless Rein immediately made himself available, they would refuse to go forward with any of the previously scheduled depositions noticed by the Plaintiff. Thus, Rein had only two choices, he could either comply with the Defendants' demands or he could refuse, file a

---

[4] Deposition of Jay Rein, Vol. 2, dated August 26, 2005, pg. 588, attached as Exhibit 10 to Plaintiff's Opposition.
[5] Even here, the underlying assumption was that the Defendants would only seek additional testimony from Rein if additional information was in fact retrieved from the laptop computer.

3

motion to compel, and hope the Court ordered the Defendants to go forward with the depositions Rein had previously scheduled. Little did Rein realize when he agreed to cooperate with the Defendants and, at great inconvenience, make himself available for the resumption of his deposition, that he would subsequently be blamed for Motorola's inability to question him about the contents of his laptop.

    2.    <u>The Defendants have failed to show why they need to depose Rein</u>

The Defendants contend that, notwithstanding two prior days of questioning they are entitled to depose Rein about how the documents on the hard drive of his computer were destroyed. Unfortunately, Rein has no substantive information on this issue. He simply does not know how this information was destroyed.

The Defendants contend that these denials "lack credibility and are incomprehensible".[6] However, the fact that the Defendants do not find Rein's denial credible does not explain why they need to depose him. Forcing Rein to fly to Boston so that he can orally deny responsibility for the apparent damage to the hard drive of his computer will clearly not make these denials more "credible" or more "comprehensible" to the Defendants.

    3.    <u>The Defendants have been unable to identify any relevant information that was destroyed</u>

In their Reply the Defendants state that they are "simply not satisfied with Plaintiff's counsel's speculation that there is 'almost no chance' that relevant documents were housed on the laptop's hard drive…".[7] It appears that the Defendants misunderstand the burden of proof. It is the Defendants who are accusing Rein of spoliation and seeking serious sanctions against him for the destruction of relevant evidence. It hardly seems

---

[6] Defendants' Reply, pg. 3.
[7] Defendants' Reply, pg. 3.

4

unreasonable to insist that, as the moving party, the Defendants identify some relevant evidence that has actually been destroyed. This is particularly true in light of the fact that they have already questioned Rein extensively on the contents of the hard drive. Yet, to date the best the Defendants have been able to do is to argue that they are unconvinced by the substantive facts presented by the Plaintiff that demonstrate that no relevant information has been lost.

    4.    <u>Motorola was not "forced" to hire an outside consultant by Rein's lack of cooperation</u>

In an effort to hold Rein responsible for a substantial fee it paid to an outside consultant to examine the Rein's computer Motorola argues that it was "forced" to hire this consultant because of Plaintiff's failure to offer a plausible explanation of how his hard drive was damaged.[8] Once again, the Defendants are misleading the Court.

It appears that Motorola shipped the computer to an outside computer consultant (Kroll) on or about September 30, 2005.[9] Yet, the Defendants did not contact Rein to request that he provide an explanation of how the computer's hard drive had been damaged until October 14, 2005, well after Kroll had completed its investigation.[10] Motorola's contention that its decision to hire an outside consultant was necessitated by Rein's lack of cooperation is therefore false, and its efforts to hold Rein responsible for these costs yet another example of its bad faith.

Conclusion

The Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions has nothing to do with the Plaintiff's underlying claims. The Defendants want

---

[8] Defendants' Reply, pg. 4.
[9] Evidence Seizure Form, attached as Exhibit 9 to Plaintiff's Opposition.
[10] October 14, 2005 letter from McGurn to Coster, attached as Exhibit 11 to Plaintiff's Opposition.

to depose Plaintiff solely because of the hardship they know it imposes on him. They are seeking sanctions for damage that apparently occurred to Rein's computer even though they suffered no prejudice as a result of this damage. Given that this Motion itself has been brought in bad faith, it should come as no surprise that the underlying arguments used to support it are themselves false and misleading. Motorola has already required Rein to incur substantial legal fees simply to respond to this groundless Motion. It would be a gross injustice to grant the Defendants' Motion. Requiring Rein to incur further expenses and inconvenience for a third day of deposition testimony would be profoundly unfair; and compelling him to reimburse Motorola for the costs it incurred as a result of its own bad faith would be an outrage.

WHEREFORE, the Plaintiff respectfully requests that the Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions be denied; that the Defendants be precluded from seeking further sanctions against the Plaintiff for spoliation; and that the Plaintiff be awarded his costs in opposing this Motion.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, MA 02109
(617) 423-2224

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for the Defendants by first class mail, postage pre-paid on November 29, 2005.

/s/ John G. H. Coster
John G. H. Coster

6