UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., CLYDE )<br>KOFMAN, and JUERGEN )<br>STARK, )<br>)<br>Defendants. )<br>) | Civil Action No. 04-12580 NG |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANTS' MOTION TO ENLARGE TIME

The Plaintiff, Jay S. Rein ("Rein") opposes the Defendants' Motion to Enlarge Time and extend the previously agreed to deadlines in this case on the following grounds:

1.   On March 4, 2005 the parties filed their Joint Statement Pursuant to Local Rule 16.1(D) (the "Joint Statement").  In the Joint Statement Rein and each of the Defendants agreed that all dispositive motion were to be filed by October 31, 2005.

2.   At the Defendants' request the deadline for filing dispositive motions was subsequently extended an additional thirty (30) days, giving the Defendants until November 30, 2005 to file a motion for summary judgment.

3.   Having already obtained one 30 day extension of this deadline, on November 30, the day their summary judgment motion was due, the Defendants filed this Motion, seeking an additional five week extension to file their summary judgment motion.  Defendants have offered no explanation why they waited until the last possible

moment to seek this extension, particularly when they filed their Motion to Compel, which they now argue necessitates this extension, a month earlier.

4.      Ordinarily, as a matter of professional courtesy, the Plaintiff would have no objection to providing the Defendants with additional time to prepare any dispositive motion they wish to file, so long as there were legitimate reasons for the Defendants needing additional time and the Plaintiff was not prejudiced by the granting of the request. In the instant case, neither of these prerequisites is satisfied.

5.      Defendants contend that a ruling on their pending Motion to Compel the Plaintiff's Deposition and for Sanctions (the Motion to Compel") may "impact the parties' submissions in connection with the motion for summary judgment". (Defendants' Motion to Enlarge Time, ¶1). This contention does not withstand scrutiny.

6.      Defendants' Motion to Compel seeks permission to take additional deposition testimony from Rein on a very limited issue - whether he intentionally destroyed potentially relevant evidence contained on a laptop computer in his possession. This testimony has absolutely no bearing on the Plaintiff's underlying discrimination, retaliation, breach of contract/promissory estoppel and intentional interference with advantageous relations claims. In fact, the Plaintiff's alleged destruction of this information occurred approximately ten months after he brought suit against the Defendants and more than a year and a half after his employment was terminated.

7.      Similarly, the sanctions sought against the Plaintiff are purely monetary and consist of reimbursing the Defendants for certain expenses they have incurred as a result of the alleged destruction of this information.

8.  Thus, even if the Court were to grant the Defendants' Motion to Compel in its entirety, this ruling will have no impact on whether summary judgment should be granted on any of the underlying claims set forth in the Plaintiff's Complaint.

9.  The Plaintiff would also be substantially prejudiced by the allowance of this Motion. This case is scheduled for trial on February 13, 2006. If the Defendants are given until January 6, 2006 to file their summary judgment motion, the Plaintiff's Opposition would be due on February 6th,[1] and there would be no time for the parties to file either reply or sur-reply briefs, much less for the Court to rule on Defendants' summary judgment motion before trial. Defendants are therefore also proposing that the trial date be postponed two to three months, which would substantially prejudice the Plaintiff.

10. Moreover, Plaintiff's counsel currently has a final pre-trial conference on March 28, 2006 in *Ghantous v. Stone & Webster,* Case No. 00-2142(PJW) a case currently pending in the United States Bankruptcy Court for the District of Delaware, and is scheduled to commence trial in this case on April 4th. The anticipated duration of this trial is approximately ten days, possibly longer. Counsel represents Mr. Ghantous in this action. It would therefore be extremely problematic for Rein's counsel, who is a solo practitioner, if this Court were to grant Defendants' Motion and schedule this trial so that it immediately preceded, conflicted with, or immediately followed the trial in *Ghantous.*

---

[1] The Defendants actually propose that Rein be given until February 3rd to file his Opposition, which is less than 30 days, while the Defendants, who have already received a one month extension, are given an additional five weeks to file their summary judgment motion.

3

WHEREFORE, the Plaintiff respectfully requests that the Defendants' Motion to Enlarge Time be denied.

                JAY S. REIN

                By his attorney,

                /s/ John G. H. Coster
                John G. H. Coster
                (BBO #101450)
                92 State Street, Suite 900
                Boston, Massachusetts 02109
                (617) 423-2224

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each of the Defendants by first class mail, postage prepaid on December 5, 2005.

                /s/ John G. H. Coster
                John G. H. Coster