

# SEYFARTH SHAW LLP
ATTORNEYS

Writer's direct phone
617-946-4858

Writer's e-mail
kmcgurn@seyfarth.com

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

January 2, 2006

Maryellen Molloy
Clerk of the Court
United States District Court
For the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

      Re:    Rein v. Motorola, Inc., et al.
               Civil Action No. 04-12580

Dear Ms. Molloy:

      As we discussed before the holiday, I write to seek clarification regarding the Court's termination of Defendants' Motion to Enlarge on December 29, 2005, and its relationship with the Court's Order on Defendants' Motion to Compel, issued on the same date.

      Defendants filed their Motion to Compel ("Motion") on October 31, 2005. In the Motion, Defendants sought to compel additional deposition testimony of the Plaintiff regarding evidence destroyed from a Motorola laptop in his possession, as well as sanctions. On November 30, 2005, Defendants had not yet received a ruling on the Motion and therefore filed a Motion to Enlarge by which they requested to postpone filing their Motion for Summary Judgment. Defendants proposed a schedule that sought to accommodate both a future ruling on the Motion to Compel as well as the completion of the requested additional testimony, if ordered, prior to filing Summary Judgment papers.

      On December 29, 2005, this Court granted Defendants' Motion to Compel, ordered the Plaintiff's deposition to resume, and deferred resolution of Defendants' request for additional sanctions until the deposition is completed. The Court also terminated Defendants' Motion to Enlarge. In the Order on the Motion to Compel, however, the Court granted the enlargement and "adopted the new deadlines outlined therein." Those deadlines, proposed over a month ago, would require Defendants to file the dispositive motion this Friday, only a week after the ruling on the Motion and prior to completing the plaintiff's continued deposition. Such a result would be inconsistent with the relief requested in Defendants' Motion to Enlarge, which the Court granted. In addition, such a schedule would deprive Defendants of the opportunity to evaluate all discovery (including Plaintiff's continued deposition) prior to finalizing their dispositive

BRUSSELS WASHINGTON, D.C. SAN FRANCISCO SACRAMENTO NEW YORK LOS ANGELES HOUSTON CHICAGO BOSTON ATLANTA



Maryellen Molloy
January 2, 2006
Page 2

motion. Accordingly, as you suggested, I incorporate below a revised proposed schedule for the Court's consideration.

| | |
|---|---|
| Within 30 days of Plaintiff's continued deposition, which shall be completed not later than January 30, 2006 | All dispositive motions with supporting documents shall be served and filed on or before this date. |
| Within 30 days of filing Defendants' Motion for Summary Judgment | Oppositions to dispositive motions shall be served and filed on or before this date. The parties reserve their rights to request leave of this Court to submit reply briefs and/or sur-reply briefs |
| Within 30 days of the ruling on dispositive motions. | Plaintiff shall disclose expert(s) and produce expert report(s) by this date and Defendants shall disclose expert(s) and produce expert report(s) 30 days thereafter. |
| Within 45 days of the last disclosure of expert(s) and production of expert report(s) | The parties shall complete expert discovery by this date, including, without limitation, deposition(s) of experts. |
| Within 60 days of the close of expert discovery, if any. | Proposed start date for Trial.[1] |

Thank you for you attention to the foregoing.

Very truly yours,

SEYFARTH SHAW LLP

Kristin G. McGurn

cc:    Richard L. Alfred

---

[1] At the parties' November 7, 2005 status conference, the Court set a trial date of February 13, 2006. This date was set well before commencement of the extended briefing schedule on the Motion, and prior to the ruling on that Motion. It did not account for the Plaintiff's continued deposition or the parties' reservation of the right to conduct expert discovery, if necessary, as outlined in the parties' endorsed Joint Motion [Electronic Clerk Notes dated 11/8/05]. The proposed deadlines set forth herein should result in a change to the trial date to account for full briefing and a determination on summary judgment in advance of trial. Defendants propose that the trial be commenced in May or June 2006.