# JOHN G. H. COSTER
Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                                                                          Fax  (617) 338-0919

January 4, 2006

Maryellen Molloy
Clerk of Court
United States District Court
For the District of Massachusetts
1 Courthouse Way
Boston, Massachusetts 02210-

       Re:   *Rein v. Motorola, et al*
                Civil Action No. 04-12580 NG

Dear Ms. Molloy:

      The purpose of this letter is to request a clarification of the Judge's December 29, 2005 Order.

      On October 31, 2005 the Defendants' filed a Motion to Compel Plaintiff's Continued Deposition and For Sanctions.  In this Motion, the Defendants stated that they sought to "compel the continued deposition of the Plaintiff, Jay Rein ("Rein") for the limited purpose of inquiring into his conduct with respect to a Motorola laptop computer that he …..returned".

      The Court granted the Defendants' Motion, in part, on December 29, 2005, ruling that, "It could not be said that the defendants were given a fair opportunity to question plaintiff with regard to the laptop computer at the initial deposition".

      Based on the foregoing, it is the Plaintiff's understanding that, when Mr. Rein's deposition resumes the scope of the Defendants' inquiry is limited to two issues: (i) what, if anything, does Mr. Rein know about the damage that apparently occurred to the laptop computer's hard drive; and (ii) what business related information was contained on the hard drive.

      However, the Court does not specifically delineate the scope of the deposition in its Order and Plaintiff's counsel is concerned that the Defendants intend to engage in a far broader inquiry.  This concern arises out of counsel's efforts to schedule a mutually convenient time for the resumption of Mr. Rein's deposition.  Thus, in an effort to work around business Mr. Rein has in Connecticut on January 12th, counsel offered to make Mr. Rein available on either the afternoon of the 11th, or the morning of the 13th for up

to five (5) hours of testimony, but advised counsel that he could not commit to a full day. Although Defendants' counsel was available on the 13th, she insisted that unless Mr. Rein was available for a full eight (8) hours, she would not go forward and would instead file another motion with the Court, presumably to seek additional sanctions.

Given the extremely limited scope of this deposition (at least as the Plaintiff understands it) it is impossible to understand how the Defendants could require in excess of five hours to complete Mr. Rein's deposition. Counsel's insistence that she may need eight (8) hours to depose Mr. Rein can only mean that she does not intend to conduct a good faith examination or that her interpretation of the scope of this deposition is far broader than that of Plaintiff's counsel. Clarification of the Court's Order would therefore be helpful to prevent a dispute from occurring while the deposition is being taken.

In addition, Plaintiff respectfully requests that, as part of this clarification, the Court impose a reasonable time limit on the deposition itself. Such a limitation would foreclose further disputes between the parties. Moreover, Plaintiff believes such a limitation is necessary to protect him from deliberate abuse by the Defendants. In particular, since one of the sanctions the Defendants are seeking against the Plaintiff is to be reimbursed for the cost of the deposition itself, there is the fear that the Defendants', who have far greater resources than the Plaintiff, will deliberately run up these costs. A reasonable limitation on the length of the deposition would protect the Plaintiff from such abuse, foreclose further controversy and still provide the Defendants with the opportunity to conduct a "fair examination".

Thank you for your attention.

Very truly yours,

John G. H. Coster