UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN                                ) | |
| Plaintiff,  ) | |
| v.                                 ) | CIVIL ACTION NO. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN ) and JUERGEN STARK            ) | **TELEPHONIC SCHEDULING CONFERENCE REQUESTED** |
| Defendants.  ) | |

## DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

The Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants") hereby move to amend this Court's January 4, 2006 Amended Scheduling Order to enlarge the time for filing motions for summary judgment, and certain other deadlines in this case, as set forth below. This motion does not contemplate or require a change in the trial date, scheduled for September 2006. As grounds for this motion, Defendants state as follows:

1. In response to this Court's Memorandum and Order on Defendants' Motion to Compel Continued Deposition and For Sanctions, dated December 29, 2005 (the "Order"), Motorola obtained continued deposition testimony from the Plaintiff on January 13, 2006.

2. Having reviewed Plaintiff's continued deposition testimony, and as contemplated by the Order, Defendants intend, and are preparing, to renew their Motion for Sanctions ("Motion"). A ruling on the Motion may impact Defendants' submission in support of their motion for summary judgment.

3. Following Plaintiff's continued deposition, his counsel suggested that he may attempt to pursue additional discovery from Motorola, its information technology department, its external computer forensics expert, and possibly others including an expert retained by the

Plaintiff, concerning the laptop computer that is the subject of the Motion. On February 23, 2006, Plaintiff's counsel served deposition notices and requested documents and additional information from Motorola. Plaintiff proposes to conduct the depositions in late March. Defendants have objected to the requested discovery, and contend that if such discovery is pursued and permitted then it also may impact Defendants' submission in support of their motion for summary judgment.

2. Based on the foregoing, Defendants request additional time to file their summary judgment papers, to permit the Motion to be briefed and decided before their summary judgment submissions must be filed.

3. Should the Court grant Defendants' Motion to Amend Scheduling Order, the deadlines in this case would be as follows:

| | |
|---|---|
| March 31, 2006 | All dispositive motions with supporting documents shall be served and filed on or before this date. |
| April 30, 2006 | Oppositions to dispositive motions shall be served and filed on or before this date. The parties reserve their rights to request leave of this Court to submit reply briefs and/or sur-reply briefs |
| Within 30 days of the ruling on dispositive motions. | Plaintiff shall disclose expert(s) and produce expert report(s) by this date and Defendants shall disclose expert(s) and produce expert report(s) 30 days thereafter. |
| Within 30 days of the last disclosure of expert(s) and production of expert report(s) | The parties shall complete expert discovery by this date, including, without limitation, deposition(s) of experts. |
| Pretrial Conference Scheduled | 9/20/06 2:30 p.m. |
| Trial Scheduled | 9/25/06 9:00 a.m. |

WHEREFORE, the Defendants request that the period for filing motions for summary judgment be enlarged, and that certain additional deadlines in the Court's Scheduling Order be extended, as set forth above.

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN,
and JUERGEN STARK,

By their attorneys,

/s/ Kristin Glennan McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel for the Defendants hereby certifies that she conferred with counsel for the Plaintiff on February 28, 2006, and although counsel for the Plaintiff did not assent to the instant Motion he indicated that may not oppose it.  Accordingly, the parties were not able to resolve all issues concerning the instant Motion..

/s/ Kristin G. McGurn

---

Certificate of Service

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA  02109 on February 28, 2006.

/s/ Kristin G. McGurn

---