UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE ) | |
| KOFMAN, and JUERGEN ) | |
| STARK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION
OF CHARLES LEHWALD, THE DEPOSITION OF MOTOROLA
(PURSUANT TO RULE 30(b)(6)), AND THE PRODUCTION
OF THE LAPTOP COMPUTER USED BY REIN**

Now comes the Plaintiff in the above entitled action, Jay S. Rein ("Rein") and hereby moves for an Order compelling Defendant Motorola ("Motorola") to: (i) make its employee, Charles Lewhald available for deposition on March 28, 2006, or a mutually agreeable date thereafter; (ii) designate, pursuant to Fed. R. Civ. P. 30(b)(6), one or more employees to respond to Plaintiff's Notice of Deposition of Motorola, on March 29, 2006, or a mutually agreeable date thereafter; and produce those documents in its possession that are responsive to Exhibit A, attached to the Notice of Deposition; (iii) permit Rein to take these depositions telephonically, pursuant to Fed. R. Civ. P. 30(b)(7); and (iv) produce the laptop computer used by Rein while he was an employee of Motorola, so that one or more experts retained by Rein may examine the laptop and/or attempt to recover any data stored on its hard drive.

As set forth more fully in the accompanying Memorandum of Law, Rein is entitled to this relief because:

(a) Motorola has refused to cooperate voluntarily with this discovery;

(b) Motorola has accused Rein of intentionally destroying relevant information contained on his laptop computer, is currently seeking significant monetary sanctions against Rein, and has reserved the right to seek further sanctions against him based on his alleged conduct.

(c) Motorola has supported its underlying accusations against Rein (which Rein denies) with the Affidavit of Charles Lehwald and the report of an outside expert Motorola retained to examine the laptop computer;

(d) Motorola has been granted the opportunity to engage in additional discovery to try to bolster its accusations against Rein;

(e) The additional discovery requested by Rein is necessary to enable him to respond to and defend himself against the wrongful accusations of Motorola.

(f) Motorola will not be prejudiced in any way by the allowance of this Motion.

WHEREFORE, Rein respectfully requests that his Motion be granted and that he be afforded the relief outlined above.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Pursuant to Fed. R. Civ. P. 37(a)(2), L.R. 7.1(A)(2) and L.R. 37.1, on February 2nd, 23rd and 28th I conferred with Kristin McGurn, counsel for Motorola in a good faith effort to resolve or narrow the issues raised in the instant Motion. Plaintiff's and Defendants' counsel were unable to come to an agreement regarding the Plaintiff's Motion.

/s/ John G. H. Coster

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above document was served upon the attorney of record for each other party by first class mail, postage prepaid on March 10, 2006.

/s/ John G. H. Coster