## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

**JAY S. REIN,**                    )
                                    )
                                    )
        **Plaintiff,**              )
                                    )
**v.**                              )        **Civil Action No. 04-12580 NG**
                                    )
**MOTOROLA, INC., CLYDE**           )
**KOFMAN, and JUERGEN**             )
**STARK,**                          )
                                    )
        **Defendants.**             )
_____)

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
### TO COMPEL THE DEPOSITION OF CHARLES LEHWALD,
### THE DEPOSITION OF MOTOROLA (PURSUANT TO RULE 30(B)(6))
### AND THE PRODUCTION OF THE LAPTOP USED BY REIN

### Introduction

This is a Motion necessitated by the Defendants' accusation that the Plaintiff improperly destroyed relevant information contained on a laptop computer in his possession, and their demand that the Plaintiff be sanctioned for such conduct. The Plaintiff, who has steadfastly denied any wrongdoing, seeks additional discovery so he may fully respond to these wrongful accusations. The Defendants oppose this discovery, notwithstanding the fact that they themselves were permitted to conduct additional discovery on this issue, solely because they wish to deprive the Plaintiff of the opportunity to defend himself.

### Facts

On or about March 3, 2005, the Defendants served their First Request for Production of Documents (the "Document Request") on the Plaintiff. Request No. 5 of

the Document Request sought "all documents, items, objects and effects you took with you from Motorola following your termination."  In his response, the Plaintiff objected to this Request on the grounds that "it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."[1]  To date, the Defendants have never filed a Motion to Compel the Plaintiff to produce any documents or items responsive to this Request.

On August 16, 2005 Motorola deposed the Plaintiff.  During this deposition Rein testified that he still had in his possession a laptop computer issued to him by the company.[2]  He further testified that in approximately March of 2004 Motorola deactivated the laptop and since then he has been unable to access the computer's hard drive or use any of its functions.[3]  He readily conceded that the computer was Motorola's property and <u>volunteered</u> to return it to the company.[4]

Neither Rein (nor his counsel) saw the return of the computer as fulfilling an outstanding discovery obligation.  In fact, as had been made clear in Rein's deposition testimony, to the extent that the computer contained any potentially relevant information, that information would have also been stored on Motorola's servers or contained in hardcopy form within Motorola's files.  Rein agreed to return the computer to Motorola because it was uncontested that it was the company's property.

---

[1] For the record, the Plaintiff continues to believe this objection was meritorious because read literally, the request required the Plaintiff to produce every single document in his possession relating to Motorola and every item and object he purchased while working for Motorola for which he was reimbursed.  As such the request was clearly overbroad.
[2] Deposition of Jay S. Rein (the "Rein Deposition"), Volume 1, pgs. 36-37, attached as Exhibit 4 to Plaintiff's Opposition to Defendants' Motion to Compel and for Sanctions.
[3] Rein Deposition, Vol. 1, pgs. 33-35.
[4] Rein Deposition, Vol. 1, pgs. 42-43.

Approximately ten days later, Rein returned to the offices of Defendants' counsel for the resumption of his deposition, bringing with him the laptop computer, which he turned over to counsel.

At some point after Defendants' counsel received the computer, she forwarded it to Motorola, where it eventually ended up in the hands of Charles Lehwald ("Lehwald"), one of the individuals the Plaintiff is seeking to depose.  According to the Affidavit he submitted in support of Defendants' Motion for Sanctions, Lehwald "oversaw the initial review of a Motorola laptop used by the Plaintiff".[5]  As part of his review, Lehwald "inspected the laptop … [and] determined that the hard drive had been removed from the computer and damaged, and the data stored on the laptop's hard drive was unrecoverable".[6]   Lehwald then engaged an outside expert (Kroll Ontrack) to further examine the computer and to attempt to recover information from the hard drive.[7]

Lehwald shipped the hard drive to Kroll Ontrack with instructions to "recover a full image copy" of the hard drive.[8]  Lehwald futher advised Kroll Ontrack that it "was not to perform any additional analysis of this physical drive or to repair the original physical disk that will be provided".[9]

