UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN                           )<br>                                               )<br>           Plaintiff,                 )<br>                                               )<br>v.                                          )<br>                                               )<br>MOTOROLA, INC., CLYDE KOFMAN  )<br>and JUERGEN STARK              )<br>                                               )<br>           Defendants.            )<br>                                               ) | CIVIL ACTION NO. 04-12580 NG<br><br>**HEARING REQUESTED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DEPOSITION OF CHARLES LEHWALD, DEPOSITION OF MOTOROLA PURSUANT
TO RULE 30(B)(6) AND PRODUCTION OF MOTOROLA'S LAPTOP USED BY REIN**

The Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants") oppose Plaintiff's improper, untimely and oppressive Motion to Compel ("Motion"). For several reasons that transcend the Motion's obvious rule-based deficiencies,[1] Plaintiff's Motion should be denied.

In August 2005, when Plaintiff finally returned to Motorola the laptop that he had used during his employment (the "Laptop"), Motorola's Information Protection Services department discovered that it was physically damaged and no files were recoverable from the hard drive.

---

[1] Plaintiff's Motion does not comply with Local Rule 7.1 because, remarkably, it fails to contain a single "citation to supporting authority" that would suggest that Plaintiff is entitled to the burdensome relief he requests. The Motion is not supported by any affidavit. It also was certified improperly pursuant to Local Rule 7.1(A)(2). A party moving to compel discovery must make reasonable efforts to confer and describe the efforts taken to resolve the discovery dispute without judicial intervention. FED. R. CIV. P. 37(a)(2)(B); *see also* Local Rule 37.1(a). The duty to confer requires counsel to "converse, confer, compare views, consult and deliberate." *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949 at *2 (D. Kan. Jun. 8, 1999) (quotation omitted). Plaintiff's Exhibit C to the Motion evidences that his counsel opted not to earnestly confer prior to filing the Motion, despite his certification to this Court. *See also* Exhibit A to the Affidavit of Kristin G. McGurn ("McGurn Aff."), which accompanies this Opposition. In the letter, Defendants' counsel offered to attempt to resolve the parties' dispute but Plaintiff did not respond, other than by serving the Motion. Far from establishing compliance with the Local Rules, the letters Plaintiff submitted in support of the Motion show his unwillingness to offer any compromise on the objections asserted by Defendants. When the dispute involves objections to requested discovery, a party does not satisfy the Rule's requirements simply by demanding compliance. *See City of Wichita v. Aero Holdings, Inc.*, No. 98-1360-MLB, 2000 U.S. Dist. LEXIS 19817 at *8 (D. Kan. Oct. 23, 2000).

Defendants firmly believed then that Plaintiff had destroyed relevant evidence stored there. The independent experts they hired confirmed this belief, concluding that the drive had been formatted on August 22, 2005, between sessions one and two of Plaintiff's deposition.

When Defendants sought this Court's permission to question the Plaintiff regarding the Laptop, he vigorously fought having to appear for deposition and unsuccessfully sought an order from this Court to postpone and limit it [Docket No. 32]. Plaintiff and his counsel obstructed the resumed deposition throughout, including by improper instructions not to answer proper questions and by lengthy speeches on the record. After hearing Plaintiff testify about the Laptop, Defendants have no doubt that he is responsible for the data destruction. He offered no feasible or credible explanation at all and his testimony leads inevitably to one conclusion: he destroyed evidence on the Laptop's hard drive.

Plaintiff's Motion to Compel is consistent with, and just another step in, Plaintiff's continuing pattern of attempting to distort the issues and distract this Court's attention from his misconduct. Motorola should not be burdened further with additional discovery, based solely on Plaintiff's baseless, ridiculous and technologically implausible conspiracy theory.

Plaintiff should not be permitted testimony or an inspection pursuant to Rule 34.[2] Discovery effectively closed in this case in October 2005. He should not be allowed additional discovery at this time, under these circumstances, and given this case's procedural posture.[3] Certainly, Plaintiff is not entitled to the burdensome and harassing discovery that his Motion seeks.

---

[2] Plaintiff did not serve a Request for Inspection pursuant to Rule 34 before filing his Motion to Compel. McGurn Aff. at ¶ 2.

[3] Defendants' Motion for Summary Judgment is due to be filed shortly and a trial date has been set.

