UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO AMEND SCHEDULING ORDER

The Defendants hereby request that the Court amend its scheduling order dated March 6, 2006, as set forth below. Plaintiff does not oppose the portion of this motion that concerns scheduling regarding Plaintiff's Motion to Compel and Defendants' Renewed Motion for Sanctions.

As grounds for this motion, Defendants state as follows:

1. On October 31, 2005, Defendants filed a Motion to Compel Plaintiff's Continued Deposition and for Sanctions. The Court issued its Order on this Motion on December 29, 2005 ("Order"), thereby permitting Defendants to resume the Plaintiff's deposition to seek testimony regarding the condition of a laptop computer which Plaintiff used while employed by Motorola.

2. Defendants conducted Plaintiff's resumed deposition on January 13, 2006.

3. As a result of Plaintiff's resumed deposition testimony, Defendants intend to renew their Motion for Sanctions, as contemplated by the Order (the "Renewed Motion"), and are preparing to do so.

4. On February 28, 2006, Defendants moved to amend the scheduling order for this case, citing as grounds their intent to file the Renewed Motion, and their contention that it should be resolved prior to filing dispositive motions. Plaintiff did not oppose the Motion to Amend, and on March 6, 2006, this Court entered an Order granting the Motion to Amend.

5. On March 10, 2006, however, Plaintiff filed a Motion to Compel numerous depositions, as well as a computer inspection. Plaintiff contends that such discovery may impact his Opposition to the Renewed Motion. Defendants disagree, and filed an Opposition to the Motion to Compel on March 24, 2006.

6. On March 29, 2006, Plaintiff filed a Motion for Leave to File a Reply to Defendants' Opposition to the Motion to Compel ("Motion for Leave"). Defendants' counsel informed Plaintiff's counsel, prior to his filing of the Motion for Leave, that Defendants would not oppose the Motion for Leave but reserved their right to request permission to file a Sur-Reply. Plaintiff agreed not to oppose Defendants' Motion for Leave to File a Sur-Reply, if any.

7. On March 30, 2006, this Court granted Plaintiff's Motion for Leave. Therefore, briefing on the Plaintiff's Motion to Compel is not yet completed.

8. The parties concur that any ruling on the Plaintiff's Motion to Compel could impact the parties' submissions in support of Defendants' Renewed Motion. Accordingly, the parties agree that the filing of Defendants' Renewed Motion should await a ruling on the Motion to Compel.

9. Defendants continue to believe that any ruling on the Renewed Motion will substantively impact the parties' summary judgment submissions. Defendants continue to contend, therefore, that the time for completing the briefing and filing of dispositive motions should not precede a ruling on the Renewed Motion.

The Defendants propose the following amended deadlines in this case:

| | |
|---|---|
| April 7, 2006 | Plaintiff shall file his Reply on or before this date. |
| April 17, 2006 | Defendants shall file their Motion for Leave to File a Sur-Reply, and Sur-Reply, if any, on or before this date. |
| Within 30 days of the ruling on the Motion to Compel | Defendants shall file the Renewed Motion. Any opposition to the Renewed Motion shall be filed within 14 days thereafter. |
| Within 20 days of a ruling on the Renewed Motion | All dispositive motions with supporting documents shall be served and filed on or before this date. Oppositions to dispositive motions shall be served and filed twenty (20) days thereafter. The parties reserve their rights to request leave of this Court to submit reply briefs and/or sur-reply briefs |
| Within 14 days of the ruling on summary judgment motion | Plaintiff shall disclose expert(s) and produce expert report(s) by this date and Defendants shall disclose expert(s) and produce expert report(s) 14 days thereafter. |
| Within 14 days of the last disclosure of expert(s) and production of expert report(s) | The parties shall complete expert discovery by this date, including, without limitation, deposition(s) of experts. |
| Pretrial Conference Scheduled | 9/20/06 2:30 p.m. |
| Trial Scheduled | 9/25/06 9:00 a.m. |

WHEREFORE, the Defendants request that the Court amend its Scheduling Order dated March 6, 2006, as set forth above.

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

By their attorneys,

/s/ Kristin G. McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

Dated:   March 31, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Kristin G. McGurn, counsel for Defendants, hereby certify that I conferred on March 29th and March 31st, 2006, with Plaintiff's counsel concerning this Motion. We were able to reach agreement, set forth above, regarding amendments to scheduling concerning the Motion to Compel and Renewed Motion for Sanctions. We were unable to reach agreement with respect to the time for filing for summary judgment.

/s/ Kristin G. McGurn
Kristin G. McGurn

---

Certificate of Service

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on March 31, 2006.

/s/ Kristin G. McGurn

---