UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL ADDITIONAL DISCOVERY**

The Plaintiff, Jay S. Rein ("Rein" or the "Plaintiff") hereby files this Reply to the Defendants' Opposition to Plaintiff's Motion to Compel Deposition of Charles Lehwald, Deposition of Motorola Pursuant to Rule 30(b)(6) and Production of Motorola's Laptop Used by Rein ("Defendants' Opposition"). The purpose of Plaintiff's Reply is to briefly address some of the arguments raised by Defendants' Opposition.

**A.   Plaintiff Made a Good Faith Effort to Resolve or Narrow the Issues Raised By His Motion to Compel**

The Defendants' contend that the Plaintiff failed to fulfill his obligation under Local Rule 7.1(a)(2) to resolve or narrow the issues raised by his Motion. Given the Defendants' deliberately obstructionist conduct, this argument is certainly audacious, although clearly not meritorious.

A review of the communications between the parties demonstrates that the Defendants were given multiple opportunities to cooperate with the Plaintiff, and used

each such opportunity solely for delay. For over a month and a half, the Plaintiff repeatedly asked, both verbally in and writing, for the return of the computer and dates for the deposition of Lehwald. The Defendants' counsel responded first by ignoring these requests, then claiming she was discussing them with her clients, then claiming she needed more information to evaluate them, then denying them outright. The Defendants' have now responded to Plaintiff's Motion to Compel by arguing that all the requested discovery is "untimely", "onerous and inappropriate", "enormously burdensome", "designed to harass" and "unreasonable in scope".[1] It is clear the Defendants never had any intention of permitting the Plaintiff to engage in this discovery and that the so-called "discussions" they had with the Plaintiff, over the period of some six weeks, were designed solely for purposes of delay.

**B.      Defendants' Proposal to Transmit a "Mirror Image" of the Laptop's Hard Drive Does Not Obviate the Need for the Defendants to Return the Computer**

The Defendants' bad faith is further illustrated by their belated offer to transmit to Plaintiff's expert the data contained on the laptop's hard drive, in lieu of actually returning the computer to the Plaintiff. It is worth noting, as an initial matter, that during the month and a half that the parties were discussing the return of this computer, the Defendants never offered the Plaintiff this alternative. Rather, only after the Plaintiff had filed its Motion to Compel, did the Defendants propose this compromise - the sole purpose of which is to create the illusion that the Defendants tried to reach an acceptable accommodation with Rein. However, the Defendants' offer is precisely that - an illusion.

There are at least three reasons the Defendants' offer is wholly inadequate. First, the Defendants have already submitted what appears to be a complete printout of the

---

[1] Defendants' Opposition, pgs. 8-10.

2

contents of Rein's hard drive.[2] What the Defendants' are now proposing is to re-send this same data to the Plaintiff electronically. The Defendants are therefore not even offering to provide the Plaintiff with any new information.

Second, as detailed in another portion of this report, according to the Defendants' own expert the hard drive itself was found to "contain no data and has had all the data sectors Zeroed out as previously discussed."[3] Thus, the Defendants are proposing to provide the Plaintiff with a mirror image of a hard drive which, by their own admission, contains "no data". The Defendants are literally offering Rein nothing. In return for this generous offer, they are suggesting that the Plaintiff be deprived of the single item of substantive evidence that is central to this dispute, the laptop computer itself.

Third, unless Rein's own expert is at least given the opportunity to inspect the laptop, there is no way the Plaintiff can fully defend himself against the allegations being made by the Defendants. In their Motion to Compel the Continued Deposition of Rein and for Sanctions, the Defendants contend that the computer appeared to be physically damaged. Charles Lehwald noted that certain pins appeared to be bent and that when the computer was powered up the hard drive "made a rhythmic clicking sound which is a common characteristic of a damaged hard drive".[4] Similarly, Defendants' experts observed that the drive "had internal mechanical problem, bad heads and one bad sector".[5]

Clearly, based on the information submitted by Defendants' own experts, there was some physical damage to the Plaintiff's computer that caused or was related to the

---

[2] See Exhibit I to the Affidavit of Kristin McGurn, submitted in support of Defendants' Motion to Compel Plaintiff's Continued Deposition and for Sanctions.
[3] Id at pg. 2.
[4] Id. at pg. 1.
[5] Id. at pg. 9.

destruction of data on the hard drive. Transmitting an electronic mirror image of the <u>data</u> stored on the hard drive will not provide the Plaintiff's expert with any information about the <u>physical damage</u> that supposedly occurred. Only the computer itself can do that.

**C.   The Discovery Requested by the Plaintiff is not Burdensome, Unreasonable in Scope or Duplicative of Information Already Available to the Plaintiff**

In their Opposition the Defendants repeatedly assert that the requested discovery will be "enormously burdensome", but fail to provide any support for this conclusory assertion. In fact, the Plaintiff has done his best to minimize any burden to the Plaintiff, suggesting for example, that any out of state depositions be conducted telephonically. The Defendant has rejected these suggestions.

The truth is that the only person who has been, and will continue to be, burdened by the discovery relating to the laptop computer is the Plaintiff. Unlike the Defendants, the Plaintiff cannot avail himself of the in-house expertise of a dedicated IT staff. Unlike the Defendants, who compelled Rein to take additional time off from work and travel to Massachusetts for the resumption of his deposition, the Plaintiff will only be deposing Motorola employees and has offered to take these depositions over the phone, so that the deponents will avoid both the expense and the inconvenience of any travel. Finally, unlike the Defendants, Rein does not have the resources of a Fortune 500 company to help defray the expense of further discovery.

