# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' SUR-REPLY

Pursuant to this Court's Electronic Order dated April 7, 2006, the Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants"), hereby respond to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel Additional Discovery.

    1.    <u>Plaintiff has not established his entitlement to testimony.</u>

If, as Plaintiff suggests, Defendants had been able to remotely "access, download and copy" all data contained on the hard drive of Plaintiff's laptop computer – and had actually done so – the parties would not now be before this Court's seeking rulings relating to the laptop.[1] It is incomprehensible to suggest otherwise. Plaintiff's perplexing request for *testimony* from a corporate designee regarding this theory should be denied. Similarly, general deposition testimony concerning Motorola's email policies (which Defendants already have delivered to Plaintiff) simply will not alter the fact that Motorola *has* been prejudiced by the loss of electronic evidence from the laptop's hard drive. During testimony, the Plaintiff conceded that he had saved numerous relevant documents to his hard drive, which he neither printed nor transmitted

---

[1] Likewise, Defendants would not have gone to the significant expense of retaining a forensic expert or re-deposing the Plaintiff.

via Motorola's email servers.[2]  Plaintiff's request for email-related testimony continues to miss the mark.

Further, Plaintiff could simply explore Motorola's protocol for deactivating the laptop, and its history of repairs, through document discovery obtained from Motorola's Information Protection Services department.  Such information could be made available to his expert, if any.  His refusal to stop short of testimony on these subjects is a transparent attempt to harass.

The testimony that Plaintiff seeks is unreasonable in scope and unnecessary.  Even Plaintiff's request to depose Mr. Lehwald is overreaching, especially given the Reports and sworn Affidavit submitted in support of Defendants' Motion to Compel and for Sanctions.  Motorola should not be further burdened by the expense and inconvenience of preparing and producing witnesses to testify on the subjects Plaintiff identified.  Alternative, less burdensome discovery is available and would be more efficient, less onerous and more equitable.  If the Court concludes that a deposition is warranted, however, Defendants do not favor telephonic depositions and believe that a telephonic deposition would be inappropriate under these circumstances.  If a deposition were ordered, it should be conducted in Boston where this case is pending.

    2.    <u>Plaintiff's alleged curiosity about the physical condition of the laptop could be satisfied by an *in camera* viewing.</u>

The laptop at issue comprises relevant and fragile physical evidence in this case.  Plaintiff could not conduct (and has not proposed) any form of inspection of the laptop that would reveal more than what he already knows about the laptop's condition, through personal knowledge and the Report.  Nevertheless, to the extent that the Plaintiff seeks confirmation that Motorola's independent expert correctly concluded that the laptop is physically damaged, Motorola suggests

---

[2] Website artifacts (including, potentially, other email servers) that were automatically stored on the hard drive simply through use, and unbeknownst to Plaintiff, also were lost.

that the best way to accomplish this would be by permitting the court to examine the laptop, *in camera*. Plaintiff is not entitled to, and need not, conduct a physical, unsupervised inspection.[3]

      3.    <u>Plaintiff should not be permitted to conduct his own inspection, or have an expert inspect, without establishing reasonable and protective protocols.</u>

Remarkably, Plaintiff's Reply cavalierly contends that Motorola should be ordered to "box up and return" *to Mr. Rein* the very physical evidence that Motorola contends – and the evidence indicates – he tampered with.[4] This illogical and unreasonable request should be denied.

At the very least, Plaintiff should be required to (1) identify his purported expert(s), (2) share the expert(s)' qualifications with Motorola and this Court for evaluation of his/her *bona fides*, (3) propose precise protocols for the proposed inspection, to be shared with Motorola's expert, (4) establish a comprehensive and reliable chain of custody akin to the one utilized by Defendants to date, and (5) permit Motorola's expert to monitor all aspects of the inspection to ensure that it complies with the protocol and prevents any damage or alteration whatsoever to the physical or electronic evidence at issue. Such procedures are industry-standard and especially necessary under these circumstances.

As for the hard drive, Defendants' suggestion that Plaintiff accept a mirror image is far from controversial.[5] This technique would permit Plaintiff's expert, if any, to probe Kroll's conclusions while ensuring that the review does not alter the original source data. Plaintiff's

---

[3] Plaintiff is not entitled to any inspection, having failed to file a timely request pursuant to Fed. R. Civ. P. 34.

[4] Plaintiff's Memorandum in support of his Motion to Compel requested that the laptop be returned to counsel. Memorandum at 8. Neither the Memorandum nor the Reply identifies any expert. Reply at 5.

[5] Ironically, Plaintiff complains that because the hard drive now contains no files, "the Defendants literally are offering Rein nothing" by proposing to deliver a mirror image. Defendants can only provide that which they received back from the Plaintiff, which was an empty drive.

suggestion that Defendants should return the original hard drive flies in the face of reason and should be rejected.

      4.    <u>Defendants' resistance to Plaintiff's requested discovery is reasonable, principled and was not designed for delay.</u>

Plaintiff asserts that he gave Defendants "multiple opportunities to cooperate," and claims that Defendants' refusal to "cooperate" was dilatory and constitutes bad faith. That is, Plaintiff argues that because Defendants did not acquiesce to his persistent and uncompromising requests for unreasonable and ill-defined discovery, they must have had improper motives. On the contrary, Defendants' position is a principled one; Plaintiff's refusal to entertain Defendants' reasonable compromises is not.

WHEREFORE, Defendants respectfully request that Plaintiff's Motion to Compel be denied. Given the complexity and significance of the discovery issues raised by Plaintiff's Motion, Defendants believe that a hearing may assist the Court and therefore reiterate their request for a hearing.

Respectfully submitted,
MOTOROLA, INC., CLYDE
KOFMAN and JUERGEN STARK
By their Attorneys,


      /s/ Kristin G. McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

Dated: April 13, 2006                  Telephone:    (617) 946-4800

---

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on April 13, 2006.

/s/ Kristin G. McGurn

---