# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
|        Defendants. ) | |
| ) | |

## LAPTOP INSPECTION PROTOCOL

1.     This stipulation (the "Protocol") sets forth the parties' agreement, pursuant to the Court's Order dated April 14, 2006, regarding the protocol to document the current state of the laptop computer used by Plaintiff Jay Rein ("Rein") during his employment with Motorola, Incorporated (the "Laptop") and to maintain its current state during its inspection and the reproduction and analysis of the data collected from the Laptop by Kryptos Forensics, ("Plaintiff's Expert").

2.     <u>Motorola's Chain of Custody</u>:  Prior to delivering the Laptop to Plaintiff's Expert, Motorola and its expert shall prepare documentation identifying the precise chain of custody of the Laptop, and any component part thereof, from the date of its receipt by Motorola on or about September 16, 2005 to the date of its delivery to Plaintiff's Expert.  The documentation shall identify all persons who handled, inspected, analyzed, examined or transported the Laptop and any component part thereof and the locations and conditions under which it was stored.

3.     <u>Preparation for Inspection</u>:  Prior to delivering the Laptop to Plaintiff's Expert, Motorola's expert shall take all necessary photographs and shall record the specifications and serial number identifiers for the Laptop and original hard drive, to document its current state. Motorola's expert shall provide Plaintiff's Expert with a copy of such photographs and supporting documentation described in this paragraph.  Additionally, Defendant's expert, and not any in-house technician employed by Motorola, shall provide to Plaintiff's Expert the MD5 hash value of the recovered Hitachi DS23DA-20F hard drive serial number PH-05K809-48180-26J-0968.  The identity of Defendant's expert who identifies the MD5 hash value shall be included within the documentation described in this paragraph.

4.     <u>Location of Inspection</u>:  The inspection shall take place at Kryptos Forensics or at such other location as is mutually agreed among the parties.  Upon acceptance of this Inspection Protocol by Plaintiff's Expert, the equipment described in paragraph 5 will be made available to Plaintiff's Expert within three (3) business days for review.

5.    <u>Delivery</u>:  Motorola will deliver the Laptop and hard drive to Plaintiff's Expert in a sealed container via traceable overnight delivery.  Upon receipt of the container, Plaintiff's Expert shall prepare documentation, which shall identify the precise chain of custody for the Laptop while in the possession of Plaintiff's Expert and/or his designee(s).  The documentation shall identify all persons involved in the handling, inspection, examination, analysis and transport of the Laptop and the data collected from the Laptop's hard drive, noting the date of their receipt and delivery of the Laptop and any such data, and all steps taken by each of them.  Said documentation shall be delivered to Defendants together with the Laptop, hard drive and Copy, as described in subparagraph 8(f).

6.    <u>Items to be Inspected</u>:  Plaintiff's Expert shall inspect the Laptop Dell Latitude C400, serial number D2YQN11 and Hitachi DS23DA-20F, serial number PH-05K809-48180-26J-0968.  The scope of inspection, as outlined in paragraphs 7 and 8, will consist of the Laptop and the hard drive of the Laptop.

7.    <u>Pre-inspection Examination of Laptop</u>:  Upon receipt of the Laptop, Plaintiff's Expert will examine and photograph the Laptop and will document the specifications and serial number identifiers for the Laptop.

8.    <u>Inspection of Laptop Systems</u>:

    a.  Plaintiff's Expert shall record and photograph all identifying information from the hard drive, including manufacturer, model, serial number jumper settings and all other available identifiers on all internal components.

    b.  Plaintiff's Expert shall make at least one full-image copy of the Laptop's hard drive onto a separate computer storage device (the "Copy").  The original hard drive shall at all times be preserved unaltered.  Plaintiff's Expert shall document and record on the documentation described in paragraph 5, above, (i) all steps taken to conduct bit-stream or other imaging, (ii) the MD5 hash value of the data he analyzes, and (iii) the nature of and procedures comprising his handling, inspection, examination and analysis.  Defendant reserves the right to discover and obtain any other documentation prepared by Plaintiff's Expert, including but not limited to indices of recovered text and numeric data or documentation of his findings or conclusions.

    c.  All of Plaintiff's Expert's analysis will be performed on the Copy.  Plaintiff's Expert shall take no steps during inspection, copying, analysis and reassembly that threatens to or does alter the current condition of the Laptop or its hard drive.

    d.  Plaintiff's Expert shall obtain complementary metal oxide semiconductor (CMOS) data, if any, such as date, time and system setup parameters held within CMOS memory in hardware circuitry.

    e.  Plaintiff's Expert shall reassemble the Laptop system units and shall hold

them in his/her possession, logging all of his/her steps on the chain of custody log, described in paragraph 5.

f.  Within fourteen (14) calendar days of Plaintiff's Expert's receipt of the Laptop, he shall return the Laptop, hard drive and Copy to Defendants' counsel and shall provide to Defendant's counsel a copy of the documentation, photographs and records described in paragraphs 5, 7 and 8(a) and (b).  All copies of the hard drive maintained by Plaintiff or Plaintiff's Expert shall be destroyed at the conclusion of this litigation.

So Stipulated,

JAY S. REIN                                      MOTOROLA, INC., CLYDE KOFMAN,
                                                 and JUERGEN STARK,
By his attorney,
                                                 By their attorneys,
                                                 /s/ Kristin Glennan McGurn
/s/ John G. H. Coster                            Richard L. Alfred (BBO# 015000)
John G. H. Coster (BBO #101450)                  Kristin G. McGurn (BBO# 559687)
92 State Street                                  SEYFARTH SHAW LLP
Suite 900                                        World Trade Center East
Boston, Massachusetts 02109                      Two Seaport Lane, Suite 300
Telephone:    (617) 423-2224                     Boston, MA 02210-2028
                                                 Telephone:    (617) 946-4800

Dated: May 23, 2006

3