UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., CLYDE KOFMAN )<br>and JUERGEN STARK )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-12580 NG<br><br>**HEARING REQUESTED** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Motorola, Inc. ("Motorola"), Clyde Kofman and Juergen Stark (collectively, the "Defendants") move pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1 for entry of summary judgment in their favor, with costs, on all counts of the plaintiff's nine-count complaint. The plaintiff has no reasonable expectation of proving the essential elements of his claims of age discrimination under G. L. c. 151B, § 4 (Counts I, III, and IV) or the Age Discrimination in Employment Act (Count II), breach of contract (Count V), promissory estoppel (Count VI), or interference with advantageous relations (Counts VII, VIII, and IX).

In support of their Motion for Summary Judgment, the Defendants submit the accompanying Statement of Undisputed Facts and Memorandum of Law which are incorporated herein by reference. For the reasons set forth therein, there is no genuine issue of material fact, and on the undisputed facts the Defendants are entitled to judgment as a matter of law on all counts of the plaintiff's complaint because:

(1) The plaintiff cannot succeed on his age discrimination claims because he cannot establish a prima case of age discrimination nor can he show that the Defendants' legitimate nondiscriminatory reasons for the layoff were a pretext for discrimination;

(2) The plaintiff cannot prevail on his breach of contract claim because his employment was expressly at-will, and he cannot show any enforceable oral contract for a definite term of employment;

(3) The plaintiff cannot establish a promissory estoppel claim because he cannot show he reasonably relied on an unambiguous promise for continued employment to his detriment; and

(4) The plaintiff cannot succeed on his claims for interference with advantageous relations because he cannot show that the individual defendants maliciously interfered with his existing or prospective employment relationships at Motorola, or any interference by Motorola with his relationship with a recruiting firm.

## CONCLUSION & REQUEST FOR ORAL ARGUMENT

For the foregoing reasons, the Defendants respectfully request that this Court grant it summary judgment on all counts of the Complaint. The Defendants request a hearing on the motion.

        Respectfully submitted,

        MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

        By their attorneys,

        /s/ Kristin Glennan McGurn
        Richard L. Alfred (BBO# 015000)
        Kristin G. McGurn (BBO# 559687)
        SEYFARTH SHAW LLP
        World Trade Center East
        Two Seaport Lane, Suite 300
        Boston, MA 02210-2028
        Telephone:    (617) 946-4800

Dated: August 1, 2006

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by ECF and first class mail on August 1, 2006.

        /s/ Kristin G. McGurn
        Kristin G. McGurn

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, on and before May 23, 2006 counsel for Defendants conferred with Plaintiff's counsel regarding this Motion.

        /s/ Kristin G. McGurn