UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Defendants Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants") submit this memorandum in support of their Motion to Strike portions of the Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Opposition"), specifically footnote 15. As grounds for this Motion, Defendants state that footnote 15 intentionally and indisputably violates the terms of a clear and unambiguous Stipulation negotiated between, agreed to, and executed by the parties and dated August 11, 2005 ("Stipulation"). A copy of the parties' Stipulation is filed herewith.

By the Stipulation, Plaintiff acknowledged that efforts by administrative representatives of Motorola's Payroll Department to collect from him a perceived overpayment of wages would not be admissible in this litigation for any purpose. This is because, as Plaintiff admitted in the Stipulation, the Payroll Department representatives were unaware of this litigation, and their collections efforts were neither at the instruction of nor even known to <u>anyone involved in this action</u>. In the Stipulation, Plaintiff admitted that the collection efforts were inadvertently undertaken with respect to him, pursuant to standard company policy. Plaintiff expressly admitted that these efforts were not undertaken for punitive purposes, or to retaliate or discriminate against him. In light of these facts, Plaintiff stipulated that evidence of the Payroll

Department's efforts would not be admissible because such evidence would be misleading and totally irrelevant under the circumstances.

Despite his clear and unequivocal Stipulation, Plaintiff's disingenuously grasps for a factual dispute on which to base his Opposition to Defendants' Motion for Summary Judgment by violating the express terms of the parties' Stipulation and referring to these collection efforts. "Stipulations are best 'understood as the analogue of terms binding parties to a contract,'" *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 121 (1st. Cir. 2003). This Court has the authority to enforce such stipulations, which are "favored in litigation" because they tend to expedite the proceedings. *Id.*

Notably, Plaintiff points to no record evidence that contradicts the facts set forth in the Stipulation.[1] Indeed, Plaintiff relies on the Stipulation itself to provide the facts that he asserts in footnote 15, since he fails to otherwise support those facts by affidavit or otherwise, as required by Fed. R. Civ. P. 56. The Stipulation's terms are conclusive. It should be enforced in its entirety.

Accordingly, Plaintiff's attempt to bolster his spurious allegations of retaliation by contravening the express terms of the parties' Stipulation and referring to admittedly irrelevant information must fail. Footnote 15 of Plaintiff's Opposition should be stricken.

### **CONCLUSION**

For the reasons set forth herein and in the accompanying Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, the Opposition's footnote 15 should be stricken and the Court should award attorneys fees and costs associated with this Motion and such other

---

[1] Moreover, "the very purpose of a stipulation is to dispense with the need for proof of the stipulated fact." *Id.* at 121. Therefore, "no evidence tending to establish facts contrary to the facts stipulated [could] be considered." *Id.*

and further relief as it deems appropriate. In the alternative, Defendants should be permitted to respond by submitting an appropriate affidavit.

Respectfully submitted,

Dated: October 4, 2006

MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

By their attorneys,

 /s/ Kristin G McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 4, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on September 18 and 21, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed in this Motion, but the parties were unable to resolve or narrow their dispute.<br><br>/s/ Kristin G. McGurn |

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

**STIPULATION OF THE PARTIES**

WHEREAS, the Defendant, Motorola, Inc. ("Motorola"), has represented that its Payroll Department has a consistent policy and practice pursuant to which it pursues repayment from employees who have received an overpayment of wages or other compensation from Motorola, and retains the services of a debt collection agency to assist with collection proceedings in connection with such overpayments (the "Payroll Policy"); and

WHEREAS, Motorola has represented that its Payroll Department determined that it had overpaid the Plaintiff, Jay Rein ("Rein"), a certain amount of wages following the effective date of his termination (the "Overpayment"); and

WHEREAS, Motorola has represented that because of the Overpayment and for no other reason, Motorola's Payroll Department, consistent with the Payroll Policy, engaged the services of a debt collection agency to collect the Overpayment (Motorola's Payroll Department's determination that there was an Overpayment, and its engagement of the debt collection agency, are collectively referred to as the "Collection Activity"); and

WHEREAS, Motorola has represented that its Rewards Administration Center ("RAC")

BO1 15719523.3

2

has a consistent policy and practice pursuant to which it evaluates and administers claims for benefits under certain Motorola benefits plans, including claims for health care benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA") (the "RAC Policy"); and

WHEREAS, Motorola has represented that consistent with the RAC Policy, RAC determined Rein's employee contribution toward coverage for extraordinary medical expenses pursuant to COBRA to be 30%, and the employer contribution to be 70% (the "Determination"); and

WHEREAS, Motorola has represented that because of the Determination and for no other reason, and consistent with the RAC Policy, Rein was billed at a rate of 30% for certain medical expenses following his election of COBRA coverage (the "Benefits Activity"); and

WHEREAS, Rein followed appropriate procedures to appeal the Determination to RAC and, consistent with the RAC Policy, upon reconsideration of the Determination, RAC reduced to 10% Rein's employee contribution toward extraordinary medical expenses pursuant to COBRA; and

WHEREAS, Motorola has represented that the Collection Activity and the Benefits Activity were conducted without the knowledge of anyone aware of, or responsible for, this litigation, and

WHEREAS, Rein has relied on the foregoing Motorola representations in entering into this Stipulation;

NOW THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, the Parties hereby stipulate and agree as follows:

1.  Motorola shall terminate the services of the debt collection agency that were

2

BO1 15719523.3

     instituted pursuant to the Payroll Policy in connection with the Overpayment to Rein.

2. Motorola shall not take any other steps to obtain from Rein reimbursement of the Overpayment and shall terminate the Collection Activity.

3. The Collection Activity and the Benefits Activity were not discriminatory, retaliatory or punitive, and are not evidence of discriminatory, retaliatory or punitive conduct, and were undertaken solely pursuant to and consistent with the Payroll Policy and the RAC Policy, and for no unlawful or other reason.

4. Plaintiff agrees not to use the Collection Activity or the Benefits Activity or any facts, circumstances or allegations relating to the Collection Activity or the Benefits Activity, for any purpose, under any circumstances, to attempt to introduce into, admit as, or use as, evidence, or to support any argument in favor of any position, or to support any claim that Plaintiff makes, made or could have made in connection with this litigation.

                            Respectfully submitted,

| JAY S. REIN | MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, |
|---|---|
| By his attorney, | By their attorneys, |
| /s/ John G. H. Coster | /s/ Kristin G. McGurn |
| John G. H. Coster (BBO #101450) | Richard L. Alfred (BBO# 015000) |
| 92 State Street | Kristin G. McGurn (BBO# 559687) |
| Suite 900 | Yvette Politis (BBO# 644986) |
| Boston, Massachusetts 02109 | SEYFARTH SHAW LLP |
| (617) 423-2224 | World Trade Center East |
| | Two Seaport Lane, Suite 300 |
| | Boston, MA 02210-2028 |
| | (617) 946-4800 |
| Dated: August 11, 2005 | Dated: August __, 2005 |