UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
JAY S. REIN,                        )
                                    )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )     Civil Action No. 04-12580 NG
                                    )
MOTOROLA, INC., CLYDE               )
KOFMAN, and JUERGEN                 )
STARK,                              )
                                    )
         Defendants.                )
                                    )
```

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE PORTIONS OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Jay S. Rein ("Rein" or the "Plaintiff") hereby submits his Opposition to Defendants' Motion to Strike Portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment - specifically footnote 15 of the Opposition. The Defendants' Motion should be denied because the sole purpose of footnote 15 was to correct misleading statements contained in Defendants' Memorandum in Support of Motion for Summary Judgment. In deciding this important dispositive motion, the Court is entitled to the benefit of all the relevant facts, not merely the Defendants' misleading half-truths.

**FACTUAL BACKGROUND**

On or about April 25, 2005 Rein received a letter from the Diversified Services Group indicating that it had been retained by Motorola to collect a debt in the amount of Four Thousand Seven Hundred and Twenty Three Dollars and Eighty Six Cents

($4,723.86) that Motorola claimed it was owed by Rein.[1]  (Affidavit of John G. H. Coster in Support of Opposition to Defendants' Motion to Strike (the "Coster Affidavit"), ¶2)About this same time, Rein began experiencing problems with the health care coverage he received from Motorola through COBRA.[2] (Coster Affidavit, ¶3).

Rein's counsel promptly contacted Motorola's attorney to discuss both these issues.  (Coster Affidavit, ¶4).  Defendants' counsel stated that Motorola had commenced the Collection Activity because Rein had been inadvertently kept on the payroll after the effective date of his termination.  Motorola now contended that Rein was obligated to reimburse the company for these payments.  (Coster Affidavit, ¶5).  Defendants' Counsel also asserted that Motorola had acted properly in conjunction with its Benefits Activity.  (Coster Affidavit, ¶6).

Plaintiff's counsel contended that Rein was entitled to receive these payments, vigorously objected to Motorola's efforts to recoup these sums from the Plaintiff, and indicated that this appeared to be further evidence of retaliation.  (Coster Affidavit, ¶7).  After additional discussions, the parties reached an agreement that Motorola would discontinue its efforts to recoup the alleged overpayments from Rein.  (Coster Affidavit, ¶8).  In return Rein agreed to accept at face value the Defendants' representations that Motorola had inadvertently paid Rein "a certain amount of wages following the effective date of his termination", and not use their subsequent efforts to obtain reimbursement from Rein, or their actions relating to the Benefits Activity, as evidence of retaliation.  (Stipulation; Coster Affidavit ¶9).

---

[1] This is what is referred to as the "Collection Activity" in the Stipulation filed by the Defendants in conjunction with their Motion to Strike.
[2] This is what is referred to as the "Benefits Activity" in the Stipulation filed by the Defendants' in conjunction with their Motion to Strike.

2

## **ARGUMENT**

It is against this factual backdrop that the Defendants attempted to argue, in the Memorandum of Law that accompanied their Motion for Summary Judgment, that Rein's retaliation claim must be dismissed because, even if they allegedly threatened Rein, they never followed through on these threats. As evidence of their good faith, and lack of any "adverse action", the Defendants make the following representation: "it is undisputed that [Rein] in fact was paid his full salary during the negotiations, through April 9, 2004 *plus* the entire severance package to which he was entitled".[3] (Defendants' Memorandum in Support of Motion for Summary Judgment, pg. 11, fn. 15).

Of course, in light of their subsequent view of these payments and their subsequent conduct, this statement is fundamentally misleading. These payments do not evidence Motorola's good faith if, as Motorola subsequently claimed, they were a mistake - particularly since they were a mistake that the Defendants subsequently attempted to rectify. Nor are they evidence of a lack of adverse action if Motorola subsequently retained a collection agency to pursue reimbursement from Rein, and only agreed to allow Rein to keep these sums in return for Rein agreeing not to pursue further retaliation claims against Motorola, or to use Defendants' conduct as evidence of Motorola's "adverse actions".

Thus, to correct the Defendants' efforts to mislead the Court, the Plaintiff included a brief footnote that told the whole story. As the footnote itself makes clear, this information was submitted "solely to contradict the Defendants' implication that they intentionally paid Rein more than he was legally entitled to". (Plaintiff's Opposition to

---

[3] Defendants' Statement of Undisputed Facts and the Affidavit of Peter Tobin contain similarly misleading statements. (Defendants' Statement of Undisputed Facts, ¶94; Affidavit of Peter Tobin, ¶15).

Defendants' Motion for Summary Judgment, pg. 11, fn. 15). In fact, the Plaintiff showed considerable restraint by not arguing in the main body of his brief that there was considerable evidence of "adverse actions" by the Defendants and describing in detail both the Defendants' Collection Activity and Benefits Activity. Instead, the Plaintiff confined his comments to a single terse footnote and provided the bare minimum amount of information necessary to rebut the Defendants' misleading statements.

Moreover, when the Defendants subsequently demanded that Rein strike this footnote from his brief, he readily agreed to do so, providing the Defendants struck the misleading language from footnote 12 of their own brief. (Plaintiff's September 20, 2006 letter, attached as Exhibit 1 to the Coster Affidavit). Unfortunately the Defendants rejected this proposal and continued to insist that the Stipulation previously entered into by the parties somehow entitled them to make misleading representations to the Court, and then muzzle the Plaintiff when he attempted to correct these misrepresentations.

The Plaintiff respectfully requests that the Defendants' Motion be denied.

                              JAY S. REIN

                              By his attorney,

                              /s/ John G. H. Coster
                              John G. H. Coster
                              (BBO #101450)
                              92 State Street, Suite 900
                              Boston, Massachusetts 02109
                              (617) 423-2224

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true copy of the above document was served on the attorney of record for each of the Defendants by ECF and first class mail, postage prepaid on October 11, 2006.

                              /s/ John G. H. Coster
                              John G. H. Coster