UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE ) | |
| KOFMAN, and JUERGEN ) | |
| STARK, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF JOHN G. H. COSTER**

I, John G. H. Coster ("Coster") do declare under pains and penalty of perjury that:

1. I am a member of the Commonwealth of Massachusetts and this Court, and am the attorney for the Plaintiff Jay S. Rein ("Rein" or the "Plaintiff") in the above captioned case. This affidavit is based upon my personal knowledge.

2. On or about April 25, 2005 Rein received a letter from Diversified Services Group indicating that it had been retained by Motorola to collect a debt in the amount of Four Thousand Seven Hundred and Twenty Three Dollars and Eighty Six Cents ($4,723.86) that Motorola claimed it was owed by Rein.[1]

3. About this same time, Rein began experiencing problems with the health care coverage he received from Motorola through COBRA.[2]

---

[1] This is what is referred to as the "Collection Activity" in the Stipulation filed by the Defendants in conjunction with their Motion to Strike.
[2] This is what is referred to as the "Benefits Activity" in the Stipulation filed by the Defendants in conjunction with their Motion to Strike.

4. As Rein's counsel, I promptly contacted Motorola's attorney to discuss both these issues.

5. During our discussions Defendants' counsel stated that Motorola had commenced the Collection Activity because Rein had been inadvertently kept on the payroll after the effective date of his termination. Motorola now contended that he was obligated to reimburse the company for these payments.

6. Defendants' Counsel also asserted that Motorola had acted properly in conjunction with its Benefits Activity.

7. As Rein's counsel I contended that Rein was entitled to receive these payments, vigorously objected to Motorola's efforts to recoup these sums from the Plaintiff, and indicated that this appeared to be further evidence of retaliation.

8. After additional discussions, the parties reached an agreement that Motorola would discontinue its efforts to recoup the alleged overpayments from Rein.

9. In return Rein agreed to accept at face value the Defendants' representations that Motorola had inadvertently paid Rein "a certain amount of wages following the effective date of his termination", and not use their subsequent efforts to obtain reimbursement from Rein, or their actions relating to the Benefits Activity, as evidence of retaliation.

10. Attached hereto as Exhibit 1 is a true and correct copy of my letter to Defendants' counsel, dated September 20, 2006.

Signed under the pains and penalties of perjury this 11th day of October, 2006.

/s/ John G. H. Coster
John G. H. Coster

# JOHN G. H. COSTER
Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                                                                   Fax (617) 338-0919

September 20, 2006

**BY FACSIMILE**
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

>       Re:   *Rein v. Motorola, et al*
>             Civil Action No. 04-12580 NG

Dear Kristin:

     I am in receipt of your September 19, 2006 letter, demanding that I withdraw my Opposition and then re-file it, omitting all reference to footnote 15. I am more than happy to do so - providing Defendants withdraw their Memorandum in Support of Motion for Summary Judgment and then revise it to delete your argument that Motorola did not retaliate against Rein because it paid him his full salary through April 9, 2004.

     As you well know, this argument is deliberately misleading and based on a half-truth. After making these payments Motorola claimed that they had been made in error, demanded that they be repaid, and in fact contacted a collection agency to pursue Rein for these sums. To use this claimed overpayment as evidence that Motorola did not retaliate against Rein or take any adverse action against him fundamentally misrepresents the underlying facts and is an outrage.

     Since the sole purpose of footnote 15 of my Opposition was to address this misrepresentation, I have no objection to deleting its contents from an amended Opposition if Motorola is prepared to rectify the misleading statements set forth in footnote 12 of its own Memorandum of Law.

     I am also open to any alternate suggestions that you might have that insure the Court does not resolve this important issue on the basis of factual representations that are only partially true and fundamentally misleading.

**EXHIBIT 1**

I look forward to hearing from you.

                                                Very truly yours,

                                                John G. H. Coster