UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark (collectively, "Defendants"), hereby move for leave to file a brief Reply Memorandum in response to the Plaintiff's Opposition to Defendants' Motion to Strike ("Plaintiff's Opposition"). As grounds for this Motion, Defendants state that a brief Reply is necessary to respond to mischaracterizations in Plaintiff's Opposition. Such a brief Reply will aid the Court in its review and determination of whether to strike portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

WHEREFORE, the Defendants respectfully request that this Motion be allowed and that the Defendants be granted leave to file a brief Reply in response to Plaintiff's Opposition to Defendants' Motion to Strike**.**

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,

By their attorneys,

 /s/ Kristin G McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA  02109 on October 20, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on October 20, 2006 counsel for Defendants conferred with Plaintiff's counsel regarding the filing of this motion, who indicated that he would not oppose this motion if Defendants would agree not to oppose a brief sur-reply.<br><br>/s/ Kristin G. McGurn |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAY S. REIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-12580 NG |
| | ) | |
| v. | ) | |
| | ) | |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK, | ) ) | HEARING OCTOBER 23, 2006 |
| | ) | |
| Defendants. | ) ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Defendants reply to Plaintiff's Opposition to the Motion to Strike ("Opposition") in order to untangle Plaintiff's distortion of their arguments in support of Summary Judgment on Plaintiff's retaliation allegations. Plaintiff's attempt to recast Defendants' arguments regarding post-termination payments, suggesting that Defendants sought to mislead this Court, constitutes a transparent effort to excuse his intentional violation of the parties' Stipulation. Plaintiff's Opposition does not offer any grounds for denying Defendants' Motion to Strike.

The *only* two relevant issues here are undisputed:

A.  Plaintiff intentionally breached the terms of the parties' negotiated Stipulation.

In his Opposition, Plaintiff admits that, through the Stipulation, he agreed "not to use" the Collection Activity as evidence (specifically, of retaliation). Opposition at p. 2. Despite that clear and unequivocal agreement, he improperly does just that in his opposition to Defendants' Motion for Summary Judgment. In a feeble attempt to rationalize this misconduct, Plaintiff attempts to argue, without any record support, that the Collection Activity, well known to the Plaintiff at the time the Stipulation was made, somehow suggests "adverse action" or "bad faith." Plaintiffs' argument is not only factually and indisputably wrong, but, even if it were supportable, it is legally in error. The Stipulation was negotiated by counsel for the parties in a

careful and thoughtful manner. It is, therefore, binding on the parties and should be enforced by the Court. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 121 (1st Cir. 2003) (where counseled parties freely agree to language in stipulation, it should be enforced).

    B.   <u>Plaintiff received the severance to which he was legally entitled</u>.

Plaintiff does not dispute—in his Opposition to this motion, in his Opposition to Defendants' Motion for Summary Judgment, or otherwise—that Motorola paid him the entire severance package to which he was entitled under Motorola's Involuntary Separation Plan. Indeed, in response to questions regarding his receipt of severance, Plaintiff testified, "I think I was taken off payroll when I was given checks by the company for severance" (Rein Dep. 526:5-6); and "I got the package that was required, without signing the release."[1] (Rein Dep. 554:4-5). This is the undisputed fact that Defendants made in their Memorandum in Support of Summary Judgment (p. 11 at n.12), which Plaintiff contorts into an argument that Defendants improperly retaliated against him. Plaintiff's contrived position fails, however, because he cannot show that Plaintiff was treated materially adversely concerning severance, or that he was deprived of a legal entitlement to severance. He must not be permitted to renege on his agreement expressed in the Stipulation by cobbling together a spurious argument, unsupported by the undisputed facts that served as the basis for the Stipulation.[2]

---

[1] Plaintiff also does not dispute that, although he engaged in protracted negotiations with Motorola and convinced the Company to give him an enhanced severance package, he ultimately was *not entitled* to any additional compensation because he declined to sign a general release in exchange for the enhancement. (Statement of Undisputed Facts, ¶¶ 89, 92, 93; Rein Ex. 45)

[2] Despite his self-congratulatory statement that he "showed considerable restraint by not arguing in the main body of his brief" regarding circumstances resulting in the Stipulation, Opp. at 4, Plaintiff further intentionally violates its terms by detailing the irrelevant, resolved Benefits Activity in his Opposition. This, too, should be stricken.

2

For these reasons and the reasons set forth in Defendants' Motion to Strike, the Court should strike Plaintiff's offending footnote.

Respectfully submitted,

MOTOROLA, INC., CLYDE KOFMAN, AND JUERGEN STARK

By their attorneys,

/s/ Kristin Glennan McGurn
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 20, 2006.

/s/ Kristin G. McGurn

Dated: October 20, 2006