# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

**JAY S. REIN,**                                    )
                                                    )
                                                    )
         **Plaintiff,**                             )
                                                    )
**v.**                                              )        **Civil Action No. 04-12580 NG**
                                                    )
**MOTOROLA, INC., CLYDE**                           )
**KOFMAN, and JUERGEN**                             )
**STARK,**                                          )
                                                    )
         **Defendants.**                            )
_____)

## PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION
## TO STRIKE PORTIONS OF PLAINTIFF'S OPPOSITION

The Plaintiff, Jay S. Rein ("Rein" or the "Plaintiff") hereby files this Sur-Reply

(the "Sur-Reply"), to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion

to Strike ("Defendants' Reply").   Plaintiff's Sur-Reply is necessitated by certain

misrepresentations contained in the Defendants' Reply and will confine itself to

responding to these inaccuracies.

    A.    <u>The Plaintiff has not breached the terms of the Stipulation</u>

The Stipulation entered into by the parties prohibits the Plaintiff from using the

"Collection Activity" to "support any claim" he could make in the litigation.  (Stipulation

of the Parties (the "Stipulation"), ¶4).  However, the Stipulation does not provide the

Defendants with a license to misstate the relevant facts and then stifle the Plaintiff's

efforts to correct such misrepresentations - and that is the <u>only</u> thing Plaintiff is

attempting to do here.  It is why the only mention of the "Collection Activity" was in a

brief footnote, rather than the main body of the Opposition.  It is why Rein made the

Court aware of the Stipulation and its terms and emphasized that information about the Collection Activity was being provided to the Court "solely to contradict the Defendants' implication that they intentionally paid Rein more than he was legally entitled to". Finally, it is why the Plaintiff subsequently agreed to strike the footnote providing the Defendants agreed to correct the misrepresentation that had necessitated its inclusion in the Opposition.

B.    <u>The Defendants did misrepresent the facts</u>

In their Memorandum in Support of Motion for Summary Judgment the Defendants argue that, notwithstanding their threats to retaliate against Rein, they paid him the severance benefits he was entitled to and kept him on the payroll for a period of time after notifying him that his position had been "eliminated". This, they argue, shows that they took no adverse action against Rein. In their Reply, they reiterate this argument. The problem is that the Defendants' argument is based on a misleading half-truth. It is like the person who throws himself on the mercy of the court because he is an orphan, but neglects to mention that his parents are dead because he killed them.

In this case, it is true that the Defendants made certain payments to Rein. It is equally true that they subsequently attempted to recoup a portion of this money on the grounds that they had been paid to Rein as the result of a clerical error. Finally, it is true that the Defendants only agreed to allow Rein to keep the amount in dispute if he entered into the Stipulation and agreed not pursue an additional retaliation claim against them.

The Plaintiff believes these are significant facts that the Court is entitled to be aware of in evaluating whether the payments the Defendants made to Plaintiff can be used as evidence to support their underlying legal arguments. If the Court believes the

additional information provided by the Plaintiff is irrelevant or immaterial, it will

presumably disregard it, thereby obviating the need to formally strike footnote 15 from

Plaintiff's Opposition.  However, if the Court concludes that this information rectifies a

misleading omission made by the Defendants and is relevant to Defendants' underlying

arguments, it must deny Defendants' motion.

JAY S. REIN

By his attorney,

/s/John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney
of record by ECF and first class mail on October 20, 2006.

/s/John G. H. Coster