UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**JAY S. REIN,**                    )
                                    )
                                    )
        **Plaintiff,**          )
                                    )
**v.**                              )   Civil Action No. 04-12580 NG
                                    )
**MOTOROLA, INC., CLYDE**           )
**KOFMAN, and JUERGEN**             )
**STARK,**                          )
                                    )
        **Defendants.**         )
_____)

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL DEFENDANTS TO SUPPLEMENT DISCOVERY RESPONSES**

**Introduction**

This is a Motion necessitated by the Defendants' refusal to supplement their responses to Plaintiff's First Request for Production of Documents or Plaintiff's First Request for Production of Documents and their completely unjustified attempt to prevent Rein from obtaining information that is not only relevant, but central to his underlying claims.

**Procedural Background**

On April 29, 2005 Rein served Plaintiff's First Set of Interrogatories to Motorola ("Plaintiff's Interrogatories") and Plaintiff's First Request for Production of Documents to Motorola ("Plaintiff's Document Request") on the Defendants.

On June 22, 2005 Defendants served on Rein Motorola, Inc.'s Answers to Plaintiff's First Set of Interrogatories ("Defendants' Interrogatory Answers") and Motorola, Inc.'s Responses to Plaintiff's First Request for Production of Documents

("Defendants' Document Response").  (Copies of Defendants' Interrogatory Answers and Defendants' Document Response are attached as Exhibit A and Exhibit B, respectively to the Affidavit Of John G. H. Coster (the "Coster Affidavit") filed herewith).

On October 24, 2006 Rein requested the Defendants provide him with certain information in their possession, necessary for him to supplement his own information relating to his underlying damages and to bring this information current.  (A copy of this letter is attached to the Coster Affidavit as Exhibit C).

On October 25, Rein renewed his request for certain information in Motorola's possession that was necessary for him to update his own discovery responses concerning damages.  Rein pointed out that this information was not only relevant, but specifically responsive to specific interrogatories in Plaintiff's Interrogatories and specific documents requested in Plaintiff's Document Requests.  In addition, Rein identified several other specific document requests and interrogatories that needed to be supplemented in light of some of the underlying arguments and defenses raised on Defendants' Motion for Summary Judgment.  (A copy of this letter is attached to the Coster Affidavit as Exhibit D).

On the afternoon of October 27, 2006 Defendants responded to Rein's requests. Although the Defendants did agree to produce some additional information, they declined to provide Rein with information that is clearly relevant, undeniably responsive to Plaintiff's discovery requests and indisputably not protected by any privilege.  Moreover, at the same time they were refusing to voluntarily supplement their own discovery responses, the Defendants demanded that Rein supplement certain interrogatories relating to his underlying damages, even though to fully supplement such responses Plaintiff

2

needed the very information the Defendants were refusing to produce. (A copy of this letter is attached to the Coster Affidavit as Exhibit E).

## Argument

**A. The Defendants Have Refused, Without Justification, To Answer Interrogatories or Produce Documents or Supplement Their Prior Responses to Such Discovery.**

    1.    <u>Information Relating to Plaintiff's Underlying Damages</u>

On October 23, 2006 the parties appeared before the Court for a hearing on Defendants' Motion for Summary Judgment. During this hearing the Court verbally indicated what its likely ruling would be with respect to each of the underlying counts in Rein's Complaint. In addition, in light of these rulings, the Court directed that Rein supplement his prior answers to Interrogatories and his prior document request to provide the Defendants with updated information concerning his underlying damages. Rein is in the process of assembling this information, and anticipates providing the Defendants with a portion of the requested information on or before November 1, 2006.[1]

However, a portion of Rein's underlying damages relates to bonuses he would have been entitled to receive under the Motorola's Management Incentive Plan (MIP). Complete and updated information concerning the MIP is therefore relevant to Rein's claims for compensatory damages under his state and federal claims for discrimination and retaliation (Counts I - IV); his promissory estoppel claim (Count VI), and his interference with advantageous relations claim (Count VIII).

