## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **JAY S. REIN,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MOTOROLA, INC., CLYDE** | ) |
| **KOFMAN, and JUERGEN** | ) |
| **STARK,** | ) |
| | ) |
| **Defendants.** | ) |

_____)

**Civil Action No. 04-12580 NG**

### AFFIDAVIT OF JOHN G. H. COSTER IN SUPPORT OF
### PLAINTIFF'S MOTION TO COMPEL DEFENDANTS
### TO SUPPLEMENT DISCOVERY RESPONSES

I, John G. H. Coster ("Coster") do declare under pains and penalty of perjury that:

1.      I am a member of the Commonwealth of Massachusetts and this Court, and am the attorney for the Plaintiff Jay S. Rein ("Rein" or the "Plaintiff") in the above captioned case.  This affidavit is based upon my personal knowledge.

2.      Attached hereto as Exhibit A is a true and correct copy of Defendant, Motorola, Inc.'s Answers to Plaintiff's First Set of Interrogatories.

3.      Attached hereto as Exhibit B is a true and correct copy of Defendant, Motorola, Inc.'s Responses to Plaintiff's First Request for Production of Documents.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter from J. Coster to K. McGurn, dated October 24, 2006.

5.      Attached hereto as Exhibit D is a true and correct copy of a letter from J. Coster to K. McGurn, dated October 25, 2006.

6.      Attached hereto as Exhibit E is a true and correct copy of a letter from K. McGurn to J. Coster, dated October 27, 2006.

7.      Attached hereto as Exhibit F is a true and correct copy of the documents relating to the Motorola's MIP bonus plan produced by the Defendants in response to Plaintiff's First Request for Production of Documents.

8.      Attached hereto as Exhibit G is a true and correct copy of the Personnel Action Forms (PAF) for the members of the MPS Group.

Signed under the pains and penalties of perjury this 31st day of October, 2006.


                                        /s/ John G. H. Coster
                                        John G. H. Coster

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAY S. REIN<br><br>           Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., CLYDE KOFMAN<br>and JUERGEN STARK<br><br>           Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12580 NG<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, MOTOROLA, INC.'S ANSWERS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, the Defendant, Motorola, Inc. ("Defendant" or

"Motorola"), hereby answers and objects to Plaintiff Jay S. Rein's ("Rein" or "Plaintiff")

First Set of Interrogatories as follows:

**GENERAL STATEMENT AND OBJECTIONS**

A.      Motorola objects to each interrogatory to the extent that it seeks to expand

the scope of discovery beyond that provided for in Rules 26 and 33 of the Federal Rules

of Civil Procedure.

B.      Motorola objects to each interrogatory to the extent that it seeks disclosure

of an attorney's legal theories or other trial preparation materials.

C.      Motorola objects to each interrogatory to the extent that it inquires about

information subject to a privilege from production, including, without limitation, the

attorney-client privilege and/or the work product doctrine.

D.    Motorola objects to each interrogatory to the extent that it is unlimited in time as oppressive, unduly burdensome or expansive, and/or neither relevant nor reasonably calculated to lead to the discovery of admissible information.

E.    Motorola objects to each interrogatory to the extent that it seeks confidential, proprietary business information.

F.    Motorola objects to each interrogatory to the extent that it seeks information and/or documents that are personal and confidential that would violate the reasonable expectation of privacy of third parties to the litigation, including Motorola employees and former employees.

The following responses and objections are based upon information now available. Motorola has not yet completed preparation for trial in this action, and therefore reserves the right to amend, modify, or supplement the objections or responses stated herein as additional information becomes known during discovery.

## DEFINITION OF SPECIFIC OBJECTIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A.    "Vague" means the Defendant objects on the basis that the request is vague, uncertain or ambiguous.

B.    "Overly broad" means the Defendant objects on the basis that the interrogatory is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope.

C.    "Calls for irrelevant information" means the Defendant objects on the basis that the interrogatory is not likely to lead to the discovery of information relevant to

the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

      D.     "Burdensome" means the Defendant objects on the basis that the request is so broad and uncertain that it creates an unreasonable and undue burden upon the Defendant. Burdensome also means that the Defendant objects to the interrogatory because the information sought is more readily attainable through other, more convenient, less burdensome and less expensive sources or discovery procedures.

      E.     "Calls for privileged information" means the Defendant objects on the basis that the request seeks information protected by the attorney/client privilege, the attorney work product privilege, or consists of trial preparation materials and documents containing mental impressions, conclusions, opinions, and legal theories of counsel, and/or requests information which is otherwise protected under the Federal Rules of Civil Procedure or any other valid privilege.

      F.     "Calls for confidential information" means the Defendant objects on the basis the interrogatory seeks confidential personnel and other private information about the Defendant's former and present employees, or seeks trade secret or other research, development or commercial information.

      Subject to these conditions and objections, and without waiving and without repeating any of them in any of the specific objections and answers, Defendant responds as follows:

## RESPONSES AND OBJECTIONS TO INDIVIDUAL INTERROGATORIES
## INTERROGATORY NO. 1

      Please identify each and every person answering these interrogatories, setting forth for each such person the interrogatory(ies) they answered or assisted in answering.

**ANSWER NO. 1**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and calls for privileged information. Subject to and without waiving the foregoing objection, Defendant states that the following Motorola employees provided information in connection with preparing Defendant's responses to the Interrogatories: Peter Tobin ("Tobin"), Ana Maria Lopez ("Lopez"), Clyde Kofman ("Kofman") and Juergen Stark ("Stark").

**INTERROGATORY NO. 2**

Please identify each and every communication between or among two or more employees of Motorola relating to Rein's performance.

**ANSWER NO. 2**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola states that Leonard deBarros met with Plaintiff in the first quarter of 2003 to discuss Plaintiff's 2002 review and that Kofman and Plaintiff conferred by telephone in or about January 2004 to discuss Plaintiff's 2003 performance review. Kofman also spoke with Chris Banakas ("Banakis") and Paul Lanci ("Lanci") regarding their professional interactions and experiences with Plaintiff. Pursuant to Fed. R. Civ. P. 33(d), Motorola further refers Plaintiff to the documents produced with its Response to Plaintiff's Request for Production of Documents, Request Nos. 1 and 4.

**INTERROGATORY NO. 3**

Please identify each and every communication between or among two or more employees of Motorola relating to the decision to terminate Rein's employment.

**ANSWER NO. 3**

Motorola objects to this interrogatory to the extent that this interrogatory is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola states that on or about February 12, 2005, Kofman and Stark discussed the decision to terminate Plaintiff's employment in connection with a reorganization of the Motorola Professional Services Group ("MPS"). Kofman also consulted with Tobin and the Motorola legal department concerning the termination.

**INTERROGATORY NO. 4**

Please identify the individual(s) who made the decision to terminate Rein's employment, setting forth for each such individual the role they played and/or the input they had in the decision.

**ANSWER NO. 4**

Motorola objects to this interrogatory to the extent that it is vague and to the extent it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola states that Kofman, as group leader of MPS, made the decision to eliminate Plaintiff's position in connection with a reorganization of MPS. Stark, as the general manager of MPS, approved Kofman's recommendation to terminate Plaintiff's employment.

5

**INTERROGATORY NO. 5**

Please identify each and every reason Rein's employment was terminated.

**ANSWER NO. 5**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola states that sometime in or about early February 2004, Kofman determined that MPS had a "mix" problem within the group. Kofman knew that 2003 was not a good year for MPS financially, and he realized that given the group's composition (four executive-level sales employees), MPS was not well-positioned for the future. Specifically, MPS did not have the resources to actively service new business generated by the sales employees. Most of the MPS employees at that time were focused on business generation, which left two employees to attend to the delivery of post-sale services. Kofman's recommendation was to reduce MPS's headcount by one executive level position and to hire one or two associates who could efficiently perform delivery tasks for existing and future clients.

In determining which member of his staff to terminate, Kofman solicited feedback from employees and other business organizations (i.e. clients) within Motorola. Early feedback from Motorola employees confirmed what Kofman already had observed as a manager – Plaintiff was sometimes difficult to work with. Kofman also reviewed the performance reviews or Relative Performance Assessments ("RPA") of the MPS employees. Although Plaintiff's RPA indicated that his work was in the "solidly effective" category, as were all of the MPS employees, Plaintiff's performance appraisal also indicated that he needed improvement in several areas. Moreover, Kofman determined that

Plaintiff's assessment of his own performance in key areas was widely divergent from his former manager's perception of his performance, including teamwork skills.

Kofman also considered the prior work experience of all of the MPS employees. To Kofman's knowledge, all the MPS employees except for Plaintiff had meaningful prior work experience in Field Service Mobility. Based on all of these factors, Kofman selected Mr. Rein for termination.

## INTERROGATORY NO. 6

If you contend that there were problems or deficiencies with Rein's performance please identify each and every problem and for each such problem set forth:

(a)    how you became aware of such problem;

(b)    the identity of every individual who has knowledge of such problem;

(c)    every communication between Rein and an employee of Motorola relating to such problem; and,

(d)    any documents relating to such problem, including not limited to any warnings, reprimands, negative reviews or evaluations and Performance Improvement Plans.

## ANSWER NO. 6

Motorola objects to this interrogatory to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola refers Plaintiff to its Answers to Plaintiff's First Set of Interrogatories, Answer Nos. 2 and 5.

**INTERROGATORY NO. 7**

Please identify each individual who had supervisory responsibility for Rein, setting forth for each such individual, the period of time they were responsible for supervising Rein and describing their supervisory duties.

**ANSWER NO. 7**

Motorola objects to this interrogatory to the extent that the undefined terms "supervisory responsibility" and "responsible for supervising" are vague and ambiguous, and to the extent that this interrogatory calls for irrelevant information. Subject to and without waiving the foregoing objections, Motorola states that the following Motorola employees were Plaintiff's managers or supervisors during his employment with Motorola:

- Leonard deBarros: June 2002 through May 2003;

- Tom Niersbach: May 2003 through July 2003;

- Stark: July 2003 through February 2004; and

- Kofman: December 2003 through February 2004.

