## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF KRISTIN G. MCGURN IN SUPPORT OF
### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Kristin G. McGurn, Esq., deposes and says:

1.      I am an attorney admitted to practice in this District and am a partner at the law firm of Seyfarth Shaw LLP, counsel for Defendants, Motorola, Inc., Clyde Kofman and Juergen Stark.  Based on my knowledge as counsel in this action, I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion to Compel.

2.      Attached as Exhibit A is a true and correct copy of excerpts of wage information received from Plaintiff on November 1, 2006.

3.      Attached as Exhibit B is a true and correct copy of the GTSI offer letter that Plaintiff produced in discovery (without a Bates number).

4.      Attached as Exhibit C is a true and correct copy of Defendants' Notices to Supplement Discovery served on Plaintiff on October 31, 2006.

5.       Attached as Exhibit D is a true and correct copy of Exhibit 42 to the Plaintiff's deposition.

6.      Attached as Exhibit E is a true and correct copy of Plaintiff's bonus information, including references to personal and business factors and targets.

Dated: November 2, 2006


By_____/s/ Kristin G. McGurn_____

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 2, 2006.

/s/ Kristin G. McGurn

# Exhibit A

OCT-31-2006 17:24

**GTSI Corp**
3901 STONECROFT BLVD.
CHANTILLY, VA 20151

| Pay Begin Date: | 06/09/2005 |
| Pay End Date: | 06/23/2005 |
| Advice #: | 000000000030027 |
| Advice Date: | 06/30/2005 |

| | |
|---|---|
| Jay Rein | Employee ID: 100832 |
| 75 Johnson Drive | Department: 1030-CRM & Strategic Marketing |
| Holliston, MA 01746-2244 | Location: SOUTHGATE |
| | Job Title: Sr. Director |
| | Pay Rate: $6,250.00 Semimonthly |

| TAX DATA: | Federal | MA State |
|---|---|---|
| Marital Status: | Married | Married |
| Allowances: | 0 | 4 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

## HOURS AND EARNINGS

| | | Current | | YTD | |
|---|---|---|---|---|---|
| Description | Rate | Hours | Earnings | Hours | Earnings |
| Regular Earnings | | | 6,250.00 | | 70,384.62 |
| Regular Earnings | 72.115385 | 3.00- | 216.35- | | 0.00 |
| Vacation Time-off | 72.115385 | 3.00 | 216.35 | | 2,307.69 |
| EBT PAYOUT Q4 | | | 0.00 | | 2,604.16 |
| Sign On Bonus | | | 0.00 | | 5,000.00 |
| Base Adjustment | | | 0.00 | | 176.00 |
| Flex Med Previous Year | | | 0.00 | | 200.00 |
| Enroll Flex Credit | | | 0.00 | | 528.00 |
| Holiday Earnings | | | 0.00 | | 2,307.69 |
| **Total:** | | | **6,250.00** | | **83,332.16** |

## TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholding | 966.85 | 9,890.58 |
| Fed MED/EE | 88.01 | 1,166.34 |
| Fed OASDI/EE | 376.31 | 4,987.11 |
| MA Withholding | 302.48 | 3,292.86 |
| **Total:** | **1,733.65** | **19,336.89** |

## BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| OOA Platinum Non-Smoker | 105.44 | 1,793.58 |
| Indemnity PPO Dental | 31.10 | 373.20 |
| Vision Basic | 7.37 | 88.44 |
| Retirement Plan - 401(k) | 0.00 | 14,000.00 |
| Flexible Spending Acc - Med | 41.66 | 500.02 |
| **Total:** | **185.57** | **16,754.94** |

## AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| **Total:** | 0.00 | 0.00 |

## EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Life & AD/D | 16.50 | 198.00 |
| Life & AD/D* | 5.00 | 60.00 |
| Short Term Disability | 2.74 | 32.88 |
| Long Term Disability | 29.38 | 352.56 |
| Retirement Plan - 401(k) | 156.24 | 1,906.85 |
| * Taxable | | |

## TOTALS

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 6,250.00 | 6,069.43 | 1,733.65 | 185.57 | 4,330.78 |
| YTD: | 83,332.16 | 66,437.22 | 19,336.89 | 16,754.94 | 47,240.33 |

## VACATION HOURS

| | YTD |
|---|---|
| Start Balance: | 15.0 |
| + Earned: | 20.0 |
| - Taken: | 32.0 |
| + Adjustments: | |
| End Balance: | 1.0 |

## PTO HOURS

| | YTD |
|---|---|
| Start Balance: | 0.0 |
| + Earned: | 33.3 |
| - Taken: | |
| + Adjustments: | |
| End Balance: | 33.3 |

## NET PAY DISTRIBUTION

| Advice #0000030027 | 4,330.78 |
|---|---|
| **Total:** | **4,330.78** |

MESSAGE:

---

**GTSI Corp**
3901 STONECROFT BLVD.
CHANTILLY, VA 20151

Dept: 1030   Adv#: 0000030027 /00

 **gtsi.**

Date
06/30/2005

Advice No.
0000030027

To The
Account(s) Of

**JAY REIN**
75 Johnson Drive
Holliston, MA 01746-2244

Location: SOUTHGATE

## DIRECT DEPOSIT DISTRIBUTION

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | 0880783410 | 4,330.78 |
| **Total:** | | **4,330.78** |

# NON-NEGOTIABLE

Form **W-2**

# Wage and Tax Statement

➤ Keep for your records

**2005**

| | |
|---|---|
| Name | Social Security Number |
| Jay S Rein | 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 |

Check if for spouse .................. ☐

**Military:** Complete Part VI on Page 2 below

**a** Control number ................

**b** Employer's ID number ......... 54-1248422

**c** Employer's name, address, and ZIP code

GTSI Corp

Street 3901 Stonecroft Blvd.

