UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE KOFMAN ) | HEARING REQUESTED |
| and JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE THAT THE PARTIES EXCLUDED BY STIPULATION**

Defendants Motorola, Inc. ("Motorola"), Clyde Kofman and Juergen Stark (collectively, "Defendants") move this Court for an order precluding the Plaintiff, Jay Rein ("Rein"), from introducing evidence at trial concerning: (i) the Motorola Payroll Department's efforts, pursuant to Company Policy, to collect certain salary continuation payments Motorola paid to Rein post-termination in late March and early April 2004, and (ii) Motorola Rewards Administration Center's ("RAC") correction of Rein's employee contribution toward certain medical benefits. The basis for this motion is that the parties voluntarily and carefully negotiated, and later executed, a stipulation that expressly requires the exclusion of such evidence from trial.

By way of background, Motorola made payments to Rein in March and April 2004, while he and Motorola negotiated his enhanced separation package. Through these negotiations, Rein sought salary continuation through May 31, 2004 -- well beyond his initial February 23, 2004 termination date and even past the March 20, 2004 effective termination date to which Motorola agreed to extend his pay. Although Motorola agreed in the end to Rein's request that he remain

on payroll through May 31, 2004, in exchange for a standard general release, he ultimately elected not to sign the enhanced severance agreement and general release.

When the Payroll Department noted that Rein had received pay after the effective date of his termination, it made efforts -- pursuant to standard Company policy -- to recoup the overpayment, including engaging a debt collection agency to undertake collection proceedings. The parties' stipulation reflects that the individuals involved in the collection proceedings were not aware of the pending lawsuit and vice versa. Kofman and Stark each have testified that they were not aware of the collection proceedings.

In addition, following Rein's job elimination, the RAC determined Rein's employee contribution toward certain medical expenses to be thirty per cent (30%), consistent with the Company norm. On the basis of this calculation, Rein was billed by a third-party for certain medical expenses. When Rein appealed this determination through appropriate RAC channels, RAC determined that his employee contribution during employment had been set at ten per cent (10%) in lieu of the typical thirty per cent (30%). RAC upheld Rein's appeal, and it is undisputed and stipulated that the error was corrected.

## Argument

Long before Defendants' submitted their Rule 56 motion, the parties negotiated in a careful and thoughtful manner, thereafter entering into an unambiguous and binding stipulation dated August 11, 2005, ("Stipulation"), a copy of which is attached as Exhibit A. In the Stipulation, Rein acknowledged that the above-described activities would not be admissible in this suit for any reason, because: (i) they are irrelevant; (ii) they were not undertaken by or at the behest of individuals involved in the litigation; and (iii) they could not and did not constitute evidence of retaliatory or punitive conduct.

Nevertheless, despite the clear and unequivocal terms of the Stipulation, Plaintiff intentionally violated its terms in his Opposition to Defendants' Motion for Summary Judgment.[1] Defendants now seek an order from this Court enforcing the parties' Stipulation, and precluding Rein from introducing the above-referenced matters into evidence at trial.

The law in this Circuit is well-settled that "parties to a lawsuit are free to stipulate to factual matters.'" *TI Fed. Credit Union v. Del Bonis*, 72 F.3d 921, 928 (1st Cir. 1995) (citing *Saviano v. Comm. of Internal Revenue*, 765 F.2d 643, 645 (7th Cir. 1985)). "Stipulations are best 'understood as the analogue of terms binding parties to a contract,'" *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 121 (1st. Cir. 2003), and as such, "[c]ourts should construe stipulations in accordance with accepted principles of general contract law." *Correia v. Fitzgerald*, 354 F.3d 47, 55 (1st Cir. 2003).

Indeed, courts have held that because "[f]actual stipulations tend to 'expedite a trial and eliminate the necessity of much tedious proof,' ... '[s]tipulations fairly entered into are favored" by the Courts. *TI Fed. Credit Union*, 72 F.3d at 928 (citing *Burstein v. U. S.*, 232 F.2d 19, 23 (8th Cir. 1956)). Parties to a stipulation are therefore "not generally free to extricate themselves from those stipulations once crafted." *Id.*[2]

Defendants respectfully request that this Court enforce the terms of the parties' Stipulation and preclude Rein from introducing irrelevant and/or prejudicial testimony or other evidence related in any manner to the activity which is the subject of, and excluded by, the parties' Stipulation. *See TI Fed. Credit Union*, 72 F.3d at 928 (quoting *Marshall v. Emersons Ltd.*, 593 F.2d 565, 569 (4th Cir. 1979) ("'[t]he general rule . . . [is] that stipulations of attorneys made during a trial may not be disregarded or set aside at will.'") (internal citation omitted) and

---

[1] Defendants' Motion to Strike is pending.

[2] Notably, while violating the parties' Stipulation in his Opposition to the Motion for Summary Judgment, Plaintiff pointed to no evidence in the record that contradicts the terms of and representations in the Stipulation. Such an attempt would be fruitless. "[N]o evidence tending to establish facts contrary to the facts stipulated [could] be considered." *Gomez*, 344 F.3d at 121.

citing 73 Am.Jur.2d, Stipulation § 1 (1974)); *Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc.*, 972 F.2d 453, 462 (1st Cir. 1992) ("It is apodictic that a stipulation should be read with an eye toward effectuating the parties' manifested intentions.") (internal citation omitted); *cf Northeast Data Sys., Inc. v. McDonnell Douglas*, 986 F.2d 607, 611 (1st Cir. 1993) (affirming magistrate's dismissal of a 93A claim due to a party's prior stipulation to that it would not pursue the claim).

