UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAY S. REIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA INC., CLYDE KOFMAN and )<br>JUERGEN STARK )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-12580-NG<br><br>**HEARING REQUESTED** |

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE HEARSAY EVIDENCE OF CLYDE KOFMAN'S ALLEGED COMMENTS TO A MOTOROLA MANAGER

Defendants Motorola, Inc. ("Motorola" or the "Company"), Clyde Kofman ("Kofman"), and Juergen Stark ("Stark") (collectively, "Defendants") move this Court for an order precluding Plaintiff Jay S. Rein ("Rein") from introducing any evidence about Clyde Kofman's alleged privileged comments to another Motorola manager, Janiece Webb ("Webb"). Defendants categorically deny that Kofman ever made untrue or malicious comments and argue that, even if he had, such comments constitute inadmissible double hearsay and this Court should exclude them from trial in accordance with Federal Rules of Evidence 801, 802, and 805.

### Argument

Rein alleges that Defendants interfered with his relationship with Motorola by deliberately undermining his efforts to find another vacant, approved position with the Company. The undisputed facts, however, demonstrate that Webb was the only person at Motorola who contacted Kofman or his boss, Stark, to discuss Rein's qualifications. The evidence in the record reflects that after Rein inquired of Webb about a potential job opportunity in her group, Webb called Stark for a reference. Stark, in turn, referred Webb to Rein's immediate supervisor,

BO1 15810741.1

Kofman. Kofman claims that when Webb called, he simply gave her his honest assessment of Rein's strengths and weaknesses based on personal observation, feedback from colleagues and Rein's performance assessments. Rein claims that Kofman told Webb that Rein was not a team player, was not a good fit for Webb's group, and that he could not recommend taking on Rein. He further claims that Kofman's statements were untrue and unrelated to any legitimate corporate purpose. Rein seeks to introduce these alleged statements, which he claims Webb relayed to him, presumably through his own testimony. Webb has never given testimony in this matter and is unavailable.[1]

Rein's testimony on this issue constitutes "double" or "ladder hearsay." Rein needs to find an exception for each "rung" of the ladder in order for the statements to be admissible. Pursuant to Federal Rule of Evidence 805 "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements confirms with an exception to the hearsay rule provided in these rules." In this case, Rein seeks to testify about statements that Webb allegedly made to him about comments that Kofman, in turn, allegedly made to her. "When a hearsay statement has been conveyed through multiple out of court declarants, so called multiple or 'totem pole' hearsay, each of the out of court statements must fall within one of the exceptions to the prohibition against the introduction of hearsay." United States v. Ferber, 966 F. Supp. 90, 96 (D. Mass. 1997). Therefore, to be admissible, both Kofman's alleged statement to Webb that Rein was not a team player and Webb's comments to Rein relaying these alleged statements must be independently admissible as exceptions to the hearsay rule. See id.

Rein cannot climb even the first rung of the hearsay ladder because the alleged conversation between Kofman and Webb is inadmissible. Even if Kofman made the alleged

---

[1] Webb is on medical leave, and Defendants are told that she likely cannot attend the trial. Plaintiff never attempted to take her deposition under oath.

2

BO1 15810741.1

statements,[2] which Defendants deny, Rein seeks to use such out of court statements to prove the truth of the matter asserted: that Kofman interfered with Rein's attempt to get another vacant, available position within the company by telling Webb that Rein was not a team player. See F.R.E. 801(c). This constitutes hearsay, and there is no applicable exception to the hearsay rule that would allow Kofman's alleged statements to be admitted at trial. See F.R.E. 802. Moreover, Kofman, the alleged declarant, is a named defendant in this matter and will testify at trial, so Webb's unavailability is immaterial.

Even if the Court finds that Kofman's alleged comments to Webb are admissible, the Court still must analyze the statements that Webb allegedly made to Rein. Again, these comments are inadmissible because Rein seeks to use Webb's out of court statements for the truth of the matter asserted. See F.R.E. 801(c). In this alleged conversation, Webb is the declarant, but her unavailability to testify at trial is immaterial and does not provide an exception to the hearsay rule. When a witness is unavailable, the only exceptions to the hearsay rule are when she made the statements (i) as part of former testimony, (ii) under the belief of impending death, (iii) against her own pecuniary or personal interest, or (iv) about her own personal or family history. See F.R.E. 804. Since the conversation at issue does not fall into any of these categories, Webb's unavailability does not render Kofman's alleged statements to her admissible.

Both portions of the alleged Kofman-to-Webb and Webb-to-Rein statements are out of court statements offered to prove the truth of the matter asserted. As such, they both constitute inadmissible hearsay, and there is no exception to the hearsay rule that would allow either

---

[2] Even if Rein's allegations are true, Kofman is permitted to provide his honest assessment. "In response to an inquiry about a former employee," a supervisor has "a privilege, if not a duty, to speak the truth even if disclosure of the facts might negatively affect the subject's job prospects." Conway v. Smerling, 37 Mass. App. Ct. 1, 7-8 (1994); Martinez v. New England Medical Center Hospitals, Inc., 307 F. Supp. 2d 257, 267-68 (D. Mass. 2004).

3

portion of these alleged conversations to be admitted into evidence. This Court should preclude Rein from offering his own self-serving testimony about Kofman's alleged statements to Webb.

### Conclusion and Request for Hearing

Accordingly, the Defendants respectfully request that this Court preclude Rein from introducing at trial any evidence about statements that Kofman allegedly made to Janeice Webb about Rein, as well as any statements that Webb allegedly made to Rein about her conversation with Kofman.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

Respectfully submitted,

MOTOROLA INC., CLYDE KOFMAN AND JUERGEN STARK

By their attorneys,

/s/ Kristin G. McGurn
Lynn A. Kappelman (BBO # 642017)
Kristin G. McGurn (BBO # 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:   (617) 946-4801

DATED: November 6, 2006

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 6, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 6, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein, but the parties were unable to resolve or narrow their dispute.<br><br>/s/ Kristin G. McGurn |