UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v.+ | ) CIVIL ACTION NO. 04-12580-NG |
| | ) |
| MOTOROLA INC., CLYDE KOFMAN and | ) **HEARING REQUESTED** |
| JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE ABOUT CLYDE KOFMAN'S COMPENSATION AND PERFORMANCE

Defendants Motorola, Inc. ("Motorola"), Clyde Kofman ("Kofman"), and Juergen Stark ("Stark") (collectively, "Defendants") move this Court for an order precluding Plaintiff Jay S. Rein ("Rein") from introducing any evidence about his manager, Clyde Kofman's, compensation and performance. Rein alleges that Kofman chose him for job elimination because of his age. Rein seeks to compare his performance to Kofman's performance, and will likely attempt to introduce evidence of Kofman's salary, bonus, stock options, and other incentives as the benchmark by which the jury should measure Rein's alleged damages. As grounds for this motion, Defendants state that such information is irrelevant since this case is not an equal pay case nor does Rein allege that he was denied a pay raise or appropriate compensation because of his age. As such, any evidence about Kofman's compensation is irrelevant and this Court should exclude it in accordance with Federal Rule of Evidence 402.

Furthermore, Kofman is not an appropriate comparator with respect to any claim asserted by Rein because he was Rein's manager and not his peer. In addition, choosing Kofman as a comparator would further undermine any such claim because Kofman is older than Rein. In light

BO1 15810716.1

of the foregoing, this Court should also exclude Kofman's compensation and performance information pursuant to Federal Rule of Evidence 403 because any remote probative value is substantially outweighed by the danger that it will unfairly prejudice and mislead the jury.

Defendants anticipate that Rein will claim that he needs to introduce this evidence about Kofman because his job elimination was motivated by Kofman's "desire to eliminate a peer whose underlying job performance and contributions to the company were demonstrably superior." Amended Complaint, ¶ 91. First, Kofman was not the sole decision-maker and Kofman's boss, Juergen Stark, approved the job elimination decision. Second, Kofman's job performance and compensation are not at issue in this action and to make it an issue would create a separate mini-trial which would distract and confuse the jury. Third, as set forth above, Kofman was Rein's manager and therefore, is not an appropriate comparator.

There is no dispute between the parties that Kofman was a managing Principal and not a Principal and therefore he was not Rein's peer. In addition, the parties agree that the MPS group chose Kofman as the group's supervisor in October 2003. "Two employees are not similarly situated where their duties and responsibilities are not the same or at least comparable." *Williams v. Frank*, 757 F. Supp. 112, 118 (D. Mass. 1991), *aff'd*, 959 F.2d 230 (1st Cir. 1992) (finding that window distribution clerk at post office is not similarly situated to a manager); *Cardona Jimenez v. Bancomercio de Puerto Rico*, 174 F.3d 36, 42 (1st Cir. 1999) (finding that bank branch manager is not similarly situated to head of human resources). Because Kofman and Rein were not similarly situated, Kofman's compensation and performance are not even remotely relevant in this case.

Any evidence about Kofman's compensation is irrelevant as a measure of the damages Rein seeks to recover at trial and Federal Rule of Evidence 402 "prohibits the admission of

irrelevant evidence," *Brown v. Trustees of Boston Univ.*, 891 F.2d 337, 346 (1st Cir. 1989), *cert. denied*, 496 U.S. 937 (1990).

Even if the Court deems Kofman's compensation relevant, this Court should still exclude such evidence because it is more prejudicial than probative. *See id.* (finding that "Rule 403 permits the exclusion of relevant evidence of its probative value is outweighed by the danger of unfair prejudice or comparable factors"); *see also*, F.R.E. 403. Information about Kofman's salary will only confuse or mislead the jury if, and when, they arrive at a stage in which they need to calculate Rein's alleged damages. For all of the foregoing reasons, this Court should exclude any evidence about Kofman's compensation or performance at trial.

### Conclusion and Request for Hearing

Accordingly, the Defendants respectfully request that this Court preclude Rein from introducing at trial any evidence about Kofman's compensation or performance.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

>                    Respectfully submitted,
>
>                    MOTOROLA INC., CLYDE KOFMAN
>                    AND JUERGEN STARK
>
>                    By their attorneys,
>
>
>                    /s/ Kristin G. McGurn
>                    Lynn A. Kappelman (BBO # 642017)
>                    Kristin G. McGurn (BBO # 559687)
>                    SEYFARTH SHAW LLP
>                    World Trade Center East
>                    Two Seaport Lane, Suite 300
>                    Boston, MA 02210-2028
>                    Telephone:   (617) 946-4800
DATED: November 6, 2006            Telecopier:  (617) 946-4801

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 6, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 6, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein, but the parties were unable to resolve or narrow their dispute.<br><br>/s/ Kristin G. McGurn |