UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., CLYDE KOFMAN )<br>and JUERGEN STARK )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-12580 NG<br><br>**HEARING REQUESTED** |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING CLYDE KOFMAN'S ALLEGED "YOUNGER" REMARK

Defendants Motorola, Inc. ("Motorola"), Clyde Kofman ("Kofman") and Juergen Stark ("Stark") (collectively, "Defendants") move this Court to preclude Plaintiff Jay Rein ("Rein") from introducing Clyde Kofman's alleged "younger" remark into evidence pursuant to Federal Rules of Evidence Rule 403. Rein testified for the first time at his deposition on August 16, 2005, that during the conversation on February 23, 2004, in which he was notified of the elimination of his position, his manager Clyde Kofman stated that he intended to hire, "two less-expensive, two **younger** heads for delivery services that were badly required by the group." (emphasis added) (the bold portion hereinafter referred to as the "younger remark"). As grounds for this motion, Defendants state that if Plaintiff is permitted to admit this late-concocted younger remark, it will confuse the jury, and unfairly prejudice Defendants. This evidence, by itself, is legally insufficient to form the basis of a verdict in favor of Plaintiff Jay S. Rein ("Plaintiff" or "Rein").

BO1 15810742.1

## **Argument**

Rein's deposition testimony, nearly eighteen months after his actual termination, contradicted each and every sworn statement Rein previously had made, even though all were closer in time to the elimination of his position in February 2004. Indeed, Plaintiff did not allege that Kofman made this younger remark in his sworn MCAD Charge of Discrimination, in either of his two Superior Court complaints, in his sworn Answer to Interrogatories, or in his accounts to co-workers at the time his position was eliminated.

Plaintiff now seeks to rely upon this self-serving and last minute "memory" as direct evidence of Defendants' discriminatory intent. Rein does so despite the fact that he does not, and indeed cannot, identify any employee, let alone any younger employee, whom Motorola hired into MPS in the two and a half years since Kofman's alleged statement. *Cf Cruz-Ramos v. Puerto Rico Sun Oil Co.*, 202 F.3d 381, 385 (1st Cir. 2000) (fact that an ADEA plaintiff's replacement is "substantially younger than the plaintiff is a far more reliable indicator of age discrimination") (citing *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S. Ct. 1307, 134 (1996)).

The law in this jurisdiction is well-settled that "a district court has considerable latitude in determining whether to admit or exclude evidence under Rule 403." *See Espeaignnette v. Gene Tierney Co., Inc.*, 43 F.3d 1, 5 (1st Cir. 1994) (citing *Newell Puerto Rico, Ltd. v. Rubbermaid, Inc.*, 20 F. 15, 21 (1st Cir. 1994)). While "[i]t is, of course, axiomatic that 'all evidence is meant to be prejudicial; elsewise, the proponent would be unlikely to offer it' . . . [t]he appropriate inquiry under Rule 403, therefore, is whether the evidence [in question] results in 'unfair prejudice.'" *Id.* at 7 (internal citations omitted).

There can be no doubt that Rein fabricated this twelfth hour memory concerning Kofman's alleged younger remark purely to avoid summary judgment and because of the emotional effect he hopes it will have on the jury. This court should not condone such conduct. Advisory Committee Notes on Fed. R. Evid. 403. Even if Kofman made the statement, which Defendants expressly deny, Rein still fails to articulate a legally cognizable basis for his allegations of age discrimination. *See Ramirez Rodriguez v. Boehringer Ingelheim Pharm., Inc.*, 425 F.3d 67, 79-80 (1st Cir. 2005) (affirming defendant's summary judgment award because "given Defendant's compelling stated reason for Plaintiff's termination, [the cited remarks] do not permit the inference that Defendant's real motivation for [the] discharge was age discrimination") (internal quotation omitted); *Goldman v. First Nat'l Bank*, 985 F.2d 1113, 1119-21 (1st Cir. 1993) (plaintiff's anecdotal evidence of eight affidavits from eight RIFed employees stating each was the eldest employee in their group and each was performing acceptably was insufficient to form the basis of age discrimination); *Shenker v. Lockheed Sanders, Inc.*, 919 F.Supp. 55, 60 (D. Mass. 1996) (no *prima facie* case despite decision-maker's comment that older plaintiff could bear a layoff); *Gartland v. Hermetic Seal Corp.*, 1990 U.S.Dist. LEXIS 11591, * 5-6 (D. Mass. 1990) (decision-maker's comments that "we should get bright young people in" and "get rid of deadwood" during RIF was insufficient to establish discrimination).

In the instant case, there is no consistent pattern of comments by Kofman or any other manager referencing age. The comment at issue is the only one Rein could "remember," and the only remark on which he relies to argue that Kofman's and Stark's purpose was to replace him with a younger employee. In fact, it is undisputed that MPS only interviewed one man, who had 15 to 20 years' work experience, for the lower-level position following the elimination of Rein's

3

E-15 Principal position, but it never hired anyone. The Court should not allow Rein's convenient recollection of this one remark to distract the jury.

### Conclusion and Request for Hearing

If this Court admits Kofman's alleged "younger" remark into evidence it will only confuse, or worse, mislead the jury. For all of the foregoing reasons, Defendants respectfully request the Court preclude Plaintiff from introducing Kofman's alleged single remark. F.R.E. 403.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

Respectfully submitted,

MOTOROLA INC., CLYDE KOFMAN
AND JUERGEN STARK

By their attorneys,

/s/ Kristin G. McGurn
Lynn A. Kappelman (BBO # 642017)
Kristin G. McGurn (BBO # 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Telecopier:  (617) 946-4801

DATED: November 6, 2006

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 6, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 6, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein, but the parties were unable to resolve or narrow their dispute.<br><br>/s/ Kristin G. McGurn |