UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN and JUERGEN STARK | ) HEARING REQUESTED |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION IN LIMINE ADDRESSING PLAINTIFF'S SPOLIATION OF EVIDENCE

Defendants Motorola, Inc. ("Motorola"), Clyde Kofman and Juergen Stark (collectively, "Defendants") move this Court for a jury instruction limiting Plaintiff Jay S. Rein's ("Plaintiff" or "Rein") recoverable damages because (i) despite promises and policies requiring him to do so, he failed to timely return his Motorola-issued laptop computer, and (ii) he destroyed Company property, assets and confidential Company information. In support of this Motion, Defendants state that both actions are independent grounds for discipline, including termination. In addition, Defendants move this Court for (i) an Order dismissing Rein's claims for interference with advantageous business relations and promissory estoppel because Rein destroyed potentially exculpatory information; or (ii) a jury instruction directing the jurors that they may draw an adverse inference on his claims because he destroyed the data on his Motorola-issued laptop computer.

## BACKGROUND

The underlying facts supporting this motion are set forth in greater detail in Defendants' Renewed Motion for Sanctions, but Defendants summarize those facts as follows:

- 2 -

Motorola promulgates and disseminates its Code of Business Conduct ("CBC") (attached hereto as Exhibit A), which all employees must review and execute. That CBC provides, <u>inter alia</u>:

> Protecting Motorola Assets
>
> We have a responsibility to protect the Motorola assets entrusted to us from loss, damage, misuse or theft. Motorola assets, such as funds, products or computers, may only be used for business purposes and other purposes approved by management. Motorola assets may never be used for purposes that violate law or company policy.
>
> Proprietary information
>
> We will safeguard all proprietary information by marking information accordingly, keeping it secure, and limiting access to those who have a need to know to do their jobs. Proprietary information includes any information that is not generally known to the public and is helpful to Motorola or would be helpful to competitors. It also includes proprietary information that suppliers, customers and others have entrusted to us. The obligation to preserve proprietary information continues even after employment ends.
>
> Accuracy of company records
>
> To make responsible business decisions, we require honest and accurate recording and reporting of information.
>
> Recording and retaining business communications
>
> All business records and communications should be clear, truthful and accurate …. This applies to communications of all kinds, including e-mail and informal notes or memos. Records must be retained and destroyed according to Motorola's record-retention policies.

Despite the foregoing, Rein failed and refused to return his Motorola issued laptop computer for nearly sixteen months after he left Motorola, despite his promise to do so and requests from Motorola and its counsel for its return. In fact, Rein failed and refused to return Motorola's computer until after his deposition in this action commenced in August of 2005.

BO1 15810780.1

Even then, when Rein finally produced Motorola's computer, its hard drive had been erased and irreversibly damaged, thereby destroying Motorola's confidential proprietary information and potentially important documents concerning this case.

When he finally turned over his computer, Motorola's forensic experts were unable to retrieve any of the computer's original information, including, for example: (i) electronic data related to offers of employment Rein sought and received in advance of the elimination of his position with MPS; (ii) communications with Motorola employees before or after April 9 about opportunities within or outside the Company; (iii) documents reflecting Rein's commitment to the MPS business plan; (iv) documents reflecting his behaviors and ability to collaborate within a team.[1]  Rein also testified at his deposition that for the most part he had conveniently failed to retain paper or electronic copies of the information stored on Motorola's computer and he did not search when responding to document production requests.

## ARGUMENT

There can be no question that Rein violated Motorola's CBC policy because the computer contained Motorola's confidential business records, and relevant documents related to his claims and Motorola's defenses in the instant litigation. As a result, Rein failed to safeguard and "preserve proprietary Company information," and he failed to protect Motorola assets from loss, damage or misuse. If Rein had still been employed after April 9, 2004, this would have been grounds for immediate termination under the CBC.

---

[1] It is immaterial that such information, to the extent unknown to Kofman and Stark, did not play a part in the decision to select Rein's position for elimination. It may nevertheless be relevant to corroborate Defendants' defenses, and contribute evidence of one reason why Rein was unsuccessful in interviews for other opportunities.

In this case, Defendants have been severely prejudiced in their efforts to defend this action as a result of Rein's destruction of evidence.[2] As this Court already noted in its December 29, 2005 Order, "the act of erasing and reformatting a computer hard drive does not occur simultaneously." Order at 11. This Court also recognized that the timing of the loss of data "raised additional suspicions" and "one might infer bad faith." Order at 13. In fact, the only logical reason that Rein would have wiped clean and reformatted his laptop computer is that he hoped to deprive Defendants of access to the computer's contents -- contents that he knew included documentation concerning his January and February 2004 job searches; his communications with Motorola employees about job opportunities before and after April 9, 2004; and evidence supportive of Defendants' defenses. Rein knew that if such evidence surfaced before the jury, it would significantly impair his claims and limit his damages at trial.

