UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE ) | |
| KOFMAN, and JUERGEN STARK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION IN LIMINE FOR THE EXCLUSION OF THE DOCUMENT
ENTITLED "MOTOROLA LEADERSHIP MULTI-RATER FEEDBACK**

The Defendants have indicated in their Pre-Trial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3) that they intend to introduce into evidence at trial a Motorola Leadership Assessment Multi-Rater Feedback that purportedly relates to Rein. This document purports to contain a self-assessment by Rein in a number of different areas, an assessment by Rein's manager in these same areas, and a comparison of their respective ratings.  The Defendants presumably intend to argue that the proposed exhibit not only reveals that Rein received low ratings in several areas, but that his own ratings in these areas were substantially higher than his managers, revealing that Rein had "blind spots" about his own performance.  Moreover, the Defendants intend to argue that the manager rating Rein was Tom Niersbach.

<u>Argument</u>

Defendants efforts to admit this document runs afoul of both Rules 802 and 902 of the Federal Rules of Evidence. Thus, Rule 902(a) requires that the party entering an exhibit into evidence must as a condition precedent to admissibility demonstrate that it is what its proponent claims. The Defendants cannot do this.

The document itself does not contain any date, other than the indication that it is "Complete Report - 2003". It contains no signatures. In fact, it appears to be a printout from a computer screen. It does not specifically identify who input any of the ratings or when these ratings we entered.

Neither Rein nor Kofman had ever seen this document prior to their depositions. At his deposition, Rein testified that he did not recognize the document and was in fact completely unaware of either the manager's rating or the alleged blind spots the document purported to identify.[1]

Similarly, Kofman testified that he had never seen this document before.[2] Of course, the fact that Kofman had not seen this document prior to his deposition also makes the document irrelevant to the extent that the Defendants are offering it to support their assertion that Kofman's decision to fire Rein was not a pretext for discrimination. If Kofman was unaware of this document he clearly could not have relied on it in making his decision to terminate Rein.

In addition, although the Defendants are now trying to argue that Tom Niersbach was the manager who input these ratings, there is no reliable evidence to support this assertion. The only evidence that Niersbach was the manager rating Rein is an

---

[1] Deposition of Jay S. Rein, pgs. 432-34, 438-41.
[2] Deposition of Clyde Kofman, pgs. 73-79.

2

ambiguous computer generated entry designating Niersbach as Rein's "primary manager" and Kofman's uncertain testimony that his best recollection is that Niersbach "would have been the person providing input" on these ratings, and that he "doesn't believe" he himself prepared the document.[3]  In fact, there is compelling circumstantial evidence that Niersbach is an unlikely source of these ratings, including the undisputed fact that he was an interim manager who had little to do with the group, only managed it for a couple of months.[4]

      The Defendants' inability to adequately authenticate this document, together with the uncertainty of who is responsible for the ratings themselves makes the fact that the document is also inadmissible hearsay even more troublesome.  Not only do we have an out of court statement made by someone not testifying at trial being offered to prove the truth of the matter asserted, there is even uncertainty about who the declarant is.  Clearly this document contains precisely the kind of unreliable hearsay Rule 802 of the Federal Rules is designed to exclude.

---

[3] Kofman Deposition, pgs. 76-78.
[4] Rein Dep., pgs. 396-96, Kofman Dep., pg. 64-65

Based on the foregoing, the Plaintiff is unwilling to stipulate to the admissibility of this document.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, Massachusetts 02109
(617) 423-2224

CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Pursuant to L.R. 7.1 on November 6, 2006 I conferred with Defendants' counsel in a good faith effort to resolve or narrow the issues raised in the instant Motion. Plaintiff's and Defendants' counsel were unable to come to an agreement regarding the Plaintiff's Motion.

/s/ John G. H. Coster

Certificate of Service

I hereby certify that a true and correct copy of this document was served on the attorney of record the Defendants by ECF on November 6, 2006.

/s/ John G. H. Coster
John G. H. Coster