UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-12580 NG |
| ) | |
| MOTOROLA, INC., CLYDE ) | |
| KOFMAN, and JUERGEN STARK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION IN LIMINE FOR THE EXCLUSION OF ALL
EVIDENCE RELATING TO HIS PRIOR EMPLOYMENT**

The Defendants have indicated in their Pre-Trial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3) that they intend to introduce into evidence at trial exhibits (and potentially testimony) concerning Rein's employment at Epsilon Data Management, a company Rein left in January of 2002, including the following documents: (i) Separation Agreement and Release from Epsilon; (ii) letter from Rein to R. Hedeen. Presumably, these exhibits will be offered to show that, in his dealings with a prior employer, Rein sought additional compensation that he was not entitled to and that this is somehow evidence that his current lawsuit is baseless.[1]

---

[1] Defendants offer a clear preview of the improper use to which they plan to put this evidence in the Memorandum of Law accompanying their Summary Judgment Motion where they attempt to undermine Rein's promissory estoppel claim by arguing that "Rein has walked this ground before. Rein has sought money from his last employer in part based on his allegation that the employer led him to believe he would be employed for a particular period and that he has foregone alternative employment as a result." (Defendants' Memorandum in Support of Motion for Summary Judgment, pg. 14, n.13.)

Argument

Rule 404(a) of the Federal Rules of Evidence provides in pertinent part that:

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion…

Of course, this is precisely what the Defendants are attempting to do here. The message the Defendants are attempting to convey to the jury with this evidence, which has nothing to do with Rein's present claims and which occurred before he even commenced working for Motorola, is obvious - it is part of Rein's character to "shake down" former employers by claiming they breached their oral commitments to him. However, the law on this issue is clear. A defendant man not introduce evidence to show that the plaintiff is acting in conformity with a character trait he also exhibited with a former employer. *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1510-12 (D.C. Cir. 1995); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220 (D. Cal. 2006); *Rauh v. Coyne*, 744 F. Supp. 1181, 1184 (D.D.C. 1990); *Zubalake v. UBS Warburg LLC*, 392 F. Supp. 2d 536, 541-42 (S.D.N.Y. 2005).

This evidence must be excluded.

        JAY S. REIN

        By his attorney,

        /s/ John G. H. Coster
        John G. H. Coster
        (BBO #101450)
        92 State Street, Suite 900
        Boston, Massachusetts 02109
        (617) 423-2224

CERTIFICATION PURSUANT TO LOCAL RULES 7.1 AND 37.1

Pursuant to L.R. 7.1 on November 6, 2006 I conferred with Defendants' counsel in a good faith effort to resolve or narrow the issues raised in the instant Motion. Plaintiff's and Defendants' counsel were unable to come to an agreement regarding the Plaintiff's Motion.

        /s/ John G. H. Coster

Certificate of Service

I hereby certify that a true and correct copy of this document was served on the attorney of record the Defendants by ECF on November 6, 2006.

        /s/ John G. H. Coster
        John G. H. Coster