UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.+ ) | CIVIL ACTION NO. 04-12580-NG |
| ) | |
| MOTOROLA INC., CLYDE KOFMAN and ) | HEARING REQUESTED |
| JUERGEN STARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE FOR THE EXCLUSION OF ALL EVIDENCE RELATING TO REIN'S LAPTOP COMPUTER

Defendants Motorola, Inc. ("Motorola" or the "Company"), Clyde Kofman ("Kofman"), and Juergen Stark ("Stark") (collectively, "Defendants") hereby submit their opposition to Plaintiff Jay Rein's ("Plaintiff" or "Rein") motion in limine to exclude all evidence relating to Rein's laptop computer. Defendants respond that on November 7, 2006 this Court issued the following ruling:

> Defendant Motorola's motion for a jury instruction limiting Plaintiff Jay S. Rein's recoverable damages because he failed to timely return his Motorola-issued laptop is granted. Once the defendants discovered that Rein had failed to return his laptop computer after his discharge, they had an independent basis to reject his rehiring. As such, Rein can have no damages after that point; he would have had no expectation of rehiring, much less continued employment after that date. The Court reserves decision with respect to other inferences that may be drawn concerning the condition of the computer. (Gertner, Nancy)

As a result of the foregoing, the Court necessarily must admit the evidence concerning Rein's failure to return the laptop so that the jury will understand her limiting instruction on damages and any potential adverse inference instruction.

Defendants understand why Plaintiff is concerned that evidence about his laptop's condition, when returned to Motorola, will influence the jury with respect to liability. It is compelling that a Motorola-issued laptop containing potentially relevant documents was

BO1 15811131.1

curiously erased while it was in Rein's exclusive control and after he instituted his litigation against the Company.  However, Rein will testify about whether or not he had a role in the spoliation of this evidence, and the jury may then determine his credibility.  Determining the credibility of a witness is within the exclusive province of the jury.

Rein also argues that the Court should not admit the spoliation evidence because after-acquired evidence is typically used when "there is no debate about whether the employee actually committed some infraction of company policy."[1]  Plaintiff's Motion, p. 3.  Defendants submit that "there is no debate" here about whether Rein violated Motorola's Code of Business Conduct.  It is undisputed that the Code of Business Conduct requires all Motorola employees to return their laptops at termination and to preserve proprietary Company information.

In addition, Rein seeks to exclude after-acquired evidence because, he claims, it will "create a separate trial within a trial."  Plaintiff's Motion, p. 3.  Simply because experts may be required to testify about data destruction is insufficient grounds for excluding such critical evidence.  The very purpose of the defense of after-acquired evidence is "to prevent a plaintiff from wrongfully profiting from misconduct."  *McGlothan v. Wal-Mart Stores, Inc.*, 2006 U.S. Dist. LEXIS 39208, *7 (M.D. Fla. June 14, 2006).

Finally, Plaintiff argues that the Court should exclude the spoliation evidence because the misconduct at issue occurred after Motorola terminated Rein's employment.  In its November 7th Order, this Court "reserve[d] decision with respect to other inferences that may be drawn concerning the condition of the computer."  As such, Defendants seek the right at trial to prove

---

[1] Not surprisingly, Plaintiff does not offer any support for this inaccurate proposition.  Rein disingenuously claims that, in cases where courts admit after-acquired evidence at trial, the employee has admitted that he or she violated company policy.  *See id.*  For instance, in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 354 (1995), the plaintiff admitted that she copied certain company documents, but she did not admit that her conduct violated the company's policies.  The plaintiff's employer argued that the conduct violated its policies, and the District Court agreed, granting summary judgment to the employer because the plaintiff's conduct was grounds for her termination.

to the Court, and to the jurors, that adverse inferences are warranted based on Rein's failure to comply with obligations of which he was aware, his failure to protect company assets and proprietary business information and his failure to produce potentially exculpatory documents.

Defendants already have been prejudiced by the destruction of the data on the laptop. At the very least, the Court should permit the jurors to hear the evidence themselves and draw an adverse inference if they do not believe Rein when he claims that the loss of data was somehow not his responsibility.

## Conclusion and Request for Hearing

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion in limine and permit Defendants to introduce evidence at trial about Rein's laptop computer, including the facts that he failed to return it to Motorola for nearly 18 months after he left the Company, and the fact that its hard drive was erased and reformatted while the laptop was in Rein's exclusive custody and control.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

DATED: November 8, 2006

Respectfully submitted,

MOTOROLA INC., CLYDE KOFMAN
AND JUERGEN STARK

By their attorneys,

 /s/ Kristin G. McGurn
Lynn A. Kappelman (BBO # 642017)
Kristin G. McGurn (BBO # 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:    (617) 946-4800
Telecopier:    (617) 946-4801

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 8, 2006.

/s/ Kristin G. McGurn

3

BO1 15811131.1