UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v.+ | ) CIVIL ACTION NO. 04-12580-NG |
| | ) |
| MOTOROLA INC., CLYDE KOFMAN and | ) **HEARING REQUESTED** |
| JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
ABOUT PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS**

Defendants Motorola, Inc. ("Motorola"), Clyde Kofman ("Kofman"), and Juergen Stark ("Stark") (collectively, "Defendants") move this Court for an order precluding Plaintiff Jay S. Rein ("Rein") from introducing any testimony or evidence at trial about his alleged emotional distress. As grounds for this motion, Defendants state that although Rein seeks damages for emotional distress, he testified during his deposition that his only physical symptom of the alleged emotional distress was a minor skin breakout for which he never saw a medical professional. Because Rein never saw a doctor or took any medication for any physical symptoms, he cannot sustain a claim for emotional distress damages. Therefore, this Court should exclude any testimony or evidence about Rein's alleged emotional distress damages.

BO1 15811520.1

**Argument**

During his deposition, Rein claimed that he suffered emotional distress as a result of the termination of his employment with Motorola. See Rein Dep. Tr., Vol. 2, 580:2-5. He testified that he worried about how he would support his family after the layoff, but that the only physical manifestation of this worry was a skin rash commonly known as rosacea. Rein conceded that he never saw a medical professional for this condition:

> Q: Did you have any symptoms, physical symptoms, associated with that worry?
> A: Aside from rosacea and a couple of other breakouts, that's probably the extent.
> Q: Is that a dermatological condition?
> A: Yeah --
> Q: Okay.
> A: -- triggered by stress and anxiety.
> Q: Did you see anyone for that condition?
> A: I don't believe so.
>
> \*   \*   \*
>
> Q: Aside from – you testified that you didn't seek treatment for the rosacea that you described. Have you sought any medical treatment as a result of your claimed emotional distress?
> A. No.

Rein Dep. Tr., Vol. 2. 580:12-21; 583:5-9.

It is now clear in this jurisdiction that in order for a Plaintiff to recover emotional distress damages, he must provide "substantial evidence of the emotional suffering that occurred, as well as substantial evidence of a causal connection between the [plaintiff's] emotional distress and the [defendant's] unlawful act." *DeRoche v. Mass. Comm'n. Against Discrim.*, 447 Mass. 1, 7 (2006). In *DeRoche,* the SJC struck an award of emotional distress damages because the plaintiff stated that he never had to seek medical help or take any medication for symptoms related to emotional distress. *Id.* at 8-9. Additionally, "there was no testimony that the plaintiff

experienced physical manifestations of distress, such as loss of appetite or difficulty in sleeping, or that the plaintiff was compelled to curtail his life activities in any way due to stress." *Id.* at 9. The same is true here. The extent of Rein's "suffering" is limited to a minor skin irritation that he claims was exacerbated by stress and anxiety. Such a showing "falls far below the factual basis" for emotional distress. *Id.* Accordingly, the Court should preclude Rein from introducing at trial any testimony or evidence of emotional distress.

### Conclusion and Request for Hearing

Defendants respectfully request that this Court preclude Rein from introducing at trial any testimony or evidence of emotional distress.

Defendants believe that a hearing will assist in the resolution of this Motion, and hereby request a hearing.

Respectfully submitted,
MOTOROLA INC., CLYDE KOFMAN
AND JUERGEN STARK
By their attorneys,

/s/ Kristin G. McGurn
Lynn A. Kappelman (BBO # 642017)
Kristin G. McGurn (BBO # 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

DATED: November 8, 2006

Telephone:  (617) 946-4800
Telecopier: (617) 946-4801

| CERTIFICATE OF SERVICE | CERTIFICATION PURSUANT TO LOCAL RULE 7.1 |
|---|---|
| I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on November 8, 2006.<br>/s/ Kristin G. McGurn | Pursuant to Local Rule 7.1, on November 8, 2006, counsel for Defendants conferred with Plaintiff's counsel regarding the matters addressed herein, but the parties were unable to resolve or narrow their dispute.<br>/s/ Kristin G. McGurn |

BO1 15811520.1