UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN, )<br>)<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>MOTOROLA, INC., CLYDE )<br>KOFMAN, and JUERGEN )<br>STARK, )<br>)<br>  Defendants. )<br>) | Civil Action No. 04-12580 NG |

PLAINTIFF'S ASSENTED TO MOTION TO ENLARGE
TIME TO RESPOND TO DEFENDANTS' PENDING MOTIONS

The Plaintiff, Jay S. Rein, ("Rein") hereby moves that the Court enlarge the time for filing his Opposition the Motions, Responses and other filings now pending before the Court, including, inter alia.:

(i) Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence that the Parties Excluded by Stipulation;

(ii) Defendants' Motion in Limine to Exclude Hearsay Evidence of Clyde Kofman's Alleged Comments to a Motorola Manager;

(iii) Defendants' Motion in Limine to Exclude Evidence about Clyde Kofman's Compensation and Performance;

(iv) Defendants' Motion in Limine to Preclude Plaintiff from Introducing Clyde Kofman's Alleged "Younger" Remark;

(v) Defendants' Motion in Limine Addressing Plaintiff's Spoliation of Evidence;

(vi) Defendants' Motion in Limine to Exclude Evidence in Support of Plaintiff's Claim for Punitive Damages, or in the Alternative to Bifurcate the Trial on the Issue of Punitive Damages;

    (vii)    Defendants' Motion in Limine to Exclude Evidence about Plaintiff's Alleged Emotional Distress;

    (viii)    Defendants' Supplemental Brief in Opposition to Plaintiff's Motion in Limine for the Exclusion of Laptop Evidence and in Support of Limiting Jury Instruction on Damages; and,

    (ix)    any additional Motions or Replies the Defendants may file prior to the parties engaging in mediation.

As grounds for this Motion Rein states the following:

1.    With the exception of items (viii) and (ix), each of the above referenced Motions were filed by the Defendants between the 6th and the 8th of November in conjunction with the trial of this matter, which was scheduled to go forward on November 13, 2006.

2.    On November 9th, 2006 a Pre-Trial Conference was held before the Court, at which time the parties were advised that the trial was being postponed indefinitely, and that a status conference was being scheduled for December 27th, 2006.

3.    During the Pre-Trial Conference, the Court also encouraged the parties to explore mediation and contact the Court about a possible referral to the Federal mediation program.

4.    On November 13, 2006 counsel for both the Plaintiff and the Defendants separately contacted the Court and confirmed that they had agreed to mediation.

5.    Absent an enlargement of time Plaintiff's responses to Defendants' pending Motions are due between November 20th and November 29th, 2006.

6.    All of the pending motions relate to evidentiary issues at trial, and thus will be moot if the parties are successful in mediating a settlement of Plaintiff's claims. Requiring Plaintiff to respond these pending motions will only increase Plaintiff's legal

fees (and potential damages to the extent he can recover such fees as a prevailing party), and will hamper the parties ability to reach a settlement.

      7.     Granting the Plaintiff additional time to respond to these pending Motions will not prejudice the Defendants.  If mediation is successful, the Motions are moot.  If mediation is unsuccessful, the Motions would still be pending; the Plaintiff would be obligated to respond in the ordinary course; and the Court would still address each Motion on the merits.

      8.     The Defendants have assented to this Motion.

WHEREFORE, the Plaintiff requests that his Motion be granted and the time within which he must respond to the Motions/Responses set forth in (i) through (ix) above be postponed until ten (10) days after the parties complete their efforts to mediate the Plaintiff's claims, should such efforts prove unsuccessful.

                                           JAY S. REIN

                                           By his attorney,

                                           /s/ John G. H. Coster
                                           John G. H. Coster
                                           (BBO #101450)
                                           92 State Street, Suite 900
                                           Boston, MA 02109
                                           (617) 423-2224

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Defendants' counsel of record by ECF on November 16, 2006.

                                           /s/ John G. H. Coster