## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY S. REIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-12580 NG |
| | ) |
| MOTOROLA, INC., CLYDE KOFMAN | ) |
| and JUERGEN STARK | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR COSTS

### I.    Introduction

Plaintiff Jay Rein ("Rein") sued Motorola, Inc. ("Motorola"), and the individual defendants (collectively "Defendants"), in the instant action after Motorola eliminated Rein's position in 2004.  Defendants hereby move for their costs and fees associated with the parties' unsuccessful attempts to carry out this Court's pre-trial mediation recommendation because Plaintiff unreasonably postponed the January 2, 2007 mediation at the eleventh hour.

After reviewing Defendants' Motion for Summary Judgment, on October 23, 2006, this Court dismissed Plaintiff's contract and civil rights act claims, as well as his tortious interference with advantageous relations claims against Defendants Stark and Motorola.  Defendants were prepared to proceed with trial on Plaintiff's remaining claims on the scheduled trial date, November 13, 2006.  However, at the "final" pre-trial conference in this matter on November 9, 2006, the Court strongly encouraged the parties to participate in a mediation prior to trial.  After the Court rendered several rulings on damages which were favorable to Defendants, both parties agreed to mediate.  Thereafter, Defendants spent a significant amount of time and money trying to find a mediator and a date that Plaintiff would accept.

Ultimately, after numerous accommodations of Plaintiff's choices for mediators and dates, the parties chose a mediator, agreed to mediate on January 2, 2007, and requested that the Court reschedule their December 27, 2006 pre-trial conference.

On December 27, 2006, Plaintiff unnecessarily demanded that the mediation be postponed. On December 29, 2006, the last business day before the parties' scheduled mediation, the mediation was in fact postponed, thereby rendering the significant time and expense Defendants incurred to schedule the mediation worthless. Plaintiff's demand to postpone the mediation was unwarranted, yet consistent with his continuing tactics of forcing Motorola to expend significant, mounting litigation costs that are not commensurate with the value of his claims.

## II.    Facts Relevant to this Motion

1.    On November 13, 2006, the parties notified the Court that they would agree to mediate, and counsel for the parties immediately began discussing potential dates for mediation and proposing mediators.

2.    Thereafter, Plaintiff's counsel reported that (i) Plaintiff could not attend mediation during the Thanksgiving week, or the week of December 11th due to business travel, and (ii) his counsel preferred not to mediate during the week of December 18 due to multiple previously-scheduled pre-trial conferences in other cases.

3.    On November 15, 2006, Plaintiff's counsel also refused Defendants' proposal to mediate with a Magistrate Judge. Plaintiff's counsel insisted that mediation had little chance of succeeding unless Defendants accepted one of the federal panel mediators that *he* had proposed. Thereafter, Plaintiff refused each of the mediators that Defendants proposed.[1]

---

[1] Also during the week of November 13, 2006, Plaintiff filed a motion to extend the time to respond to Defendants' Motions in Limine, based on the contemplated mediation.

4.      In late November, the mediation coordinator informed the parties that the panel mediator whom they initially selected was unavailable.

5.      Throughout the week of November 27, 2006, Defendants continued to negotiate with Plaintiff regarding the mediation date and proposed mediators.  The Defendants agreed to two additional mediators that Plaintiff selected, one of whom promptly proposed four potential mediation dates in late December and early January.  The parties and mediator all chose January 2, 2007 as the mediation date.

6.      Defendants spent nearly a dozen hours and incurred over $4,000 in fees negotiating with Plaintiff regarding the mediator and the January 2 date and making arrangements for the mediation.  Also, in anticipation of the January 2 mediation, on December 13, 2006, Defendants spent an additional four hours meeting with all of the Motorola principals to determine the settlement authority that Defendants would bring to the January 2 mediation.

7.      As year-end 2006 approached, Motorola implemented a policy to eliminate all business travel that it deemed "non-essential".

