# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

JAY S. REIN,                                  )
                                              )
                                              )
              Plaintiff,                       )
                                              )
v.                                            )          Civil Action No. 04-12580 NG
                                              )
MOTOROLA, INC., CLYDE                          )
KOFMAN, and JUERGEN                            )
STARK,                                        )
                                              )
              Defendants.                      )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND MOTION TO REQUIRE PLAINTIFF TO RESPOND TO DEFENDANTS' PENDING MOTIONS IN LIMINE AND CROSS-MOTION TO POSTPONE JANUARY 31, 2007 STATUS CONFERENCE

The Plaintiff, Jay S. Rein, ("Rein") hereby opposes the Defendants' Motions for

Costs and Motion to compel Plaintiff to respond to Defendants' pending Motions in

Limine, and moves for a postponement of the January 31, 2007 status conference until

after the Defendants and their counsel participate in the mediation previously agreed to

by the parties.  As grounds for this Motion, Rein states the following:

<u>Introduction</u>

This Opposition and cross-motion is necessitated by the Defendants moving to

impose sanctions on Rein for the decision of mediator Neumeier to postpone the

mediation originally scheduled for January 2, 2007.  It is also necessitated by the

Defendants' refusal to agree to any of the alternate dates proposed by mediator

Neumeier; insistence that there be no further discussions about mediation until after the

status conference currently scheduled for January 31, 2007; refusal to agree to a

postponement of this status conference so the parties can make a good faith attempt to mediate this case; and decision to renege on their prior agreement not to require Rein to respond to approximately eight pending motions in limine until after the parties have attempted to mediate this dispute.

<u>Background</u>

After several postponements necessitated by the Defendants' repeated requests for additional time to file their summary judgment motion, this case was scheduled for trial on November 16, 2006. In anticipation of this trial the Defendants' filed numerous Motions in Limine, including, but not limited to, the following:

(i)     Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence that the Parties Excluded by Stipulation;

(ii)    Defendants' Motion in Limine to Exclude Hearsay Evidence of Clyde Kofman's Alleged Comments to a Motorola Manager;

(iii)   Defendants' Motion in Limine to Exclude Evidence about Clyde Kofman's Compensation and Performance;

(iv)    Defendants' Motion in Limine to Preclude Plaintiff from Introducing Clyde Kofman's Alleged "Younger" Remark;

(v)     Defendants' Motion in Limine Addressing Plaintiff's Spoliation of Evidence;

(vi)    Defendants' Motion in Limine to Exclude Evidence in Support of Plaintiff's Claim for Punitive Damages, or in the Alternative to Bifurcate the Trial on the Issue of Punitive Damages;

(vii)   Defendants' Motion in Limine to Exclude Evidence about Plaintiff's Alleged Emotional Distress; and,

(viii)  Defendants' Supplemental Brief in Opposition to Plaintiff's Motion in Limine for the Exclusion of Laptop Evidence and in Support of Limiting Jury Instruction on Damages.

With the exception of item (viii), each of the above referenced Motions were filed by the Defendants between the 6th and the 8th of November.

On November 9th, 2006 a Pre-Trial Conference was held before the Court, at which time the parties were advised that the trial was being postponed indefinitely, and that a status conference was being scheduled for December 27th, 2006. During the Pre-Trial Conference, the Court also encouraged the parties to explore mediation and contact the Court about a possible referral to the Federal mediation program.

On November 13, 2006 counsel for both Rein and the Defendants separately contacted the Court and confirmed that they had agreed to mediation.

On November 16, 2006 Rein filed a Motion for Additional Time to Respond to Defendants' Pending Motions. This Motion was assented to by the Defendants and requested an enlargement of the time within which he must respond to the Motions/Responses set forth in (i) through (ix) above be "postponed until ten (10) days after the parties complete their efforts to mediate the Plaintiff's claims, should such efforts prove unsuccessful". (A copy of the Motion is attached hereto as Exhibit A).