After completing its analysis, Kroll Ontrack observed that there was no external damage to the hard drive, but that the drive "had internal mechanical problem, bad heads

---

[5] Affidavit of Charles Lehwald (the "Lehwald Affidavit"), ¶3, submitted by the Defendants in support of their Motion to Compel Deposition and for Sanctions.
[6] Lehwald Affidavit, ¶4.
[7] Lehwald Affidavit, ¶5.
[8] MPS INCD2005-06-0001 Final Report, pg. 5, attached as Exhibit I to the Affidavit of Kristen McGurn, submitted in support of Defendants' Motion to Compel and for Sanctions.
[9] Id.

and one bad sector".[10]  Kroll Ontrack also concluded that "structurally the drive image is fine but there are very few file records in the MFT and no others located on the drive".[11]

Upon receiving this report back from Kroll Ontrack, Motorola's counsel wrote the Plaintiff a letter stating that she had "received confirmation from a third party forensic computer expert that, as we had suspected, Mr. Rein tampered with the hard drive on Motorola's laptop computer".  She accused him of deliberately damaging the hard drive and rendering its data unrecoverable.[12]  This letter was followed in short order by a Notice of Deposition, and then a Motion to Compel and for Sanctions.

On December 29, 2005 the Court granted Defendants' Motion, in part, ruling that the Defendants could depose the Plaintiff for a third time and question him about what information had been stored on his laptop computer and whether he had deliberately attempted to delete or destroy any data.  Although the Court declined to rule on Defendants' request for sanctions, it did indicate that, "absent a credible explanation" for how the hard drive was damaged, monetary sanctions should be imposed on the Plaintiff.

The Plaintiff's deposition went forward on January 13, 2006.  During this deposition the Plaintiff was questioned extensively about whether he had used his laptop since his departure from Motorola.  He was also asked about whether he had tampered with the laptop or attempted to delete information stored on the hard drive.  In response to these questions, the Plaintiff reaffirmed his earlier testimony that, after he refused to accept Motorola's severance package and sign a release, the company deactivated his computer, rendering it inoperable.

---

[10] Id. at pg. 9.
[11] Id.
[12] Letter from Kristin McGurn to John Coster, dated October 14, 2005, attached as Exhibit 11 to Plaintiff's Opposition to Defendants' Motion to Compel Deposition and for Sanctions.

The Plaintiff also admitted that, several days before he returned the computer to Motorola he recharged it and, "out of curiosity" attempted to reboot it.[13]  However, the Plaintiff confirmed that the laptop remained disabled and that when he turned it on, the only thing he got was a "blue screen".[14]  The Plaintiff vehemently denied ever tampering with the computer or attempting to delete any information from the hard drive.[15]

At the conclusion of the Plaintiff's deposition, his counsel requested Motorola to return the laptop computer so that Plaintiff could have his own expert examine it, confirm that all the data stored on the hard drive had been deleted, attempt to ascertain when and how the data was deleted, and, potentially, to recover some or all of the missing data. Defendants' counsel stated that she was on vacation the following week, but would discuss this request when she returned.

After Defendants' counsel returned from vacation and did not get back to him, counsel for the Plaintiff renewed his request, in writing.  In this letter the Plaintiff requested that the Defendants provide a convenient date for the deposition of Charles Lehwald, and suggested that this deposition be taken telephonically.[16]  Eight days later, on February 10th, Defendants' counsel responded to this letter, but only to confirm that she was "discussing each of your specific requests" with her client.