2

Specifically, Plaintiff's Motion seeks *numerous* additional depositions, as well as ill-defined computer "inspection(s)" by unidentified "expert(s)".  The Motion seeks (i) the deposition of Motorola's Information Protection Services Senior Forensic Analyst, Charles Lehwald;[4] (ii) depositions of Motorola pursuant to Rule 30(b)(6) on no fewer than six (6) subject areas, which – if permitted – may require the designation of a number of Motorola representatives; and (iii) return of the Laptop into the hands of Mr. Rein and his agents – the very parties that Motorola believes failed, inadvertently or intentionally, to protect both the equipment as well as the data stored on it.  For the reasons set forth below, Plaintiff's Motion should be denied.

## INTRODUCTION

The Plaintiff celebrated his fortieth birthday just weeks before Motorola terminated his employment.  Motorola selected Plaintiff, an at-will employee, for termination during a reorganization of his group (one of many restructurings of the group during Plaintiff's tenure) due to its persistent failure to meet business goals.  Plaintiff was selected for termination for legitimate business reasons, including that he was perceived to have the least relevant experience compared to peers at his level, to have lost focus on the team's business plan, and to have struggled to work collaboratively with several colleagues.  Following his termination, the Plaintiff engaged in protracted negotiations with Motorola over the terms of an enhanced severance arrangement.  He also convinced the company to keep him on its payroll for months, to facilitate his job search.  When Motorola announced its final enhanced offer to Mr. Rein, he

---

[4] Mr. Lehwald provided a sworn affidavit in support of Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel and for Sanction ("Lehwald Aff."). For the reasons set forth in section 2(b)(i), *infra,* he should not be required to testify. A report of the conclusions Mr. Lehwald and Kroll Ontrack reached after inspecting the Laptop was attached as Exhibit 1 to the Affidavit of Kristin G. McGurn, submitted with Defendants' Motion to Compel and for Sanctions. [Docket No. 16].

promptly rejected the generous package and sued, alleging age discrimination, interference and breach of some nebulous promise of continued employment. Within months, the Plaintiff had secured comparable employment. His claims are totally without merit. Even if he were to establish liability, which he cannot, his damages, if any, were negligible.

Against this backdrop lies the parties' present electronic discovery dispute. During his eighteen months of employment with Motorola, Plaintiff used the Laptop daily to conduct business for the company. Deposition Testimony of Jay S. Rein ("Rein Dep.") at 30-33; 160-162; 165; 595; 626.[5] He continued to use the Laptop after Motorola terminated him. Rein Dep. at 595; 753.[6] Plaintiff testified unequivocally that his normal practice was to save to the Laptop's hard drive those documents that he created or edited in the course of his employment. Rein Dep. at 600-601; 629; 664; 713; 816-17.[7] Using the Laptop, Rein accessed confidential and proprietary Motorola documents and drafted, revised and worked with others on business

---

[5] Mr. Rein testified that he saved Word, Power Point and Excel documents on the Laptop's hard drive, including among other things client presentations and correspondence, forecasts, sales targets, revenue and productivity projections, and quarterly reports. Excerpts of the Rein Dep. are attached as Exhibit B to the Affidavit of Kristin G. McGurn ("McGurn Aff."), filed herewith.

[6] Because no accessible file material was recoverable from the Laptop when Plaintiff finally returned it, Motorola cannot determine whether its confidential and proprietary information remained secure while Mr. Rein continued to access its servers via the Laptop, post-termination. Further, Motorola was deprived of cached website artifact information that would have remained on the hard drive, even without Mr. Rein actively placing it there, that would have offered a map of his use of the internet (including, for example, other email servers).

[7] The Plaintiff testified that he does not recall ever printing emails from the Laptop (although his production contained a select few), and did not routinely print other electronic documents that he stored there. He often discarded the documents that he did print (including correspondence), rather than maintaining them in files. Rein Dep. at 642; 665-66; 682-83. For example, Mr. Rein testified, "[t]ypically I would destroy it afterwards … because we are an email and computer centric society, and if I would save every piece of paper that I printed, I wouldn't have room to walk around my [home] office." Rein Dep. at 663. Accordingly, Mr. Rein cannot (and did not) confirm that he has produced in hard-copy format all of the responsive electronic documents that he chose to save only on the Laptop's hard drive.

plans and client presentations, among other things. Rein Dep. at 632-36; 714-15.[8] Plaintiff further testified that he often worked off-line, unconnected to Motorola's network and servers, and that he ran programs from the Laptop's hard drive. Rein Dep. at 597; 793-95.