The Defendants' chose to make this laptop computer an issue in this case, and are seeking serious sanctions against the Plaintiff. Requiring Motorola to incur the minimal expense of preparing for two relatively short depositions[6] and the inconvenience of

---

[6] The Plaintiff has noticed only two depositions - Charles Lehwald and a 30(b)(6) deposition of Motorola. Although Plaintiff has no way of knowing how many individuals Motorola will designate to respond to the 30(b)(6) deposition, all the subjects for testimony set forth in this deposition are related. In many cases the

4

having to box up Rein's laptop computer and return it to him[7] is hardly burdensome under these circumstances.

The requested discovery is also reasonable in scope. For the reasons already set forth above, as a matter of basic fairness, the Plaintiff should, at the very least, be given the opportunity to retain his own expert to inspect the laptop computer that is at the center of this dispute.

Similarly, the Plaintiff's desire to depose Lehwald could hardly be characterized as unreasonable. Lehwald has submitted an Affidavit in support of Defendants' Motion for Sanctions that in essence accuses Rein of removing the hard drive from the computer and damaging it; and disputes Rein's assertion that his laptop computer was disabled by Motorola.[8] Lehwald is also the person who inspected the computer and attempted to download the information contained on the hard drive. He is also the individual who retained and oversaw the work performed by Defendants' outside expert. Surely it is not unreasonable for the Plaintiff to want to question Lehwald.[9]

The Plaintiff's proposed 30(b)(6) deposition of Motorola is equally reasonable. The Notice of Deposition delineates six carefully drawn subjects upon which testimony is sought. Each is relevant to the issues raised in Defendants' motion for sanctions.

The first two subjects for which information is sought relate to how Motorola's e-mail system. These subjects are relevant to determine whether the Defendants have suffered any prejudice as a result of the destruction of data contained on Rein's computer.

---

Plaintiff suspects Motorola will in fact end up designating Mr. Lehwald to address substantial portions of the 30(b)(6) deposition.

[7] Since Plaintiff has agreed, out of his limited resources, to reimburse Motorola for the cost of shipping the computer back, Motorola will incur no expense in returning the laptop.

[8] Affidavit of Charles Lehwald, ¶¶4, 5 and 6, submitted in support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Compel Plaintiff's Continued Deposition and for Santions.

[9] The Defendants' suggestion that Lehwald submit a "supplemental affidavit", in lieu of being deposed, is, for obvious reasons, not an acceptable alternative to the Plaintiff.

5

The Plaintiff believes that all e-mail either sent by Rein or received from Rein, together with any attachments (including any spreadsheet, memorandum, presentation, etc) would be stored on Motorola's servers. At the very least Rein is entitled to confirm whether this is the case, so he may respond to any arguments the Defendants make about being prejudiced by the destruction of the information contained on his hard drive.

Moreover, Rein notes that the Defendants are already arguing that "recovering relevant electronic documents concerning the Plaintiff via a search of company … servers is far more costly and onerous than recovery of such documents directly from the Laptop's hard drive …".[10] Surely discovery that is designed to enable the Plaintiff to respond to precisely this argument cannot be deemed unreasonable in scope.

Similarly, Rein's request that Motorola designate someone to testify concerning the company's ability to access, download and copy information contained on an employee's laptop computer is relevant to the issue of whether the information contained on Rein's laptop is also stored on Motorola's servers, and whether Motorola has suffered any prejudice from the damage to Rein's hard drive.

Rein has also requested someone to testify concerning Motorola's ability to deactivate Rein's computer and the effects of such a deactivation. This testimony is clearly relevant because there is currently a dispute between Rein and Motorola concerning whether Motorola completely disabled Rein's computer after he rejected their severance package.[11]

Finally, the Plaintiff has requested Motorola to designate someone to testify concerning the history of repairs, upgrades, etc. made to Rein's computer. This

---

[10] Defendants' Opposition, pg. 10, fn. 19.
[11] Affidavit of Charles Lehwald, ¶6.

information is relevant to determine whether the computer had a history of problems with its hard drive that could potentially account for the loss of data. It is also relevant to determine whether the "bent pins" that the Defendants now contend are evidence that Rein tampered with the computer were in fact the result of a prior repair or upgrade performed by Motorola.

**D.      Defendants' Re-Argument of Their Motion for Sanctions**

The Defendants spend a substantial portion of their Opposition attempting to re-argue their Motion for Sanctions.[12]  None of these arguments are meritorious.  However, since they have no bearing on whether the Plaintiff should be permitted to conduct the discovery he has requested, Rein will hold his response in abeyance until the Court returns its attention to the Defendants' underlying request for sanctions.

**Conclusion**

For the foregoing reasons, the Plaintiff respectfully requests that his Motion be granted.

    Respectfully submitted,

    JAY S. REIN

    By his attorney,

    /s/ John G. H. Coster
    John G. H. Coster
    (BBO No. 101450)
    92 State Street, Suite 900
    Boston, Massachusetts 02109
    (617) 423-2224

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for the Defendants by first class mail, postage pre-paid on April 4, 2006.

    /s/ John G. H. Coster
    John G. H. Coster

---

[12] Defendants' Opposition, footnotes 5-9, 11, and 13.

7