Rein's prior discovery requested this obviously relevant information. Thus, Plaintiff's Document Request contained the following:

---

[1] Plaintiff would have complied with the Court's directive even earlier, but, as counsel explained during the hearing, his client was overseas on business. Rein returned from his trip on October 30th.

3

Request No. 15

All documents concerning any compensation received by Kofman, Stark, John Gillardi, Michael Humpleby or Clay Brice from Motorola for the period January 1, 2003 through the present, including but not limited to salary, bonuses, retention bonuses, commissions or other incentive compensation, pension contributions, 401k contributions, or stock options.

Similarly, in Plaintiff's Interrogatories contained the following:

Interrogatory No. 14

Please identify what, if any, bonuses, retention bonuses, commissions, or stock options each member of the MPS Group received from January 1, 2004 through the present, identify who authorized and/or recommended the payment of such bonuses, commission or stock options and explain how such payments were calculated.

The Defendants responded to the above document request by producing a handful of pages relating to its **2002** MIP program. (Copies of all the documents produced by Defendants are attached to the Coster Affidavit as Exhibit F). The Defendants' answer to Interrogatory No. 14 simply refers to these documents. Similarly, Defendants' recent response to Rein's request for supplementation again refers to the documents attached as Exhibit F.

Defendants' response is wholly inadequate. Motorola's continuing duty to supplement its discovery responses obligates the Defendants to update their response with any additional information relating to the MIP for 2003, 2004, 2005 and 2006, just as Rein is obligated to update information relating to his damages. See Rule 26(e) Fed. R. Civ. P. In fact, without this underlying information relating to the MIP, Rein's underlying ability to update his damages to include lost bonuses is itself compromised.

Moreover, the outdated and cursory information the Defendants have voluntarily produced is simply fails to provide the relevant information requested. The Defendants'

4

interrogatory answer, which simply refers to documents they have produced does not satisfy their underlying discovery obligations. *Fisher v. Balt. Life Ins. Co.*, 2006 U.S. Dist. Lexis 25007, pgs. 27-28 (D.W.Va. 2006)(Simply referring to documents subject to varying interpretations to answer specific interrogatories does not satisfy a parties discovery obligations).

Here the documents produced by the Defendants fail to provide Rein with the information he requested. As the documents themselves illustrate, to accurately calculate an individual's bonus, one needs to know what the relevant "incentive target" is, what the "business performance factor" is and what the "individual performance factor" is. The Defendants have failed to provide any information relating to the "incentive target" the "business performance factor" or the "individual performance factor" for 2004, 2005 or 2006. The Defendants provide a formula, but none of the relevant numbers.[2]

In fact, in her October 27, 2006 letter Defendants' counsel actually acknowledges that the underlying bonus depends on a number of factors "including a significant individual performance factor". (See pg. 3). This is exactly why the Plaintiff sought information about the MIP bonuses received by other member of the MPS Group. Because these individuals were part of the same sector as Rein their "business performance factor" would have been identical to Rein's.[3]

Moreover, each of these individuals worked in the MPS Group, were performing the same underlying duties and shared the same group performance goals. In addition, during the last two years of his employment Rein's overall performance was rated as

---

[2] This is the equivalent of Plaintiff supplementing the discovery relating to his damages by saying that his compensatory damages are what he would have earned at Motorola, less what he actually earned in his new position without providing any specific numbers.
[3] Business performance factor = Sector profit before tax + Sector free cash flow + Sector key initiatives (bookings), pg. MI000391.