**INTERROGATORY NO. 8**

Please identify each individual(s) who assumed any of the duties previously performed by Rein, setting forth for each such person:

(a)     their age;

(b)     their title;

(c)     their duties;

(d)     the date(s) they were hired, transferred or promoted;

(e)     the identity of the individual(s) who made the decision to hire, transfer or promote them;

(f)    their compensation, including but not limited to: salary, commissions,

bonuses, stock options, pension, health insurance, etc.

**ANSWER NO. 8**

Motorola objects to this interrogatory to the extent that it is vague, overly broad

and to the extent that it calls for irrelevant information.  Subject to and without waiving

the foregoing objections, Motorola states that no one was hired, transferred or promoted

to assume any of the duties previously performed by Rein.  In keeping with its business

objectives, MPS shifted the focus toward certain clients and prospects and away from

others, and did not pursue two business prospects Plaintiff had attempted to develop

before his position was eliminated.  After the elimination of Plaintiff's position,

remaining members of the group continued to perform certain duties similar to those that

Rein had performed.

**INTERROGATORY NO. 9**

Please set forth Motorola's policies or procedures with respect to the retention of

electronic mail or other electronic communications, setting forth whether employees'

electronic mail is copied, backed up, archived or otherwise stored or retained by

Motorola, and if so for how long.

**ANSWER NO. 9**

Motorola objects to this interrogatory to the extent that it is vague, overly broad

and to the extent that it calls for irrelevant information.  Subject to and without waiving

the foregoing objections and pursuant to Fed. R. Civ. P. 33(d), Motorola refers Plaintiff

to documents produced with its Response to Plaintiffs Request for Production of

Documents, Request No. 24.

9

**INTERROGATORY NO. 10**

Please identify each and every communication between Motorola and any employee, partner or representative of Russell Reynolds, Inc. concerning or relating to Rein.

**ANSWER NO. 10**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for confidential and/or privileged information. Subject to and without waiving the foregoing objections, Motorola states that representatives of Motorola were in contact with Russell Reynolds at the time of Plaintiff's hire. Motorola is unaware of any contact with Russell Reynolds representatives at the time of, or following, his termination.

**INTERROGATORY NO. 11**

Please identify what, if any, efforts Motorola made to find an alternate position for Rein within the company after he had been told that he was being terminated from the MPS Group.

**ANSWER NO. 11**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for confidential and/or privileged information. Subject to and without waiving the foregoing objections, Motorola states that Tobin forwarded Plaintiff's name to Paula Hubbard, the Motorola human resources representative responsible for Motorola's Talent and Leadership Supply meetings.

**INTERROGATORY NO. 12**

If Rein was considered or proposed for any alternate positions at Motorola after

he had been told that he was being terminated from the MPS Group, please identify each

such position, setting forth:

      (a)     the title of the position;

      (b)     its compensation;

      (c)     the division or subsidiary of Motorola it was a part of

      (d)     the identity of the person responsible for filling the position;

      (e)     whether such position was offered to Rein;

      (1)     the identity of any person(s) who were offered the position; and,

      (g)     why such person(s) was deemed more qualified than Rein.

**ANSWER NO. 12**

Motorola objects to this interrogatory to the extent that it is vague, overly broad

and unduly burdensome, and to the extent that it calls for irrelevant information.

Defendant further objects to this interrogatory to the extent that it calls for confidential

and/or privileged information.  Subject to and without waiving the foregoing objections,

Motorola states that Plaintiff met with Janeice Webb, of IESS, and Jann Mellman and

Warren Holtsberg, of Motorola Ventures.  Plaintiff was not selected for any position in

either IESS or Motorola Ventures.

**INTERROGATORY NO. 13**

Please identify who approved the retention bonus Rein received in January of

2004 and explain the purpose of the retention bonus and why it was paid to Rein.

**ANSWER NO. 13**

Motorola objects to this interrogatory to the extent that the undefined term "retention bonus" is vague and ambiguous, and to the extent that this interrogatory calls for irrelevant information. Subject to and without waiving the foregoing objections, Motorola states that in the latter half of 2003, the MPS employees were placed on a Management Incentive Plan as a part of their total compensation package. Each MPS employee previously had been on a Sales Incentive Plan. Because of the timing of this change, and due to MPS's performance for much of calendar year 2003, MPS employees would not have been eligible for an incentive bonus for calendar year 2003 unless Kofman sought a discretionary bonus for each MPS employee. Kofman also sought bonuses for other employees whose jobs were eliminated. Due to limitations in Motorola's human resources information system, and because Motorola wanted the bonus to coincide with the end of the 2003 calendar year, Motorola's payroll notices referred to the bonuses as "retention" bonuses.

**INTERROGATORY NO. 14**

Please identify what, if any, bonuses, retention bonuses, commissions, or stock options each member of the MPS Group received from January 1, 2004 through the present, identify who authorized and/or recommended the payment of such bonuses, commission or stock options and explain how such payments were calculated.

**ANSWER NO. 14**

Motorola objects to this interrogatory to the extent that it is vague, overly broad and to the extent that it calls for irrelevant information. Defendant further objects to this interrogatory to the extent that it calls for confidential and/or privileged information.

Subject to and without waiving the foregoing objections and pursuant to Fed. R. Civ. P.

33(d), Motorola refers Plaintiff to the documents produced with its Response to

Plaintiff's Request for Production of Documents, Request No. 1.

## INTERROGATORY NO. 15

Please identify each and every employee who has filed a civil action or an

administrative complaint against Motorola alleging that they have been discriminated

against on the basis of their age for the period January 1, 2002 through the present,

setting forth the name and address of each plaintiff, any identifying case numbers, the

court or other venue in which the action was brought, any other individuals or entities

that were named as defendants or respondents, and the current disposition of each such

action.

## ANSWER NO. 15

Motorola objects to this interrogatory to the extent that it is vague, overly broad

and unduly burdensome and to the extent that it calls for irrelevant information.

Motorola further objects to this interrogatory to the extent that it calls for privileged

information.  Defendant further objects to this interrogatory insofar as it seeks production

of public information readily available to the plaintiff.

## INTERROGATORY NO. 16

Please identify each person who you expect to call as a fact witness at trial and

describe the subject matter on which such person is expected to testify.

## ANSWER NO. 16

Motorola objects to this interrogatory to the extent that it calls for privileged

information.  Subject to and without waiving the foregoing objections, Motorola states

that it has not yet determined who it will call as a fact witness, if and when a trial is held,

but Motorola reserves the right to supplement this response.  Pursuant to Fed. R. Civ. P.

33(d), Motorola further refers Plaintiff to its Initial Disclosures and the foregoing

Responses.

**INTERROGATORY NO. 17**

Please identify each person whom you expect to call as an expert witness at trial,

and describe the subject matter on which each such person is expected to testify, his/her

qualifications in that area, the substance of the facts and opinions to which he/she is

expected to testify, and a summary of the grounds for each such opinion.

**ANSWER NO. 17**

Motorola objects to this interrogatory to the extent that it calls for privileged

information.  Subject to and without waiving the foregoing objections, Motorola states

that it has not yet determined whether it will call an expert witness at the trial in this

matter.  Motorola reserves the right to supplement this response.

**INTERROGATORY NO. 18**

Please identify each person not identified in response to the preceding

interrogatories who has, or may have, discoverable information concerning any of the

allegations, claims, counterclaims or defenses in this case, identifying as to each such

person the subject(s) on which he or she has or may have information.

**ANSWER NO. 18**

Motorola objects to this interrogatory to the extent that it is vague, overly broad

and to the extent that this interrogatory calls for irrelevant information.  Defendant further

objects to this interrogatory to the extent that it calls for privileged information.  Subject

to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d),

Motorola refers Plaintiff to its Initial Disclosures and the foregoing Responses.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____22nd_____
DAY OF JUNE, 2005.

By: _____
MOTOROLA, INC.,

AS TO OBJECTIONS
MOTOROLA, INC.
By their attorneys,

_____
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801
Dated:

---

**Certificate of Service**

I hereby certify that a true copy of the above document was
served upon the attorney of record for the plaintiff by
facsimile and mailing a copy of same, postage prepaid, to
John G. H. Coster, Attorney at Law, 92 State Street, Suite
900, Boston, MA 02109 on June ___, 2005.

_____
Yvette Politis

---

15

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____
DAY OF JUNE, 2005.

By: _____
MOTOROLA, INC.,


AS TO OBJECTIONS
MOTOROLA, INC.
By their attorneys,


_____
Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
Yvette Politis (BBO# 644986)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801
Dated:

---

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on June 22, 2005.

_____
Yvette Politis

---

15

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT, MOTOROLA, INC.'S RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The Defendant Motorola, Inc. ("Motorola"), by its undersigned counsel and

pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to the First

Request for Production of Documents of Plaintiff Jay S. Rein ("Plaintiff" or "Rein"),

without waiving the following:

    i.    the right to object on any ground to the use of any of document or type of
        document produced in response to this request in any other present or
        subsequent proceeding or in any trial of this or any other actions;

    ii.   the right to object on any ground at any time to any demand for a further
        response to these or any other requests for production or to any other
        discovery involving the subject matter of the request; and

    iii.  the right at any time to revise, correct, supplement or clarify these
        objections and/or these responses.

GENERAL OBJECTIONS

    1.    Motorola objects to Plaintiff's document requests to the extent that they

seek documents containing confidential business information or confidential personal

information that would violate the reasonable expectation of privacy of third parties to

the litigation, including but not limited to personnel or other confidential information about Motorola employees or former employees.

2.      Motorola objects to Plaintiff's document requests to the extent that they do not specify a time frame on the ground that such requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  Further, Motorola objects to the scope and breadth of Plaintiff's document requests to the extent that they seek information outside the relevant time period.  Accordingly, Motorola's responses are limited to information that is temporally relevant to Plaintiff's claims.

3.      Motorola objects to each and every request for production of documents, including every instruction thereto, to the extent that they attempt or purport to impose requirements or obligations on Motorola beyond those imposed by the Rules of Civil Procedure.