City Chantilly

State VA  ZIP Code 20151

Check box if foreign address (see Help) ........ ☐

Check box to transfer items d and e below
from Federal Information Worksheet ......... ☒

**d** Employee's social security No .. 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

**e** Employee's name, address, and ZIP code

First Jay  M.I. S

Last Rein

Street 4501 Chartley Circle NE

City Roswell

State GA  ZIP Code 30075

Check box if foreign address (see Help) ..... ☐

**1** Wages, tips, other compensation
81,366.50

**2** Federal income tax withheld
12,516.15

**3** Social security wages
90,000.00

**4** Social security tax withheld
5,580.00

**5** Medicare wages and tips
95,366.50

**6** Medicare tax withheld
1,382.81

**7** Social security tips

**8** Allocated tips

**9** Advance EIC payment

**10** Dependent care benefits

**11** Nonqualified plans

Distributions from sect. 457 and nonqualified plans (Important, see Help)

**12** Enter box 12 below

**13** Statutory employee .................

Retirement plan ................... ☒

Third-party sick pay ...............

**14** Enter box 14 below **after** entering boxes 18, 19, and 20.
**NOTE:** Enter box 15 **before** entering box 14.

| Box 12 Code | Box 12 Amount | If Box 12 code is: |
|---|---|---|
| C | 65.00 | A: Enter amount attributable to RRTA Tier 2 tax |
| D | 14,000.00 | M: Enter amount attributable to RRTA Tier 2 tax |
| | | P: Double click to link to Form 3903, line 4 ..... |
| | | R: Enter MSA contribution for  Taxpayer ...... |
| | | Spouse ....... |
| | | G: Check if employer is **not** a state or local government ............. ☐ |

| Box 15 State | Employer's state I.D. no. | Box 16 State wages, tips, etc. | Box 17 State income tax |
|---|---|---|---|
| MA | 54124842205 | 81,366.50 | 4,045.98 |

| Box 20 Locality name | Box 18 Local wages, tips, etc. | Box 19 Local income tax | Associated State |
|---|---|---|---|
| | | | |

| Box 14 Description or Code on Actual Form W-2 | Amount | TurboTax Identification of Description or Code (Identify this item by selecting the identification from the drop down list. If not on the list, select Other). |
|---|---|---|
| | | |

| Form **W-2** | **Wage and Tax Statement** ► Keep for your records | **2005** |
|---|---|---|

| Name Jay S Rein | Social Security Number 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 |
|---|---|

Check if for spouse .................... ►☐    **Military:** Complete **Part VI** on Page 2 below

| | | |
|---|---|---|
| **a** Control number ............. | **1** Wages, tips, other compensation **131,074.89** | **2** Federal income tax withheld **27,951.05** |
| **b** Employer's ID number ........ **43-1537250** | | |
| **c** Employer's name, address, and ZIP code **Worldspan L.P.** | **3** Social security wages **90,000.00** | **4** Social security tax withheld **5,580.00** |
| Street **300 Galleria Parkway NW** | **5** Medicare wages and tips **131,074.89** | **6** Medicare tax withheld **1,900.59** |
| City **Atlanta** | **7** Social security tips | **8** Allocated tips |
| State **GA** ZIP Code **30339** | | |
| Check box if foreign address (see Help) ........ ☐ | **9** Advance EIC payment | **10** Dependent care benefits |
| **Check box to transfer items d and e below** **from Federal Information Worksheet** ......... ☒ | **11** Nonqualified plans | Distributions from sect. 457 and nonqualified plans (Important, see Help) |
| **d** Employee's social security No ... **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** | | |
| **e** Employee's name, address, and ZIP code | | |
| First **Jay** M.I. **S** | **12** Enter box 12 below | |
| Last **Rein** | | |
| Street **4501 Chartley Circle NE** | **13** Statutory employee ........................ ☐ | |
| City **Roswell** | Retirement plan ☐ | |
| State **GA** ZIP Code **30075** | Third-party sick pay ....................... ☐ | |
| Check box if foreign address (see Help) ..... ☐ | | |
| | **14** Enter box 14 below after entering boxes 18, 19, and 20. **NOTE:** Enter box 15 before entering box 14. | |