### Conclusion and Request for Hearing

Accordingly, the Defendants respectfully request that this Court preclude Rein from introducing at trial any evidence about the activity on which the Stipulation is based.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

> Respectfully submitted,
>
> MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK,
>
> By their attorneys,
>
> /s/ Kristin G McGurn
> Lynn A. Kappelman (BBO# 642017)
> Kristin G. McGurn (BBO# 559687)
> SEYFARTH SHAW LLP
> World Trade Center East
> Two Seaport Lane, Suite 300
> Boston, MA 02210-2028
> Telephone:   (617) 946-4800

Dated: November 6, 2006

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 6, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 6, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein. The parties were able to narrow their dispute, and Plaintiff has agreed to abide by the terms of the Stipulation in his case in chief. However, the parties were not able to eliminate the need for filing this Motion.<br><br>/s/ Kristin G. McGurn |

BO1 15810735.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN<br><br>                    Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., CLYDE KOFMAN<br>and JUERGEN STARK<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12580 NG<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF THE PARTIES

WHEREAS, the Defendant, Motorola, Inc. ("Motorola"), has represented that its Payroll Department has a consistent policy and practice pursuant to which it pursues repayment from employees who have received an overpayment of wages or other compensation from Motorola, and retains the services of a debt collection agency to assist with collection proceedings in connection with such overpayments (the "Payroll Policy"); and

WHEREAS, Motorola has represented that its Payroll Department determined that it had overpaid the Plaintiff, Jay Rein ("Rein"), a certain amount of wages following the effective date of his termination (the "Overpayment"); and

WHEREAS, Motorola has represented that because of the Overpayment and for no other reason, Motorola's Payroll Department, consistent with the Payroll Policy, engaged the services of a debt collection agency to collect the Overpayment (Motorola's Payroll Department's determination that there was an Overpayment, and its engagement of the debt collection agency, are collectively referred to as the "Collection Activity"); and

WHEREAS, Motorola has represented that its Rewards Administration Center ("RAC")

BO1 15719523.3

has a consistent policy and practice pursuant to which it evaluates and administers claims for benefits under certain Motorola benefits plans, including claims for health care benefits pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended ("COBRA") (the "RAC Policy"); and

WHEREAS, Motorola has represented that consistent with the RAC Policy, RAC determined Rein's employee contribution toward coverage for extraordinary medical expenses pursuant to COBRA to be 30%, and the employer contribution to be 70% (the "Determination"); and

WHEREAS, Motorola has represented that because of the Determination and for no other reason, and consistent with the RAC Policy, Rein was billed at a rate of 30% for certain medical expenses following his election of COBRA coverage (the "Benefits Activity"); and

WHEREAS, Rein followed appropriate procedures to appeal the Determination to RAC and, consistent with the RAC Policy, upon reconsideration of the Determination, RAC reduced to 10% Rein's employee contribution toward extraordinary medical expenses pursuant to COBRA; and

WHEREAS, Motorola has represented that the Collection Activity and the Benefits Activity were conducted without the knowledge of anyone aware of, or responsible for, this litigation, and

WHEREAS, Rein has relied on the foregoing Motorola representations in entering into this Stipulation;

NOW THEREFORE, in consideration of the mutual covenants and undertakings set forth herein, the Parties hereby stipulate and agree as follows:

1. Motorola shall terminate the services of the debt collection agency that were

  instituted pursuant to the Payroll Policy in connection with the Overpayment to Rein.

2.  Motorola shall not take any other steps to obtain from Rein reimbursement of the Overpayment and shall terminate the Collection Activity.

3.  The Collection Activity and the Benefits Activity were not discriminatory, retaliatory or punitive, and are not evidence of discriminatory, retaliatory or punitive conduct, and were undertaken solely pursuant to and consistent with the Payroll Policy and the RAC Policy, and for no unlawful or other reason.

4.  Plaintiff agrees not to use the Collection Activity or the Benefits Activity or any facts, circumstances or allegations relating to the Collection Activity or the Benefits Activity, for any purpose, under any circumstances, to attempt to introduce into, admit as, or use as, evidence, or to support any argument in favor of any position, or to support any claim that Plaintiff makes, made or could have made in connection with this litigation.

             Respectfully submitted,

| | |
|---|---|
| JAY S. REIN | MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, |
| By his attorney, | By their attorneys, |
| *[signature]* | *[signature]* |
| John G. H. Coster (BBO #101450) | Richard L. Alfred (BBO# 015000) |
| 92 State Street | Kristin G. McGurn (BBO# 559687) |
| Suite 900 | Yvette Politis (BBO# 644986) |
| Boston, Massachusetts 02109 | SEYFARTH SHAW LLP |
| (617) 423-2224 | World Trade Center East |
| | Two Seaport Lane, Suite 300 |
| | Boston, MA 02210-2028 |
| | (617) 946-4800 |
| Dated: August 11, 2005 | Dated: August __, 2005 |

3

BO1 15719523.3