This is certainly not the first time a party has resorted to such vigilante attempts at justice. In other similar cases, experts have recognized that "[e]ven the mere failure, without more, to produce evidence that naturally would have elucidated a fact at issue permits an inference that 'the party fears [to produce the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.'" *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (citing 2 *Wigmore on Evidence,* § 285 at 192 (Chadbourn rev. 1979)).

---

[2] As this Court noted in its Order, it is irrelevant that certain documents that Rein stored on the Laptop's hard drive may also exist in some version on Motorola's servers or in Plaintiff's hard-copy files. Order at 8. Defendants deserved the opportunity to determine whether versions of such documents, or other business-related material, existed on the Laptop.

1.  **This Court Should Limit Rein's Damages Based on the After-Acquired Evidence Doctrine**.

Since Motorola had grounds to immediately terminate Rein for violating the CBC when he failed to return his laptop, and because he destroyed company assets and proprietary business information, Defendants request that this Court instruct the jury that Rein's damages, if any, are limited to the period from February 23, 2004, to April 9, 2004, the date on which his employment at Motorola was indisputably terminated.  *See e.g. Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 383 (1st Cir. 2004) ("both front and back pay are indeed cut off at the time that the defendant discovers evidence that would have led it to fire the plaintiff on legitimate grounds"); *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995) (in ADEA cases, after-acquired evidence may not be used to justify discriminatory discharge, but it may be used to preclude front pay and reinstatement and limit back pay); *Schiavello v. Delmarva Sys. Corp.*, 61 F. Supp. 2d 110, 113 (D. Del. 1999) ("The after-acquired evidence doctrine shields an employer from liability or limits available relief where, after a termination, the employer learns for the first time about employee wrongdoing that would have caused the employer to discharge the employee"); Preston v. Phelps Dodge Copper Products Co., 647 A.2d 364, 368-69 (Conn. App. Ct. 1994) (holding that jury should have been instructed to consider after-acquired evidence regarding plaintiff's misconduct in determining award for breach of contract damages).

2.  **This Court Should Dismiss Rein's Promissory Estoppel and Interference with Advantageous Relations Claims**.

This Court should dismiss Rein's Interference with Advantageous Business Relations and Promissory Estoppel claims because Rein has destroyed potentially exculpatory evidence for Defendants related to Rein's attempts to find work after April 9, 2004, and about his job search

inside and outside of Motorola in January and February 2004, before learning of the elimination of his job.

This Court has the discretion to impose sanctions against Mr. Rein by excluding evidence and claims related to the evidence he has destroyed. "The spoliation doctrine is a rule of evidence, administered at the discretion of the trial court to respond to circumstances in which a party fails to present, loses, or destroys evidence." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 192 F.R.D. 511, 514 (D. Md. 2000). In fact, it is not even necessary for a party to have destroyed the evidence in bad faith for a Court to impose sanctions. "If such evidence is mishandled through carelessness, and the other side is prejudiced, … the district court is entitled to consider imposing sanctions, including exclusion of the evidence. Although deterrence may play a role, the primary aim is remedial, at least absent willful destruction." *Trull v. Volkswagen of America, Inc.*, 187 F.3d 88, 94 (1st Cir. 1999) (*citing Sacramona v. Bridgestone/Firestone, Inc.,* 106 F.3d 444, 447, 446 (lst Cir. 1997)). Courts have wide discretion to address spoliation, and this Court may permit an adverse inference to be drawn against the party as a means of leveling the playing field and sanctioning the conduct of the party. *See Vodusek*, at 156.

3.  This Court Should Permit the Jurors to Draw and Adverse Inference.

Whether or not Rein erased the hard drive, his failure to timely return the computer and to prevent the destruction of Motorola's proprietary data while he had the computer in his possession warrants a jury instruction allowing the jurors to draw an adverse inference about the computer's content.

**Conclusion and Hearing**

For all of the foregoing reasons, this Court should limit Plaintiff Jay S. Rein's ("Plaintiff" or "Rein") recoverable damages because (i) he failed to immediately return his Motorola-issued laptop computer, and (ii) he destroyed Company property, assets and confidential Company

information since both actions are independent grounds for termination.  In addition, this Court should dismiss Rein's claims for interference with advantageous business relations and promissory estoppel because Rein destroyed potentially exculpatory information; or direct the jurors that they may draw an adverse inference because destroyed his Motorola-issued laptop computer and its contents.

Defendants believe that a hearing may assist in the resolution of this Motion, and hereby request a hearing.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 6, 2006 | MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, |
|  | By their attorneys, |
|  | /s/ Kristin G. McGurn<br>Lynn A. Kappelman (BBO # 642017)<br>Kristin G. McGurn (BBO# 559687)<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone:    (617) 946-4800 |

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for  the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA  02109 on November 6, 2006.<br><br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 6, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein, but the parties were unable to resolve or narrow their dispute.<br><br>/s/ Kristin G. McGurn |

BO1 15810780.1