8.      As a result, Motorola's in-house counsel arranged his schedule so that he could participate all day in the January 2 mediation by telephone.  Both of Motorola's undersigned counsel planned to appear in person on Motorola's behalf, with full settlement authority.

9.      Nevertheless, on December 27, 2006, Plaintiff again delayed the mediation by seeking to postpone it.  He contended that Motorola's failure to have a corporate representative physically present at the mediation doomed the session, and he refused to proceed.

10.     Defendants had several teleconferences with the mediator on December 28, 2006 in which they vigorously objected to Plaintiff's postponement.  Defendants' counsel explained that

3

their settlement authority would not change if a Motorola representative was physically in the room at the mediation, and reiterated that he would participate fully by phone.[2]

11.    The mediator tried unsuccessfully to reach Plaintiff's counsel by telephone to discuss options.  On December 29th, the last business day before the scheduled mediation, the mediator postponed the mediation having been unable to reach Plaintiff's counsel.

## III.    Argument

### A.    This Court Should Order Plaintiff To Pay Defendants' Fees And Costs Associated With Scheduling The January 2, 2007 Mediation.

Defendants and their counsel spent many hours selecting a mediator and securing the January 2, 2007 date.  They accommodated Plaintiff's countless scheduling and travel conflicts, and ultimately Defendants agreed to a date that the mediator proposed which fit within Plaintiff's busy travel schedule and his counsel's full calendar.  Plaintiff's foot-dragging, objections and postponements are merely a tactic that continue to force Motorola to incur unwarranted litigation expenses, akin to when Plaintiff's conduct forced Defendants to file both a motion to compel further discovery as well as their pending renewed motion for sanctions.  Postponing the mediation was wholly inappropriate and unnecessary.  Accordingly, Defendants hereby seek to recover their reasonable costs and fees associated with scheduling the aborted January 2 mediation.[3]  If requested, Defendants will submit an affidavit of counsel and excerpted invoices to support their request.

Further, although the Court rescheduled the parties' pre-trial conference for January 31 to accommodate the January 2 mediation, Plaintiff now proposes additional dates in February for

---

[2] Defendants explained to the mediator that Plaintiff had already been given many opportunities to "tell his story" to various Motorola corporate representatives prior to and after his departure from the Company, and that he had elected to forego other opportunities to "tell his story" by failing to attend this Court's status conference and hearing. Under the circumstances, requiring Motorola to fly a representative to Boston to "hear his story" has nominal value.

[3] Plaintiff effectively forced Defendants to incur the expenses that Motorola had budgeted for the entire mediation session solely in scheduling it and making arrangements for it to occur on January 2.

the postponed mediation. This is a yet another transparent attempt to delay the trial. While Defendants remain willing to explore mediation, they are not willing to engage in additional lengthy discussion with Plaintiff about scheduling. As such, Defendants propose to address rescheduling the mediation in the presence of the Judge, at the parties' January 31, 2007 pre-trial conference. *See* Exhibit A.

### B.    This Court Should Order Plaintiff To File Responses To The Pending Motions In Limine.

On November 16, 2006, Plaintiff filed a motion seeking to respond to Defendants' Motions in Limine within ten (10) days of unsuccessful mediation. Since Plaintiff has postponed the mediation in bad faith, this Court should lift the stay and order Plaintiff to file his oppositions to Defendants' pending Motions in Limine in advance of the parties' January 31, 2007 pre-trial conference.[4]   Defendants respectfully request that this Court order Plaintiff to respond to the pending Motions in Limine within ten (10) days, or not later than January 12, 2007.

### IV.    Conclusion

WHEREFORE, the Defendants respectfully request that the Court award them their reasonable fees and costs associated with the substantial unsuccessful efforts to schedule the

---

[4] The following Motions in Limine are pending: (i) to Exclude Hearsay Evidence; (ii) to Preclude Plaintiff from Introducing Alleged "Younger" Remark; (iii) to Exclude Evidence in Support of Plaintiff's Claim for Punitive Damages or, in the alternative, to Bifurcate; (iv) to Exclude Evidence about Kofman's Performance and Compensation; (v) Addressing Plaintiff's Spoliation of Evidence; and (vi) to Preclude Plaintiff from Introducing Evidence that the Parties Excluded by Stipulation.

mediation in this matter, and order Plaintiff to respond to Defendants' remaining Motions in Limine within ten (10) days.