Rein's rational for this motion was that all the Defendants' motions related to evidentiary issues and would be moot if the parties were successful in mediating a settlement of Plaintiff's claims. Requiring Plaintiff to respond these pending motions would only increase Plaintiff's legal fees (and potential damages to the extent he can recover such fees as a prevailing party), and would hamper the parties ability to reach a settlement.

On November 27, 2006 an Order was entered formally referring this case to mediation. At that time, the parties had agreed on Jay Seigel as a mediator.

Unfortunately, it turned out that Mr. Seigel was no longer accepting referrals from the Federal Court.

Since neither of the <u>two</u> other mediators chosen by Rein from the Court's list of ADR Panel Members were acceptable to the Defendants, Rein identified <u>three</u> additional mediators who were ADR Panel Members.  All three of these mediators were rejected by the Defendants without explanation.  Undaunted, Rein identified another <u>three</u> mediators from the ADR Panel, and the Defendants finally agreed that Elizabeth Neumeier would be an acceptable mediator.[1]

After coordinating the various schedules of counsel, their respective clients and Ms. Neumeier, the mediation was scheduled for January 2, 2007.[2]  During these scheduling discussions, Defendants counsel represented that her client was available on January 2nd.  Based on the foregoing, Mr. Rein, who lives in Atlanta, made arrangements to be absent from work on January 2nd and booked airline tickets to fly to Boston.

On December 26, 2006, the day after Christmas, Defendants' counsel advised Rein that her client was no longer able to attend the mediation, but would make arrangements to be available by phone, and that, notwithstanding her client's absence, she wanted to go forward with the mediation.[3]  Rein's counsel responded that this news was extremely troublesome, and expressed his concern that the Defendants absence would

---

[1] It is worth noting that Ms. Neumeier subsequently disclosed that she and Yvette Politis, who until recently was one of the attorneys representing the Defendants, served together on the Massachusetts Bar Association's Labor and Employment Section.  Notwithstanding this potential conflict, Rein raised no objection to Ms. Neumeier acting as mediator.

[2] Although the Defendants contend that Rein was less than cooperative in scheduling the mediation with Ms. Neumeier, the record reflects that Ms. Neumeier provided four dates that she was available - December 20th, December 27th, December 28th and January 2nd.  Rein agreed to make himself available for three of these four dates.  The only date the Plaintiff was not available was December 20th because Rein's counsel had a previously scheduled pre-trial conference in Superior Court.  (A copy of the e-mail from John Coster to Ms. Tyler, with a copy to Ms. McGurn  confirming Rein's availability, is attached hereto as Exhibit B).

[3] It is unclear whether Motorola ever intended to send a representative to the mediation.

have a negative impact on the mediation.  He requested that counsel contact her clients to find out what other dates in January the Defendants were available.

On December 27th, Rein's counsel followed up this conversation with a letter, which was faxed to Motorola's counsel.  (A copy of this letter is attached hereto as Exhibit C).  Copies of this letter were also sent by e-mail to Ms. Neumeier and Rebecca Tyler.  Although Rein's counsel expressed "serious doubts" about the utility of a mediation in which one of the parties was not present, in neither his telephone conversation with Defendants' counsel nor his letter did Rein's counsel refuse to go forward with the mediation.  In fact, Rein continued to keep his plane reservations in place.  Instead, Rein's counsel sought to ascertain whether there was another date in January (or thereafter) that a representative of the Defendants was available, and exactly what Defendants' position was with respect to his request that a representative be present.

On December 28th Rein's counsel was out of the office all day, taking a deposition in Abington, Massachusetts.  Apparently, sometime in the afternoon of December 28th Ms. Neumeier attempted to contact him to discuss the upcoming mediation.  When she was unable to reach counsel, she made the decision to postpone the January 2nd mediation.  (Copies of Ms. Neumeier's e-mails to Rebecca Tyler and counsel are attached hereto as Exhibits D and E).  After receiving these e-mails, and a voice mail message from Ms. Neumeier confirming that the mediation had been postponed, Rein's counsel contacted the Plaintiff and advised him that the mediation would not be going forward on January 2nd.