By February 15th, Defendants had still not responded to Plaintiff's requests. Plaintiff's counsel therefore wrote another letter noting that he had still not received any response from the Defendants, although it had been one month since he first requested

---

[13] Rein Deposition, Vol. 3, pg. 758.
[14] Rein Deposition, Vol. 3, pg. 760.
[15] Rein Deposition, Vol. 3, pgs. 769-770.
[16] Letter from John Coster to Kristen McGurn, dated February 2, 2006, attached hereto as Exhibit A.

the return of the laptop and nearly two weeks since his follow up letter.  Counsel gave the Defendants until February 17th to respond to his pending requests.[17]

On February 17th, Defendants' counsel finally responded to Plaintiff's discovery requests.  Incredibly, although Plaintiff had requested the return of the laptop over a month ago, and Defendants' counsel had ostensibly been "discussing" Plaintiff's requests with her clients for over two weeks, she informed the Plaintiff that she could not evaluate these requests without additional information.  Specifically she suggested that Motorola was unable to decide if it would voluntarily return the computer unless it knew what experts had been retained by the Plaintiff, and could not evaluate Plaintiff's request to depose Lehwald and Motorola until it was actually served with the notices of deposition.

Plaintiff's counsel responded to this letter on February 23rd by declining to give Motorola what amounted to the power to veto his selection of experts.  Counsel also enclosed Notices of Deposition for Charles Lehwald and Motorola, as Motorola had requested.[18]

On February 27th Defendants confirmed their refusal to return the laptop computer and objected to Plaintiff's Notices of Deposition on the grounds that "they are vague, overbroad, duplicative, unduly burdensome and expensive, harassing and … not reasonably calculated to lead to the discovery of admissible evidence".

---

[17] Letter from John Coster to Kristin McGurn, dated February 15, 2006, attached hereto as Exhibit B.
[18] Letter from John Coster to Kristin McGurn, dated February 23, 2006, attached hereto as Exhibit C.

## **Argument**

A.    <u>The Plaintiff Is Entitled To Have Its Own Expert Examine The Laptop Computer</u>

The Defendants have accused the Plaintiff of willfully destroying potentially relevant evidence that was stored on his laptop computer. They are currently seeking substantial monetary sanctions. They have also reserved their right to seek additional sanctions relating to the merits of the Plaintiff's claim. The Court has indicated that, absent a credible explanation from the Plaintiff on how the data stored on his computer's hard drive was destroyed, it will impose sanctions. Fairness requires that the Plaintiff be given a reasonable opportunity to defend himself against these accusations, including the opportunity to have his own expert examine the laptop computer - just as the Defendants had the opportunity to retain an expert and have that expert inspect the computer.

Granting the Plaintiff the opportunity to have his own expert examine the laptop is necessary to confirm the observations and test the conclusions of the Defendants' experts. It also insures that the Court will have the opportunity to hear both sides of the story.

For example, at this point in time, the Plaintiff has not even been able to confirm the Defendants' assertion that there is no recoverable data on the hard drive. He has no way of even knowing if the Defendants' have misrepresented the facts.

The Plaintiff is also entitled to have his own expert examine the computer and attempt to ascertain what, if any, damage occurred to the hard drive and what could have potentially caused that damage. He is entitled to find out if the Defendants' experts either intentionally or inadvertently ignored potentially exculpatory evidence that would clear the Plaintiff of wrongdoing. He is entitled to explore whether there are any other

plausible explanations for how the hard drive was damaged.  If the Plaintiff's is denied the opportunity to have his own expert examine the laptop computer the only explanation for the lost data will be the one offered by the hired guns retained by the Defendants.  He will be deprived of expert testimony that could potentially prove, once and for all, that he did not intentionally delete any data from his hard drive.

Although denying this requested discovery will have potentially devastating consequences to the Plaintiff, permitting it will neither inconvenience nor prejudice the Defendants.  The Defendants need only box the computer up, and send it to Plaintiff's counsel.  They will be fully reimbursed for shipping and the computer will be returned to them as soon as Plaintiff's expert(s) have had the chance to examine it.  Notwithstanding the foregoing, the Defendants have objected to returning the computer on the grounds that to do so would be "unduly burdensome".  Clearly, this objection is without merit.