When Mr. Rein finally returned the Laptop to the company – eighteen months after he'd left Motorola, over a year after he sued Defendants, and over a week after his deposition in this case commenced – the hard drive contained none of the documents that he testified he'd saved there. Report at 1, 2.[9] Even though this data was lost or destroyed while the Laptop remained in Plaintiff's possession, he now asks Motorola to return the computer to him, "no-questions-asked". He also seeks to burden Motorola with multiple depositions in a futile attempt to cobble together some "credible explanation" for the Court as to why he contends he should not be held responsible for the present condition of the Laptop's hard drive and the loss of relevant electronic evidence. Plaintiff's Motion should be denied for the many reasons set forth below.

---

[8] The nature of Plaintiff's contributions to, and the success of, these efforts is critical to Defendants' defenses, as is the focus of these efforts in relation to the team's business goals. Such evidence bears on the legitimate business reasons for Plaintiff's termination.

[9] Although Plaintiff concedes that he considered retaining counsel in connection with this suit as early as March or April 2004 (Rein Dep. at 780-81), he took no steps to preserve data on the Laptop. At deposition, Mr. Rein testified that when he received Defendants' document requests he did not consider producing responsive documents from the Laptop. "Q: Why? A: I don't know. I don't know why the brain does what it does. Q: What do you mean by that? A: I don't know why I didn't think about the computer. The computer was inactive to me." Rein Dep. at 785. Indeed, he testified that he did not try to access documents from the Laptop until he "*became curious*" after questioning at his first deposition session. He then powered up the Laptop, which he had packed up and moved from his home in Holliston to Atlanta just days before his deposition commenced. He conceded this "could have been" on August 22, 2005, the date of the time-stamp identified in the Report. Rein Dep. at 776. Plaintiff's flagrant violations of his discovery obligations in this case were not limited to his conduct with respect to the Laptop, however. Plaintiff *never* searched the two other computers in his home for documents relevant to his claims or Defendants' defenses. Rein Dep. at 679-80; 754; 786-87. Over his counsel's strenuous objection and periodic instructions not to answer, Mr. Rein testified that he purchased a hard drive and replaced it in one of these computers sometime "in 2003, 2004 or 2005". Rein Dep. at 762; 764-66. He later "donated" the computer to his housecleaner *in August 2005*. Rein Dep. at 658. Mr. Rein testified inconsistently about whether he had used these home computers to conduct Motorola business but he unquestionably used them to communicate with prospective employers (including while he pursued an opportunity in January 2004, before learning of his termination) and with Motorola colleagues (including to suggest that they leave Motorola's employment – a clear violation of his Option Award Agreement). Rein Dep. at 117-119; 657; 701-04; Exhibit E to the McGurn Aff.; *compare* Rein Dep. 684 with 828. Such additional electronic evidence may have had direct bearing on Plaintiff's claims and Defendants' defenses.

5

**DISCUSSION**

Plaintiff is not entitled to the discovery his Motion seeks, and Defendants should not be compelled to comply. The court may limit discovery that is unreasonably cumulative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(i).  Further, the court "may make any order which justice requires to protect a party or person from ... undue burden"  Fed. R. Civ. P. 26(c); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc*. 244 F.3d 189, 193 (1st Cir. 2001).[10]  Good cause exists to protect Defendants from Plaintiff's requested discovery and to deny the Motion. *See Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 532(1st Cir. 1992).

1.  **Defendants agreed to a reasonable, cost-effective solution to Plaintiff's professed need for additional information concerning the Laptop, but Plaintiff unreasonably refused it.**

Contrary to Plaintiff's contention (Motion at 10), Defendants have not categorically refused to permit Plaintiff discovery concerning the Laptop.  By letter dated February 27, 2006 (attached to the McGurn Aff. at Exhibit A), Defendants articulated numerous objections to Plaintiff's stated requests.  Defendants did not, however, foreclose the possibility of circumscribed discovery concerning the Laptop.  Id.  Indeed, undersigned counsel invited Plaintiff's counsel to confer in an attempt to reconcile the parties' respective positions.  *See* footnote 1, *supra.*

---

[10] *See* Smith & Zobel, 7 Massachusetts Practice, Rules Practice (2003 Pocket Part) § 26.7 at 43 ("A judge must be 'particularly sensitive to preventing exposure for the sake of exposure and must consider (1) whether the proposed discovery proceeds from harassment or revenge; (2) any particular hardship or inconvenience which the discovery may impose; and (3) 'considerations of efficiency and economy.' (citations omitted) )