5

better than or equal to each of the other members of the MPS Group.[4] Therefore, these individuals are the best comparators for Rein, and the "individual performance factor" for each of these employees is clearly the most appropriate source from which to extrapolate what Rein's "individual performance factor" would have been. Clearly, the Plaintiff is entitled to this information.[5]

    2.    <u>Information Relating to the Merits of Plaintiff's Claims</u>

The Defendants' Motion for Summary Judgment and the oral argument at the subsequent hearing also highlighted an important issue relating to liability. The Defendants' argue that Rein has failed to offer sufficient evidence to support is assertion that their was a position available in Janiece Webb's group or elsewhere for which he was qualified, and therefore he cannot prevail on his intentional interference claim against Defendant Kofman. (Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, pgs. 8-9).

Rein's prior discovery sought information relating to precisely this issue.

Interrogatory No. 12 asked the Defendants:

If Rein was considered or proposed for any alternate positions at Motorola after he had been told that he was being terminated from the MPS Group, please identify each such position, setting forth:

    (a)    the title of the position;

    (b)    its compensation;

    (c)    the division or subsidiary of Motorola it was a part of;

---

[4] <u>See</u> Personal Action Forms (PAF) for Rein, Kofman, Gillardi, Brice and Humpleby showing that Rein's 2002 and 2003 performance was equal to or better than each of the other employees in the group. (A copy of these PAF Forms is attached to the Coster Affidavit as Exhibit G).

[5] One does not need a crystal ball to predict what will happen if the Plaintiff is unable to obtain this information - the Defendants, who now argue that this information is irrelevant, will contend at trial that the Plaintiff's "bonus" damages are unduly speculative because he has failed submit evidence relating to the "individual performance factors" of appropriate comparators.

6

 (d) the identity of the person responsible for filling the position;

 (e) whether such position was offered to Rein;

 (f) the identity of any person(s) who were offered the position; and,

 (g) why such person(s) was deemed more qualified than Rein.

The Defendants' response to this legitimate interrogatories was simply to acknowledge that Plaintiff met with individuals in two different divisions. Defendants provide neither the requested information nor a legitimate explanation for their refusal to answer this interrogatory.

Rein is entitled to complete and honest answer to the interrogatory, particularly in light of the arguments Defendants have subsequently advanced in their summary judgment motion, and presumably will reiterate at trial. The Defendants cannot, on the one hand refuse to provide this information about potential positions on the grounds that the information is irrelevant, and, on the other hand, argue that Rein has failed to establish that such positions were available.

 3. <u>An Expedited Briefing Schedule is Warranted, Pursuant to Local Rule 7.1</u>

This emergency motion is unfortunately necessitated by the Defendants': (i) refusal to provide Rein with relevant information that is clearly responsive to his outstanding discovery requests; (ii) failure to supplement the information previously provided to Rein with additional information that became available after Defendants' initial responses; and, (iii) intransigence in agreeing to voluntarily supplement its responses. Defendants' obstructionist conduct, on the eve of trial, is substantially hampering Rein's ability to prepare his case, and is in fact interfering with Rein's own

efforts to fully supplement his own discovery responses. If the Court does not resolve these issues on an expedited basis, the Plaintiff will be substantially prejudiced.

Defendants, on the other hand, will suffer little to no prejudice by resolving these issues in an expedited fashion. The information sought by the Plaintiff is readily available to the Defendants. The discovery requests to which this information is responsive were served on the Defendants over a year ago. The Defendants have already had nearly a week to comply with Rein's request that they voluntarily furnish the Plaintiff with this information. In fact, resolving this issue on an expedited basis will provide the Plaintiff with additional information he needs to complete the supplementation of his own discovery responses concerning damages.

WHEREFORE, Rein respectfully requests that his Motion be granted.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Pursuant to Fed. R. Civ. P. 37(a)(2), L.R. 7.1(A)(2) and L.R. 37.1, on October 24, 25, and 27, 2006 counsel exchanged letters in a good faith effort to resolve or narrow the issues raised in the instant Motion. Plaintiff's and Defendants' counsel were unable to come to an agreement regarding the Plaintiff's Motion.

/s/ John G. H. Coster

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for each other party by ECF and first class mail, postage prepaid on October 31, 2006.

/s/ John G. H. Coster