4.      Motorola objects to each and every request for production of documents to the extent that it calls for documents protected by the attorney/client privilege, the work product doctrine, trial preparation materials or other material protected under Rule 26(b) of the Federal Rules of Civil Procedure, and Motorola reserves the right to withhold any privileged or protected information or documents.  Further, by producing documents responsive to these document requests, Motorola does not waive, and shall not be deemed to have waived, the attorney-client privilege, the protection of the work product doctrine, the immunity from discovery for documents prepared in anticipation of litigation or for trial, or any other privilege or immunity that may attach to any document produced or to any other documents in its possession, custody, or control.  Any inadvertent production of a document that is subject to any such privilege or immunity shall not be deemed to

constitute a waiver of any such privilege or immunity, and Motorola reserves its right to demand that Plaintiff return to Motorola any such document and all copies thereof.

     5.     Motorola objects to Plaintiff's document requests to the extent that they seek discovery of information relating to opinions of counsel, non-testifying expert witnesses, and/or counsel's application of law to facts, and to the extent that they contain terms or phrases that are undefined, embody legal conclusions, or require the drawing of legal conclusions.

     6.     Motorola further objects to Plaintiff's document requests to the extent that they seek discovery of information not contained in any document but rather seek information more appropriately obtained through other discovery methods, and to the extent that they request information that is no longer available to Motorola or that is publicly available.

     7.     Motorola objects to producing more than once any document that is responsive to more than one request.  Where a single document is responsive to multiple requests, it will be produced in response to the first request to which it applies.

GENERAL RESPONSE

     The following responses and objections are based upon documents currently in Motorola's possession, custody or control.  These responses are further limited to the extent that Motorola has not yet completed discovery or preparation for trial in this matter, and therefore reserves the right to amend, modify, or supplement the objections and responses as additional documents or information become known during discovery. Motorola agrees to produce those documents that are responsive, not privileged, and that it has been able to locate following a due and diligent search in the usual locations where such documents are located.  Motorola's agreement to produce a particular type of

3

document shall not be deemed to constitute admissions: (1) that any particular document exists, is relevant, or is admissible in evidence; or (2) that any statement or characterization in the Plaintiff's request is accurate or complete.

DEFINITION OF SPECIFIC OBJECTIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A.      "Vague" means Motorola objects on the basis that the request is vague, uncertain or ambiguous.

B.      "Calls for irrelevant information" means Motorola objects on the basis that the request for production of documents is not likely to lead to the discovery of information or materials relevant to the subject matter of the action and is not reasonably calculated to lead to the discovery of admissible evidence.

C.      "Calls for privileged information" means Motorola objects on the basis that the request seeks documents or information protected by the attorney/client privilege, the attorney work product doctrine, or consists of trial preparation materials and documents containing mental impressions, conclusions, opinions, and legal theories of counsel, and/or requests information that is otherwise protected under the Massachusetts Rules of Civil Procedure or any other valid privilege.

D.      "Calls for confidential information" means Motorola objects on the basis that the request seeks confidential personnel and other private information about Motorola's former and present employees, or seeks trade secret or other research, development or commercial information.

4

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

### DOCUMENT REQUEST NO. 1.

All documents concerning Rein's performance or the terms and conditions of his employment, including but not limited to: (i) any contracts or agreements relating to Rein's employment; (ii) any documents describing or setting forth his position or job duties; (iii) any documents describing his compensation, bonuses, retention bonuses, stock options, pension benefits or other employee benefits; (iv) his personnel file; and, (v) any documents describing or charts depicting his reporting relationships.

### ANSWER NO. 1

Motorola objects to this document request to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for privileged information. Motorola further objects to this request insofar as it imposes obligations in excess of those set forth in M.G.L. c. 149, § 52C. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

### DOCUMENT REQUEST NO. 2.

All documents concerning any warnings or reprimands received by Rein prior to his termination.

### ANSWER NO. 2

Motorola objects to this document request to the extent that it is vague and calls for privileged information. Subject to and without waiving the foregoing objection, Motorola states that it possesses no documents responsive to this document request.

## DOCUMENT REQUEST NO. 3.

All documents that pertain to Motorola's personnel or employment policies, practices or procedures, including any handbooks, guidelines, manuals and other publications.

## ANSWER NO. 3

Motorola objects to this document request to the extent that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents subject to an appropriate confidentiality agreement.

## DOCUMENT REQUEST NO. 4.

All documents, including minutes, notes or summaries of meetings, reflecting discussions or communications between Rein and any officer, employee, representative or agent of Motorola, about Rein's employment or performance, or the future of the MPS Group at Motorola, including but not limited to: (i) Stark's meeting with a group of MPS employees on or about October 14, 2003; (ii) Stark's meeting with a group of MPS employees on or about October 17, 2003; (iii) Kofman's performance evaluation of Rein in or about January 2004; (iv) Kofman's telephone conversation(s) with Rein on or about February 23, 2004; (v) the termination of Rein's employment; and, (vi) Rein's telephone conversation(s) with Stark on or about March 18, 2004.

## ANSWER NO. 4

Motorola objects to this document request to the extent that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for privileged

information.  Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 5.**

All documents concerning any statements made by Motorola, Kofman or Stark, relating to the terms and conditions of Rein's employment and/or Rein's future with the company.

**ANSWER NO. 5**

Motorola objects to this document request to the extent that it is vague, overly broad and unduly burdensome and to the extent that it calls for a summary in lieu of deposition testimony.  Subject to and without waiving the foregoing objection, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 6.**

All documents concerning Motorola's termination of Rein's employment and the events, circumstances and/or investigations leading to or concerning such termination.

**ANSWER NO. 6**

Motorola objects to this document request to the extent that it is overly broad and unduly burdensome, and to the extent that it calls for privileged information.  Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 7.**

All documents reviewed or relied upon by Kofman or Stark in making the decision to terminate Rein's employment.

**ANSWER NO. 7**

Motorola objects to this document request to the extent that it is vague, overly

broad and unduly burdensome, and to the extent that it calls for privileged information.

Subject to and without waiving the foregoing objections, Motorola will produce available

non-privileged responsive documents.

**DOCUMENT REQUEST NO. 8.**

All documents reviewed and/or relied upon by Kofman in determining that the

MPS Group "had a 'mix' problem" and that "given the group's composition [it] was not

well positioned for the future", as stated in Motorola's Position Statement, dated July 16,

2004 and submitted to the Massachusetts Commission Against Discrimination.

**ANSWER NO. 8**

Motorola objects to this document request to the extent that it is overly broad and

unduly burdensome, and to the extent that it calls for confidential information.  Motorola

further objects to this document request to the extent it calls for privileged information.

Subject to and without waiving the foregoing objections, Motorola will produce available

non-privileged responsive documents.

**DOCUMENT REQUEST NO. 9.**

All documents concerning Motorola's efforts to find another position for Rein

within the company.

**ANSWER NO. 9**

Motorola objects to this document request to the extent that it is vague.  Subject to

and without waiving the foregoing objections, Motorola will produce available non-

privileged responsive documents.

**DOCUMENT REQUEST NO. 10.**

All documents concerning any statements made by Stark or Kofman about Rein's performance, abilities, background, qualifications, skills or experience.

**ANSWER NO. 10**

Motorola objects to this document request to the extent that it is vague, overly broad and unduly burdensome, and to the extent that it calls for a summary in lieu of deposition testimony. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 11.**

All documents concerning Motorola's efforts to hire someone to assume some or all of Rein's duties after his employment was terminated, including but not limited to:

    (i)        any ads placed in newspapers, magazines or other written publications;

    (ii)      any postings to job boards or other internet sights (sic);

    (iii)    any communications with recruiters, search firms or placement agencies;

    (iv)    any internal job postings and any other communications Motorola had with its existing employees about the position;

    (v)       all resumes, applications, letters, references or other communications Motorola received from prospective applicants for the position;

    (vi)    any communications with applicants;

    (vii)   any notes of interviews or written evaluations of potential candidates for the position;

    (viii)  any documents describing the duties and responsibilities of the position; and,

(ix)    any documents describing the pay, benefits, or other terms and conditions

of the position.

**ANSWER NO. 11**

Motorola objects to this document request to the extent that it is vague, overly

broad and unduly burdensome.  Subject to and without waiving the foregoing objection,

Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 12.**

All documents concerning any discussion, report, memorandum, breakdown,

summary or analysis of the age of Motorola employees.

**ANSWER NO. 12**

Motorola objects to this document request on the grounds that it is overly broad

and unduly burdensome, and to the extent that it calls for irrelevant information.

Motorola further objects to this document request to the extent that it calls for personal

and confidential information, and to the extent it calls for privileged information.

**DOCUMENT REQUEST NO. 13.**

All documents concerning the age, background, qualifications, skills or

experience of any individual(s) hired to assume some or all of Rein's duties.

**ANSWER NO. 13**

Motorola objects to this document request to the extent that it is vague, overly

broad and unduly burdensome.  Subject to and without waiving the foregoing objection,

Motorola states that it possesses no documents responsive to this document request.

**DOCUMENT REQUEST NO. 14.**

All documents concerning the performance, abilities, background, qualifications,

skills or experience of Kofman, Stark, John Gillardi, Michael Humpleby and Clay Brice,

10

including but not limited to, all personnel files, performance reviews, warnings, reprimands, or performance improvement plans.

**ANSWER NO. 14**

Motorola objects to this document request on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for personal and confidential information, and to the extent that it calls for privileged information. Subject to and without waiving the foregoing objection, Motorola states that it possesses no warnings, reprimands or performance improvement plans for the referenced employees.

**DOCUMENT REQUEST NO. 15.**

All documents concerning any compensation received by Kofman, Stark, John Gillardi, Michael Humpleby or Clay Brice from Motorola for the period January 1, 2003 through the present, including but not limited to salary, bonuses, retention bonuses, commissions or other incentive compensation, pension contributions, 401k contributions, or stock options.

**ANSWER NO. 15**

Motorola objects to this document request on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for personal and confidential information, and to the extent that it calls for privileged information.

**DOCUMENT REQUEST NO. 16.**

All documents prepared during the period January 1, 2002 and June 1, 2004 concerning any projections, forecasts or estimates of anticipated sales, revenues and expenses for the MPS Group.

**ANSWER NO. 16**

Motorola objects to this document request on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for confidential information, and to the extent it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents, subject to an appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 17.**

All documents concerning the financial performance of the MPS Group for the period January 1, 2002 through the present, including but not limited to, all documents showing the actual sales, revenues or profits generated by the MPS Group, all documents showing the MPS Group's contribution to other divisions and operating units within Motorola.