| **Box 12** Code | **Box 12** Amount | If Box 12 code is: |
|---|---|---|
| C | 147.00 | A: Enter amount attributable to RRTA Tier 2 tax |
| P | 5,723.81 | M: Enter amount attributable to RRTA Tier 2 tax |
| | | P: Double click to link to Form 3903, line 4 ..... **Atlanta, GA** |
| | | R: Enter MSA contribution for   Taxpayer .... |
| | | Spouse ....... |
| | | G: Check if employer is not a state or local government ☐ |

| **Box 15** State | Employer's state I.D. no. | **Box 16** State wages, tips, etc. | **Box 17** State income tax |
|---|---|---|---|
| GA | 0889082BW | 131,074.89 | 7,338.11 |

| **Box 20** Locality name | **Box 18** Local wages, tips, etc. | **Box 19** Local income tax | Associated State |
|---|---|---|---|
| | | | |

| **Box 14** Description or Code on Actual Form W-2 | Amount | TurboTax Identification of Description or Code (Identify this item by selecting the identification from the drop down list. If not on the list, select Other). |
|---|---|---|
| | | |

**worldspan.**

| Employee No | | Name | | | | | | | | | | Check Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 66060 | | JAY S. REIN | | | | | | | | | | 9/30/05 |

| | Fed | State | City | | | | | | | | Check Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | M | 09 | M | 01 | M | 01 | 2430 | 11001 | | | 736 |

**Hours Available as of 09/30/05**

| Vac. | Sick |
|---|---|
| 109.00 | 112.00 |

**Earnings**

| Description | Hours | Current | YTD |
|---|---|---|---|
| REGULAR | 86.67 | 7,625.25 | 133,069.33 |
| FLOAT/HOL | | | 2,111.53 |
| XMAS | | | 56,925.00 |
| SP/PAY | | 33.60 | 704.91 |
| VACATION | | | 1,583.64 |
| TOT CASH EARN | | 7,658.85 | 194,463.31 |
| NON-CASH EARN | | | |
| GRP LIM F | | | 246.12 |
| TOTAL EARNINGS | | 7,658.85 | 194,709.43 |

**Taxes & Deductions**

| Description | Base Rate | Current | YTD |
|---|---|---|---|
| FED TAX | | 1,393.28 | 34,493.75 |
| FICA | | | 5,840.60 |
| MEDICARE | 105.87 | 2,725.49 |
| LA TAX | 383.71 | 8,389.87 |
| 401(K) | | | 15,000.00 |
| SUP/LIFE | | 27.50 | 495.00 |
| LTD | | 6.93 | 8.63 |
| DENTAL | | 27.50 | 501.15 |
| CIGNA | | 197.00 | 3,693.96 |
| MEDSPEND | | 100.00 | 1,600.00 |
| EXP DED | | | 373.17 |
| DIR DEPOSIT CHECKING | | 5,460.08 | 96,412.06 |
| TOTAL DED | | 7,658.85 | 162,896.70 |

Hours    Current    YTD
INFORMATIONAL PURPOSES ONLY.

JAY S. REIN
4501 CHARTLEY CIRCLE
ROSWELL GA 30075-

---

**worldspan.**

| Employee No | | Name | | | | | | | | | | Check Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 66060 | | JAY S. REIN | | | | | | | | | | 9/30/05 |

| | Fed | State | City | | | | | | | | Check Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | M | 09 | M | 01 | M | 01 | 2430 | 11001 | | | 736 |

**Hours Available as of 09/30/05**

| Vac. | Sick |
|---|---|
| 109.00 | 112.00 |

**Earnings**

| Description | Hours | Current | YTD |
|---|---|---|---|
| REGULAR | 86.67 | 7,625.25 | 133,069.33 |
| FLOAT/HOL | | | 2,111.53 |
| XMAS | | | 56,925.00 |
| SP/PAY | | 33.60 | 704.91 |
| VACATION | | | 1,583.64 |
| TOT CASH EARN | | 7,658.85 | 194,463.31 |
| NON-CASH EARN | | | |
| GRP LIM F | | | 246.12 |
| TOTAL EARNINGS | | 7,658.85 | 194,709.43 |

**Taxes & Deductions**

| Description | Base Rate | Current | YTD |
|---|---|---|---|
| FED TAX | | 1,393.28 | 34,493.75 |
| FICA | | | 5,840.60 |
| MEDICARE | 105.87 | 2,725.49 |
| LA TAX | 383.71 | 8,389.87 |
| 401(K) | | | 15,000.00 |
| SUP/LIFE | | 27.50 | 495.00 |
| LTD | | 6.93 | 8.63 |
| DENTAL | | 27.50 | 501.15 |
| CIGNA | | 197.00 | 3,693.96 |
| MEDSPEND | | 100.00 | 1,600.00 |
| EXP DED | | | 373.17 |
| DIR DEPOSIT CHECKING | | 5,460.08 | 96,412.06 |
| TOTAL DED | | 7,658.85 | 162,896.70 |

Hours    Current    YTD
INFORMATIONAL PURPOSES ONLY.