MOTOROLA, INC., CLYDE KOFMAN, and JUERGEN STARK, By their attorneys,

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document was served upon the attorney of record for the plaintiff via ECF and by mailing a copy of same, postage prepaid, to John G. H. Coster, Attorney at Law, 92 State Street, Suite 900, Boston, MA 02109 on January 4, 2007.

/s/ Lynn A. Kappelman

/s/ Lynn A. Kappelman
Lynn A. Kappelman (BBO # 642017)
Kristin G. McGurn (BBO# 559687)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800

---

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, on January 4, 2007 counsel for Defendants conferred with Plaintiff's counsel regarding the filing of this motion, but the parties were unable to resolve or narrow the issues.

/s/ Lynn A. Kappelman

---

# EXHIBIT A

# SEYFARTH
## SHAW LLP
### ATTORNEYS

Writer's direct phone
617-946-4858

Writer's e-mail
kmcgurn@seyfarth.com

Writer's direct fax
617-790-6748

World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-2028
617-946-4800
fax 617-946-4801
www.seyfarth.com

December 29, 2006

**VIA FACSIMILE**
(617) 338-0919

John G.H. Coster, Esq.
92 State Street
Suite 900
Boston, Massachusetts 02109

Re:    *Jay S. Rein v. Motorola, Inc., Clyde Kofman and Juergen Stark*
       United States District Court, C.A. No. 04-12580 NG

Dear John:

In response to your communications regarding the rescheduling of the parties' mediation, which was to proceed on January 2, 2007, be advised that Defendants do not intend to spend additional time and money discussing any new date for the mediation before we meet with the Judge to discuss the events that have led to our current predicament. As such, we will not agree to postpone the parties' scheduled pre-trial conference on January 31st. I will add that even if we did wish to reschedule the mediation before meeting with the Judge, we have a previously scheduled arbitration and trial in January and February, and we are unable to continue to accommodate your latest scheduling requests.

As you know, we spent many hours in November and December trying to find a mediator and a time that were acceptable to your client. As I made clear to you and Ms. Neumeier, Defendants were prepared to proceed earnestly and in good faith on January 2nd and we spent significant time with all of the principals at Motorola to determine an appropriate settlement value for the case. We have full authority from the Company to settle, and in-house counsel was going to be available all day on January 2nd, by telephone. The mediator also was prepared to proceed on January 2nd, with Defendants' representative participating by telephone. She understood, as you must, that the level of authority Defendants have at mediation is not dependent on whether the Motorola representative is in the room with his counsel, or on the phone. Defendants spent significant time and expense to arrive at the January 2nd mediation date, which specifically accommodated your own and your client's schedules. Defendants agreed to proceed with mediation even though you refused to consider any mediator whom Defendants proposed. Defendants opposed rescheduling. We intend to bring all of this to the Judge's attention.

BRUSSELS    WASHINGTON, D.C.    SAN FRANCISCO    SACRAMENTO    NEW YORK    LOS ANGELES    HOUSTON    CHICAGO    BOSTON    ATLANTA



John G.H. Coster, Esq.
December 29, 2006
Page 2

Finally, it is Defendants' position that your obligation to respond to Defendants' motions in limine is no longer stayed.   We anticipate receiving your responses within ten (10) days, and addressing such motions at the scheduled pre-trial conference.

Very truly yours,

SEYFARTH SHAW LLP

*Kristin G. McGurn/dsl*

Kristin G. McGurn

cc:     Manuel Cuevas. Esq.
        Becca Tyler
        Lynn Kappelman

BO1 15820801.1