On or about December 28th Ms. Tyler e-mailed the parties to advise them that Ms. Neumeier was available on February 1st and 2nd.  She requested that the parties

advise her of their availability as soon as possible.  On the morning of December 29th

Rein's counsel followed up with Ms. Neumeier by telephone to again confirm that the

mediation would not be going forward, and to discuss potential dates with her.  Ms.

Neumeier advised counsel that she was available on February 1st, 2nd, 23rd, 26th and

27th.  Counsel immediately contacted Rein to find out his availability.  He then

responded by sending an e-mail to Ms. Tyler and Defendants' counsel confirming that

Rein remained committed to mediation and was available on February 1st, 2nd, 23rd and

27th.  Counsel also suggested that the status conference, currently scheduled for January

31st, be postponed.

On December 29, 2006 Defendants' counsel wrote a letter to Rein's attorney,

stating that "Defendants do not intend to spend additional time and money discussing any

new date for mediation before we meet with the Judge to discuss the events that have led

to our current predicament."  (A copy of this letter is attached to Defendants'

Memorandum in Support of its Motion for Costs as Exhibit A).  Counsel went on to state

that, in any event, because of a "previously scheduled arbitration and trial in January and

February … we are unable to accommodate your latest scheduling requests".

In addition, counsel indicated that it was the Defendants' position that Plaintiff's

responses to their pending motions in limine were now due, notwithstanding her prior

agreement that the Plaintiff would not be obligated to respond to Defendants' pending

Motions in Limine until "ten (10) days after the parties complete their efforts to mediate

the Plaintiff's claims, should such efforts prove unsuccessful"[4] .

This letter was faxed to Rein's counsel on the afternoon of December 29th, after

he had left for the day.  Counsel first saw this letter on January 2, 2007.

---

[4] Plaintiff's Assented to Motion to Respond to Defendants' Pending Motions, pg. 3

On January 3, 2007 Rein's counsel contacted Judge Gertner's clerk, Maryellen Malloy, and to attempt to schedule an immediate status conference to try to resolve this situation.

On January 4, 2007 Defendants' filed its Motion for Costs.

<div align="center">Argument</div>

A.    The Only Party Acting in Bad Faith is the Defendants

The Defendants have never been entirely forthright or consistent about why a representative from Motorola was not available to attend the mediation scheduled for January 2, 2007.  Initially, Defendants' counsel gave the impression that a last minute scheduling problem prevented Motorola's representative from being available.  However, in subsequent conversations, it appears that it was never Motorola's intention to send a representative to the mediation.  However, regardless of which of these explanations is correct, it is clear that the Defendants have not been acting in good faith.

If the Defendants never intended to send a representative to the mediation they should have informed Rein in a timely fashion, rather than waiting until December 26th and then presenting this situation to Rein as a fait accompli.  The parties began discussing mediation in mid-November.  Over the next several weeks numerous discussions were held about finding a mutually convenient time to schedule the mediation.  In none of these discussions did the Defendants ever indicate that their client would not be attending the deposition.  In fact, on at least one occasion Defendants' counsel indicated that she could not commit to a date until she had confirmed that her client was available.  Instead, Defendants appear to have deliberately waited until the day after Christmas to drop this bombshell on Rein.

<div align="center">7</div>

On the other hand, if Motorola genuinely planned on sending a representative, but this individual has a sudden conflict, the Defendants have some responsibility to find an alternate date that he is available. For the Defendants to instead make no effort to reschedule the mediation, and instead file a motion seeking costs also smacks of bad faith.

B.    The Plaintiff Has Repeatedly Made Every Effort to Accommodate the Defendants

The Defendants' bad faith stands out all the more when contrasted with Rein's repeated efforts to accommodate Motorola. Rein identified a total of nine (9) mediators from the federal court's list of approved ADR Panel members before the Defendants agreed to Ms. Neumeier, in the process rejecting without explanation some of the most respected mediators in the Commonwealth.