The Defendants also object to this request on the grounds that the discovery sought by the Plaintiff is neither relevant nor reasonably calculated anticipated to lead to the discovery of admissible evidence and designed to harass the Defendants.  The Plaintiff stands accused of deliberately destroying relevant information contained on his computer.  He is facing serious sanctions for this destruction.  To argue that the discovery sought by the Plaintiff, which could clear him of wrongdoing, is irrelevant and being pursued in bad faith, borders on the frivolous.

B.    The Plaintiff Is Entitled To Depose Charles Lehwald

The Plaintiff has also sought to take the deposition of Charles Lehwald.[19] Lehwald is a Senior Forensic Analyst at Motorola.  According to the Afffidavit  Lehwald submitted in support of Defendants' Motion for Sanctions, he "oversaw the initial review"

---

[19] A copy of the Notice of Deposition of Charles Lehwald is attached hereto as Exhibit D.

of the laptop computer used by the Plaintiff.[20]   He is also the individual who initially examined the computer on Motorola's behalf; who "determined that the hard drive had been removed from the computer and damaged"; who initially tried to recover data from the hard drive of the computer; who retained an outside expert to examine the computer; and, who interpreted the results of that examination for Motorola.[21]

Lehwald has also directly challenged the Plaintiff's assertion that his computer was "disabled" in the Spring of 2004, rendering it inoperable.  Thus, Lehwald appears to contend that even though Motorola "deactivated" the Plaintiff's access codes, he was still able to use the laptop for any number of purposes, and he could still access the hard drive.[22]

Based on the foregoing Lehwald obviously has information that is relevant to Motorola's Motion for Sanctions.  It would be fundamentally unfair to permit Motorola to support its Motion based largely on vague and conclusory assertions contained in an Affidavit submitted by Lehwald, but to deny the Plaintiff an opportunity to test those assertions by questioning the affiant.

Moreover, notwithstanding the Defendants' assertion that this discovery is unduly burdensome, the Plaintiff has done everything in his power to minimize any potential burden on the Defendants.  Thus, it appears that Lehwald is located in Libertyville, Illinois.  To eliminate the burden of requiring Lehwald to come to Massachusetts to be deposed, or the burden of requiring counsel to travel to Illinois to conduct this deposition, the Plaintiff has suggested that the deposition be conducted telephonically, pursuant to

---

[20] Lehwald Affidavit, ¶3.
[21] Lehwald Affidavit ¶¶4 and 5.
[22] Lehwald Affidavit ¶6.

Fed. R. Civ. P. 30(b)(7).  The Defendants, who oppose the Plaintiff being permitted to conduct any discovery, have also rejected this suggestion.

C.    Defendants Should Be Ordered To Designate One Or More Employees To Respond To Plaintiff's Rule 30(b)(6) Deposition And To Produce The Documents Set Forth In Exhibit A To The Notice Of Deposition.

The Plaintiff has also served on Motorola a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(5) and (6).[23]  This Notice requests Motorola to designate one or more employees with knowledge of, inter alia.: (i) the company's e-mail system and policies; (ii) the company's ability to "deactivate" laptop computers issued to its employees, including the effect such "deactivation" has on the operation of the computer; (iii) Motorola's ability to remotely download information from the hard drive of a computer connected to its servers; and, (iv) the history of any repairs, upgrades or alterations made to the Plaintiff's computer.

The Defendants have responded to this Notice of Deposition with the same blanket objection they have made to all of the discovery requested by the Plaintiff - that it is vague, overbroad, burdensome, harassing and irrelevant.  However, notwithstanding the Defendants reflexive objection, each topic on which testimony is sought is relevant to an issue raised by the Defendants' motion for sanctions.

Thus, testimony about Motorola's e-mail systems and policies is relevant to confirm that the e-mails the Plaintiff sent to other employees, or received from them, together with any attached files, would not have been stored on his laptop computer, but rather on Motorola's servers.  Any damage that occurred to the Plaintiff's hard drive would therefore not have resulted in the loss of this potentially relevant information.