6

Upon receipt of Plaintiff's Motion, undersigned counsel attempted to reach Plaintiff's counsel to discuss the Motion and to determine whether the parties could reach a satisfactory resolution and limit additional discovery. A week passed before Plaintiff's counsel was available to discuss the proposal. McGurn Aff. at ¶ 3. Defendants then offered the Plaintiff a mirror image of the Laptop's hard drive for his unnamed expert to inspect. In so doing, Defendants sought to maintain adequate control over physical evidence (i.e. the Laptop itself), while allowing Plaintiff to inspect and explore, as he saw fit, a copy of the restored hard drive. Plaintiff's counsel promptly and unreasonably rejected Defendant's proposal. He persisted in demanding depositions of Motorola employees and again insisted that Defendants relinquish the computer so that unidentified "experts" could conduct unspecified "inspections". McGurn Aff. at ¶ 4. Defendant's proposal is reasonable and protects all parties. Plaintiff's rejection of the proposal is unreasonable and evidences his motive: to continue his pattern of distortion and distraction and to harass Defendants with burdensome and unnecessary discovery.

2.   **Plaintiff is not entitled to additional discovery.**

Plaintiff argues that, simply because the Court ruled favorably on Defendants' earlier Motion to Compel and for Sanctions, thereby permitting them to reopen Plaintiff's deposition to inquire about the Laptop that he tardily returned, he is likewise entitled to additional discovery. The argument is unpersuasive. Defendants obtained limited additional discovery solely because Motorola learned that the laptop that Plaintiff belatedly returned did not contain *any* accessible files, and that data *necessarily* had been affected while it was in his possession.[11] Defendants

---

[11] There is no question, and Plaintiff concedes, that Motorola expected (and was entitled) to receive its Laptop from Plaintiff upon his separation from employment. *See* Exhibits C and D to the McGurn Aff. He first "volunteered" to return the Laptop, as he puts it, months *after* he responded to Defendants' discovery requests, *after* the subject arose at his deposition, and *after* Motorola agreed to pay for his shipping expenses. In the end, he did not ship the Laptop as planned, but brought it to the second session of his deposition. Although it is hard to imagine how Plaintiff can argue that neither he "(nor his counsel) saw the return of the computer as fulfilling an outstanding discovery obligation," his denial that the Laptop and documents stored there responded to Defendants' discovery requests miss the mark, based on his own concessions.

BO1 15769164.2

were manifestly deserving of this limited additional discovery, under the circumstances.[12] By contrast, Plaintiff is not so deserving. His discovery requests are untimely and overbroad. Any information he seeks ultimately will be either duplicative of information that already is available to him, or will not help him manufacture any "credible explanation" to explain why relevant electronic data was lost while the Laptop was in his possession. Accordingly, his motion should be denied.

### a. Plaintiff's Request is Untimely.

Discovery in this matter was due to close in September 2005. At that time, the parties jointly agreed to a limited enlargement of the discovery period. This enlargement was designed, among other things, to permit Defendants to obtain additional testimony from the Plaintiff regarding the Laptop. At that time, Plaintiff neither requested, nor reserved his right to request, additional discovery concerning the Laptop. [Docket No. 15]. Since the discovery period is now closed and Plaintiff failed to reserve his rights to obtain additional discovery concerning the Laptop during negotiations regarding the scope of the Joint Motion, he should not now be permitted to seek additional discovery.

In addition, in November, 2005, Plaintiff filed a lengthy opposition to Defendants' Motion to Compel and for Sanctions in which he addressed certain potential discovery. [Docket No. 21]. Having considered Plaintiff's Opposition, this Court issued its Order and did not permit him to take any additional discovery concerning the Laptop. Plaintiff's belated discovery requests should not be allowed now.

---

[12] "The duty to preserve relevant evidence arises when a party has received notice that the information or documents in its possession are 'reasonably calculated to lead to the discovery of admissible evidence,' or the information or documents '[are] reasonably likely to be requested during discovery, and/or [are] the subject of a pending discovery request.'" Order on Defendants' Motion to Compel and for Sanctions, dated December 29, 2005 ("Order") at 9, (citing *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984). "Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent." *Zubulake v. UBS Warburg,* 220 F.R.D. 212, 220 (S.D.N.Y. 2003).