**ANSWER NO. 17**

Motorola objects to this document request on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for confidential information, and to the extent it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents, subject to an appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 18.**

All documents concerning any communications between Motorola, Stark or Kofman and any employee or representative of Russell Reynolds, Inc. relating to Rein.

**ANSWER NO. 18**

Motorola objects to this document request on the grounds that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for a summary in lieu of deposition testimony. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 19.**

All documents concerning any communication between Motorola, Stark or Kofman and any prospective employer seeking information about Rein.

**ANSWER NO. 19**

Motorola objects to this document request on the grounds that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Subject to and without waiving the foregoing objection, Motorola states that it possesses no documents responsive to this document request.

**DOCUMENT REQUEST NO. 20.**

All documents concerning any allegation by a current or former employee that Motorola discriminated against them on the basis of their age.

**ANSWER NO. 20**

Motorola objects to this document request to the extent it calls for irrelevant information, and to the extent it calls for privileged information. Motorola also objects to

this request insofar as it seeks production of public information readily available to the plaintiff.

**DOCUMENT REQUEST NO. 21.**

All documents that in any way relate to any communication between or among two or more employees of Motorola concerning the charge of discrimination Rein filed at the Massachusetts Commission Against Discrimination or the lawsuit he is currently pursuing against the Defendants.

**ANSWER NO. 21**

Motorola objects to this document request on the grounds that it is overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls a summary in lieu of deposition testimony, and to the extent it calls for privileged information. Subject to and without waiving the foregoing objections, Motorola will produce available non-privileged responsive documents.

**DOCUMENT REQUEST NO. 22.**

All documents relied upon, examined by, provided to or received from an expert witness retained by the Defendants to testify at trial, including but not limited to, any reports and all other documents prepared, edited, authored or drafted by such expert witness.

**ANSWER NO. 22**

Motorola objects to this document request on the grounds that it calls for privileged information protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections, Motorola states that it

has not yet determined whether it will call an expert witness at the trial in this matter. Motorola reserves the right to supplement this response.

**DOCUMENT REQUEST NO. 23.**

All documents not already produced in response to the above request that the Defendants intend to introduce at trial.

**ANSWER NO. 23**

Motorola objects to this document request on the grounds that it is vague, overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, Motorola states that it has not yet determined which, if any, documents are responsive to this document request. Motorola reserves the right to supplement this response.

**DOCUMENT REQUEST NO. 24.**

All documents identified in or that you consulted or reviewed or upon which you relied to prepare Motorola's Position Statement submitted to the Massachusetts Commission Against Discrimination, Defendants' Answers to the Amended Complaint or Motorola's responses to Plaintiffs First Set of Interrogatories to the extent that such documents have not already been produced in response to these document requests.

**ANSWER NO. 24**

Motorola objects to this document request on the grounds that it is vague, overly broad and unduly burdensome, and to the extent that it calls for irrelevant information. Motorola further objects to this document request to the extent that it calls for confidential and privileged information protected by the attorney-client privilege and/or the work product doctrine, and to the extent that it calls for information relating to counsel's application of law to facts and requires the drawing of legal conclusions. Motorola also objects to this document request on the grounds that some or all of the

15

requested documents may be available from the Massachusetts Commission Against

Discrimination on plaintiff's request.   Subject to and without waiving the foregoing

objections, Motorola will produce available non-privileged responsive documents,

subject to an appropriate confidentiality agreement.

                                        Respectfully submitted,
                                        MOTOROLA, INC.,
                                        By its Attorneys,


                                        _____
                                        Richard L. Alfred (BBO# 015000)
                                        Kristin Glennan McGurn (BBO # 559687)
                                        Yvette Politis (BBO# 644986)
                                        SEYFARTH SHAW LLP
                                        World Trade Center East
                                        Two Seaport Lane, Suite 300
                                        Boston, MA 02210-2028
                                        Telephone:    (617) 946-4800
                                        Telecopier:   (617) 946-4801


Certificate of Service

    I hereby certify that a true copy of the above document was
served upon the attorney of record for the plaintiff by mailing
a copy of same, postage prepaid, to John G. H. Coster,
Attorney at Law, 92 State Street, Suite 900, Boston, MA
02109 on June 22, 2005.

                                Yvette Politis

EXHIBIT C

# JOHN G. H. COSTER
Attorney at Law
92 State Street
Suite 900
Boston, Massachusetts 02109

(617) 423-2224                                                      Fax (617) 338-0919

October 24, 2006

**BY FACSIMILE**
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

Re:     *Rein v. Motorola, et al*
          Civil Action No. 04-12580 NG

Dear Kristin:

Pursuant to Judge Gertner's suggestion during oral argument yesterday afternoon, I am revisiting and updating my analysis of Mr. Rein's damages. I am also trying to contact my client to discuss whether he will authorize me to make another settlement demand on Motorola., notwithstanding the fact that Motorola has never countered our original demand and I am understandably reluctant to bid against myself.

However, in conjunction with my analysis of Mr. Rein's damages, and in light of certain statements made by you, both in your filings with the Court and during oral argument, I clearly need additional information from Motorola. For example, during the hearing you initially stated that the MPS Group was dissolved a few months after Mr. Rein was fired. You then clarified this statement and said that the MPS Group was dissolved towards the end of 2004. I note that during his deposition, Mr. Kofman testified that the group was dissolved in late 2004 or early 2005. (Kofman Dep., pg. 327). Mr. Brice has testified that the MPS Group was not dissolved, but evolved into and was absorbed by the Enterprise Group. (Brice Dep., pgs. 128-31). Do you have any documentation to support your assertion that the MPS group was "dissolved" in late 2004, and if so could you please forward it to me? Can you provide me with the precise date the dissolution became effective?

Also, in your brief you argued that Mr. Rein remained on Motorola's payroll and continued to receive his regular salary through April 9, 2004. (Memorandum in Support of Summary Judgment, pg. 11, fn. 12). As support for this assertion you reference your Statement of Undisputed Facts, ¶¶89-95). However, the record references contained in your Statement of Undisputed Facts are ambiguous. Rein's deposition testimony does not

provide any dates. The February 25, 2004 letter from Peter Tobin to Mr. Rein states that his termination date is being adjusted from March 15th to March 19th. Tobin's affidavit states that Rein declined Motorola's offer for enhanced severance benefits on April 9, 2004 and that "by that time he had received substantial payments during the period he negotiated severance benefits", but it does not specify how much Rein received or whether he was actually paid through April 9, 2004. Clearly Motorola's payroll records would establish how long Rein continued to receive his salary and what portion of the payments he received were severance and accrued vacation pay. Could you please forward me this material and any additional documentation that helps illuminate this issue?

Finally, it is my understanding that at the end of 2004 the four remaining members of the MPS Group received substantial bonuses. Could you please provide me with the relevant documents showing what, if any, bonuses Mr. Kofman, Mr. Gillardi, Mr. Humpleby and Mr. Brice received for 2004 and how those bonuses were calculated. Also, were these four employees part of the SIP bonus program, the MIP bonus program or some other bonus program?

Once I receive this information from you, I will be in a better position to provide you with an updated breakdown of Mr. Rein's damages, and, assuming I receive authorization from my client, a revised settlement demand.

On an unrelated note, we also need to exchange proposed witness lists and identify exhibits for trial. What is your availability the end of this week or early next week?

I look forward to hearing from you.

Very truly yours,

John G. H. Coster

EXHIBIT D

# JOHN G. H. COSTER
### Attorney at Law
### 92 State Street
### Suite 900
### Boston, Massachusetts 02109

(617) 423-2224                                    Fax (617) 338-0919

October 25, 2006

**BY FACSIMILE**
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

>           Re:    *Rein v. Motorola, et al*
>                  Civil Action No. 04-12580 NG

Dear Kristin:

I am in receipt of your October 24, 2006 letter. With respect to your request that we supplement our document request to bring our previous responses current, the Plaintiff will comply with his obligations under Rule 26(e) Fed. R. Civ. P. However, as I told you at the hearing, Mr. Rein is currently overseas on business. As soon as he returns I will have him send me those documents in his possession necessary to bring the information we previously provided you concerning his remuneration (salary, bonuses, stock options, etc) current.

In the meantime, it is my expectation that your clients will similarly comply with their Rule 26(e) obligations. In particular, I note the following responses need to be supplemented:

(a)    Plaintiff's First Request for Production of Documents

Request No. 1 - This request seeks, inter alia,, "all documents concerning … [Rein's] stock options …". It is Rein's understanding that the number of options granted to him and the exercise price of those options has been effected by Motorola's spin-off of its Free Scale Semiconductor Division. Plaintiff's Answer to Interrogatory No. 3 reflects this adjustment. However, the Plaintiff is entitled to have any documents that amend his stock options; or that describe or explain the effect of such spin-off on the underlying value of the options.

Request No. 11 - This request seeks documents relating to hire additional employees for the MPS Group. Included in this request is a specific demand for "all resumes, applications, letters, references or other communications Motorola received from prospective applicants for the position"; and "any notes of interviews or written evaluations of potential candidates for the position". I note that Mr. Kofman testified at his deposition that Motorola received at least one application for this position, Mr. Cheetle, and that he interviewed this individual. However, I have received no applications, resumes, cover letters or other communications from any prospective applicant, nor any notes of interviews or written evaluations. Can you please either confirm that Motorola has no written record of Mr. Cheetle, or anyone else, having applied for this position and that Mr. Kofman has no documentation relating to his interview or evaluation of Mr. Cheetle; or provide me with the documents responsive to this request.

Request No. 15 - This request seeks "all documents concerning any compensation received by Kofman, Stark, John Gillardi, Michael Humpleby or Clay Brice from Motorola for the period January 1, 2003 through the present, including but not limited to salary, bonuses, retention bonuses, commissions or other incentive compensation, pension contributions, 401k contributions, or stock options. This information is clearly relevant to Plaintiff's damages since had Rein remained at Motorola he would also have participated in these programs. This information is also relevant in light of Kofman's supposed concern about the MPS Group being top-heavy and containing too many highly compensated employees.