JAY S. REIN
4501 CHARTLEY CIRCLE
ROSWELL GA 30075-

# Exhibit B



GTSI Corp.
3901 Stonecroft Boulevard
Chantilly, VA 20151-1010
+(703) 502-2000
www.GTSI.com

REVISED

October 11, 2004

Mr. Jay Rein
75 Johnson Drive
Holliston, MA 01746-2244

Dear Jay:

GTSI Corp. ("GTSI") is pleased to offer you the position of Senior Director, CRM. In this position, you will have broad responsibilities and will report directly to Scot Edwards. We would like your employment to commence as soon as possible, preferably by the Projected Start Date referred to below. We are optimistic that you will be able to make a significant contribution to GTSI.

Your total annual target compensation will be $187,500. This will consist of a base salary of $150,000 ($6,250 semi-monthly) plus participation in the Executive Incentive Compensation Plan. At 100% goal attainment, your annual target bonus under this plan will be $37,500 (25% of your base salary). At 200% goal attainment, your annual target bonus under this plan will be $75,000. Additionally, you will receive a $10,000 sign on bonus that will be paid as follows: Half ($5,000) will be paid within 30 days of your start date, and half ($5,000) will be paid after successful completion of your 120 day introductory period review. GTSI will discuss your incentive plan with you in more detail during your first three months of active employment.

Additionally, you will receive a one-time amount to be used for relocation purposes, not to exceed $20,000. These relocation monies must be used within 9 months of your original start date at GTSI Corp. You must provide evidence (receipts) of your relocation to the Washington, DC area if you choose to access these relocation monies. This fund is provided, in part, to help cover the cost of house hunting for you and your family. These costs may include airfare, lodging, rental car, or any related costs such as parking. Additionally, you may use this money to offset costs incurred while traveling between Holliston and the Washington, DC area.

Please understand that you will be required to repay these monies (sign on bonus and relocation amount), on a prorated basis, should your employment with GTSI end voluntarily or for "cause"[1] within twelve months from the date of payout.

---

[1] Cause – Termination by GTSI of an officer's employment for "Cause" means termination as a result of (i) acts or omissions involving unacceptable performance or conduct (examples of which include, but are not limited to: failure or refusal to perform assigned duties or to follow Company policies, as determined in the sole discretion of the Company; commission of sexual harassment; excessive absenteeism; unlawful use or possession of drugs or misuse of legal drugs or alcohol; misappropriation of a Company asset or opportunity; the offer, payment, solicitation or acceptance of any bribe or kickback with respect to the Company's business; the assertion, representation or certification of any false claim or statement to a Company customer; or indictment or conviction for any felony whatsoever or for any misdemeanor involving moral turpitude); or (ii) other conduct deemed by the Company to be inappropriate for an officer or harmful to the Company's interests or reputation.

As an additional incentive to you, prior to your relocation to the Washington, DC area, we agree to reimburse you up to $1,000 per month for customary and reasonable expenses incurred while traveling to and from Holliston. This plan expires January 21, 2005. You will need to submit reasonable documentation (receipts) for these expenses.

As part of your compensation package, we will recommend to the Compensation Committee of the Company's Board of Directors that the Committee, at its next meeting at which option grants are considered, grant to you a nonstatutory stock option ("Option"), effective as of the later of the date of such meeting (the "Grant Date"), to purchase 5,000 shares of the Company's Common Stock.

The exercise price will be equal to the closing price of the Company's Common Stock on the Grant Date or, if there has been no trading in the Company's Common Stock on the Grant Date, then the immediately preceding date upon which the Company's Common Stock is so traded (as reported the following business day in The Wall Street Journal). Your Option will vest and be exercisable, cumulatively, in four equal annual installments with the first installment vesting on the first anniversary of the date of grant, and will be subject to the terms and provisions of the stock option agreement evidencing the grant of the Option. Your Option shall expire, to the extent not previously exercised, upon the earlier of seven years from the grant date or three months after you cease to be a GTSI employee. Since this stock option offer is by law subject to approval by GTSI's Board of Directors or a Committee thereof, no one at GTSI can promise or ensure such approval. Nonetheless, I envision Committee approval without problem.

You will be eligible, on the first of the month following your hire date, to join the GTSI benefits plan which would include life insurance, comprehensive medical, dental and vision insurance for yourself and dependents on a contributory basis if you so elect. We will provide you with detailed information concerning your complete benefits package upon employment. You will be eligible for three weeks of vacation for each calendar year. This will prorate for partial years. As with all GTSI employees, you will be subject to all Company policies and procedures.

To comply with the Immigration Reform and Control Act, you will be required to verify employment eligibility by completing the enclosed form and presenting the requested documents on the first day of employment. Employment is contingent upon satisfactory references, successful completion of pre-employment drug screening, and the completion of a GTSI Corp. non-disclosure form.

Your employment at GTSI will be an "at will" relationship; that is, either party may end it at any time, for any reason. Neither this offer of employment, nor your acceptance, nor our maintenance of personnel policies, procedures, and benefits creates a minimum term of employment. Please also be advised that it is GTSI's policy that employees should discuss salary issues only with their manager. For the first 120 days of employment, you will serve an initial introductory period. As well, GTSI fully expects that you will perform your duties as required by your position and management. Your failure to do so may lead to disciplinary action up to and including termination.