After Ms. Neumeier postponed the January 2nd mediation, Rein made every effort to reschedule the mediation for a mutually convenient time. He initially requested the Defendants to provide alternate dates in January they were available. The Defendants refused. He immediately agreed to four of the five dates mediator Neumeier suggested in February. The Defendants refused to discuss these dates. He sought an immediate status conference with the Judge to try to resolve this dispute. The Defendants responded to these overtures by refusing to discuss any alternate dates until after January 31st; implying that there are no dates in either February or March that they would be available; and moving for sanctions against the Plaintiff.

C.    <u>The Presence of a Representative From Motorola is Important for a Successful Mediation</u>

This litigation has been lengthy and contentious.  It has lasted more than two years and the Court's docket reflects that over 120 separate documents have been filed by the parties.  There have been accusations of bad faith on both sides and each party has become increasingly entrenched in its respective position.  To date, the parties efforts to negotiate a settlement on their own have proved futile and we are once again on the eve of trial.  Mediation is the last, best hope for settling this case and avoiding a trial which, regardless of its outcome, will be expensive and time consuming for everyone involved.

In attempting to finalize the arrangements for this mediation the Plaintiff has a single goal, to maximize the chances for a successful mediation.  The Plaintiff believes that to achieve this goal both parties must fully participate in the mediation and be invested in the process.  That process requires the involvement and participation of the parties themselves.  They need to hear the arguments of opposing counsel first hand and try, if only for a moment, to understand this case from a perspective other than their own.

The mediator also needs to have the opportunity to do her job.  She needs to be able to speak with the decision maker for each side directly, share with them the benefit of her years of experience and provide a fresh and neutral evaluation of the strengths and weaknesses of their position. When one of the parties cannot be bothered to even show up the process itself is compromised - it is not a true mediation.

Moreover, the Defendants' apparent unwillingness to send a representative to the mediation sends a terrible message to Rein.  Requiring Rein to take time off from work, and incur the costs of coming to Boston while the Defendants refuse to make a similar commitment of time and resources merely contributes to the resentment that Rein already

feels. Rein believes he has been unjustly treated, bullied and retaliated against by the Defendants (arguably with good reason). Motorola's unwillingness to attend the mediation, meet Rein face to face and fully participate in the process is not going to alleviate those feelings.

Moreover, the Defendants' apparent unwillingness to attend this mediation implies that, in their mind, all the concessions needed to reach settlement must come from Rein. Once again, this is not a prescription for a successful mediation.

Finally, the Defendants' recent conduct, including their obstinacy in refusing to accept nearly all of Plaintiff's proposed mediators, their unwillingness to reschedule the mediation and their decision to now seek sanctions against Rein hardly helps to lay the groundwork for a successful mediation.

D.    <u>Defendants' Request That The Court Accelerate Plaintiff's Obligation To Respond To Their Pending Motions In Limine Should Be Denied</u>

In addition to sanctioning the Plaintiff monetarily, the Defendants also request the Court to lift its stay (which the Defendants had previously agreed to) and order the Plaintiff to respond to approximately eight (8) pending motions in limine. The Defendants' sole rational for this request is that, in addition to the monetary sanctions they are seeking, this is an appropriate punishment for Rein postponing the mediation "in bad faith".

There are at least three reasons this request should be denied. First, Rein did not postpone the mediation - that was the decision of mediator Neumeier. Second, there is not even a scintilla of evidence that Rein's desire to have the Defendants' send a representative to participate in the mediation is motivated by "bad faith". The Defendants may disagree with Rein position, but they cannot dispute that his reasons for wanting the

Defendants in attendance are rational or that he is motivated by anything other than a desire to improve the chances of having a successful mediation. Third, imposing this additional burden and expense on Rein merely makes it more difficult for the parties to resolve their differences through negotiation and increases the likelihood of trial.