---

[23] A copy of the Notice of Deposition is attached hereto as Exhibit E.

Similarly, a dispute currently exists between Motorola and the Plaintiff concerning what happened when the Defendants "deactivated" his computer. Deposing someone on this topic will, at the very least, enable the Plaintiff to better understand Motorola's position on this issue, and could potentially reveal inconsistencies or contradictions in its position.

Motorola's ability to download information from the Plaintiff's computer clearly relates to what, if any, prejudice was suffered by the Defendants as a result of the damage that apparently occurred to the Plaintiff's computer. If Motorola had the ability to, and in fact did, download a complete copy of the Plaintiff's hard drive when they deactivated his computer, no data was lost by the subsequent damage that allegedly occurred to the hard drive.

The history of repairs that occurred to the Plaintiff's computer could potentially reveal another explanation for how his hard drive became damaged. It could also provide an alternate explanation for the damaged "pins" Lehwald supposedly observed when he dismantled the computer.

The documents requested by the Plaintiff also relate to each of the above topics and are therefore another potential source of relevant information that the Plaintiff is entitled to have produced.

D.    The Plaintiff Should Be Permitted To Conduct His Depositions Telephonically

Fed. R. Civ. P. 30(b)(7) provides that by stipulation of the parties or by order of the Court, depositions may be taken by telephone. In the instant case, although the Defendants contend that the two depositions noticed by the Plaintiff are unduly burdensome, they are unwilling to agree to conduct these depositions over the phone.

Lehwald appears to be located in Libertyville, Illinois.  Motorola's corporate headquarters are also in Illinois, and therefore it is likely that any individual the company designates to respond to the Plaintiff's 30(b)(6) deposition would also be located there. Conducting these depositions by phone would save the deponents (or counsel),  both the time and the expense associated with traveling out of state.

Moreover, neither side would be prejudiced by employing this more efficient method of conducting the deposition.  The Plaintiff anticipates both of these depositions to be relatively short.  Making the necessary arrangements for a telephone deposition would be straightforward.  A court reporter could be sent to the deponents' offices in Illinois.  And since counsel to both parties are located in Boston, no travel would be required for any of the participants.  There is simply no reason not to grant the Plaintiff's request.

<u>**Conclusion**</u>

As the Plaintiff originally argued in its Opposition to Defendants' Motion to Compel Continued Deposition and for Sanctions, the Defendants do not genuinely believe that the data contained on the Plaintiff's hard drive contains potentially exculpatory evidence.  Rather, the sole purpose of Defendants' Motion for Sanctions has been to pressure the Plaintiff to abandon his claim by requiring him to divert his limited resources away from pursuing the underlying merits, imposing severe economic sanctions on him and endlessly dragging out this litigation.  Sadly, the Defendants have already partially achieved their objectives.  The original trial date has been pushed out nearly six months, while the parties and the Court focus their attention on the Defendants' Motion for Sanctions.  The deadline for filing summary judgment motions has been

extended - twice.  The Plaintiff has been placed in the untenable position of either expending additional sums in discovery to defend himself against Motorola's accusations, or do nothing and face the possibility of sanctions.

Having been placed in this difficult position, the Plaintiff is at least entitled to the opportunity to defend himself by conducting the discovery necessary to show that he has not done what Motorola has wrongfully accused him of.

WHEREFORE, the Plaintiff respectfully requests that his Motion be granted.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for each other party first class mail, postage prepaid on March 10, 2006.

/s/ John G. H. Coster

## Exhibit A

# JOHN G. H. COSTER

Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                              Fax (617) 338-0919

February 2, 2006

Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

> Re:     *Rein v. Motorola, et al*
>         Civil Action No. 04-12580 NG

Dear Kristin:

The purpose of this letter is to follow up on the discussion we had during Mr. Rein's deposition concerning the laptop computer. Could you please contact your client and make arrangements for the computer to be temporarily returned so that we can have our own expert examine the computer, attempt to recover any data that has been lost, and ascertain what caused the destruction of the data in the first place.