      **b. Each of Plaintiff's Requests is Onerous and Inappropriate; Collectively, they are Designed to Harass.**

Plaintiff's discovery requests are enormously burdensome and intended to harass the Defendants. Plaintiff seeks to depose Mr. Lehwald and also hopes to take a Rule 30(b)(6) deposition regarding topics that may require Motorola to designate multiple witnesses. In addition, Plaintiff seeks to physically inspect the Laptop. Plaintiff's requests constitute calculated overreaching, and threaten to unnecessarily derail this litigation.

      **i. Mr. Lehwald Should Not be Required to Testify.**

Mr. Lehwald already has submitted a sworn affidavit in connection with this litigation, attesting to the following:

(1) Upon receipt of the Laptop, he inspected it in the course of, and as required by, his employment with Motorola. He followed company protocol in reviewing the Laptop and determined that the hard drive had been removed and damaged, and that he could not recover data from it.

(2) He thereafter engaged Kroll Ontrack to recover and image the hard drive. Kroll determined that all unallocated space and relevant data had been zeroed out. They determined that the drive had been wiped clean, and formatted on August 22, 2005.

The affidavit and Report amply describe Mr. Lehwald's role and conduct with respect to the Laptop inspection. The affidavit also addresses Motorola's account deactivation protocol. Defendants are willing to submit additional documentation regarding the protocol, however, if it would assist the Court. Likewise, Mr. Lehwald could submit a Supplemental Affidavit in support of this Opposition and in response to Plaintiff's cockamamie attempt to exculpate himself by seeking to implicate others. Requiring Mr. Lehwald to testify, however, will add nothing but unnecessary expense and inconvenience.


### ii. Plaintiff's Rule 30(b)(6) Notice is Unreasonable in Scope and He is Not Entitled to the Testimony He Seeks.

Plaintiff issued a deposition notice pursuant to Rule 30(b)(6) that calls for testimony on six subjects. If Plaintiff's Motion were granted, Motorola believes it could be required to designate and prepare multiple witnesses on the various topics. Several of the topics, however, are entirely irrelevant; the remainder can be adequately addressed without resorting to testimony. Requiring a Rule 30(b)(6) deposition on these topics at this point in the proceedings would be grossly unfair and unnecessary.

Plaintiff's Motion seeks testimony from Motorola on the following subjects: (i) Motorola's email system's "design, configuration, utilization and operation"; (ii) Motorola's policies regarding retention of email and "other electronic communications";[13] (iii) Motorola's ability to remotely deactivate access to its servers, networks, email, software and programs;[14] (iv) Motorola's ability to remotely access, monitor or communicate with a computer when it is

---

[13] Plaintiff's Motion is based in part on a fundamental misunderstanding, or intentional misrepresentation, of Motorola's position. Plaintiff states: "to the extent that the computer contained any potentially relevant information, that information *would have also been stored on Motorola's servers or contained in hard-copy form within Motorola's files*." (emphasis added). This refrain, reiterated throughout Plaintiff's pleadings concerning the Laptop, is patently wrong. Plaintiff's own testimony does not substantiate it, as discussed above, Defendants understand that certain documents stored on the Laptop's hard drive may eventually have traveled, via Motorola's servers, to others within and outside the company. Such documents, therefore, may exist somewhere, although they no longer reside on the Laptop's hard drive. The Plaintiff cannot confirm, however, that he transmitted via Motorola's email system *all* documents that he'd saved to the Laptop's hard drive – nor would such a contention make sense. In addition, recovering relevant electronic documents concerning Plaintiff via a search of company (and possibly other providers') servers is far more costly and onerous than the recovery of such documents directly from the Laptop's hard-drive would have been. Indeed, Motorola already has spent hours, and thousands of dollars, attempting to recover relevant electronic documents from its own email system. Plaintiff's recent testimony reveals, however, that through the loss of documents from the Laptop's hard drive, Defendants cannot be sure they have retrieved all documents relevant to Mr. Rein's employment with Motorola, his claims, and Defendants' defenses. As this Court noted in response to Plaintiff's argument that certain electronic documents from the Laptop's hard drive were likely disseminated to defendants already, or were retained by plaintiff in hard copy form, "[t]hat may well be so but it is irrelevant. The defendants should be given an opportunity to determine whether that is the case or whether the plaintiff had other business-related information on this computer and no place else." Order at 8. Plaintiff's testimony establishes that relevant business-related information indeed resided on the hard drive and no place else.