    (b)   Plaintiff's First Set of Interrogatories

Interrogatory No. 12 - This interrogatory seeks information concerning each position Rein was proposed or considered for, after his position within the MPS Group was eliminated. This information is relevant to Plaintiff's intentional interference with contractual relations claim, and is particularly significant in light of the arguments raised in Defendants' Reply to Plaintiff's Opposition that, "Rein has presented no evidence of any specific job opening for which he would have been selected but for Kofman's reference; he has not shown that any specific opening existed, including in IESS; whether other candidates were considered or why Rein was not selected. (Defendants' Reply to Plaintiff's Opposition to Motion for Summary Judgment, pg. 9). It also seeks information that is potentially relevant to Plaintiff's damages. Defendants' current answer fails to provide the relevant information requested and is wholly inadequate. It needs to be supplemented.

Interrogatory No. 14 - This interrogatory seeks information concerning the bonuses, stock options, commissions, etc, received by each member of the MPS Group from January 1, 2004 to the present, together with an explanation of how such payments were calculated. Clearly, this information is relevant to the compensation and bonuses Rein would have been eligible for, had he remained at Motorola. Defendants' answer to this interrogatory, which simply refers to documents produced to Plaintiff, is inadequate, particularly in light of Defendants' failure to provide the documents sought with respect

to Request No. 15 of Plaintiff's document request.

Since much of the additional information sought by the Plaintiff is necessary to calculate the Plaintiff's damages for each of his underlying claims, the Plaintiff cannot supplement his interrogatory answers concerning damages (in particular Interrogatory No. 3) until he has received this information from the Defendants. In addition, since this information clearly impacts the damages Plaintiff can potentially recover at trial, it is impossible for me to have a meaningful discussion with my client about whether to make another settlement demand on the Defendants until Motorola responds to the above requests.

Please let me know if the Defendants will voluntarily supplement their responses to each of the above pending discovery requests as soon as possible, so that if the Defendants are unwilling to cooperate, I will be able to take this matter up with the Court immediately.

As far as your suggestion that we "discuss" the pre-trial disclosures required by Fed. R. Civ. P. 26(3) and (4), after our previous conversation, I went back and re-read the relevant rule. I am perplexed about what you anticipate "discussing". As I understand it, these Rules require that the parties exchange and file with the Court a list of proposed witnesses and trial exhibits. I would suggest we each agree to do so, either by the close of business Friday or by the close of business next Monday, reserving our right to supplement this list with any additional documents either side receives prior to trial. If I am overlooking something, please let me know, as I am certainly willing to discuss any issues you feel need to be addressed in conjunction with these disclosures.

I look forward to hearing from you.

Very truly yours,

John G. H. Coster

EXHIBIT E

# SEYFARTH
## ATTORNEYS SHAW LLP

Writer's direct phone
617-946-4858

Writer's e-mail
kmcguirk@seyfarth.com

Writer's direct fax
617-790-6748

World Trade Center East

Two Seaport Lane

Suite 300

Boston, MA  02210-2028

617-946-4800

fax 617-946-4801

www.seyfarth.com

October 27, 2006

**VIA FACSIMILE**
(617) 338-0919

John G.H. Coster, Esq.
92 State Street
Suite 900
Boston, Massachusetts 02109

       Re:    *Jay S. Rein v. Motorola, Inc., Clyde Kofman and Juergen Stark*
               <u>United States District Court, C.A. No. 04-12580 NG</u>

Dear John:

       In response to your letter dated October 25, 2006, please let me know immediately when your client is due to return from his overseas travel. I appreciate your commitment to work with him upon his return to provide the information that we have requested regarding his post-Motorola earnings and entitlements, but I emphasize that we also requested this information in the form of interrogatories (No. 6 and 8) and document requests (No. 8 and 11) on March 3, 2005. Your answers to this discovery were deficient and your statements in court on Monday acknowledged that supplementation is required. There is no reason why Mr. Rein could not work with you now to provide this critical information. Documents could follow upon his return.

       Your numerous requests for supplemental discovery from Motorola are untimely and extemporaneous. Discovery closed long ago, and proof of actual, measurable, non-speculative damages has always been an element of each of your client's counts. Further, your requests for supplementation are unreasonable in light of the record evidence and Motorola's prior discovery responses, and Motorola has no obligation to provide you a "readers' guide" to that discovery. Nevertheless, in the spirit of responding to Judge Gertner's case assessment, I provide the following supplemental information. I am providing this information with the expectation that you will respond to our requests, outlined above and in earlier correspondence, with the same haste. Aside from obtaining the supplementation to which we are entitled, we do not intend to reopen discovery, and will object to further requests. We will not hesitate to involve the Judge if necessary.

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



1.      Payroll Documents.

Your request for post-termination payment information is redundant. Motorola already has produced information concerning the Plaintiff's post-termination pay including, for example, the document Bates numbered M00044. (Notably, this chart illustrates the Plaintiff's exercise of options). By way of supplementation, I attach the same payroll information, presented in a different form, bearing Bates numbers MSP0001-0003.

2.      MPS.

As Judge Gertner noted, the documents and record testimony, including your client's own testimony, are replete with evidence of MPS's speculative status during 2002 through 2004. (Rein Dep. 130-31, 134-41, 154, 219-20, 296; Ex. 42). In fact, your client acknowledged in correspondence to Christine Theros dated April 18, 2004, that MPS was already "essentially dismantled" and "dissolved" in 2003. Motorola already has produced documents relating to the disbanding of MPS, including for example MI000017. By way of supplementation, however, I attach an organizational announcement dated January 31, 2005, bearing Bates numbers MSP0004-0007.

3.      Options.

Contrary to the contention in your letter and response to interrogatory No. 3, the Freescale semi-conductor spin-off has no bearing on Plaintiff's options. The spin-off, which occurred in December 2004, did not affect stock or intrinsic option value, but resulted in owners of Motorola stock having some portion of their shares converted to stock in Freescale. Accordingly, we deem documents relating to this transaction irrelevant. Motorola already produced (as you did) information about Plaintiff's Option Agreements (Rein Ex. 9). By way of supplementation, I attach an explanation of Freescale's impact on rewards programs, Bates numbered MSP0008-12. I also attach additional information about Plaintiff's option history, Bates numbered MSP0013-17, which breaks down Plaintiff's exercise of options (and sales).

4.      Alternate Positions.

Your client's own testimony and documents confirm the speculative status of the positions he pursued after leaving MPS. (Rein Dep. 485-86, Ex. 31, 37 and 40). Moreover, there is no evidence of any contact between Stark or Kofman and anyone other than Ms. Webb. (Kofman Dep. 320-21; Stark Dep. 10-11).

5.      Requisition/Interviews.

Motorola has produced documents concerning the requisition, which you attached to your summary judgment opposition, as well as documents regarding Mr. Cheatle (Kofman Dep. 260-62). Mr. Kofman testified that Mr. Cheatle had the only interview (Kofman Dep. 259-65).



After diligent searches, Motorola is unaware of any other responsive documents. We will supplement promptly if any are located.

     6.     <u>2004 Compensation.</u>

Finally, I direct you to the 2004 bonus plan for MPS, which Motorola already produced (MI000090-91, *see also* MI000388-394). Incidentally, information pertaining to the SIP also was produced (MI000086-89). These plans describe the criteria for bonus calculation. Motorola maintains its objection to producing the additional documents that you request. As Mr. Rein well knows, and as the policy clearly states, entitlement to such bonuses is dependent on many factors, including a significant individual performance factor. Accordingly, the information that you request about other employees is both irrelevant and private. The PAFs that Motorola already produced (MI2-000105 – 108), however, amply describe the group's salary range, and substantiate Mr. Kofman's concern about the group's top heavy structure in 2003 and early 2004.

With respect to our proposed discussions, I direct you to Local Rule 16.5. In light of your tardy agreement to exchange pre-trial disclosures, it seemed sensible to attempt to confer as a means of expediting the resolution of objections. I look forward to receiving your pre-trial disclosures on Monday.

               Very truly yours,

               SEYFARTH SHAW LLP

               Kristin G. McGurn

cc:     Manuel Cuevas. Esq.

EXHIBIT F

CONFIDENTIAL

## 2004 Motorola Incentive Plan

### Overview

The 2004 Motorola Incentive Plan (the "Plan") has been established to retain employees through competitive rewards, attract premier talent, align individual efforts with business goals, and reward employees for strong business performance. The Plan is based on successive calendar-year performance periods commencing 1 January 2004 (each a "Plan Year").

### Eligibility

To be eligible to participate in this Plan, an employee must be:

- A full-time or part-time Motorola employee;
- In a Participating Organization and on the payroll of a Participating Country;
- Not a participant in any other annual group incentive or bonus plan (e.g., sales commission plans, etc.); and
- One of the following must also apply:
  - Active on a Motorola payroll as of the end of the Plan Year (countries may establish more restrictive eligibility requirements for terminating employees);
  - On a leave of absence as of the end of the Plan Year;
  - Retired from Motorola during the Plan Year while actively employed or from a leave of absence; or
  - Deceased during the Plan Year while actively employed or on a leave of absence.

### Award Calculation

Awards will be calculated and paid after the close of each Plan Year on which the awards are based. The award amount will be based on Eligible Earnings, the Target Award %, and the Business and Individual Performance Factors, as follows:

$$\text{Award} = \text{Eligible Earnings} \times \text{Target Award \%} \times \begin{array}{c}\text{Business}\\\text{Performance}\\\text{Factor}\end{array} \times \begin{array}{c}\text{Individual}\\\text{Performance}\\\text{Factor}\end{array}$$

Eligible Earnings is defined below. Target Award %'s, Business Performance Factors and Individual Performance Factors for each Plan Year shall be determined by the Compensation and Leadership Committee of the Board of Directors (the "Compensation Committee"). Business Performance Factors shall be based on Operating Earnings, Operating Cash Flow, Revenue Growth, Quality and such other factors as may be determined by the Compensation Committee.

### Administration

- The Compensation Committee has the responsibility for this Plan and may delegate to the MIP Plan Committee (the "MIP Committee") the authority to manage, administer, and interpret the terms of the Plan. Unless otherwise determined, the MIP Committee will consist of the Senior Human Resources Officer, a senior Compensation Officer, and a senior Finance Officer.
- Any claims for payments under the Plan or any other matter relating to the Plan must be presented in writing to the MIP Committee within 60 days after the event that is the subject of the claim. The MIP Committee will then provide a response within 60 days, which response shall be final and binding.