The creation of enthusiastic customers by exceeding their expectations is a fundamental principle for GTSI and all its employees. In this regard, we rely on effective customer relationship management ("CRM"), as implemented through our contact database, as a unifying factor that manages all forms of communication with our customers, increasing the value of GTSI to our customers and the value of our customers to GTSI. To create enthusiastic customers in this manner, we need the support and commitment of each and every GTSI employee. We ask that you give us that support and commitment throughout your time at GTSI.

Page 3 of 3
Jay Rein--Revised
October 11, 2004

By executing this letter, you represent and warrant to GTSI that you are not currently subject to any express or implied contractual obligations to any of your former employers under any secrecy, non-competition or other agreements or understandings, except for any of which you have furnished copies or written summaries to me, prior to your execution of this letter.

This letter contains our entire understanding with respect to your employment at GTSI. It supersedes all prior or contemporaneous representations, promises or agreements concerning this subject, whether in written or oral form, and whether made to or with you by any employee or other person affiliated with GTSI or any actual or perceived agent. Any amendment of this offer or letter, now or in the future, requires the written acknowledgement of the VP, Human Resources, or her designee. This offer of employment will expire one week from the date of this letter.

Jay, we believe you will provide GTSI with the creativity and experience to contribute to continued GTSI growth. We also believe that GTSI can provide you with opportunities for professional growth and financial return. We look forward to the commencement of your employment with GTSI and expect a mutually fulfilling and rewarding relationship.

Please acknowledge your acceptance of this offer by signing the enclosed copy of this letter, and returning it to me as soon as possible along with your completed application of employment.

Sincerely,                                    Acknowledged/Accepted

Alan Bernstein                                _____ Date _10/18/04_
Senior Manager of Recruiting                  Jay Rein
Human Resources


                                              _____
                                              Preferred name, if different from above


                                              Projected Start Date:        October 18, 2004

**Exhibit C**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) |
| Defendants. | ) |

## DEFENDANT MOTOROLA'S REQUEST FOR SUPPLEMENTATION OF PRIOR ANSWERS TO ITS FIRST SET OF INTERROGATORIES

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants Motorola, Inc. ("Motorola"), Clyde Kofman, and Juergen Stark (collectively, "Defendants") hereby request that Plaintiff Jay S. Rein ("Plaintiff") seasonably supplement his prior Answers to Motorola's First Set of Interrogatories, to be answered separately and fully in writing under the penalties of perjury, before November 6, 2006, one week prior to trial.

In answering these interrogatories, furnish all information acquired by you after you served your prior answers upon Defendants, including information acquired by your attorneys, their investigators, or any person acting on your behalf, and not merely such information acquired by you.

## INSTRUCTIONS AND DEFINITIONS

As used herein, the following terms shall have the meaning indicated below.

A.    **Uniform Definitions.** Motorola incorporates by reference the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts:

1. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. **Identify (With Respect to Persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. **Identify (With Respect to Documents).** When referring to documents, "to identify" means to give, to the extent known, the

   a.   type of document;

   b.   general subject matter;

   c.   date of the document; and

   d.   author(s), addressee(s), and recipient(s).

5. **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name, or pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

6. **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7. **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

B.   **Additional Definitions**

1. The term "Complaint," except where context does not permit, includes the Plaintiff's Complaint filed in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in Middlesex County as Civil Action Number 04-4548 and removed to the United States District Court for the District of Massachusetts on or about December 9, 2004, in the pending action *Rein v. Motorola, Inc., Clyde Kofman and Juergen Stark,* Civil Action No. 04-12580 NG.

2.      The term "relating to" shall include, but shall not be limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connecting with the matter set forth.

3.      "Plaintiff," "you," or "your" as used herein refers to Plaintiff Jay S. Rein, any consultants, experts, investigators, agents or other persons acting on Plaintiff's behalf and, unless privileged, Plaintiff's attorneys.

4.      The term "Motorola" as used herein refers to Defendant Motorola, Inc., and any officers, directors, employees, consultants, agents or other persons acting or purporting to act on its behalf.

5.      The term "date" means the exact day, month and year if ascertainable or, if not, the best approximation (including relationship to other events).

6.      Except where the context does not permit, the word "and" and the word "or" shall be construed to mean "and/or," and except where the context does not permit, words used in the singular shall be deemed to include the plural. Words used in the plural shall, except where the context does not permit, be deemed to include the singular. The masculine gender shall, except where the context does not permit, be deemed to include the feminine and neuter genders.

7.      All other terms and definitions are to be interpreted in their common, ordinary sense.

## C.    Instructions

1.      **Claims of Privilege.** As to each interrogatory herein that you decline to answer under a claim of privilege or other rule protecting against disclosure, the Plaintiff is directed to:

    a.      State the paragraph number (and subparagraph number where applicable) of the interrogatory;

    b.      Set forth the date of the alleged privileged communication;

    c.      State the name, address (if known), and title or position of all parties present during the communication;

    d.      Describe the general subject matter of the communication;

    e.      State the specific basis for your claim that the communication is privileged or otherwise protected against disclosure.