E.    The Status Conference Currently Scheduled for January 31, 2007 Should be Postponed Until After the Parties Have Honored Their Prior Commitment to Mediate

It makes little sense to go forward with the previously scheduled status conference until after the parties have made a good faith effort to mediate this case. The original status conference was deliberately scheduled to occur after the parties had attempted to mediate. When a mediation was subsequently set for January 2, 2007 the original status conference was postponed for precisely this reason. Now, due in large part to Defendants unwillingness to schedule and/or apparent unavailability for any date in January, it is clear that at the earliest this mediation will go forward in February. It therefore makes little sense to hold a status conference in January 31st.

If going forward with a status conference on January 31st makes little sense, the Defendants' insistence that they will not even discuss potential dates for rescheduling the mediation until after this status conference takes place makes even less sense. Either the Defendants are willing to honor their prior commitment to mediate, in which case they should cooperate in trying to reschedule the mediation, or they are reneging on this commitment, in which case they should communicate this fact to the Plaintiff and the Court, and this matter should be set down for trial on the earliest available date.

<u>Conclusion</u>

Rein has made a commitment to attempt to mediate this case. Notwithstanding the Defendants' lack of cooperation and all the procedural maneuvering they have engaged in over the last six weeks he is prepared to honor this commitment. However, if the parties are going to invest the time, the effort and the expense of a mediation, every effort needs to be made to maximize the potential for achieving a mutually acceptable settlement. Everything Rein has done has been motivated solely for the purpose of achieving this goal. His conduct represents the essence of good faith and does not warrant the sanctions the Defendants are now seeking to impose on him.

WHEREFORE, Rein respectfully requests that the Court: (i) deny Defendants' Motion for Costs; (ii) deny Defendants' Motion to lift the stay on Plaintiff's responses to Defendants Motions in Limine; and, (iii) postpone the status conference currently scheduled for January 31, 2007 until such time as Defendants and their counsel participate in the mediation previously agreed to by the parties.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, MA 02109
(617) 423-2224

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on Defendants' counsel of record by ECF on January 5, 2007.

/s/ John G. H. Coster

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAY S. REIN,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 04-12580 NG** |
| | ) |
| **MOTOROLA, INC., CLYDE** | ) |
| **KOFMAN, and JUERGEN** | ) |
| **STARK,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S ASSENTED TO MOTION TO ENLARGE
## TIME TO RESPOND TO DEFENDANTS' PENDING MOTIONS

The Plaintiff, Jay S. Rein, ("Rein") hereby moves that the Court enlarge the time

for filing his Opposition the Motions, Responses and other filings now pending before the

Court, including, <u>inter</u> <u>alia.</u>:

(i)     Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence that the Parties Excluded by Stipulation;

(ii)    Defendants' Motion in Limine to Exclude Hearsay Evidence of Clyde Kofman's Alleged Comments to a Motorola Manager;

(iii)   Defendants' Motion in Limine to Exclude Evidence about Clyde Kofman's Compensation and Performance;

(iv)    Defendants' Motion in Limine to Preclude Plaintiff from Introducing Clyde Kofman's Alleged "Younger" Remark;

(v)     Defendants' Motion in Limine Addressing Plaintiff's Spoliation of Evidence;

(vi)    Defendants' Motion in Limine to Exclude Evidence in Support of Plaintiff's Claim for Punitive Damages, or in the Alternative to Bifurcate the Trial on the Issue of Punitive Damages;

(vii)   Defendants' Motion in Limine to Exclude Evidence about
        Plaintiff's Alleged Emotional Distress;

(viii)  Defendants' Supplemental Brief in Opposition to Plaintiff's Motion
        in Limine for the Exclusion of Laptop Evidence and in Support of
        Limiting Jury Instruction on Damages; and,

(ix)    any additional Motions or Replies the Defendants may file prior to
        the parties engaging in mediation.