I also plan on deposing Charles Lehwald, and an individual to be designated by Motorola, pursuant to F.R. Civ. P. 30(b)(6), who is qualified to answer questions concerning Motorola's e-mail system; and its ability to remotely "deactivate" access to its servers, networks, e-mail, software and programs. Because I suspect that neither Mr. Lehwald nor the person designated by Motorola to answer questions about it's e-mail system reside in Boston, I think the most cost effective way to conduct these deposition will be telephonically, pursuant to Fed. R. Civ. P. 30(b)(7). Can you please provide me with a couple of dates over the next several weeks that you and the witnesses are available?

Finally, in reviewing my earlier discovery, I note that in Plaintiff's First Set of Interrogatories, Interrogatory No. 9 specifically asks the company to:

> Please set forth Motorola's policies or procedures with respect to the retention of electronic mail or other electronic communications, setting forth whether employees' electronic mail is copied, backed up, archived or otherwise stored or retained by Motorola, and if so for how long.

14

Motorola chose not to answer this interrogatory, instead opting to produce documents it claimed were responsive.  However, the only document that appears to even relate to this topic is entitled "Motorola Electronic Communications Policy" (Bates Nos. MI0000405-14).  This document does not fully answer the Interrogatory.  Motorola needs to supplement its answer to provide the information requested, particularly now that it is claiming to have been prejudiced by the alleged loss of information contained on Mr. Rein's computer.

I look forward to hearing from you.

Very truly yours,

John G. H. Coster

<u>Exhibit B</u>

## JOHN G. H. COSTER

Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224

Fax  (617) 338-0919

February 15, 2006

Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

Re:  *Rein v. Motorola, et al*
     Civil Action No. 04-12580 NG

Dear Kristin:

It has now been over one month since I advised you, during Mr. Rein's deposition, that Motorola needed to make arrangements to return the laptop computer so that we could have an independent expert examine it.  It has also been nearly two weeks since I renewed this request by letter, indicated our desire to depose Mr. Lehwald, and requested you supplement your prior document production.

On February 10th you wrote me a letter acknowledging receipt of my February 2nd letter and promising that you "will respond shortly" to each of my requests.  To date, I have received no such response.

None of my requests are either unusual or complex and it is not unreasonable to expect Motorola to respond in a timely fashion.  Moreover, given the upcoming summary judgment deadlines, I am concerned that Motorola is intentionally delaying its response so it can argue that these deadlines need to be extended yet again.

My preference would be to work with you in a cooperative fashion to address these outstanding issues.  However, if I have not received any response from you by February 17th, I will have no choice but to raise these issues with the Court.  I hope this will not be necessary.

I look forward to hearing from you.

Very truly yours,

John G. H. Coster

16

<u>Exhibit C</u>
# JOHN G. H. COSTER
Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                        Fax  (617) 338-0919

February 23, 2006

**BY FACSIMILE**
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

Re:    *Rein v. Motorola, et al*
        Civil Action No. 04-12580 NG

Dear Kristin:

I am in receipt of your February 17, 2006 letter, which I find extremely puzzling. In my initial letter to you, dated February 2, 2006, I requested that you:

(i)      return Mr. Rein's laptop to me so that I may have it reviewed by an independent expert;

(ii)     provide me with convenient dates for the deposition of Mr. Lehwald and a 30(b)(6) deposition of Motorola concerning "its e-mail system; and its ability to remotely "deactivate access to its servers, networks, e-mail, software and programs";

(iii)    agree to conduct these deposition telephonically if the deponents are located out of state; and,

(iv)     supplement Motorola's answer to Interrogatory No. 9 of Plaintiff's First Set of Interrogatories.