[14] Needless to say, the subject matter is overbroad since it is not directed at information specific to deactivation of Mr. Rein's access.

logged onto servers or networks; (v) whether the Laptop was used by another employee prior to Mr. Rein; and (vi) the history of any repairs, upgrades or alterations made to the Laptop.

These subject matters indisputably are designed to harass. First, Plaintiff's request to depose a corporate designee regarding the company's email system's "design, configuration, utilization and operation" is vastly overbroad and targets wholly irrelevant information unrelated to the Laptop. Second, in June 2005, in response to Plaintiff's written discovery requests, Motorola delivered to Plaintiff a copy of its email retention policy.[15] The policy speaks for itself, and permits Plaintiff to evaluate Motorola's electronic document retention policies and practices. Most importantly, however, Plaintiff is not entitled to additional discovery concerning Motorola's email system because, as footnoted, Plaintiff's dogged attempts to recharacterize the parties' dispute as one dealing solely with *email* are misguided. Similarly, whether or not Plaintiff could or did access the Laptop once Motorola discontinued his access to its accounts does not affect the fundamental fact, discussed above, that Plaintiff *had* stored relevant documents on the hard drive prior to deactivation that have not been disseminated to Defendants, via email, hard-copy or otherwise, which are now lost to them.

Finally, Plaintiff seeks testimony from a witness regarding the "history of repairs" to the Laptop, and whether it was ever issued to another Motorola employee. Motorola's IT records would reveal the history of repairs to the Laptop and that it was issued only to Plaintiff.[16] If Plaintiff is granted additional discovery regarding such topics, production of records, or a pertinent affidavit, would be far less burdensome and more appropriate than testimony.

---

[15] Plaintiff has taken several depositions of Motorola personnel but did not question a single witness about the policy. Plaintiff does not now deserve to depose a corporate designee regarding a document that was in his possession long before the close of discovery.

[16] Chain of custody records would reveal that it has not been used by any other Motorola employee since he returned it.

Motorola should not be required to produce a witness to testify regarding these topics.

### iii. Motorola Should Not be Required to Return the Laptop to Mr. Rein

Motorola is understandably reluctant to return physical evidence to the very party that it believes altered the evidence in the first instance. Moreover, since Plaintiff failed to file a proper Request for Inspection pursuant to Rule 34, he should not be permitted to compel Motorola to return the Laptop to him. This is especially true if Plaintiff persists in refusing to identify an expert who will provide the necessary technical assistance with such an inspection, and offers no hint of the tests he intends to perform on Motorola's property. Finally, any such inspection of the Laptop would simply reveal what already is contained in the Report.

### c. Plaintiff's Requested Discovery Will Prejudice Defendants.

If Plaintiff's Motion is granted, prejudice, unfair and significant expense and inconvenience to the Defendants unavoidably will result. Defendants intend to renew their Motion for Sanctions shortly based on Plaintiff's testimony, and are preparing their Motion for Summary Judgment. The discovery Plaintiff seeks necessarily will interfere with, and unreasonably delay, these efforts.

The discovery Plaintiff requests will not yield information intended to assist this Court. See, e.g., Hoffman v. Reali, 973 F.2d 980, 987 (1st Cir. 1992) (party seeking discovery must "mak[e] some showing that discovery was likely to produce probative evidence in his behalf.") Plaintiff hopes to stumble upon some shred of testimony that might conceivably lend itself to his "conspiracy" theory: he apparently contends that he has been "framed." No additional discovery will change the underlying fact that the Laptop has been physically damaged and relevant data he stored there is now inaccessible. No testimony will support Plaintiff's incredible, and factually and technologically implausible, conspiracy theory. If it would assist

the Court, however, Defendants will supply an affidavit, documents, or written responses designed to explain that Plaintiff's fictitious musings about a conspiracy simply are not to be believed. Defendants should not be required to permit burdensome, costly, time consuming deposition discovery or inspections, under the circumstances.

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Plaintiff's Motion to Compel be denied.

                Respectfully submitted,

                MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

                By their attorneys,

                /s/ Kristin Glennan McGurn_____
                Richard L. Alfred (BBO# 015000)
                Kristin G. McGurn (BBO# 559687)
                SEYFARTH SHAW LLP
                World Trade Center East
                Two Seaport Lane, Suite 300
                Boston, MA 02210-2028
                Telephone:   (617) 946-4800

---

Certificate of Service

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on March 24, 2006.

              /s/ Kristin G. McGurn

---

BO1 15769164.2