### General Provisions

- Awards are subject to all applicable taxes and other required deductions.
- The Plan will not be available to employees subject to the laws of any jurisdiction which prohibits any provisions of this Plan or in which tax or other business considerations make participation impracticable in the judgment of the MIP Committee.
- This Plan does not constitute a guarantee of employment nor does it restrict Motorola's rights to terminate employment at any time or for any reason
- The Plan and any individual award is offered as a gratuitous award at the sole discretion of Motorola. The Plan does not create vested rights of any nature nor does it constitute a contract of employment or a contract of any other kind. The Plan does not create any customary concession or privilege to which there is any entitlement from year-to-year, except to the extent required under applicable law. Nothing in the Plan entitles an employee to any remuneration or benefits not set forth in the Plan nor does it restrict Motorola's rights to increase or decrease the compensation of any employee, except as otherwise required under applicable law.

MI000090

- The awards shall not become a part of any employment condition, regular salary, remuneration package, contract or agreement, but shall remain gratuitous in all respects. Awards are not to be taken into account for determining overtime pay, severance pay, termination pay, pay in lieu of notice, or any other form of pay or compensation.
- This Plan is provided at Motorola's sole discretion and Motorola may modify or eliminate it at any time, prospectively or retroactively, without notice or obligation. In addition, there is no obligation to extend or establish a plan in subsequent years.
- The Plan shall not be pre-funded. Motorola shall not be required to establish any special or separate fund or to make any other segregation of assets to assure the payment of awards.
- Since employee retention is an important objective of this Plan and awards do not bear a precise arithmetic relationship to time worked within the calendar year or length of service with Motorola, employees who resign or are terminated for any reason prior to the end of the Plan Year other than death or retirement shall not receive a pro rata award.
- The award for an employee who has died prior to the end of the Plan Year while actively employed or on a leave of absence will be paid to the decedent's estate.
- Awards for transferred, promoted or demoted employees will be calculated using the:
    - Target Award % applicable to the employee's country and grade at the end of the Plan Year
    - Business Performance Factor prorated for the portion of the year the participant was in different Participating Organizations during the Plan Year.

Definitions

*Eligible Earnings*: The MIP Committee will determine Eligible Earnings for each country, consistent with their respective legal and practical requirements. The MIP Committee may determine inclusions and exclusions from Eligible Earnings as it deems appropriate and may vary its determinations by country.

*Employee*: a person in an employee-employer relationship with the Company whose base wage or base salary is processed for payment by the Company's Payroll Department(s) and not by any other department of the Company (or by any other company). Exclusions include:
- Any independent contractor, consultant, or individual performing services for the Company who has entered into an independent contractor or consultant agreement;
- Any individual performing services under an independent contractor or consultant agreement, a purchase order, a supplier agreement or any other agreement that the Company enters into for services;
- Any person classified by the Company as a temporary or contract labor (such as black badges, brown badges, contractors, contract employees, job shoppers) regardless of the length of service; and
- Any "leased employee" as defined in Section 414(n) of the U.S. Internal Revenue Code of 1986, as amended.

*Retired*: This Plan utilizes the definition of "retiree" that appears in the primary retirement plan covering the employee.

*Operating Earnings:* A measure of pre-tax profits, calculated according to Motorola's financial standards and measured on an ongoing basis. In a general sense, Operating Earnings is Profit Before Tax, prior to expenses for net interest expense, foreign exchange gains or losses, and gains or losses on asset sales.

*Operating Cash Flow:* A measure of cash flow calculated according to Motorola's financial standards, and measured on an as-reported basis.

*Revenue Growth:* A measure of net sales after discounts calculated according to Motorola's financial standards, and measured on an as-reported basis.

*Quality:* A combination of measures of customer satisfaction, reliability, and cost of poor quality, as defined by Motorola senior leaders.

CHI99 4336590-1.034764.0024

MI000091

*** MOTOROLA INTERNAL USE ONLY ***

Date:      4 February 2003

To:        All Motorola Professional Services Associates Worldwide

From:      Kevin Loosemore
           Corporate Vice President, Motorola, Inc.
           and President, Motorola Professional Services

Subject:   Business Results for 2002 Motorola Incentive Plan (MIP)

As a company, Motorola made substantial progress in 2002 as we returned
to profitability, improving both our balance sheet and our
competitiveness.  Your dedication and creativity also made MPS' 2002
accomplishments possible.  Thank you for your focused actions to drive
our results.

**BUSINESS PERFORMANCE RESULTS**
The 2002 Motorola Incentive Plan (MIP) reflects our commitment to
improved profit and cash flow -- two critical measures that power
business growth and shareholder value.  The year we collectively
achieved these results:

As you will see we met our profit target, significantly exceeded our
free cash flow target, but failed to meet our bookings goal:

| Motorola Professional Services Results | Factor | Wtg. | Score |
|---|---|---|---|
| Profit before tax at 100% of target | 1.00 | 60% | 0.60x |
| Free cash flow at 128% of target | 1.28 | 30% | 0.39x |
| Key initiative (bookings) was not achieved | 0.00 | 10% | 0.00x |
| **2002 Business Performance Factor** | | | **0.99x** |

For more information about the formula, or to view target percentages,
please visit: http://myhr.mot.com/worklife/ipp/

**PERSONAL PERFORMANCE DRIVES PAYOUT**
The Motorola Incentive Plan's individual performance factor emphasizes
Motorola's performance-differentiated rewards philosophy.  During the
February-March rewards planning period, your manager will determine
your individual performance factor based on your achievements as
measured through your Personal Commitment (PC), Relative Performance
Assessment (RPA) and other results.  You will receive information on
your 2002 individual performance factor later in March.  Motorola
Incentive Plan payouts will follow in April according to local payroll
practices (4 April for the U.S.).

Thank you for your dedication and contributions to our team's 2002
successes.

Regards,
Kevin

CONFIDENTIAL

**rewards**@motorola

# Motorola Incentive Plan

## Motorola Professional Services

## 2002 Results

M1000388

**rewards**@motorola



# The 2002 formula

| Eligible Earnings | X | Incentive Target | X | **What You Can Impact** Performance Factors |
|---|---|---|---|---|

**What You Can Impact**

Performance Factors

| Business | X | Individual |
|---|---|---|

| Eligible Earnings | | Incentive Target | | Business | Individual | | Award |
|---|---|---|---|---|---|---|---|
| Based on earnings such as base pay and overtime | | Based on competitive market data for your job | | Based on profit before tax, free cash flow and key initiative | Based on your individual performance | | |



Award

2

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other product or service names are the property of their respective owners. © Motorola, Inc. 2003

M1000389



*Motorola Professional Services*

# Our combined 2002 achievements

**60%**

| Profit Before Tax | |
|---|---|
| Actual as a % of Target | Performance Factor |
| 160% or more | 2.50x |
| 150% | 2.25x |
| 140% | 2.00x |
| 130% | 1.75x |
| 120% | 1.50x |
| 110% | 1.25x |
| 100% | 1.00x |
| 90% | 0.75x |
| 80% | 0.50x |
| 70% | 0.25x |
| 65% | 0.10x |
| Below 65% | 0.00x |

1.0x ►  (at 100% row)

**30%**

| Free Cash Flow | |
|---|---|
| Actual as a % of Target | Performance Factor |
| 150% or more | 1.50x |
| 125% | 1.25x |
| 100% | 1.00x |
| 75% | 0.75x |
| 50% | 0.50x |
| 25% | 0.25x |
| Below 25% | 0.00x |

◄ 1.28x

**10%**

| Key Initiative (Bookings) | |
|---|---|
| Achieved | 1.0x |
| Not Achieved | 0.0x |

◄ 0x

**We met our profit target, significantly exceeded our free cash flow target, but failed to meet our bookings goal.**

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other product or service names are the property of their respective owners. © Motorola, Inc. 2003

M1000390

 *Motorola Professional Services*



# 2002 business performance factor

| Eligible Earnings | X | Incentive Target | X | Business Performance Factor [0.99x] | X | Individual Performance Factor | = | Award |
|---|---|---|---|---|---|---|---|---|

| Sector profit before tax | 60% x 1.00 = 0.60x |
|---|---|
| Sector free cash flow | 30% x 1.28 = 0.39x |
| Sector key initiative (bookings) | 10% x 0.00 = 0.00x |
| **Business performance factor** | **TOTAL = 0.99x** |

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other
product or service names are the property of their respective owners. © Motorola, Inc. 2003

MI000391



# 2002 individual performance factor

- Assigned during February-March rewards planning period

- Your manager will select one of six individual performance factors based on your achievements as measured through Personal Commitment, Relative Performance Assessment, etc.

| Performance Level | Individual Performance Factor |
|---|---|
| Highest | 1.30x |
| | 1.15x |
| | 1.00x |
| | 0.85x |
| | 0.70x |
| Lowest | 0.00x |

- You will learn your individual performance factor in late March

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other
product or service names are the property of their respective owners. © Motorola, Inc. 2003

MI000392



# 2002 payout timeline

| Business results announced | Early February |
|---|---|
| Managers plan individual performance factors during rewards planning period | February-March |
| Individual results announced | Late March |
| Earned awards paid out | April according to local payroll practices (4 April in U.S.) |

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other
product or service names are the property of their respective owners. © Motorola, Inc. 2003

MI000393



# Your sources for more information

- 2002: myhr.mot.com/worklife/ipp/
  - The Motorola Incentive Plan formula
  - Your target percentage
  - Answers to your questions

Motorola Incentive Plan * 2002 Results
Motorola Internal Use Only * February 2003
MOTOROLA and the Stylized M Logo are registered in the US Patent & Trademark Office. All other
product or service names are the property of their respective owners. © Motorola, Inc. 2003