2.      **Time Period.** Unless specifically indicated in the interrogatory, the information sought by each interrogatory will cover the period from January 1, 2002 to the present.

3.    Your best estimate must be given whenever exact data cannot be supplied. Any estimated data must be designated as such and the basis, source or sources, and/or derivation of each estimate should be set forth separately.

4.    Information sought by any interrogatory may be furnished by reference to your answer furnished to another interrogatory. However, separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

5.    These interrogatories require supplemental or amended answers and shall be deemed to be continuing requests for supplemental answers pursuant to Fed.R.Civ.P. 33, so as to require additional answers if the party on whom these interrogatories are served obtains further information between the time answers were served and the time of trial of this action.

6.    If you object to answering any interrogatory in whole or in part on the basis of the work product doctrine, please state the following:

a.    the basis for your claim that such information constitutes attorney work product;

b.    the identity of each attorney claimed to have contributed to the material being claimed as work product; and

c.    the identity of all persons having knowledge of any facts which you claim to be protected as attorney work product.


## INTERROGATORIES TO BE SUPPLEMENTED

Motorola's Interrogatory No. 3

Please state each item of damages that you claim and include in your answer: the count or defense to which the item of damages relates; the exact monetary amount of the damages; the category into which each item of damages falls, i.e., lost wages, general damages, special or consequential damages, interest and any other relevant categories; the factual basis for each item of damages; and an explanation of how you computed each item of damages, including any mathematical formula used.

Motorola's Interrogatory No. 7

Identify each employer for whom you have worked since February 23, 2004, including in your answer the date(s) you were employed, the name(s) of your supervisors, your duties, and the reason(s) for your separation from said employment, if applicable.

Motorola's Interrogatory No. 18

State whether, in answering these interrogatories, you have reviewed, consulted or relied upon any documents in answering these interrogatories, and if so, identify:

    a.  each document by date, author, title, and subject matter;

    b.  the name and address of the custodian of the document; and

    c.  each interrogatory answer for which it was reviewed.

Motorola's Interrogatory No. 20

State the name, title (if any), specialty, employer and address of any person whom you plan to call as an expert witness at trial. With respect to each person, identify the following:

    a.  The subject matter on which such person will testify;

    b.  Whether such person has prepared or will be preparing a written report of findings;

    c.  The academic and other qualifications of such person;

    d.  The substance of the facts and explanations of data to which such person is expected to testify;

    e.  A summary of the grounds for each explanation of data listed in answer to part (d) of this interrogatory;

    f.  All documents and any other material which such person relied upon or consulted in any manner in determining any facts and forming any opinions listed in answer to part (d) of this interrogatory;

    g.  All documents and any other materials which such person is expected to rely upon at the trial;

h.  A complete bibliography of the textbooks, treatises, articles and other works of such person regarded as authoritative on the subject matter on which he will be testifying; and

i.  The manner in which such person became familiar with the facts of the case.

Respectfully submitted,
MOTOROLA, INC.
By its Attorneys,

Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:   (617) 946-4801

Dated: October 31, 2006

Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 31, 2006.

Kristin Glennan McGurn

6

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAY S. REIN | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
|  | ) |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

## DEFENDANT MOTOROLA'S FIRST REQUEST FOR SUPPLEMENTATION OF PLAINTIFF'S PRIOR RESPONSE TO ITS FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants Motorola, Inc. ("Motorola"), Clyde Kofman, and Juergen Stark (collectively, "Defendants") hereby request that Plaintiff Jay S. Rein ("Plaintiff") seasonably supplement his prior Answers to Defendant Motorola's First Request for the Production of Documents to Plaintiff, to be answered separately and fully in writing under the penalties of perjury, before November 6, 2006, one week prior to trial.

In answering these document requests, furnish all information and documents acquired by you after you served your prior answers upon Defendants, including information acquired by your attorneys, their investigators, or any person acting on your behalf, and not merely such information acquired by you.

### INSTRUCTIONS AND DEFINITIONS

As used herein, the following terms shall have the meaning indicated below.

A.    **Uniform Definitions.** Motorola incorporates by reference the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts:

    1.    **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

    2.    **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name, or pronoun referring to a party, means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    4.    **Person.** The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

    5.    **Concerning.** The term "concerning" means referring to, describing, evidencing, or constituting.

B.    **Additional Definitions**

    1.    The term "Complaint," except where context does not permit, includes the Plaintiff's Complaint filed in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in Middlesex County as Civil Action Number 04-4548 and removed to the United States District Court for the District of Massachusetts on or about December 9, 2004, in the pending action *Rein v. Motorola, Inc., Clyde Kofman and Juergen Stark.*, Civil Action No. 04-12580 NG.

    2.    The term "relating to" shall include, but shall not be limited to, referring to, reflecting, bearing upon, pertaining to, being relevant to, and connecting with the matter set forth.

    3.    "Plaintiff," "you," or "your" as used herein refers to Plaintiff Jay S. Rein, any consultants, experts, investigators, agents or other persons acting on Plaintiff's behalf and, unless privileged, Plaintiff's attorneys.