As grounds for this Motion Rein states the following:

1.      With the exception of items (viii) and (ix), each of the above referenced

Motions were filed by the Defendants between the 6th and the 8th of November in

conjunction with the trial of this matter, which was scheduled to go forward on

November 13, 2006.

2.      On November 9th, 2006 a Pre-Trial Conference was held before the Court,

at which time the parties were advised that the trial was being postponed indefinitely, and

that a status conference was being scheduled for December 27th, 2006.

3.      During the Pre-Trial Conference, the Court also encouraged the parties to

explore mediation and contact the Court about a possible referral to the Federal mediation

program.

4.      On November 13, 2006 counsel for both the Plaintiff and the Defendants

separately contacted the Court and confirmed that they had agreed to mediation.

5.      Absent an enlargement of time Plaintiff's responses to Defendants'

pending Motions are due between November 20th and November 29th, 2006.

6.      All of the pending motions relate to evidentiary issues at trial, and thus

will be moot if the parties are successful in mediating a settlement of Plaintiff's claims.

Requiring Plaintiff to respond these pending motions will only increase Plaintiff's legal

fees (and potential damages to the extent he can recover such fees as a prevailing party), and will hamper the parties ability to reach a settlement.

7.    Granting the Plaintiff additional time to respond to these pending Motions will not prejudice the Defendants.  If mediation is successful, the Motions are moot.  If mediation is unsuccessful, the Motions would still be pending; the Plaintiff would be obligated to respond in the ordinary course; and the Court would still address each Motion on the merits.

8.    The Defendants have assented to this Motion.

WHEREFORE, the Plaintiff requests that his Motion be granted and the time within which he must respond to the Motions/Responses set forth in (i) through (ix) above be postponed until ten (10) days after the parties complete their efforts to mediate the Plaintiff's claims, should such efforts prove unsuccessful.

JAY S. REIN

By his attorney,

/s/ John G. H. Coster
John G. H. Coster
(BBO #101450)
92 State Street, Suite 900
Boston, MA 02109
(617) 423-2224

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on Defendants' counsel of record by ECF on November 16, 2006.

/s/ John G. H. Coster

16

# EXHIBIT B

John Coster
    &lt;john_coster@msn.
    com&gt;       To
       &lt;rebecca_tyler@mad.uscourts.gov&gt;,
12/29/2006 10:22  &lt;kmcgurn@seyfarth.com&gt;,
AM     &lt;eneumeier@earthlink.net&gt;
         cc

       Subject
    RE: Rein v. Motorola - Upcoming
    Mediation

Dear Ms. Tyler and Ms. McGurn:

I spoke with Ms. Neumeier this morning and she has advised me that she is
available on the following dates: February 1, 2, 23, 26 and 27.  I have
contacted my client and reviewed my own schedule and we are available on
February 1, 2, 23 or 27th - although our last choice of those dates would
be the 23rd because it does create some scheduling problems for us.  I am
not available on the 26th because of a previously scheduled summary
judgment hearing in Superior Court.

We are also willing to work with the mediator and Motorola to find an
available date in January.  However, both mine and Ms. Neumeier's schedules
are already pretty tight, and it is my understanding from Ms. McGurn that
there are no dates in January that work for her client.  Therefore, it
sounds like February 1st is the earliest date on which we could hold the
mediation.  That being the case, it would seem to make sense to postpone
the status conference that is currently scheduled for January 31st.

Please let me know your respective thoughts and how you wish to proceed.


Very truly yours,


John Coster

cc:  Elizabeth Neumeier, Esq.

EXHIBIT C

# JOHN G. H. COSTER
### Attorney at Law
### 92 State Street
### Suite 900
### Boston, Massachusetts 02109

(617) 423-2224                                                            Fax  (617) 338-0919

December 27, 2006

BY FACSIMILE
Kristin G. McGurn, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane
Boston, Massachusetts 02210-2028

    Re:  *Rein v. Motorola, et al*
       Civil Action No. 04-12580 NG

Dear Kristin:

   This letter is in response to our telephone conversation yesterday in which you advised me that your client would not be sending a representative to the mediation currently scheduled for January 2, 2007.  As you know, I found this information extremely troublesome.