For one week you simply ignored this letter.  Then you wrote and claimed to be "discussing each of your specific requests" with your client.  Although you indicated in this letter that you would be responding shortly, after waiting an additional five (5) days, I had still received no response.  When you finally did deign to reply, it was to inform me that Motorola did not have enough information to evaluate whether it will voluntarily

17

return the computer or provide me with dates for the deposition of Mr. Lehwald or a Rule 30(b)(6) deposition of the Company.

I am frankly dumbfounded by this response. Is it really your contention that you required two weeks time and "discussions" with your client to ascertain that Motorola did not have enough information to respond to the substance of my requests?

Moreover, how does the identity of my expert effect whether Motorola will voluntarily return the computer? Are you saying that Motorola will return the computer if Mr. Rein uses expert X, but not if he uses expert Y? Surely you do not believe that Motorola's obligation to return the computer is contingent upon whether it "approves" of this expert.

Frankly, it is clear to me that this is merely another delay tactic. Were I to identify an expert, you would simply take another two to three weeks to "discuss" this expert with your client and then inform me that he was unacceptable. Based on your most recent response, I have little doubt that there are no circumstances under which Motorola will voluntarily return the laptop and that the company is merely engaging in the same obstructionist conduct and employing the same delaying tactics it has been using since the inception of this litigation.

Similarly, I contacted you about the depositions of Mr. Lehwald and the Rule 30(b)(6) depositions, rather than simply noticing those depositions for two reasons. First, as a courtesy so that the depositions could be scheduled on dates that were convenient to you and your clients. Second, I am proposing to conduct these depositions telephonically, and, pursuant to Fed R. Civ. P. 30(b)(7), absent your consent I must file a motion with the Court for authorization to do so. I was therefore trying to ascertain whether it would be necessary to file such a motion.

Unfortunately, despite having taken two weeks to "discuss" these issues with your client, you have also declined to respond to these requests, again on the grounds that Motorola needs additional information to "adequately evaluate and respond to your request". Apparently, Motorola contends that it actually needs a notice of deposition to determine whether it will provide me with convenient dates or agree to a telephone deposition. By taking this fundamentally irrational position, Motorola merely reveals its underlying disingenuousness.

Notwithstanding the foregoing, I am enclosing a notice of deposition for Mr. Lehwald and a notice of deposition, pursuant to Rule 30(b)(5) and (6) for Motorola. I am also again requesting that you agree to conduct these depositions telephonically. Please communicate your refusal to cooperate in a timely manner so that I may file the appropriate motions. In the event I have not heard from you by February 27th I will presume that Motorola will not voluntarily comply with these discovery requests and act accordingly.

Finally, I am puzzled by the last paragraph of your letter.  It is my understanding that Motorola is unwilling to supplement its answer to Interrogatory No. 9.  Given this refusal there doesn't appear to be anything to discuss and your offer to "confer" on this issue or "any of the issues addressed above" appears meaningless.  What exactly do you envision us discussing?