MI000394

EXHIBIT G

# Personnel Action Form (PAF)

Motorola Confidential Proprietary

Print Date: 07/15/2005

HR Use Only:
Position Needed:  Y    N
Position #: 

| | Current | | New | Eff Date | |
|---|---|---|---|---|---|
| Company | M000 | United States | | | |
| Personnel Area | N000 | CGISS-United States IL01 | | | |
| Pers Subarea | STD | Standard | | | |
| Emp Group | 5 | Separated | | | |
| Emp Subgrp | U6 | Exempt | | | |
| Payroll Actg Area | M1 | Exempt bi-weekly | | | |
| Work Phone | 1-508-893-6926 | | | | |
| Work Sched/PT/% | S-1-40 | ☐ PT    100.00% | | | |
| Location Code | IL01 | | | | |
| Mail Drop | | | | | |
| Cost Center | CQ798 | | | | |
| Badge Number | | | | | |

| Name | Jay Rein |
|---|---|
| Commerce ID | 12026815 |
| Imed Supv | |
| New Imed Supv | |
| Manager2 | |
| Manager3 | |
| Emplmnt Date | 06/24/2002 |
| Service Date | 06/24/2002 |
| Svc Club Date | 06/24/2002 |
| | |
| Current Range ; | 4 |
| Current Compa Ratio: | 0.00 |
| Next Salary Review Date: | |

### SALARY

| Prop | Eff Date | Rea Son | PS Area | Pay Group | Lev Rnge | Inc Pct | Inc Amt | New Salary |
|---|---|---|---|---|---|---|---|---|
| | 03/31/2003 | | S2 | E15 | 0.00 | 2.00 | 3,800.00 | 193,800.00 |
| | 06/24/2002 | | S2 | E15 | 0.00 | 0.00 | 0.00 | 190,000.00 |

**EXHIBIT #1**
Kotman
9/14/05

### POSITION

| Prop | Eff Date | Rea Son | Cost Center | Position | Position Abbrv | Line |
|---|---|---|---|---|---|---|
| | 03/20/2004 | | CQ798 | 60196443 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 04/01/2003 | 12 | CQ798 | 60196443 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 01/01/2003 | 12 | FW904 | 60196443 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 08/22/2002 | 11 | FW901 | 60196443 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 06/24/2002 | | FW901 | 60196443 | 60404009 | DIR ACCOUNT SALES NATL |

### STATUS

| Prop | Eff Date | Event Type | Rea Son | Status Cust | | | End Date |
|---|---|---|---|---|---|---|---|
| | 03/20/2004 | 13 | 12 | 0 | 0 | 0 | 12/31/9999 |
| | 04/01/2003 | 02 | 12 | 0 | 3 | 1 | 03/19/2004 |
| | 03/31/2003 | 86 | 01 | 0 | 3 | 1 | 03/31/2003 |
| | 01/01/2003 | 02 | 12 | 0 | 3 | 1 | 03/30/2003 |
| | 08/22/2002 | 02 | 11 | 0 | 3 | 1 | 12/31/2002 |

### PERF

| Prop | Eff Date | Performance |
|---|---|---|
| | 12/31/2003 | Meets Expectations |
| | 12/31/2002 | Meets all, exceeds some |
| | | MI2-000105 |

## Remarks:

| | Signature | | Date | |
|---|---|---|---|---|
| Originating Name | | Signature | | Date |
| Receiving Name | | Signature | | Date |
| HR Name | | Signature | | Date |
| Compensation Name | | Signature | | Date |

# Personnel Action Form (PAF)

Motorola Confidential Proprietary

Print Date: 07/15/2005

| | | | | | New | End Date |
|---|---|---|---|---|---|---|
| Company | M000 | United States | | | | |
| Personnel Area | U000 | GEMS-United States IL02 | | | | |
| Pers Subarea | STD | Standard | | | | |
| Emp Group | 1 | Active Employee | | | | |
| Emp Subgrp | U6 | Exempt | | | | |
| Payroll Actg Area | M1 | Exempt bi-weekly | | | | |
| Work Phone | 404-252-6652 | | | | | |
| Work Sched/PT/% | S-1-40 | PT | 100.00% | | | |
| Location Code | IL02 | | | | | |
| Mail Drop | | | | | | |
| Cost Center | CQ798 | | | | | |
| Badge Number | | | | | | |

| | |
|---|---|
| Name | Clay Brice |
| Commerce ID | 12029806 |
| Imed Supv | Clyde Kofman |
| New Imed Supv | |
| Manager2 | Jeffrey Miller |
| Manager3 | Clyde Kofman |
| Emplmnt Date | 11/18/2002 |
| Service Date | 11/18/2002 |
| Svc Club Date | 11/18/2002 |
| Current Range : | 2 |
| Current Compa Ratio: | 1.00 |
| Next Salary Review Date: | |

| | Eff Date | Rsn | PA Area | PS Group | Reason Diff | Inc Pct | Inc Amt | New Salary |
|---|---|---|---|---|---|---|---|---|
| Prop | | | | | | | | |
| S | 03/28/2005 | 10 | S2 | E12 | 0.00 | 4.87 | 5,500.00 | 118,400.00 |
| A | 01/31/2005 | | S2 | E12 | 0.00 | 8.68 | 9,020.00 | 112,900.00 |
| L | 03/29/2004 | | S2 | E12 | 0.00 | 6.00 | 5,880.00 | 103,880.00 |
| A | 11/18/2002 | | S2 | E12 | 0.00 | 0.00 | 0.00 | 98,000.00 |
| R | | | | | | | | |
| Y | | | | | | | | |

| | Eff Date | Rsn | Cost Center | Position ID | Position Source | Title |
|---|---|---|---|---|---|---|
| Prop | | | | | | |
| P | 05/07/2005 | | CQ798 | 60200342 | 80404028 | CONSULTANT SALES |
| O | 11/26/2003 | 12 | CQ798 | 60200342 | 80404028 | CONSULTANT SALES |
| S | 04/01/2003 | 12 | CQ719 | 60200342 | 80404028 | CONSULTANT SALES |
| I | 11/18/2002 | | FW901 | 60200342 | 80404028 | CONSULTANT SALES |
| T | | | | | | |
| I | | | | | | |
| O | | | | | | |
| N | | | | | | |

| | Eff Date | Event Type Rsn | | Status | | | End Date |
|---|---|---|---|---|---|---|---|
| Prop | | | | | | | |
| S | 05/07/2005 | 55 | 00 | 0 | 3 | 1 | 12/31/9999 |
| T | 03/28/2005 | 86 | 01 | 0 | 3 | 1 | 05/06/2005 |
| A | 01/31/2005 | 02 | 10 | 0 | 3 | 1 | 03/27/2005 |
| T | 03/29/2004 | 86 | 01 | 0 | 3 | 1 | 01/30/2005 |
| U | 11/26/2003 | 02 | 12 | 0 | 3 | 1 | 03/28/2004 |
| S | | | | | | | |

| | Eff Date | Performance |
|---|---|---|
| Prop | | |
| P | 12/31/2004 | Effective |
| E | 12/31/2003 | Meets Expectations |
| R | 12/31/2002 | Meets Expectations |
| F | | MI2-000106 |

| Remarks: | | | | | |
|---|---|---|---|---|---|
| Originating Name | | Signature | | Date | |
| Receiving Name | | Signature | | Date | |
| HR Name | | Signature | | Date | |
| Compensation Name | | Signature | | Date | |

# Personnel Action Form (PAF)

Motorola Confidential Proprietary

Print Date: 07/15/2005

HR Use Only:

Position Needed:   Y      N

Position #:

| | | Current | | New | End Date |
|---|---|---|---|---|---|
| Company | M000 | United States | | | |
| Personnel Area | U000 | GEMS-United States_IL06 | | | |
| Pers Subarea | STD | Standard | | | |
| Emp Group | 1 | Active Employee | | | |
| Emp Subgrp | U6 | Exempt | | | |
| Payroll Actg Area | M1 | Exempt bi-weekly | | | |
| Work Phone | 954-723-6396 | | | | |
| Work Sched/PT/% | S-1-40 | PT      100.00% | | | |
| Location Code | IL06 | | | | |
| Mail Drop | | | | | |
| Cost Center | CQ798 | | | | |
| Badge Number | | | | | |

Name                              Michael Humpleby
Commerce ID                          12029729
Imed Supv                         Clyde Kofman
New Imed Supv
Manager2                          Jeffrey Miller
Manager3                          Clyde Kofman
Emplmnt Date                       12/09/2002
Service Date                       12/09/2002
Svc Club Date                      12/09/2002

Current Range :                              2
Current Compa Ratio:                      1.02
Next Salary Review Date:

| Prop | Eff Date | Reason | PA Area | ES Group | OES Subgrp | IncrPct | IncrAmt | New Salary |
|---|---|---|---|---|---|---|---|---|
| S A L A R Y | 03/28/2005 | | S2 | E14 | 0.00 | 0.64 | 929.00 | 145,210.00 |
| | 03/29/2004 | | S2 | E14 | 0.00 | 1.25 | 1,781.00 | 144,281.00 |
| | 12/09/2002 | | S2 | E14 | 0.00 | 0.00 | 0.00 | 142,500.00 |

| Prop | Eff Date | Reason | Cost Center | Position | Position Abbrev | Title |
|---|---|---|---|---|---|---|
| P O S I T I O N | 05/07/2005 | | CQ798 | 60201008 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 02/23/2004 | 12 | CQ798 | 60201008 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 04/01/2003 | 12 | CQ719 | 60201008 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 12/09/2002 | | FW901 | 60201008 | 60499028 | PRNCPL MOT PROF SVCS & DI |

| Prop | Eff Date | Event Type | Reason | Status | ESG | ES | End Date |
|---|---|---|---|---|---|---|---|
| S T A T U S | 05/07/2005 | 55 | 00 | 0 | 3 | 1 | 12/31/9999 |
| | 03/28/2005 | 86 | 01 | 0 | 3 | 1 | 05/06/2005 |
| | 03/29/2004 | 86 | 01 | 0 | 3 | 1 | 03/27/2005 |
| | 02/23/2004 | 02 | 12 | 0 | 3 | 1 | 03/28/2004 |
| | 04/01/2003 | 02 | 12 | 0 | 3 | 1 | 02/22/2004 |

| Prop | Eff Date | Performance |
|---|---|---|
| P E R F | 12/31/2004 | Effective |
| | 12/31/2003 | Meets Expectations |
| | | MI2-000107 |

## Remarks:

| Originating Name | | Signature | | Date | |
|---|---|---|---|---|---|
| Receiving Name | | Signature | | Date | |
| HR Name | | Signature | | Date | |
| Compensation Name | | Signature | | Date | |