    4.    The term "Motorola" as used herein refers to Defendant Motorola, Inc., and any officers, directors, employees, consultants, agents or other persons acting or purporting to act on its behalf.

    5.    The term "date" means the exact day, month and year if ascertainable or, if not, the best approximation (including relationship to other events).

6.      Except where the context does not permit, the word "and" and the word "or" shall be construed to mean "and/or," and except where the context does not permit, words used in the singular shall be deemed to include the plural. Words used in the plural shall, except where the context does not permit, be deemed to include the singular. The masculine gender shall, except where the context does not permit, be deemed to include the feminine and neuter genders.

7.      All other terms and definitions are to be interpreted in their common, ordinary sense.

## C.    Instructions

1.      **Claims of Privilege.** As to each document requested herein which is withheld by the Plaintiff under a claim of privilege or other rule protecting against disclosure, the Plaintiff is directed to identify the document as follows:

a.      State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

b.      Set forth the date of the document;

c.      State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

d.      Describe the type of document (e.g., memo, letter);

e.      Describe the general subject matter of the document;

f.      State the name and address of each present custodian of the document;

g.      State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

2.      **Time Period.** Unless specifically indicated in the document request, the documents sought by each request will cover the period from January 1, 2002 to the present.

3.      If Plaintiff knows of no documents which are responsive to a particular request, so state and identify such request.

4.      If any documents responsive to any request have been lost, mutilated, rendered illegible or destroyed, so state and identify each such document, and state to which request(s) the document would have been responsive.

3

5.    Any document responsive to any request should be identified as being responsive to the specific request involved.  If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

6.    Plaintiff is under the continuing duty and obligation to supplement his responses to these documents requests.


## DOCUMENT REQUESTS TO BE SUPPLEMENTED

Motorola's Document Request No. 8

All documents that evidence benefits and income earned and/or paid to you from January 1, 2000 through the present, whether received or not, including pay stubs, Forms W-2's, Form 1099's, state and federal tax returns, dividend statements, commission statements, unemployment compensation, Social Security benefits, workers' compensation, veterans' benefits and any other compensation and/or benefit paid or earned whether through employment, self-employment or otherwise.


Motorola's Document Request No. 9

All statements, oral or transcribed, signed or unsigned, recordings and affidavits prepared by or on behalf of you or any other witness(es) to any fact or event giving rise to the allegations in your Complaint, including without limitation, any statements provided to:

a.    the Massachusetts Commission Against Discrimination,

b.    the Massachusetts Attorney General's Office, Fair Labor & Business Practices Division,

c.    the Equal Employment Opportunity Commission,

d.    the Massachusetts Department of Employment and Training,

e.    the Massachusetts Division of Unemployment Assistance, and

4

f.   the Massachusetts Department of Industrial Accidents.

Motorola's Document Request No. 11

All documents concerning your claims for damages including, but not limited to, your claims for compensatory damages, emotional distress damages, attorneys' fees and any other category of damages, including how these damages were calculated and by whom, as well as documents concerning any physical or mental injuries you allege to have sustained as a result of any actions or omissions by defendants Motorola, Clyde Kofman or Juergen Stark.

Motorola's Document Request No. 12

All documents concerning any consultations, therapy, assistance, diagnoses, impressions, examinations, opinions, and/or any medical, psychiatric, psychological, or emotional treatment of you by any Health Care Providers during the period January 1, 2002, to the present, including but not limited to any and all records retained by any Health Care Providers.

Motorola's Document Request No. 13

All documents concerning any non-medical expenses incurred, anticipated or projected to be incurred by you as a result of any alleged acts or omissions to act by defendants Motorola, Clyde Kofman or Juergen Stark.

Motorola's Document Request No. 15

All documents concerning any offers of alternate employment that you received during your employment at Motorola, including any offer letters, term sheets, salary and/or benefits information and/or any other communications.

Motorola's Document Request No. 20

All documents relied upon, examined by, provided to or received from an expert witness

in connection with your Complaint and any report and all other documents prepared, edited,

authored or drafted by such expert witness.


Motorola's Document Request No. 21

Correspondence, statements or notes from any witness, including any current or former

employee(s), agent(s) or contractor(s) of defendants, concerning this lawsuit or any allegation

made in the Complaint.


Motorola's Document Request No. 23

All documents identified in, or that you consulted or reviewed, or upon which you relied,

to answer, in whole or in part, any of your answers to Defendant Motorola's First Set of

Interrogatories and not otherwise produced in response to these document requests.


                                     Respectfully submitted,
MOTOROLA, INC.
By its Attorneys,


Richard L. Alfred (BBO# 015000)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Dated: October 31, 2006               Telecopier:     (617) 946-4801

6

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for the plaintiff by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on October 31, 2006.