   First, it was my understanding that you had specifically contacted your clients to confirm their ability to attend this mediation before agreeing to the January 2nd date.  I cannot understand why, given our difficulty in finding a mutually convenient date, Motorola subsequently made another commitment which apparently precludes their attendance at the mediation.

   Second, I believe that for this mediation to have a reasonable chance for success it is fundamentally important that both parties be in attendance.  That is one of the cornerstones of mediation, and, as I told you over the phone I have <u>never</u> conducted a mediation where one of the parties was not invested enough in the process to even show up.  The fact that your client will make an effort to be available by phone is simply inadequate.

   I, also note that the Local Rules specifically anticipate that both parties physically attend the mediation.  Thus, Local Rule16.4(c)(4)(c) specifically provides that "the mediatory shall meet, either jointly or separately, with <u>each party</u> and counsel for each party … "  [emphasis added].

   Third, I have requested that, in light of your client's apparent unavailability, you provide me with several alternated dates in January that a representative of Motorola is available.  You indicated that you were unsure that there was even a single day between

January 2nd and January 31st that would work for Motorola.  Frankly, I find this difficult to believe.  In any event, as we discussed, you were going to contact your client and get back to me with their availability.

In fairness to both my client and the mediator, I need a response as soon as possible.  As you know Mr. Rein has already made arrangements to take time off from work and has purchased his plane ticket.  With each passing day it becomes more difficult for him to make alternate arrangements.  Similarly, the mediator is entitled to know if alternate arrangements need to be made.

Ultimately, it comes down to whether Motorola is willing to act in good faith by actually attending and participating in the mediation.  If the answer to that question is yes, we need to reschedule the mediation, ideally in January, but if your client truly has no available dates, then as soon thereafter as possible.  If the answer to that question is no, I have serious doubts about the underlying utility of a mediation at all.

Very truly yours,

John G. H. Coster

cc:  Elizabeth Neumeier, Esq.
     Rebecca Tyler

# EXHIBIT D

**Elizabeth Neumeier** (eneumeier@earthlink.net)
Reply-To:
eneumeier@earthlink.net

To:
Rebecca_Tyler@mad.uscourts.gov (Rebecca_Tyler@mad.uscourts.gov)

Cc:
Kristin McGurn (KMcgurn@Seyfarth.com); John Coster (John_Coster@msn.com)

Subject:
Rein v. Motorola - RESCHEDULE

Hi Becca,

To bring you up to date: This afternoon I spoke by telephone with Kristin
McGurn, who indicated that the defendant was ready to proceed with the
mediation on Jan. 2, 2007, with the client being available by telephone. I
have been unable to reach John Coster by telephone this afternoon to
discuss any options.

Therefore, I am postponing the mediation, as per my prior email.

Best wishes for the New Year,

Elizabeth Neumeier
28 Coggeshall Road
Gloucester, MA 01930
Phone: 978-281-2920
Fax: 978-281-2905
eneumeier@earthlink.net

# EXHIBIT E

**Elizabeth Neumeier** (eneumeier@earthlink.net)
Reply-To:
eneumeier@earthlink.net

To:
John Coster (John_Coster@msn.com); Kristin McGurn (KMcgurn@Seyfarth.com)

Cc:
Kristin McGurn (KMcgurn@Seyfarth.com); rebecca_Tyler@mad.uscourts.gov

Subject:
RE: [Norton AntiSpam] Rein v. Motorola - Upcoming Mediation


Dear Mr. Coster and Ms. McGurn,

Under the circumstances I find it best to reschedule the mediation in this case for a date
when both parties can attend. I have asked Ms. Tyler to contact you regarding
some possible dates.

Best wishes for the New Year,


Elizabeth Neumeier
28 Coggeshall Road
Gloucester, MA 01930
Phone: 978-281-2920
Fax: 978-281-2905
eneumeier@earthlink.net