Very truly yours,

John G. H. Coster

Exhibit D

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                   )
JAY S. REIN,                       )
                                   )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Civil Action No. 04-12580 NG
                                   )
MOTOROLA, INC., CLYDE              )
KOFMAN, and JUERGEN                )
STARK,                             )
                                   )
            Defendants.            )
_____)
```

### NOTICE OF DEPOSITION

> TO:   Richard L. Alfred, Esq.
>       Kristin G. McGurn, Esq.
>       Seyfarth Shaw LLP
>       Two Seaport Lane, Suite 300
>       Boston, Massachusetts 02210

Please take notice that, commencing at 10:00 o'clock, a.m. on March 28, 2006, at the offices of John G. H. Coster, 92 State Street, Suite 900, Boston, Massachusetts, the Plaintiff in this action, by his attorney, will take the deposition upon oral examination of Charles Lehwald before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. This oral examination will continue from day to day until completed.

Please note that in the event that the deponent resides outside of the Commonwealth of Massachusetts, the Plaintiff is prepared to take this deposition by telephone, pursuant to Fed. R. Civ. P. 30(b)(7).

20

You are invited to attend and cross-examine.

JAY S. REIN

By his attorney,

_____
John G. H. Coster
(BBO No. 101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on the counsel record for each of the other parties by first class mail on February 23, 2006.

_____
John G. H. Coster

<u>Exhibit E</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| **JAY S. REIN,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 04-12580 NG** |
| ) | |
| **MOTOROLA, INC., CLYDE** ) | |
| **KOFMAN, and JUERGEN** ) | |
| **STARK,** ) | |
| ) | |
| **Defendants.** ) | |

---

**NOTICE OF DEPOSITION
(Pursuant to Fed. R. Civ. P. 30(b)(5) and (6)**

> TO:  Richard L. Alfred, Esq.
> Kristin G. McGurn, Esq.
> Seyfarth Shaw LLP
> Two Seaport Lane, Suite 300
> Boston, Massachusetts 02210

Please take notice that, commencing at 10:00 o'clock, a.m. on March 29, 2006, at the offices of John G. H. Coster, 92 State Street, Suite 900, Boston, Massachusetts, the Plaintiff in this action, Jay S. Rein ("Rein"), by his attorney, will take the deposition upon oral examination of the Defendant Motorola, Inc. ("Motorola") by its managing agent, officers and/or employees to be designated by Motorola pursuant to Fed. R. Civ. P. 30(b)(6), before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.  This oral examination will continue from day to day until completed.  You are invited to attend and cross-examine.

The subject matter upon which testimony is sought is as follows:

(a)     Motorola's electronic mail system(s) including but not limited to, how such system(s) are designed, configured, utilized, and operated.

(b)     Motorola's policies or procedures with respect to the retention of electronic mail or other electronic communications.

(c)     Motorola's ability to remotely deactivate access to its servers, networks, electronic mail, software and programs, including but not limited to, who has authority to order the deactivation of a computer, under what circumstances such a deactivation occurs, the purpose(s) of such deactivation, and the effect such deactivation has on the operation of the computer.

(d)     Motorola's ability to remotely access, monitor, or communicate with a computer when it is logged onto its servers or networks, including but not limited to its ability to access, download, or copy information contained on the hard drive of such computer.

(e)     Whether the laptop computer issued to Rein when he commenced working for Motorola was previously used by any other employee.

(f)     The history of any repairs, upgrades, or alterations made to the laptop computer issued to Rein.

The attention of Motorola is directed to Fed. R. Civ. P. 30(b)(6), which states in pertinent part that: "the organization so named shall designate one or more officers … or other persons who consent to testify in its behalf, and may set forth each person designated, the matters upon which he shall testify … said persons so designated shall testify as to matters known or reasonably available to the organization."

23

Please take further notice that, pursuant to Fed. R. Civ. P. 30(b)(5), the above named witness is required to produce at the time and place of the deposition the following:

(See Attached Exhibit A)

Please take further notice that in the event that the deponent resides outside of the Commonwealth of Massachusetts, the Plaintiff is prepared to take this deposition by telephone, pursuant to Fed. R. Civ. P. 30(b)(7), providing the documents set forth in Exhibit A are produced to Plaintiff's counsel prior to the commencement of the deposition.

You are invited to attend and cross-examine.

JAY S. REIN

By his attorney,

_____
John G. H. Coster
(BBO No. 101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served on the counsel record for each of the other parties by first class mail on February 23, 2006.

_____
John G. H. Coster

**(Exhibit A)**
**(Documents To Be Produced)**

1.    All documents relating to the service records of the laptop computer issued to Rein when he commenced working for Motorola, including but not limited to and documents relating to repairs, upgrades or alterations made to the laptop computer issued to Rein by Motorola.

2.    All documents relating to Motorola's ability to remotely deactivate access to its servers, networks, electronic mail, software and programs.

3.    All documents relating to Motorola's ability to remotely access, monitor, or communicate with a computer when it is logged onto its servers or networks, including but not limited to its ability to access, download, or copy information contained on the hard drive of such computer.