# Personnel Action Form (PAF)

Motorola Confidential Proprietary

Print Date: 07/15/2005

HR Use Only:
Position Needed:    Y    N
Position #:

| | Current | | New | Eff. Date |
|---|---|---|---|---|
| Company | M000    United States | | | |
| Personnel Area | U000    GEMS-United States  IL01 | | | |
| Pers Subarea | STD    Standard | | | |
| Emp Group | 1    Active Employee | | | |
| Emp Subgrp | U6    Exempt | | | |
| Payroll Actg Area | M1    Exempt bi-weekly | | | |
| Work Phone | 314 961 5451 | | | |
| Work Sched/PT/% | S-1-40    PT    100.00% | | | |
| Location Code | IL01 | | | |
| Mail Drop | | | | |
| Cost Center | CQ798 | | | |
| Badge Number | | | | |

| | |
|---|---|
| Name | John Gillardi |
| Commerce ID | 12027552 |
| Imed Supv | Clyde Kofman |
| New Imed Supv | . |
| Manager2 | Jeffrey Miller |
| Manager3 | Clyde Kofman |
| Emplmnt Date | 07/29/2002 |
| Service Date | 07/29/2002 |
| Svc Club Date | 07/29/2002 |
| | |
| Current Range : | 3 |
| Current Compa Ratio: | 1.13 |
| Next Salary Review Date: | |

| | Eff. Date | Rsn | PS Area | PS Group | Cur. Pct | Inc Pct | Inc. Amt | New Salary |
|---|---|---|---|---|---|---|---|---|
| **Prop** | | | | | | | | |
| S A L A R Y | 03/29/2004 | | S2 | E15 | 0.00 | 1.00 | 1,785.00 | 180,285.00 |
| | 03/31/2003 | | S2 | E15 | 0.00 | 2.00 | 3,500.00 | 178,500.00 |
| | 07/29/2002 | | S2 | E15 | 0.00 | 0.00 | 0.00 | 175,000.00 |

| | Eff. Date | Rsn | Cost Center | Subarea | Position Abbrev | Title |
|---|---|---|---|---|---|---|
| **Prop** | | | | | | |
| P O S I T I O N | 05/07/2005 | | CQ798 | 60197502 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 04/01/2003 | 12 | CQ798 | 60197502 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 01/01/2003 | 12 | FW904 | 60197502 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 08/22/2002 | 11 | FW901 | 60197502 | 60499028 | PRNCPL MOT PROF SVCS & DI |
| | 07/29/2002 | | FW901 | 60197502 | 60404009 | DIR ACCOUNT SALES NATL |

| | Eff. Date | Event Type | Reas | Status | | | End Date |
|---|---|---|---|---|---|---|---|
| **Prop** | | | | | | | |
| S T A T U S | 05/07/2005 | 55 | 00 | 0 | 3 | 1 | 12/31/9999 |
| | 03/29/2004 | 86 | 01 | 0 | 3 | 1 | 05/06/2005 |
| | 04/01/2003 | 02 | 12 | 0 | 3 | 1 | 03/28/2004 |
| | 03/31/2003 | 86 | 01 | 0 | 3 | 1 | 03/31/2003 |
| | 01/01/2003 | 02 | 12 | 0 | 3 | 1 | 03/30/2003 |

| | Eff. Date | Performance |
|---|---|---|
| **Prop** | | |
| P E R F | 12/31/2004 | Effective |
| | 12/31/2003 | Meets Expectations |
| | 12/31/2002 | Meets all, exceeds some |
| | | MI2-000108 |

## Remarks:

| | | | | | |
|---|---|---|---|---|---|
| Originating Name | | Signature | | Date | |
| Receiving Name | | Signature | | Date | |
| HR Name | | Signature | | Date | |
| Compensation Name | | Signature | | Date | |

# Personnel Action Form (PAF)

Motorola Confidential Proprietary

Print Date: 07/15/2005

HR Use Only:
Position Needed:    Y    N
Position #:

| | | Current | | New | Eff Date |
|---|---|---|---|---|---|
| Company | M000 | United States | | | |
| Personnel Area | U000 | GEMS-United States IL23 | | | |
| Pers Subarea | STD | Standard | | | |
| Emp Group | 1 | Active Employee | | | |
| Emp Subgrp | U6 | Exempt | | | |
| Payroll Actg Area | M1 | Exempt bi-weekly | | | |
| Work Phone | | 847-576-4842 | | | |
| Work Sched/PT/% | S-1-40 | ☐ PT    100.00% | | | |
| Location Code | IL23 | | | | |
| Mail Drop | | | | | |
| Cost Center | CQ798 | | | | |
| Badge Number | | | | | |

| | |
|---|---|
| Name | Clyde Kofman |
| Commerce ID | 12027346 |
| Imed Supv | Jeffrey Miller |
| New Imed Supv | |
| Manager2 | Jeffrey Miller |
| Manager3 | |
| Emplmnt Date | 07/15/2002 |
| Service Date | 07/15/2002 |
| Svc Club Date | 07/15/2002 |
| | |
| Current Range: | 4 |
| Current Compa Ratio: | 1.92 |
| Next Salary Review Date: | |

| | Eff Date | Rea Son | Pay Area Group | Sal Group | Hce Pct | Pct | $ Amt | New Salary |
|---|---|---|---|---|---|---|---|---|
| Prop | | | | | | | | |
| S A L A R Y | 03/31/2003 | | S2 | E15 | 0.00 | 1.50 | 4,500.00 | 304,500.00 |
| | 07/15/2002 | | S2 | E15 | 0.00 | 0.00 | 0.00 | 300,000.00 |

| | Eff Date | Rea Son | Cost Center | Position # | Position Abbr | Title |
|---|---|---|---|---|---|---|
| Prop | | | | | | |
| P O S I T I O N | 05/07/2005 | | CQ798 | 60197065 | 60499029 | MANAGING PRNCPL MOT PROF |
| | 04/01/2003 | 12 | CQ798 | 60197065 | 60499029 | MANAGING PRNCPL MOT PROF |
| | 01/01/2003 | 12 | FW904 | 60197065 | 60499029 | MANAGING PRNCPL MOT PROF |
| | 08/22/2002 | 11 | FW901 | 60197065 | 60499029 | MANAGING PRNCPL MOT PROF |
| | 07/15/2002 | | FW901 | 60197065 | 60404009 | DIR ACCOUNT SALES NATL |

| | Eff Date | Event Type Reas | | Status | | End Date |
|---|---|---|---|---|---|---|
| Prop | | | | | | |
| S T A T U S | 05/07/2005 | 55 | 00 | 0 | 3 1 | 12/31/9999 |
| | 04/01/2003 | 02 | 12 | 0 | 3 1 | 05/06/2005 |
| | 03/31/2003 | 86 | 01 | 0 | 3 1 | 03/31/2003 |
| | 01/01/2003 | 02 | 12 | 0 | 3 1 | 03/30/2003 |
| | 08/22/2002 | 02 | 11 | 0 | 3 1 | 12/31/2002 |

| | Eff Date | Performance |
|---|---|---|
| Prop | | |
| P E R F | 12/31/2004 | Effective |
| | 12/31/2003 | Meets Expectations |
| | 12/31/2002 | Meets all, exceeds some |
| | | MI2-000109 |

| Remarks: | | | |
|---|---|---|---|
| Originating Name | | Signature | Date |
| Receiving Name | | Signature | Date |
| HR Name | | Signature | Date |
| Compensation Name | | Signature | Date |

## Company Code
M000 = MOTOROLA

## Personnel Area
A000 = CORP   B000 = IESS   D000 = SPS   H000 = GCSO   K000 = PCS   L000 = GRRO
N000 = CGISS   P000 = BCS   Q000 = SISG   R000 = GTSS

## Personnel Subarea
STD = Standard                COMM = Commission              COOP = Co-op/Intern
SUMR = Summer                EXP = Expatriate

## Employee Group
1 = Active                              3 = Transfer Out of Country                    5 = Separated
2 = Retired                             4 = LOA

## Work Sched/PT/%
Work schedule indicates shift preium eligibility and normal schedule hours. The PT indicator simply indicates that the person works part time. The % time for a person
who normally works 20 hours of a 40-hour shift would be 50%. (Exception: PT exempt who works a variable schedule should continue to show 100%)

## Cost Center
This is the department number in which the individual's headcount resides.

## Salary/Position Change Reason
01 = Merit increase                     10 = Special adjustment                        24 = Lump sum
02 = Hierarchy promotion                11 = Job Code/Title revision                   26 = Certification
03 = Opportunity promotion              12 = Department change                         35 = Shift Change
04 = Re-evaluation                      13 = Substitute assignment                     37 = Part Time to Full Time
05 = Invol Downgrade/Performance        14 = Return assignment                         38 = Full Time to Part Time
06 = Involuntary downgrade/Other        17 = Voluntary downgrade
07 = Lateral transfer
09 = General Salary Increase

## Separation Action and Reason

### 10 Eligible for Rehire
11 = Voluntary Force Reduction
12 = Involuntary Force Reduction
40 = New Job Competitor
41 = New Job Non-Comp
44 = Personal Reasons
46 = Relocation
47 = Returned to School
70 = Military
82 = Other Reasons
87 = Contract Expiration
88 = Term from LOA

### 13 Additional Investigation Req
11 = Vol Force Reduction/non-retiree
12 = Invol Force Reduction
15 = Sales of Business
16 = Term from LTD
17 = Layoff
40 = New Job Competitor
41 = New Job Non-Competitor
49 = No Show
82 = Other Reasons

### 14 Retirement
30 = Normal
31 = Immediate Early Retirement
32 = Deferred Early Retirement
33 = Postponed
34 = Disability
35 = Vested
36 = Early Retirement Assistance Pgm
37 = Voluntary Severance Program
38 = Sales of Business

### 16 Not Eligible for Rehire
11 = Vol Force Reduct/non-retiree
12 = Invol Force Reduction
23 = Term Clause: Class I
24 = Term Clause: Class II
25 = Term Clause: Class III
45 = Quit w/o notice
49 = No Show
82 = Other Reasons
87 = Conctract Expiration

### 17 Death
80 = Death without Survivors
81 = Death with Survivors

MI2-000110

Revised 06/25/1999