Kristin Glennan McGurn

7

# Exhibit D

**Date:**      Thu, 29 Jul 2004 18:53:58 -0700 (PDT)

**From:**      "Jay Rein" <jaysrein@yahoo.com>  View Contact Details

**Subject:**   Keeping In Touch

**To:**        "Paul Zellner" <PZellner@russellreynolds.com>

Paul,

I hope your summer has been a good one to this point... Since I have not been successful at maintaining a dialog with you since my departure from Motorola, for reasons I just cannot figure, I thought I would provide you with a quick update. I am splitting my time 50/50; 50% searching for an opportunity with a much smaller technology play than that of Motorola and 50% pursuing a number of consulting opportunities with past clients. Both efforts are coming along, no major news to report just yet, but I am optimistic.

Today I was introduced and began a discussion with with Luke De Roeck of Roberts & Ryan, regarding career opportunities which he is currently working. Luke mentioned that he knows you and occasionally runs into you down on the streets of Chicago. Although you and I have lost touch, I would expect that if you were asked by Luke what your opinion is of *Jay Rein*, you would speak highly of the research Russell Reynolds learned about me during the recruiting process for Motorola. I would also expect that you would speak well of the feedback you were receiving from Leonard DeBarros during my first year of employment at Motorola, and prior to his departure for Cable & Wireless.

I honestly thought that our relationship would have continued beyond the demise of the Motorola Professional Services that I was recruited in to -- but for some reason we have lost the open communication we used to have. Anyhow, I would appreciate any support you could provide. should you indeed be questioned by Luke.

Again, I hope all is well with you, both work and family! And if you ever have a spare moment, please give me a call.


*Regards,*

**Jay S. Rein**

*Mobile*   617-899-2699
*Office*   508-893-6926
*Email*   jaysrein@yahoo.com



# Exhibit E

MI000019

Source: Clyde Kofman

## MOTOROLA PROFESSIONAL SERVICE
## AMERICAS REGION - ENTERPRISE TEAM

Red indicates on track to receive SIP

| # | Enterprise Team | Commerce ID | SIP/MIP | Title | Grade | Location | 2003 New Annual Salary | Target MIP % | Perf. Factor | Est. Bus. Award "D" | Est. Special Award "C" | Est. Special Award "B" | Est. Special Award "A" |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | REDACTED | REDACTED | SIP | | E 15 | | $304,500.00 | 30% | 1.2 | $0 | $21,924 | $38,367 | $54,810 |
| | | | SIP | | E 15 | | $277,987.45 | 30% | 1.2 | $0 | $20,015 | $35,026 | $50,038 |
| | | | SIP | Principal | E 15 | | $193,800.00 | 30% | 1.2 | $0 | $13,954 | $24,419 | $34,884 |
| | | | SIP | | E 15 | | $176,500.00 | 30% | 1.2 | $0 | $12,862 | $22,491 | $32,130 |
| | | | SIP | | E 14 | | $151,340.00 | 25% | 1.2 | $0 | $9,080 | $15,891 | $22,701 |
| | | | SIP | | E14 | | $142,500.00 | 25% | 1.2 | $0 | $8,550 | $14,963 | $21,375 |
| | | | SIP | | E 13 | | $140,080.00 | 20% | 1.2 | $0 | $6,724 | $11,767 | $16,810 |
| | | | SIP | | E 12 | | $98,000.00 | 15% | 1.2 | $0 | $3,528 | $6,174 | $8,820 |
| | | | SIP | | E 10 | | $94,165.00 | 12% | 1.2 | $0 | $2,712 | $4,746 | $6,780 |
| | | | SIP | | E 13 | | $64,274.34 | 20% | 1.2 | $0 | $3,085 | $5,399 | $7,713 |
| | | | SIP | | E 09 | | $21,970.00 | 10% | 1.2 | $0 | $527 | $923 | $1,318 |
| | | | | | | | | | | | | | |
| | REDACTED | 202281 REDACTED | MIP | REDACTED | E 14 | Boston | $157,002.00 | | | | | | |
| | | | MIP | | E 10 | | $114,021.00 | | | | | | |
| | | | MIP | | E 12 | | $111,366.00 | | | | | | |
| | | | MIP | | E 12 | | $108,360.00 | | | | | | |
| | | | MIP | | E 09 | | $107,326.00 | | | | | | |
| | | | MIP | | E 10 | | $96,096.00 | | | | | | |
| | | | MIP | | E 09 | | $85,936.00 | | | | | | |
| | | | MIP | | E 07 | | $79,387.00 | | | | | | |
| | | | MIP | | E 08 | | $63,881.00 | | | | | | |
| | | | MIP | | NE 18 | | $35,551.00 | | | | | | |
| | | | MIP | | E 08 | | $35,095.45 | | | | | | |
| | | | Transfer | | E 12 | | $115,689.00 | | | | | | |
| | | | Transfer | | E 11 | | $111,549.00 | | | | | | |
| | | | Transfer | | E 11 | | $101,867.00 | | | | | | |

BELOW RECEIVE REGULAR MIP through the RPS process

**Special Award Starting Point**

| Award "D" | Award "C" | Award "B" | Award "A" |
|---|---|---|---|
| 0 | 0.2 | 0.35 | 0.5 |

TOTAL: $0 $102,951 $180,165 $257,378